**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY, COMPANY, INC | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-289C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO**
**PLAINTIFF'S AMENDED COMPLAINT**

For its answer to plaintiff's amended complaint ("the complaint"), defendant, the United States, admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

3. Admits the allegations contained in paragraph 3 to the extent supported by the claim for equitable relief cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 2.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents; otherwise

denies the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits.

7. Admits.

8. The allegations contained in paragraph 8 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. Denies the allegation contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to its truth.

10. Denies the allegation contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to its truth.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits the allegation contained in paragraph 12 to the extent supported by the Chapter 11 confirmed liquidating plan cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 that defendant is the United States and defendant has appeared in this case through counsel from the Department of Justice. Otherwise denies the allegations in paragraph 13.

14. The allegations contained in paragraph 14 are characterizations of plaintiff's case, to which no response is required. To the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. Admits that in 1999, defendant transitioned to a new software system related to electronic invoice processing and that defendant experienced recurring problems with that new system that continued for several months. Admits further that the Government made payments to plaintiffs averaging approximately $40,000 to $45,000 per day. The remainder of the allegations in paragraph 16 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

17. Admits the allegations in paragraph 17 to the extent supported by the contract cited, which is the best evidence of

its contents. The remainder of the allegations in paragraph 17 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. Admits the allegations in paragraph 18 to the extent supported by the solicitation cited, which is the best evidence of its contents. The remainder of the allegations in paragraph 18 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. Admits the allegations in paragraph 19 to the extent supported by the contract cited, which is the best evidence of its contents. Denies the allegations in paragraph 19 regarding plaintiff's "killing" of orders; plaintiffs design of a Stock Commitment form and plaintiff's agreements pursuant to the Stock Commitment form, for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations in paragraph 19 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. Admits that in the early 1990s, the Department of Defense transferred a portion of its inventory management to private industry and that the prime vendor program was one

program developed to accomplish that objective. Further admits that the Defense Supply Center Philadelphia ("DSCP") prime vendor program is now in its second generation and the contract at issue in this case was a first generation prime vendor contract. Admits further that for purposes of administering the prime vendor contracts the government has identified 22 regions in the continental United States and five additional regions in Asia, Europe Alaska, Hawaii and Puerto Rico, and that one of the largest of these regions is the Lone Star Region which is comprised of Department of Defense Medical facilities in Texas, Oklahoma, New Mexico and Fort Huachuca Arizona. Otherwise denies the allegations in paragraph 20.

21. Admits.

22. Admits.

23. Admits the allegations contained in paragraph 23 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits.

25. Admits.

26. Admits the allegations contained in paragraph 26 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits.

28. Denies.

29. Admits the allegations contained in paragraph 29 to the extent supported by the contract cited, which is the best evidence of its contents. The remainder of the allegations in paragraph 29 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

30. Admits the allegations contained in paragraph 30 to the extent supported by the contract cited, which is the best evidence of its contents. Admits that in some instances Distribution and Pricing Agreement ("DAPA") items purchased under the contract at issue in this case were initially purchased at prices in excess of what the Government would pay. Denies the allegations contained in paragraph 30 that the prime vendor was entitled to a prompt payment discount from the DAPA holder and that plaintiff factored the prompt payment discount into its bid for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations in paragraph 30 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

31. Admits the allegations in paragraph 31 to the extent

supported by the contract cited, which is the best evidence of its contents. Denies the allegations contained in paragraph 31 regarding plaintiff's opinions for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations in paragraph 31 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

32. Admits the allegations in paragraph 32 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents. The remainder of the allegations in paragraph 32 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations in paragraph 33 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations in paragraph 34 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. Denies the allegations contained in paragraph 35 for lack of

knowledge or information sufficient to form a belief as to their truth.

36. Admits the allegations in paragraph 36 to the extent supported by the electronic mail cited, which is the best evidence of its contents. The remainder of the allegations in paragraph 36 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

37. Admits the allegations in paragraph 37 to the extent supported by the electronic mail cited, which is the best evidence of its contents. The remainder of the allegations in paragraph 37 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38. Admits the allegations contained in paragraph 38 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegations contained in paragraph 39 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations in paragraph 40 to the extent supported by the electronic mail cited, which is the best evidence of its contents. The remainder of the allegations in paragraph 40 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

41. Admits the allegations contained in paragraph 41 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Admits the allegations contained in paragraph 43 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 43.

44. The allegations in paragraph 44 are characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

45. Admits the allegations contained in paragraph 45 to the extent supported by the electronic mail cited, which is the best

evidence of its contents; otherwise denies the allegations contained in paragraph 45.

46. Admits the allegations contained in paragraph 46 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 46.

47. Admits the allegations contained in paragraph 47 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. Admits the allegations contained in paragraph 48 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 48.

49. Admits the allegations contained in paragraph 49 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51. The allegations in paragraph 51 are conclusions of law and

plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

52. Admits that in 2000, plaintiff supplied DAPA items and electronically invoiced the Government for them. Admits further that well into 2000, plaintiff experienced invoicing problems; otherwise denies the allegations in paragraph 52.

53. Admits the allegations contained in paragraph 53 to the extent supported by the internal Government correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53.

54. Admits that in March 2001, plaintiff filed for bankruptcy. Denies the allegations in paragraph 54 regarding the impact of the Mercator translator problems for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations in paragraph 54 are characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

55. Denies the allegations contained in paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth.

56. The allegations in paragraph 56 are conclusions of law and plaintiff's characterizations of its case, to which no response

is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations in paragraph 57 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

58. Admits the allegations contained in paragraph 58 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. The allegations in paragraph 59 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations in paragraph 60 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

61. Admits the allegations contained in paragraph 61 to the extent supported by the internal Government correspondence cited, which is the best evidence of its contents. The remainder of the allegations in paragraph 61 are characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

62. Admits the allegations contained in paragraph 62 to the extent supported by the internal Government correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 62.

63. Admits the allegations contained in paragraph 63 to the extent supported by the Government correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 63.

64. Admits the allegations contained in paragraph 64 to the extent supported by the Government correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66. Admits the allegations contained in paragraph 66 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 66.

67. Admits to the extent supported by the actual sales volumes and estimates cited which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 67.

68. Admits the allegations contained in paragraph 68 to the

extent supported by the internal Government correspondence cited, which is the best evidence of its contents. The remainder of the allegations in paragraph 68 are characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

69. Admits the allegations contained in paragraph 69 to the extent supported by the solicitation and plaintiff's bids cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 69.

70. Admits the allegations contained in paragraph 70 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 70.

71. Admits the allegations contained in paragraph 71 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 71.

72. The allegations in paragraph 72 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

73. The allegations in paragraph 73 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of

fact, they are denied.

74. The allegations in paragraph 74 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

75. The allegations in paragraph 73 are plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

76. The allegations in paragraph 76 are conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

77. Admits the allegations contained in paragraph 70 to the extent supported by the spreadsheet cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 77.

78. Admits that the Government awarded the contract at issue in this case to plaintiff on January 30, 1997. Admits further that the Government tracked sales made through the contract; and that the Government has produced some information regarding sales figures during the discovery process; otherwise denies the allegations in paragraph 78.

79. The allegations in paragraph 79 are conclusions of law and

plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

80. Admits the allegations contained in paragraph 80 to the extent supported by the Government records cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 80.

81. The allegations in paragraph 81 are plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

82. Admits the allegations contained in paragraph 82 to the extent supported by the questionnaires cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 82.

83. The allegations in paragraph 83 are plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

84. The allegations in paragraph 84 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

85. The allegations in paragraph 85 are legal conclusions and

plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

86. The allegations in paragraph 86 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

87. The allegations in paragraph 87 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

88. Admits that discrepancies existed between the estimated and actual purchases throughout the prime vendor system. Further admits that the Government provided to plaintiff during discovery in bankruptcy proceedings, dollar figures that the Government used to prepare solicitation estimates of what the Government might to purchase under the contract. Denies the allegations in paragraph 88 regarding comparisons that plaintiff made for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations in paragraph 88 are characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

89. Admits the allegations contained in paragraph 89 to the

extent supported by the Government records cited, which is the best evidence of their contents; otherwise denies the allegations contained in paragraph 89.

90. Admits that as part of its on-going oversight of the prime vendor program DSCP monitored operations of the program. Admits further that notwithstanding the prime vendor program the Government made some purchases with credit cards, and some purchases directly from the manufacturer. The remainder of the allegations in paragraph 90 are legal conclusion and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

91. Admits the allegations contained in paragraph 91 to the extent supported by the Government correspondence cited, which is the best evidence of its contents. The remainder of the allegations in paragraph 91 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

92. The allegations in paragraph 92 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

93. The allegations in paragraph 93 are legal conclusions and

plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

94. The allegations in paragraph 94 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

95. Admits that during performance of the prime vendor program certain DAPA holders cancelled their contracts with plaintiff or suspended plaintiff's ability to make purchases under those contracts. Admits further that because of those cancellations or suspensions personnel at Brooks Air Force Base and Fort Sill wanted to purchase DAPA items directly from DAPA holders at DAPA prices; otherwise denies the allegations contained in paragraph 95.

96. Admits the allegations contained in paragraph 96 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents. The remainder of the allegations in paragraph 96 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

97. The allegations in paragraph 97 are legal conclusions and plaintiff's characterizations of its case, to which no response

is required; to the extent they may be deemed allegations of fact, they are denied.

98. Admits the allegations contained in paragraph 98 to the extent supported by the findings of the contracting officer cited, which is the best evidence of their contents; otherwise denies the allegations contained in paragraph 98.

99. Admits the allegations contained in paragraph 99 to the extent supported by the performance reviews cited, which is the best evidence of their contents. The remainder of the allegations in paragraph 99 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

100. Admits that the Government proposed an extended delivery schedule to plaintiff. The remainder of the allegations in paragraph 100 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

101. Admits the allegations contained in paragraph 101 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 101.

102. Admits that William Beaumont Army Medical Center in El Paso

Texas is among the largest ordering facility in the Lone Star Region. Admits the further allegations contained in paragraph 102 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 102.

103. Admits the allegations contained in paragraph 103 to the extent supported by the electronic mail cited, which is the best evidence of its contents. The remainder of the allegations in paragraph 103 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

104. The allegations in paragraph 104 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

105. The allegations in paragraph 105 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

106. The allegations in paragraph 106 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

107. The allegations in paragraph 107 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

108. The allegations in paragraph 108 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

109. The allegations in paragraph 109 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

110. The allegations in paragraph 110 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

111. The allegations in paragraph 111 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

112. The allegations in paragraph 112 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

113. The allegations in paragraph 113 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

114. The allegations in paragraph 114 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

115. The allegations in paragraph 115 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

116. The allegations in paragraph 116 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

117. The allegations in paragraph 117 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

118. The allegations in paragraph 118 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

119. The allegations in paragraph 119 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

120. The allegations in paragraph 120 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

121. The allegations in paragraph 121 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

122. The allegations in paragraph 122 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

123. The allegations in paragraph 123 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

124. The allegations in paragraph 124 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

125. The allegations in paragraph 125 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

126. The allegations in paragraph 126 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

127. The allegations in paragraph 127 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

128. The allegations in paragraph 128 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

129. The allegations in paragraph 129 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

130. The allegations in paragraph 130 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

131. The allegations in paragraph 131 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

132. The allegations in paragraph 132 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

133. The allegations in paragraph 133 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

134. The allegations in paragraph 134 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

135. The allegations in paragraph 135 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

136. The allegations in paragraph 136 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

137. The allegations in paragraph 137 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

138. The allegations in paragraph 138 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

139. The allegations in paragraph 139 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

140. The allegations in paragraph 140 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

141. The allegations in paragraph 141 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

142. The allegations in paragraph 142 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

143. Admits the allegation contained in paragraph 143 to the extent supported by the presence of the complaint plaintiff filed in the United States Bankruptcy Court, which is the best evidence of its existence as an appendix; otherwise denies the allegation contained in paragraph 143.

144. Admits the allegation contained in paragraph 144 to the extent supported by the presence of the Government documents cited, which is the best evidence of their existence as an appendix; otherwise denies the allegation contained in paragraph 144.

145. Admits the allegations contained in paragraph 145 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 145.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Alan J. Lo Re
ALAN J. LO RE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0226

Facsimile: (202) 514-8624

Attorneys for Defendant

June 23, 2003