**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY, COMPANY, INC | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-289C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO**
**FILE AN AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rules 8(c) and 15 (a) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests leave to file an amended answer to include the affirmative defense of accord and satisfaction. Counsel for the plaintiff has indicated that plaintiff does not opposes this motion. Defendant has electronically lodged a copy of our proposed amended answer with the Clerk of the Court for filing upon the granting of this motion.[1]

RCFC 8(a) requires that all affirmative defenses be pled by the Government in its answer to the complaint. RCFC 15(a) allows for amendment of a pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." RCFC 15(a). Consistent with the plain language of RCFC 15(a), this Court and its predecessor, the

[1] Paragraphs 1 through 145 of our amended answer are identical to paragraphs 1 through 145 of our answer filed June 23, 2003. The new material is contained in paragraph 146.

Court of Claims, have recognized that leave to amend a defendant's answer should be freely granted. See e.g., Cities Service Helex, Inc. v. United States, 211 Ct. Cl. 222, 234 n.14 (1976).

In this case, defendant's affirmation defense of accord and satisfaction relates to plaintiff's assertion within paragraph 110 of plaintiff's amended complaint that defendant's actions violated the Prompt Payment Act. Because this assertion was not set forth as an independent count of plaintiff's cause of action, defendant inadvertently omitted the affirmative defense of accord and satisfaction in its answer filed June 23, 2003.[2]

For this reason, we respectfully request that the Court grant our unopposed motion for leave to file an amended answer.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Alan J. Lo Re
ALAN J. LO RE
Senior Trial Counsel

---

[2] Plaintiff's original complaint filed, September 19, 2002, in the United States Bankruptcy Court in Fort Worth Texas, included an alleged violation of the Prompt Payment Act as an independent count.

Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0226

Attorneys for Defendant

JULY 21, 2003