**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY, COMPANY, INC | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-289C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), counsel for plaintiff United Medical Supply Co., Inc. ("United Medical") and defendant, the United States, submit the following joint preliminary status report in response to questions set forth in Appendix A.

a. Does the Court have jurisdiction over the action?

The parties agree that this court has jurisdiction over this case.

b. Should the case be consolidated with any other case?

This case should not be consolidated with any other case.

c. Should trial of liability and damages be bifurcated?

Damages and liability should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

No.

e. Will a remand or suspension be sought?

No.

f. Will additional parties be joined?

No.

g. Does either party intend to file a motion pursuant to Rule 12(b), 12(c), or 56?

Plaintiff currently anticipates filing a motion for summary judgment pursuant to RCFC 56 on or before August 15, 2003. Defendant currently plans to file a cross-motion for partial summary judgment pursuant to RCFC 56 on or before November 3, 2003.

h. What are the relevant factual and legal issues?

This case involves the execution of a requirements contract between plaintiff and defendant for the purchase of medical supplies for military facilities throughout the southwestern United States. During performance of the contract, the Government purchased only a small percent of the supplies it expected to under the contract.

The issues in this case are as follows:

1. Why the Government only purchased a small portion of the estimated purchases under the contract.

2. Whether the Government's failure to make a certain percentage of its estimated purchases under the contract entitles

plaintiff to an equitable adjustment to the contract price.

3. Whether the Government had any obligations under the contract to provide so called "Usage Data" to plaintiff, and if so, whether the Government met that obligation.

4. Whether the Government's purchase of Distribution and Pricing Agreement ("DAPA") items from third parties violated the contract and if so, whether plaintiff suffered any damages as a result thereof.

5. Whether the Government timely paid for all supplies received under the contract, and if not, whether Plaintiff is entitled to compensation.

6. Whether the Government misrepresented the quantities of products it estimated it would order from plaintiff and if so, whether plaintiff is entitled to compensation.

7. Whether the provision inserted by plaintiff in its offer in response to the solicitation for the instant contract, subjecting the contract to renegotiation if the volume did not reach 90 percent of the estimated quantity, became a valid and binding term of the contract, and if so, whether the plaintiff is now estopped from asserting such right.

i. What is the likelihood of settlement?

The parties do not believe that settlement is possible at this time. The parties state that they will make every effort to resolve this matter amicably, should this course of action be deemed appropriate during or at the completion of discovery.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling?

If the case is not resolved through the resolution of dispositive motions, or through the settlement process, the parties anticipate proceeding to trial and recommend that the trial take place in either Dallas or Fort Worth, Texas. The parties do not request an expedited trial.

k. Are there special issues regarding electronic case management needs

The parties do not anticipate any issues regarding electronic case management needs.

l. Is there any other information of which the Court should be aware at this time

No.

Discovery Plan

The parties propose to conduct discovery in the following manner:

As stated above, plaintiff will file a motion for summary

judgment on or before August 15, 2003. Defendant will then conduct discovery related to the issues raised in plaintiff's motion, including expert discovery, through November 14, 2003. Defendant will then file a response to plaintiff's motion on or before December 15, 2003. Although Defendant will also file a cross-motion for partial summary judgment on or before November 3, 2003, plaintiff does not currently anticipate conducting discovery related to that motion.

Unless the case is resolved by ruling upon the parties' dispositive motions, the parties agree they will submit a proposed timetable for the course of future proceedings, including the need for additional discovery, in accordance with RCFC Appendix A, within 30 days after the Court has ruled upon the parties' dispositive motions.[1]

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

[1] Pursuant RCFC 26, the parties have agreed to suspend their obligation to exchange initial disclosures until a mutually agreed upon date after the Court has ruled upon their dispositive motions.

s/Frank L. Broyles
FRANK L. BROYLES
Goins, Underkofler,
Crawford & Langdon, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
Tele: (214) 969-5454

Counsel for Plaintiff

s/Alan J. Lo Re
ALAN J. LO RE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 307-0226

Attorneys for Defendant

JULY 31, 2003