IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., | ) | |
| Plaintiff, | ) | No. 03-289C |
| v. | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
PROPOSED FINDINGS OF UNCONTROVERTED FACT

Plaintiff, United Medical Supply Company, Inc. ("United Medical"), has not submitted any proposed findings of fact in accordance with Rule 56(h)(1) of the Court's Rules ("RCFC"). To further resolution of the parties' cross-motions, however, the United States construes the assertions at pages 29-33 of United Medical's moving brief as plaintiff's proposed findings of fact and respectfully responds as follows, pursuant to RCFC 56(h)(2).

(a) The Contract was a requirements contract[.]

Response:

Conclusory but undisputed. See Def. PFF 9.

(b) The ordering term of the contract was approximately 47 months[.]

Response:

The allegation is both conclusory and vague. Defendant's proposed findings number 9, 38, and 60 are accurate.

(c) The Government diverted orders from Plaintiff to manufacturers and other suppliers during the ordering term by use of credit cards and other purchasing methods[.]

Response:

The allegation is purely conclusory. Assuming factual support is cited elsewhere in plaintiff's brief, the magnitude of any such diversion is wholly unproven and is genuinely in dispute.

(d) A basis exists for estimating Plaintiff's lost profits with reasonable certainty[.]

Response:

This is a pure conclusion of law to which no response is required here pursuant to RCFC 56(h). To the extent it may be deemed an allegation of fact, it is genuinely disputed, in view of the multiplicity of factual disputes regarding damages.

(e) The Government's requirements during the ordering term can be reasonably estimated at $208,000,000[.]

Response:

The allegation is purely conclusory. Assuming factual support is cited elsewhere in plaintiff's brief, the allegation is factually wrong, because the contract estimates included items other than the "DAPA" items covered by the prime vendor contract. See Def. PFF 9, 12-14.

(f) The Government's actual orders or attempted orders from Plaintiff during the ordering period can be established with reasonable certainty at not more than $35,000,000[.]

Response:

The allegation is purely conclusory. Assuming factual support is cited elsewhere in plaintiff's brief, it is genuinely disputed, owing to the numerous and severe defects in United Medical's billing and record keeping processes. Def. PFF 61-74.

(g) Plaintiff's lost profits on the diverted orders can be estimated with reasonable certainty at not less than $10,929,000[.]

Response:

The allegation is purely conclusory. Assuming factual support is cited elsewhere in plaintiff's brief, it is genuinely disputed, in view of the multiplicity of factual disputes regarding damages. In particular, plaintiff's expert, Mr. Imel, uses the contract estimates for an improper purpose, as they were not estimates solely of DAPA requirements. Def. PFF 9, 12-14.

(h) It was reasonably foreseeable and in the contemplation of the parties at the time of the Contract Award and at the time of each annual Contract renewal that a diversion of orders by the Government would result in lost profits to Plaintiff[.]

Response:

The allegation is conclusory, hypothetical, and vague. In any event, absent a credible estimate of the value of any such diversions, the allegation cannot support summary judgment.

(i) The Government's diversion of $173,000,000 was a breach of contract for which the Government is liable for Plaintiff's lost profits[.]

Response:

This is primarily an allegation of law to which no response is required here pursuant to RCFC 56(h) and, in any event, there is no record support for the dollar figure.

(j) The Government failed to pay Plaintiff in accordance with the prompt pay requirements of the Contract[.]

Response:

This is primarily an allegation of law to which no response is required here pursuant to RCFC 56(h) and, in any event, the magnitude of any such late payment problem is genuinely disputed in view of United Medical's numerous and severe billing and record keeping problems. Def. PFF 61-74.

(k) A natural and probable consequence of the Government's failure to pay in accordance with the Contract in the magnitudes at issue was the loss of Plaintiff's goodwill and reputation to Plaintiff, and this was reasonably foreseeable to the Government at the time of Contract Award and at each renewal[.]

Response:

This is primarily an allegation of law to which no response is required here pursuant to RCFC 56(h) and, in any event, there is an absence of proof that United Medical's problems were principally the fault of the Government, rather than being due to United Medical's own numerous and severe performance, billing, and record keeping problems. Def. PFF 36-74.

(l) The Government's failures to pay in accordance with the Contract were a proximate cause of Plaintiff's lost goodwill and reputation[.]

Response:

The allegation is conclusory and is genuinely disputed in view of the multiplicity of factual issues related to damages, described above.

(m) Plaintiff's lost reputation and goodwill proximately caused by the Government's failures to pay can be estimated with reasonable certainty at not less than $10,000,000[.]

Response:

The allegation is conclusory. In view of the multiplicity of factual issues related to damages, no adequate proof can be found anywhere in plaintiff's submissions.

(n) The Government ordered and received supplies under the Contract for which it has not paid[.]

Response:

The allegation is conclusory. Assuming factual support is cited elsewhere in plaintiff's brief, the magnitude of any nonpayment is genuinely disputed, owing to the numerous and severe defects in United Medical's billing and record keeping processes. Def. PFF 61-74.

(o) Plaintiff has properly invoiced the Government for the supplies ordered and received by the Government for which the Government has not paid[.]

Response:

Same as above.

(p) The amount currently owed by the Government for the supplies ordered and received by the Government for which the Government has not paid is $180,156.90[.]

Response:

Same as above.

(q) The Contract provided for an adjustment of Contract Price if the Government's purchases were less than 90% of estimates.

Response:

This is primarily an allegation of law to which no response is required here pursuant to RCFC 56(h). We respond in our brief. To the extent this may be deemed a factual allegation, it is wholly unsupported: The contract stated expressly that sales

volume lower than the estimates would not be grounds for a price adjustment. Def. PFF 9. Language subsequently typed in by United Medical did not provide for automatic adjustment.

(r) The Government's total purchases were less than 90% of total estimates[.]

Response:

The allegation is conclusory. Assuming factual support is cited elsewhere in plaintiff's brief, the allegation cannot support summary judgment because plaintiff misunderstands or misstates the nature of the estimates. Def. PFF 9, 12-14.

(s) The adjustment of Contract Price to which Plaintiff is entitled for the Government's failures to purchase 90% of estimates is not subject to summary judgment because there are genuine issues of material fact regarding the amount of the adjustment[.]

Response:

This is primarily an allegation of law to which no response is required here pursuant to RCFC 56(h). It is also incorrect: United Medical's claim for a price adjustment is subject to rejection on summary judgment for the reasons given in our brief.

(t) Plaintiff submitted its claims to the Contracting Officer, and the Government totally denied all claims[.]

Response:

Conclusory but undisputed.

(u) Plaintiff requested mediation of its disputes but the Government refused to mediate[.]

Response:

The allegation is conclusory and no support for it can be found in the record. It is also wholly irrelevant to any issue before the Court.

(v) Plaintiff is entitled to summary judgment against the Government for breach of contract in the amount of $21,109,156.90 and requests that the Court enter a final judgment against the United States in that amount[.]

Response:

This is a pure conclusion of law to which no response is required here pursuant to RCFC 56(h). We rebut it in our accompanying brief.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

December 19, 2003

CERTIFICATE OF FILING

I certify that on December 19, 2003, the foregoing "Defendant's Response To Plaintiff's Proposed Findings Of Uncontroverted Fact" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kyle Chadwick