**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC.,<br>Plaintiff | CASE NO: 03-CV-289 |
| v. | Judge Allegra |
| THE UNITED STATES, Defendant | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF FACT FILED BY DEFENDANT ON OR ABOUT DECEMBER 19, 2003 AND PLAINTIFF'S PROPOSED ALTERNATIVE FINDINGS PURSUANT TO RULE 56(h)

TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:

Plaintiff files this response to Defendant's proposed findings of fact which defendant filed on or about December 19, 2003. Most of Defendant's proposed findings of fact are either its legal interpretation of the Contract or alleged complaints about Plaintiff's performance under the Contract.

Defendant's proposed findings obviously do not come close to meeting the Court's Rule 56(h)(1) requirement that they be based on a party's belief that there is not any genuine dispute on the issue. Instead, there are 74 allegations, most of which are obviously controverted. This type of pleading certainly hampers, if not prevents, determination of what is really not in dispute. Defendant filed little, if any, summary judgment evidence, and appears to be attempting to defeat Plaintiff's summary judgment with admissions disguised as proposed findings of fact.

With that said, Plaintiff responds as follows:

1. Plaintiff agrees with PFF 1
2. Plaintiff does not object to the PFF 2, but objects to Defendant's claim it is evidenced by the Flatley affidavit.
3. Plaintiff disagrees with PFF 3. The contract provided that the ordering facilities were required to order DAPA items from the prime, and subject to qualifications, the prime was required to deliver the DAPA items. This PFF misinterprets the contract.

Plaintiff's proposed finding is, "The contract provided that the ordering facilities were required to order all DAPA items from the prime if the prime was an authorized distributor of that item. Subject to the terms of the Contract, the prime was required to deliver the DAPA items."

4. Plaintiff disagrees with PFF 4. Plaintiff is without knowledge of charge back agreements between the customer and manufacturers. Charge back arrangements between the prime and manufacturers were for the benefit of the prime, not the customer.
5. Plaintiff agrees with PFF 5.
6. Plaintiff is without knowledge as to PFF 6, and believes it is irrelevant to the summary judgment issues.
7. Plaintiff disagrees with PFF 7. Not all regional prime vendor contracts were standardized based on Plaintiff's review of the contracts. Plaintiff believes this is irrelevant to the summary judgment proceedings.

8. Plaintiff disagrees that PFF 8 is relevant to the summary judgment issues, since no facility exercised any stockless option.

9. Plaintiff agrees with PFF 9.

10. Plaintiff agrees with PFF 10.

11. Plaintiff disagrees with PFF 11 since it is without sufficient information regarding the reasons for the amendment, and the reasons are not relevant to summary judgment issues.

12. Plaintiff disagrees with Defendant's PFF 12 and its characterization of what amendment 14 accomplished. Plaintiff believes amendment 14 is irrelevant to the case since no facility ever elected to obtain its requirements under the stockless contract.

Plaintiff's proposed finding is that, "The parties also contracted for an alternative distribution method known as the "stockless option," but that not any medical treatment facility in the Lone Star Region exercised the right to use this method.

13. Plaintiff disagrees with PFF 13. Plaintiff has attempted to obtain this information through discovery, but has been unable to do so. Defendant has provided only summary numbers by the military bases as a whole and they are not tied to any particular representation by the military bases. Plaintiff agrees that DSCP made the representation set forth in PFF 13.

Plaintiff's proposed finding is that, "DSCP represented that the estimates were based on 12-months of historical purchases of the general types of items that would be subject to the Contract."

14. Plaintiff disagrees with PFF 14. This is a major point of contention and Plaintiff's summary judgment evidence shows it is not true.

Plaintiff's proposed finding is that, "The Government represented that it expected the successful prime vendor to furnish the MTFs with the majority of their day-to-day requirements for medical supplies." (Pl. Appdx 4, p. 4).

Plaintiff also proposes an additional finding which is a direct quote from the Government's summary judgment response as follows, "the estimate [in the Solicitation of dollar volume] was consistently described [in the Solicitation] as the current requirements for the general 'type' of medical and surgical items covered by DAPAs." (Government Br. at 9).

15. Plaintiff agrees with the first two sentences of PFF 15. The third sentence, however, may be incorrect, since ordering facilities often ordered material using incorrect descriptions and unit quantities and Plaintiff used a software program known as a fix file to determine what the ordering facility was attempting to order. Plaintiff has not determined if it always obtained the consent of the ordering facilities to substitute the fix file determination. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

16. PFF 16 is misleading and objectionable. The customer was required to <u>order</u>.

Plaintiff's proposed finding, "Although customers had to order all items covered by a DAPA from the prime, if the prime was an authorized distributor of that item, customers were not obligated to order solely DAPA items."

17. PFF 17 is speculation and objectionable.

18. Plaintiff disagrees with PFF 18. This statement was not generally true.

19. Plaintiff agrees with PFF 19.

20. Plaintiff does not believe PFF 20 to be true, and objects.

Plaintiff's proposed finding, "United Medical provided in its bid that it would have a right to have a contract price adjustment if the Government failed to purchase a minimum of 90 percent of estimated orders. The bid accepted by the Government contained this term, and the Award incorporated the bid into the Contract terms. When a dispute arose, United twice sought to resolve the problem through mediation prior to the lawsuit, but the Government refused to mediate."

21. Plaintiff disagrees with all statements in PFF 21, and has provided summary judgment evidence to the contrary. See proposed Plaintiff's finding immediately above.

22. Plaintiff agrees with that portion of PFF 22 through the "June 1, 1997" term. It disagrees with the remainder of the PFF as an incorrect conclusion of the Defendant.

23. Plaintiff disagrees with PFF 23. It is not relevant to the summary judgment proceedings and changes were made during the contract period.

24. Plaintiff disagrees with PFF 24. It is not relevant to the summary judgment proceedings and Plaintiff is not in a position to determine the accuracy of the statement with respect to the records of Defendant.

Plaintiff's proposed finding, "Each order was assigned a "call number" which was the equivalent of a Government purchase order number."

25. Plaintiff disagrees with PFF 25 on several grounds. First, there were three types of orders. Second, the contract language cited by Defendant ignore the conditions precedent to Plaintiffs obligations and contractual excuses for delivery delays or failures. Third, it ignores the course of dealing performance issues employed by the different MTFs and Plaintiff, all with the consent of the CO. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

Plaintiff's proposed finding are quotes from the Government's internal records, as follows: "Each of the three times the Government renewed the Contract, the Contract Officer made the following determinations, 'United Medical Supply has demonstrated a full understanding of the Government requirements and has performed all the required tasks and functions cited in the aforementioned contract….[United Medical] is a commercially recognized large volume distributor of medical/surgical products. It has been determined that United Medical Supply, from a critical review of its commercial operations, can handle the financial and logistical obligations of this Contract without difficulty [and is] considered to be responsible within the meaning of FAR 9.103 and 9.104.' " (Pl. Appdx, Tabs 14 and 17).

Plaintiff also proposes a finding on the issue obtained from the Government's internal records as follows: "The Government predicted that an increase in the DAPA database could result in an increased purchases above the Solicitation estimates." (See, Pl. Appdx. Tab 22, page 17, bates 5026).

26. Plaintiff disagrees with PFF 26. The contract language cited by Defendant ignore the conditions precedent to Plaintiffs obligations and contractual excuses for delivery delays or failures and the course of dealing performance issues employed by the different MTFs and Plaintiff, all with the consent of the CO. Plaintiff's uncontroverted

summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

27. Plaintiff disagrees with PFF 27. The contract language cited by Defendant ignore the conditions precedent to Plaintiffs obligations and contractual excuses for delivery delays or failures and the course of dealing performance issues employed by the different MTFs and Plaintiff, all with the consent of the CO. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

28. Plaintiff disagrees with PFF 28. The contract language cited by Defendant ignore the conditions precedent to Plaintiffs obligations and contractual excuses for delivery delays or failures and the course of dealing performance issues employed by the different MTFs and Plaintiff, all with the consent of the CO. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

29. Plaintiff disagrees with PFF 29. The contract language cited by Defendant ignore the conditions precedent to Plaintiffs obligations and contractual excuses for delivery delays or failures and the course of dealing performance issues employed by the different MTFs and Plaintiff, all with the consent of the CO. Plaintiff's uncontroverted

summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

30. Plaintiff disagrees with PFF 30. Instead of killing the order, United Medical often would run an improperly filled order form through its fix file to determine what the customer was trying to order. United typically would contact the customer to see if the fix file description was what was needed. The customer often would investigate and get back to United Medical. This process could take substantial time.

31. Plaintiff disagrees with PFF 31. The contract language cited by Defendant ignore the conditions precedent to Plaintiffs obligations and contractual excuses for delivery delays or failures and the course of dealing performance issues employed by the different MTFs and Plaintiff, all with the consent of the CO. Plaintiff is without knowledge on what the customer would do with respect to funds Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates., and it is irrelevant to this summary judgment proceedings.

32. Plaintiff disagrees with PFF. 32. Plaintiff disagrees with PFF 28. The contract language cited by Defendant ignore the conditions precedent to Plaintiffs obligations and contractual excuses for delivery delays or failures and the course of dealing performance issues employed by the

different MTFs and Plaintiff, all with the consent of the CO. The PFF also deals with the thought process of the Government. Plaintiff is without an ability to agree on that. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

33. Plaintiff disagrees with PFF 33. The contract language cited by Defendant ignore the conditions precedent to Plaintiffs obligations and contractual excuses for delivery delays or failures and the course of dealing performance issues employed by the different MTFs and Plaintiff, all with the consent of the CO. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

34. Plaintiff disagrees with PFF 34. This obviously is not true, since the Government has admitted that it experienced a major failure in its electronic payment system. To the extent that this is the way the system was designed to work, Plaintiff is without knowledge and an ability to agree. This PFF is irrelevant to the summary judgment proceedings. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

35. Plaintiff disagrees with PFF 35. The contract language cited by Defendant ignore the conditions precedent to Plaintiffs obligations and

contractual excuses for delivery delays or failures and the course of dealing performance issues employed by the different MTFs and Plaintiff, all with the consent of the CO. To the extent the PFF deals with the "design" Plaintiff is without an ability to agree. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

36. Plaintiff disagrees with the PFF 36. The stock commitment form did not purport to obligate the customers to purchase all items stocked by United Medical for the contract.

Plaintiff's proposed finding, "To better implement the Contract, the parties jointly developed a stock commitment form."

37. Plaintiff disagrees with PFF 37.

38. Plaintiff disagrees with PFF 38. It is misleading. There is a dispute between the parties as to why Owens & Minor was allowed to remain a vendor of limited DAPA items under limited circumstances.

39. Plaintiff disagrees with PFF 39 after the phrase, "numerous problems." United blames the Defendant for the problems. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

40. Plaintiff disagrees with PFF 40. There were communications between the parties regarding problems and fault. The parties agreed to work together to try and resolve the problems. Plaintiff's uncontroverted

summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

41. Plaintiff disagrees with PFF 41. PFF 41. Plaintiff advised Defendant that it was the source of the problems and the parties agreed to work together to try and resolve them. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

42. Plaintiff disagrees with PFF 42. United Medical was aware of numerous problems, and attempted to help the Government solve them. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

43. Plaintiff disagrees with PFF 43. "Split shipments," as understood by United Medical was the shipment of orders in multiple shipments. United Medical contends that rarely occurred and was certainly not a practice. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

44. Plaintiff disagrees with PFF 44. "Split shipments," as understood by United Medical was the shipment of orders in multiple shipments. United Medical contends that rarely occurred and was certainly not a practice. Plaintiff's uncontroverted summary judgment evidence is

that Plaintiff fully performed under the Contract and met its required delivery dates.

45. Plaintiff disagrees with PFF 45. PFF 45 purports to state a contractual requirement that does not exist and ignores the conditions precedent imposed on the Government which it failed to meet. Plaintiff does not agree that customers were dissatisfied that Plaintiff had not entered into agreements with certain DAPA holders. Plaintiff has found that DSCP historically made its own interpretation of what customers expressed, and Plaintiff is unaware of any significant dissatisfaction, or that any expressed dissatisfaction was based on a failure by Plaintiff to perform its contractual obligations.

Plaintiff's proposed finding, "The DAPA from the very beginning of the Contract, significantly exceeded 100,000 items. Most items in the DAPA database were never or rarely purchased by the ordering facilities. DSCP claims it made an intensive study of DAPA purchases and determined that only 12%of the DAPA items were purchased by the MTFs in significant quantities." (Pl. Appdx 24, page 2, para 1 of Part II).

46. PFF 46 is DSCP's interpretation of the Contract, with which Plaintiff disagrees. Moreover it is irrelevant since DSCP accepted Plaintiff's performance and found that it had fully complied with all contract provisions.

47. PFF 47 is DSCP's interpretation of the Contract, with which Plaintiff disagrees. Plaintiff is unaware of any significant dissatisfaction by customers with Plaintiff's performance. The customers expressed

dissatisfaction with DSCP's performance. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

48. Plaintiff disagrees with PFF 48. It maintained current DAPA lists, and was regularly advising DSCP that its DAPA list was unnecessarily large and unmanageable. Customers may have experienced ordering problems, but that was not because of Plaintiff's systems. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

49. Plaintiff disagrees with PFF 49. It is contradicted by Plaintiff's summary judgment evidence that Plaintiff fully performed under the Contract and met its required delivery dates.

50. Plaintiff disagrees with PFF 50. Plaintiff established that the performance problems during the contract were rarely of its making and that the Government admitted its fault to Plaintiff and Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

51. Plaintiff disagrees with PFF 51 as an inaccurate conclusion of DSCP. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

52. Plaintiff disagrees with PFF 52. Plaintiff has not seen any records to support this allegation and has offered its shipping records for review by the Government, which offer the Government has not accepted.

53. Plaintiff disagrees with PFF 53. Plaintiff has not seen any records to support this allegation and has offered its shipping records for review by the Government, which offer the Government has not accepted.

54. Plaintiff disagrees with PFF 54 and the conclusion by the Government that fill rates do not reflect killed orders or that Plaintiff failed to perform. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates. This contention by the Government conflicts with its interrogatory responses that actual orders can be extrapolated from the fill rates.

Plaintiff proposes the following finding, "actual orders can be reasonably estimated by taking total sales and dividing by the historical fill rate." (See Pl. Appdx Tab 26, Government's Interrogatory Response #5).

55. Plaintiff disagrees with PFF 55. Defendant has not provided any evidence to substantiate this claim and Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

56. Plaintiff disagrees with PFF 56. Defendant has not provided any evidence to substantiate this claim or its materiality and Plaintiff's

uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

57. Plaintiff disagrees with PFF 57. Defendant has not provided any evidence to substantiate this claim or its materiality and Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

58. Plaintiff disagrees with PFF 57. Defendant has not provided any evidence to substantiate this claim or its materiality and Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

59. Plaintiff agrees with that PFF 59 that it closed its warehouse. It disagrees with the remainder. Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

60. Plaintiff disagrees with PFF 60. Plaintiff does not have knowledge of this communication.

61. Plaintiff disagrees with PFF 61. Defendant has not provided any evidence to substantiate this claim or its materiality and Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

Plaintiff's proposed finding, "During 1999 the Government experienced significant problems with its electronic payment system. These problems prevented or substantially delayed payments to Plaintiff and other prime

vendors. The Government became concerned that the problems would jeopardize the viability of Plaintiff's business and unsuccessfully attempted to make a lump sum payment. Sara Bird, a DSCP supervisor wrote internally on the situation, "Jack, We certainly appreciate the extraordinary efforts Bud Wellens and your office have made to shore up our failing electronic invoicing system. Perhaps after today, we will get the attention from the IT folks that we all have been demanding. As you personally may not be aware, United Medical is a small, minority owned distributor. We can't afford the adverse publicity nor the deterioration of service to our Texas customers if they are unable to pay their bills and are cut off from their suppliers. Their cash flow is very tight. If you can help get them the money they are owed, we'd be grateful…. We have established a reputation for reliability in paying our bills. Our low distribution fees are for the most part dependent on cash management. These problems have set us back with the industry. I suppose we can call it the first casualty of Y2K." (APPDX-20, p.10).

62. Plaintiff disagrees with PFF 62. Defendant has not provided any evidence to substantiate this claim or its materiality and Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

63. Plaintiff disagrees with PFF 63. Defendant has not provided any evidence to substantiate this claim or its materiality and Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

64. Plaintiff disagrees with PFF 64. Defendant has not provided any evidence to substantiate this claim or its materiality and Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

65. Plaintiff disagrees with PFF 65. Defendant has not provided any evidence to substantiate this claim or its materiality and Plaintiff's

uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

66. Plaintiff disagrees with PFF 66. Defendant has not provided any evidence to substantiate this claim of "habit" or its materiality and Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

67. Plaintiff disagrees with PFF 67. Defendant has not provided any evidence to substantiate this claim and Plaintiff's uncontroverted summary judgment evidence is that the amounts are due and owing.

68. Plaintiff disagrees with PFF 68. Defendant has not provided any evidence to substantiate this claim or its materiality and Plaintiff's uncontroverted summary judgment evidence is that Plaintiff fully performed under the Contract and met its required delivery dates.

69. Plaintiff disagrees with PFF 69. Plaintiff does not have knowledge of the process used by Defendant to resolve invoicing issues. Plaintiff does know that it has offered two large boxes of shipping and invoice information for Government review, and the Government has chosen not to review that information.

70. Plaintiff disagrees with PFF 70. Defendant has not provided any evidence to substantiate this claim of confusion and Defendant accepted and successfully process thousands of Plaintiff's invoices.

71. Plaintiff disagrees with PFF 71. Defendant has not provided any evidence to substantiate this claim of confusion and Defendant accepted and successfully process thousands of Plaintiff's invoices.

72. Plaintiff disagrees with PFF 72. The Government records described have not been provided to Plaintiff. Obviously Plaintiff would correct its records if it made an error. The fact that the Government uses a $7.32 example in an attempt to illustrate the problem evidences that the problem alleged by the Government may be much less significant than it would have the Court believe.

73. Plaintiff disagrees with PFF 73. The use of the phrase "uncommon" is not supported and not agreed to. The Government, in one breath, attempts to place blame on Plaintiff's billing failures, but in the next it claims its "reliable" systems overpaid. It is Plaintiff's contention that the inability to resolve the issue is the fault of the Government's systems.

74. Plaintiff disagrees with PFF 74. Plaintiff submitted 125 pages of call numbers it claims remain unpaid many months ago, but the Government has not responded with its position on those calls.

Plaintiff proposes an additional finding of fact based on the Government's responses to Plaintiff's interrogatories as follows:

> "The Government's estimates accurately estimated its actual requirements and its requirements did not significantly decrease from the estimates during the Contract period." (See Pl. Appdx. 26, pp. 4, 5 and 8, Government response to interrogatories 9 and 17).

Signed January 5, 2004.

Respectfully submitted,

/s/ Frank L. Broyles
Frank L. Broyles
State Bar No. 03230500
Goins, Underkofler, Crawford
& Langdon, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF SERVICE

On January 5, 2004 a genuine copy of the foregoing was served on the persons shown below by the method shown below in accordance with rule 5.1.

/s/ Frank L. Broyles

**PERSONS SERVED:**

Ms. E. Kathleen Shahan
Civil Division
U.S. Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875

Method Served: email

Mr. Kyle Chadwick
Civil Division
Department of Justice
8th Floor, 1100 L Street
Washington, D.C. 20530

Method Served: email