U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ENTERED
DEC 11 2002
TAWANA C. MARSHALL, CLERK
By______ Deputy

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| UNITED MEDICAL SUPPLY CO. | § | CASE NO. 01-41911-BJH-11 |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |
| UNITED MEDICAL SUPPLY CO., | § | |
| | § | |
| Plaintiff, | § | ADV. PRO. 02-4230-BJH |
| - against - | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

**ORDER TRANSFERRING ADVERSARY PROCEEDING**

On September 13, 2002, United Medical Supply Company, Inc. ("UMS") filed the above-captioned adversary proceeding against the United States of America (the "Defendant"). The dispute arises from a 1997 contract between UMS and the Defense Personnel Support Center, now known as the Defense Supply Center Philadelphia ("DSCP"), a component of the United States Department of Defense. UMS contends that the government solicited bids from UMS and others to sell medical supplies and equipment to Department of Defense medical facilities. UMS was the successful bidder, but alleges that the government breached its obligations under the contract causing UMS substantial damages.

UMS asserts that it has exhausted its administrative remedies. It filed a claim with the Contracting Officer at DSCP which was denied, and it submitted written requests for resolution of the dispute by the government's alternative dispute resolution procedures which were also denied.

12

The UMS complaint in this adversary proceeding is essentially an appeal of the adverse decision by the DSCP Contracting Officer. It contains claims for breach of contract and breach of a duty of care in preparing bid documents, and seeks actual and special damages, including lost profits and damage to reputation, interest and attorneys' fees. UMS contends that under judicial interpretations of the Contract Disputes Act of 1978, *see* 41 U.S.C. § 601 et seq. (the "CDA"), bankruptcy courts have concurrent jurisdiction to hear appeals from decisions of contracting officers.

Before the Court is Defendant's Motion to Dismiss Adversary Proceeding Without Prejudice to Allow Plaintiff to File Complaint in the United States Court of Federal Claims (the "Motion"). The Defendant asserts that the CDA gives jurisdiction solely to agency boards of contract appeals or the United States Court of Federal Claims. The Defendant further argues that even if this Court has concurrent jurisdiction over this dispute and thus deferral to the United States Court of Federal Claims is not mandatory, it should exercise its discretion to defer to that tribunal.

The Court agrees with the Defendant. Even if this Court has concurrent jurisdiction over this dispute, compare *Gary Aircraft Corp. v. United States (In re Gary Aircraft Corp.)*, 698 F.2d 775 (5th Cir. 1983) (concluding, prior to the enactment of the CDA, that the bankruptcy court improperly exercised jurisdiction over the liquidation of government contract claims) with *Quality Tooling Inc. v. United States*, 47 F.3d 1569 (Fed. Cir. 1995) (concluding that bankruptcy courts have jurisdiction concurrent with the United States Court of Federal Claims under the CDA), it concludes that deferral to the United States Court of Federal Claims is appropriate. It is a specialized court "accustomed to the intricacies of government contracts." *Quality Tooling*, at 1580. Disputes involving government contracts can be time-consuming, "complex, technical, esoteric, important and monumental." *Gary Aircraft*, at 779. There is no evidence that the dispute cannot be timely adjudicated by the United States Court of Federal Claims, and no showing that a transfer to that

forum would "cause substantial losses to the creditors of the bankrupt estate." *Quality Tooling*, at 1580. While UMS argues that all of the witnesses are here in the Northern District of Texas, the Court of Federal Claims hears cases throughout the United States and the Defendant has indicated that it would not oppose trial here. For these reasons, the Court concludes that transfer of this adversary proceeding to the United States Court of Federal Claims is appropriate.[1] It is therefore

ORDERED that the Motion is granted in part, and the Court shall defer consideration of the issues raised by this adversary proceeding to the United States Court of Federal Claims. The adversary proceeding is hereby transferred to the United States Court of Federal Claims, and the clerk is directed to take all steps necessary to complete the transfer.

SIGNED: December 9, 2002

**Barbara J. Houser**
**United States Bankruptcy Judge**

[1] At the December 2, 2002 hearing on the Motion, counsel for UMS requested that if this Court concludes that the action should proceed before the United States Court of Federal Claims, that it simply be transferred to that forum, to obviate the need for another summons and complaint. The Defendant consented to that procedure.

Moreover, UMS's contention that the Defendant waived its rights to seek dismissal or deferral is unpersuasive. UMS argued that the Defendant waived its right to object (or is estopped) by failing to object to confirmation of UMS's plan of reorganization. According to UMS, because its disclosure statement advised creditors that it intended to bring suit against the Defendant here in the Bankruptcy Court, and the Defendant failed to object to that statement in the disclosure statement or to confirmation of the plan, the Defendant is bound by confirmation to a trial here. The Court disagrees. While UMS told creditors it intended to bring suit in the Bankruptcy Court, it has done so. And now, the Defendant properly seeks dismissal or deferral.

**CLOSED, TRANSOUT**

# U.S. Bankruptcy Court
## Northern District of Texas (Ft. Worth)
## Adversary Proceeding #: 02-04230-bjh

*Assigned to:* Barbara J. Houser
*Related BK Case:* 01-41911
*Related BK Title:* United Medical Supply Company, Inc.
*Demand:* $26000
*Nature of Suit:* 454

*Date Filed:* 09/13/02
*Date Terminated:* 04/15/2003

**Plaintiff**
-----------------------

**United Medical Supply Company Inc** represented by **Franklin L. Broyles**
Goins, Underkofler, Crawford & Langdon
1201 Elm St., Suite 4800
Dallas, TX 75270
214-969-5454
Email: frankb@gucl.com
*LEAD ATTORNEY*

V.

**Defendant**
-----------------------

**United States of America Dept of Justice** represented by **United States of America Dept of Justice**
PRO SE

| Filing Date | Docket Text |
|---|---|
| 09/13/2002 | 1 Complaint (02-4230) United Medical Supply Company Inc vs. United States of America Dept of Justice. NOS 454 Recover Money/Property . Filing Fee Received: $ 50.00 Receipt # 40083572 |
| 09/13/2002 | 2 Summons Issued on United States of America Dept of Justice (Herring,L.) |
| 09/13/2002 | 3 Standing Scheduling Order Setting Deadlines. Discovery and all exhibits except impeachment documents: 30 days prior, Pre-Trial Order: 7 calendar days prior, Proposed Findings of Fact and Conclusions of Law: 3 days prior to first scheduled docket call. ; Trial Docket Call Set For 1:15 2/3/03 at Room 204, Ft. Worth ;Trial |

| | |
|---|---|
| | Hearing Scheduled For Week of 2/10/03 at Room 204, Ft. Worth (Herring,L.) |
| 09/18/2002 | 4 Summons Served 9/17/02 on United States of America Dept of Justice. (Hunsuckle,J.) |
| 10/17/2002 | 5 Motion By Defendant United States of America Dept of Justice To Dismiss Adversary Proceeding without Prejudice to Allow Plaintiff to File Complaint in the United States Court of Federal Claims with Certificate of Service. (Hunsuckle,J.) |
| 10/17/2002 | 6 Motion By Defendant United States of America Dept of Justice To Dismiss Adversary Proceeding Without Prejudice to Allow Plaintiff to File Complaint in the United States Court of Federal Claims with Certificate of Service. (Hunsuckle,J.) |
| 10/29/2002 | 7 Notice of Hearing with Certificate of Service RE: [5-1] Motion To Dismiss Adversary Proceeding without Prejudice to Allow Plaintiff to File Complaint in the United States Court of Federal Claims by United States of America Dept of Justice Scheduled to 9:00 12/2/02 at Office, Ft. Worth, [6-1] Motion To Dismiss Adversary Proceeding Without Prejudice to Allow Plaintiff File Complaint in the United States Court of Federal Claims by United States of America Dept of Justice Scheduled to 9:00 12/2/02 at Room 204, Ft. Worth (Hunsuckle,J.) |
| 10/29/2002 | 8 Objection By Plaintiff United Medical Supply Company Inc with Certificate of Service To [5-1] Motion To Dismiss Adversary Proceeding without Prejudice to Allow Plaintiff to File Complaint in the States Court of Federal Claims by United States of America Dept of Justice, [6-1] Motion To Dismiss Adversary Proceeding Without Prejudice to Allow Plaintiff to File Complaint in the United States Court of Federal Claims by United States of America Dept of Justice . (Hunsuckle,J.) |
| 10/29/2002 | 8 Brief By Franklin L. Broyles for Plaintiff United Medical Supply Company Inc In Support Of [8-1] Objection by United Medical Supply Company Inc . (Hunsuckle,J.) |
| 11/13/2002 | 9 Response in Opposition By Defendant United States of America Dept of Justice with Certificate of Service To [8-1] Objection to Motion to Dismiss Case by United Medical Supply Company Inc . (Hunsuckle,J.) |
| 12/02/2002 | 10 Hearing Held Re: [6-1] Motion To Dismiss Adversary Proceeding Without Prejudice to Allow Plaintiff to File Complaint in the United States Court of Federal Claims by United States of America Dept of Justice, [5-1] Motion To Dismiss Adversary Proceeding without Prejudice to Allow Plaintiff to File Complaint in the United States Court of Federal Claims by United States of America Dept of Justice. (Under Advisement) (Hunsuckle,J.) (Entered: 12/11/2002) |
| 12/10/2002 | 11 Post- Hearing Brief By Plaintiff United Medical Supply Company Inc In |

| | |
|---|---|
| | Support Of Abstention with Certificate of Service. (Hunsuckle,J.) (Entered: 12/11/2002) |
| 12/11/2002 | 12 Order to Transfer to United States Court of Federal Claims . . (Hunsuckle,J.) |
| 12/12/2002 | 13 Letter by Frank L. Broyles concerning Supplemental Brief on Abstention Issue (Hunsuckle,J.) |
| 12/17/2002 | 14 (Unopposed)Plaintiff United Medical Supply Company Inc Request for Additional Findings and Conclusions in Connection with Defendant's Motion to Dismiss with Certificate of Service (Hunsuckle,J.) |
| 12/17/2002 | Exhibits, Date of Hearing 12/2/02 Re: [6-1] Motion To Dismiss Adversary Proceeding Without Prejudice to Allow Plaintiff to File Complaint in the United States Court of Federal Claims . (Hunsuckle,J.) |
| 12/24/2002 | 15 Order Granting [14-1] Plaintiff's Request for Additional Findings and Conslusions in Connection with Defendant's Motion to Dismiss by United Medical Supply Company Inc . (Hunsuckle,J.) |
| 01/22/2003 | 16 Hearing Held Re: [12-1] Order to Transfer to United States Court of Federal Claims . .(Stipulation to be filed regarding no appeal of Order of transfer, Case will then be re-sent to Court of Federal Claims) (Hunsuckle,J.) (Entered: 01/23/2003) |
| 01/27/2003 | 17 Stipulation By and Between Plaintiff United Medical Supply Company Inc, Defendant United States of America Dept of Justice Regarding Transfer to Court of Federal Claims and Waiving Right to Appeal Order, and Order of the Court Accepting the Stipulation (Hunsuckle,J.) |
| 01/30/2003 | 18 Hearing Held Re: [1-1] Complaint NOS 454 Recover Money/Property . Case transferred to Court of Federal Claims (McCrory,J.) |
| 02/18/2003 | 19 Certificate of Service Certified Copy of Order of Transfer; Original Docket Sheet; Claims Register and all other Original Pleadings. (Hunsuckle, J) (Entered: 02/19/2003) |
| 04/15/2003 | Disposition of adversary 02-4230 (McCrory, J.) |
| 04/15/2003 | Adversary case 02-4230 closed (McCrory, J.) |

**PACER Service Center**

**Transaction Receipt**

| 12/29/2003 19:41:21 | | | |
|---|---|---|---|
| **PACER Login:** | gu0017 | **Client Code:** | United Medical 006 |
| **Description:** | Docket Report | **Case Number:** | 02-04230-bjh |
| **Billable Pages:** | 2 | **Cost:** | 0.14 |