**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff | CASE NO: 03-CV-289 |
| v. | Judge Allegra |
| THE UNITED STATES, Defendant | **Hearing Set: 7/6/04; 10 am** |

**PLAINTIFF'S MOTION TO SUPPLEMENT SUMMARY JUDGMENT RECORD WITH DEFINITIONS OF TERMS**

TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:

Plaintiff United Medical Supply Company, Inc. files this its request to supplement the summary judgment record and in support would show the Court as follows:

Plaintiff filed its Motion for Summary Judgment in August 2003. Briefing has been completed and the Court has set Plaintiff's Motion for hearing on July 6, 2004. In reviewing the summary judgment record, Plaintiff's counsel noted that the summary judgment record includes discovery responses by the Government that incorporate terms defined by the Plaintiff in its discovery requests, but the definitions themselves are not in the summary judgment record. The definitions are important to understand the Government's responses and they are not subject to dispute. Accordingly Plaintiff files this Motion to Supplement the Summary Judgment Record for the sole purpose of putting the definitions into the record.

In the summary judgment record in this case at Plaintiff's Appendix 26 (Bates pages 265-277 – Chambers Copy) are some of the Government's responses to written

discovery served by Plaintiff. Those responses incorporated certain terms defined in the first three pages of Plaintiff's discovery requests served on the Government, but the definitions were not repeated by the Government in its responses. Specifically, the following terms and definitions were defined by Plaintiff and incorporated by the Government, but the definitions are not in the summary judgment record:

| TERM | DEFINITION IN PLAINTIFF'S DISCOVERY REQUESTS |
|---|---|
| Award | This means the prime vendor contract between Plaintiff and Defense Supply Center Philadelphia (and its predecessor), as that contract was amended from time to time. It is the contract for which a claim was submitted to the DSCP under the Contract Disputes Act. It generally was identified as Award SP0200-97-D-7133. |
| Solicitation | This means the solicitation seeking proposals for a prime vendor in the Lone Star Region. It generally was identified as Solicitation DLA120-93-R-0587. |
| Participating Medical Treatment Facility or Participating MTF | This means each medical treatment facility in the Lone Star Region, including Fort Huachuca, AZ, that participated in the Prime Vendor Program under the contract with United Medical Supply. |
| Prime Vendor Program | This means the Program for purchase and distribution of medical supplies and equipment to DoD MTFs in various regions, one of which was the Lone Star Region. |
| Scheduled Medical Equipment and Supplies | This means the equipment and supplies purchased by the Participating MTFs that the Participating MTFs could have ordered from United Medical Supply. It refers to equipment and supplies purchased from United Medical Supply or other sources; the only criteria is that they were purchased and at the time they were purchased, the MTF could have ordered them from United Medical Supply at the time. Generally, DAPA products is synonymous with this term, unless used in the context of regions other than the Lone Star Region. |

| | |
|---|---|
| Contract Year | This means June 1 to June 1 beginning in 1997, except that the last Contract Year includes only those months prior to termination of United Medical as the Prime Vendor as part of the implementation of the Prime Vendor II Program. |
| Supply Center | This means the DPSC or the DSCP. |

A genuine copy of the first three pages of Plaintiff's discovery requests is attached and identified by ECF label Tab 37 and Bates label 00501-00503. These pages are authenticated by a cover affidavit of Frank L. Broyles, attorney for the Plaintiff, attached and identified by Bates label 00500.

The purpose of this supplement is to provide the Court with the definitions of the terms used in Plaintiff's discovery requests (not in the summary judgment record) and the Defendant's responses that are in the summary judgment record.

The inclusion of these defined terms in the summary judgment record will not be a surprise or an unfair prejudice to the Defendant. Accordingly, Plaintiff requests that this motion be granted and that the attached be made a part of the summary judgment record.

Signed June 8, 2004.

Respectfully submitted,

/s/Frank L. Broyles
Frank L. Broyles
State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF CONFERENCE

On June 7, 2004, Plaintiff sent an email to Government counsel Mr. Kyle Chadwick for purposes of conference. No response has been received. The email was followed up on June 8, 2004 with a phone call requesting conference on the Motion. Plaintiff's counsel was put into Mr. Chadwick's voice mail, but no response has been received. Although counsel for Plaintiff believes the motion will not be opposed and agreement will be reached on it, due to the current setting for hearing on Plaintiff's summary judgment motion, this motion to supplement is being filed without further conference.

/s/Frank L. Broyles
FRANK L. BROYLES

CERTIFICATE OF SERVICE

On June 8, 2004 the foregoing motion for extension was served on the persons shown below by the method shown below in accordance with rule 5.1.

/s/ Frank L. Broyles

**PERSONS SERVED:**

**Ms. E. Kathleen Shahan**
Civil Division
U.S. Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875

**Method Served: email and first class mail**

---

**Mr. Kyle Chadwick**
U.S. Department of Justice
8th Floor
1100 L. St., N.W.
Washington, D.C. 20530

**Method Served: email and first class mail**