**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff<br><br>v.<br><br>THE UNITED STATES, Defendant | CASE NO: 03-CV-289<br><br>Judge Allegra |

**PLAINTIFF'S MOTION FOR MODIFICATION OF COURT'S OPINION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**(Opposed)**

TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:

On January 3, 2005, this Court filed an opinion regarding the cross summary judgment motions of the parties. This opinion is interlocutory and, as a matter of common law, may be amended at any time by the Court as long as it has jurisdiction of the case. *City of Los Angeles v. Santa Monica Baykeeper,* 254 F.3d 882, 885-886 (9th cir. 2001). For the reasons shown below, Plaintiff believes that the Court's opinion should be amended with respect to eleven (11) matters and accordingly so requests.

Plaintiff is not seeking a rehearing of the Court's Summary Judgment rulings.

Section I, Background, sets forth various facts that the Court stated would be deemed established for purposes of future proceedings. Plaintiff respectfully believes several of these (as well as a few outside Section I) are incorrect and are sufficiently significant to the case to justify modification.

## Amendment Request No. 1 – Scope of Facilities Subject to the Contract

On page 1, the 2nd sentence states that the Lone Star Region covered all medical treatment facilities in a three state area. There were a few medical facilities that opted out of the prime vendor program, for example, Wilford Hall in San Antonio, Texas. Accordingly, Plaintiff requests that the sentence be reworded to state "…covered almost all military treatment facilities in New Mexico, Texas and Oklahoma."

## Amendment Requests No. 2 and 3 – Exceptions to Contract Obligations of Prime Vendor

On page 3, the Court quotes, in the top paragraph, that section of the Amended Solicitation generally describing the responsibility of the prime vendors. There were some critical exceptions to those responsibilities. Plaintiff believes a couple of these should be described in the Court's opinion since the exceptions are especially material to this case.

The first exception was that the prime vendors' fill rate responsibilities were excused if the MTFs failed to provide accurate usage data. [Solicitation Amendment 008, Plaintiff's Appdx Bates 00032; See Defendant's proposed finding 27]. The prime vendor contract was an inventory management system. Accurate and timely usage data was vital to the ability of the prime vendor to perform its obligations, and this was recognized by the Government. Accordingly, Plaintiff requests that the Court include the following language from the contract concerning this obligation.

> *Paragraph E of Solicitation Amendment 0012 reads, "Within 30 days of getting usage data from the ordering facilities, the Prime Vendor will have the items available for ordering. The initial 60 days of ordering for each ordering facility will be exempt from the fill-rate calculation. Items ordered by a facility whose usage data has not been provided or whose*

> *product quantities of the most recent month in question exceed the prior 45 day usage will be exempt from the calculation."*

A second exception concerned product liability insurance. United Medical was excused from supplying DAPA items if its supplier did not maintain adequate product liability insurance. [Defendant's summary judgment appendix at 60]. Plaintiff respectfully requests that the Court note this as one of the exceptions to Plaintiff's responsibilities.

## Amendment Request No. 4 – Extended Delivery Order ("EDO") Delivery Deadline

The Court states, on page 3, that extended delivery orders ("EDOs") had to be delivered within seven days. This 7-day language was in the original solicitation, but it was later amended to ten days by Solicitation Amendment 16, which apparently was not in the summary judgment record. For the Court's reference, a copy of Solicitation Amendment 16 is attached. [See also, Defendant's proposed finding 26].

Plaintiff requests the opinion be modified to change the 7-days to 10-days for EDO delivery deadlines.

## Amendment Request No. 5 – Outstanding Invoices

The Court, beginning in the last paragraph on page 3 and continuing on page 4, describes the payment system. The payment dispute appears to be who has the burden. The parties do not dispute that the payment system was tied to the Government's "call numbers." Plaintiff has provided 125 pages of documents to the Government listing all call numbers it shows as outstanding and the associated invoice numbers and asked the Government to show what its records reflect with respect to each of these call numbers. Examples of this are in the summary judgment record at Plaintiff's Appdx Bates 00049-

00050. The Government refuses to provide what its records show with respect to these individual call numbers on the grounds that it is Plaintiff's burden.

One of the invoice issues raised by the Government with respect to the outstanding invoice issue is what the Government calls "multiple invoicing." At trial, Plaintiff intends to introduce evidence that the "multiple invoice" problem referenced by the Government arose primarily as a result of incorrect payments by the Government. Where the Government incorrectly paid a United Medical invoice, the Government required a new invoice to be sent by United Medical for a call number the Government showed as previously paid and closed. The Government's payment system had a problem dealing with that type of situation. As noted by the Court (top of page 4), additional obligations for that call number would be (and were) rejected. So if the Government underpaid on an invoice, Plaintiff's request for additional payment was routinely rejected by the Government's system.

Accordingly, Plaintiff requests that the Court modify the sentence near the top of page 4 to read, "Only one electronic invoice per delivery order was allowed and each electronic invoice had to be made by call number."

## Amendment Request No. 6 – Contract Estimates

The contract estimates described in the first full paragraph on page 4 do not include the increased estimates resulting from Contract Modification 006 [Plaintiff's Bates 00173] which increased annual estimates $400,000. Accordingly, Plaintiff requests that the Court add this amendment to its descriptions of estimates, *i.e.*, $200,000 in year one and $400,000 each year thereafter.

## Amendment Request No. 7 – "Fill or Kill" Contract Provision

Footnote 3 on page 3 states, "Under the contract, each order placed either was to be filled or 'killed.'" The "fill or kill" did not apply to orders it their entirety. It applied only to those items which could not be timely shipped. Even if the order for the particular item could be partially filled, United Medical had the responsibility to make a partial shipment. The remaining line items in the order were unaffected, that is, they were not "killed." Orders often contained dozens of line items. The specific contract language reads,

> *If an order for an item cannot be filled by the Prime Vendor when ordered, the request for that particular item will be automatically 'killed' (cancelled) unless the ordering facility has previously approved delivery of a substitute. However, if the Prime Vendor can partially fill an order for an item, it shall do so and the remaining quantity will be automatically 'killed' unless the ordering facility has previously approved delivery of a substitute.* [Solicitation Amendment 008, Plaintiff's Appendix Bates 00030, para #4].

Accordingly, Plaintiff suggests the following change to footnote, "Under the contract, each order placed for an item was to be filled, and to the extent an order for an item could not timely be filled, it was to be 'killed.'"

## Amendment Request No. 8 – Negligent Bid Estimates

On page 7, the Court states that Plaintiff does not contend that DSCP acted in bad faith in computing its estimated needs for the Lone Star Region. Plaintiff's Amended Complaint contains an alternative claim based on failure to use required care in making bid estimates. Accordingly, Plaintiff requests that the introductory phrase of the first full paragraph on page 7 be reworded to state, "In its summary judgment motion, Plaintiff

does not contend -- nor does the summary judgment evidence produced by Plaintiff suggest --…."

**Amendment Requests No. 9 and 10 – Plaintiff's Damage Calculations**

On page 8, the Court states in the first full paragraph, "….plaintiff's factual argument overlooks the possibility that it 'killed' or could not fill …." Plaintiff's summary judgment damage calculations actually did include a reduction in the quantity of diversions that included this possibility and based the amount of such reduction on the Government's answer to interrogatory 5 designed to elicit the volume of orders the Government placed with United Medical that were not filled. [Plaintiff's Appendix Bates 00267]. Accordingly, Plaintiff requests the Court amend its opinion to delete this sentence.

With respect to the next sentence in the first full paragraph on page 8 of the Court', Plaintiff, for summary judgment purposes did not include the possibility that the Government overstated its estimates because the Government, in its interrogatory responses 9 and 17, stated it was not contending that it overstated its estimates and that has not determined that it overstated its estimates, or that its requirements decreased. [Plaintiff's Appendix Bates 00268-00269, 00272]. For this reason, and because Plaintiff has asserted in its Amended Complaint a claim based on failure to exercise reasonable care in making the estimates, Plaintiff requests that the Court amend its opinion to state, "Based on the Government's responses to interrogatories, Plaintiff's summary judgment motion did not account for the possibility that the estimates of the magnitude of products to be ordered were grossly overstated. After all, …."

## Request for Amendment No. 11 – Failure of The Government's Computer System

On page 10, footnote 7 is a statement of the Government's position of Plaintiff's Claim. United disputes that the Government has accurately stated Plaintiff's position. The summary judgment evidence is that the computer issues caused problems both with payment of invoices submitted during the problem period (i.e., the computer "ate" these invoices) and payment of previously submitted invoices as well. Accordingly, Plaintiff requests the Court to amend the opinion by adding to the beginning of footnote 7, "The Government claims that United Medical blames…." The summary judgment evidence supports Plaintiff. Sara Bird with DSCP wrote in an internal email,

> *Guys, we have a terrible problem where we don't have the invoices because the translator 'ate' them, but we [also] have these invoices for $9m and we can't seem to get them processed?!" [Plaintiff's Appendix at Bates 00209].*

For the reasons shown above, Plaintiff requests that the Court amend its summary judgment opinion filed January 3, 2005 in accordance as shown above.

**Signed January 22, 2005.**

Respectfully submitted,

/s/ Frank L. Broyles
Frank L. Broyles
State Bar No. 03230500
Goins, Underkofler, Crawford
& Langdon, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF CONFERENCE

On January 21, 2005, Counsel for Plaintiff conferred with Counsel for the Government regarding this Motion and was advised that the Motion is opposed in its entirety.

/s/Frank L. Broyles

CERTIFICATE OF SERVICE

On January 22, 2005 the foregoing motion with referenced attachment was served on the persons shown below by the method shown below in accordance with rule 5.1.

/s/ Frank L. Broyles

**PERSONS SERVED:**

Kyle Chadwick
Department of Justice
Method Served: email kyle.chadwick@usdoj.gov