IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 03-289C (Judge Allegra) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR MODIFICATION OF OPINION

Pursuant to Rule 7.2(a) of the Court's Rules ("RCFC"), defendant, the United States, respectfully opposes, in substantial part, the January 22, 2005 motion of plaintiff, United Medical Supply Company, Inc., seeking reconsideration of the Court's December 23, 2004 order.

We have two general grounds for opposing the motion. First, notwithstanding that the Court properly entered partial findings pursuant to RCFC 56(d), the Court may, if appropriate, revise those findings, after providing notice to the parties, in a future decision upon the merits prior to final judgment. Cf. Leddy v. Standard Drywall, Inc., 875 F.2d 383, 386 (2d Cir. 1989). Thus, there is no need to litigate discrete findings piecemeal, outside the context of arguments upon the merits.

Second, United Medical forfeited its opportunity to propose findings of fact in accordance with the Rules. As we noted in our briefs and at oral argument, United Medical filed no proposed findings, with specific citations to the record, in accordance with RCFC 56(h)(1). (We filed a response to a section of United

Medical's moving brief that we construed as setting forth conclusory proposed findings.) Meanwhile, plaintiff responded to the Government's proposed findings principally by raising evidentiary objections and asserting, without citing record evidence, that our proposed facts were "obviously controverted." Pl. Resp. Def. PFF at 1. In view of United Medical's failure to support its factual assertions in accordance with the Rules, the Court properly adopted our amply supported statement of the facts, to a large degree. The Court should deny United Medical a proverbial second bite of the apple.

To the extent the Court may choose, notwithstanding the above, to address United Medical's 11 individual requests to amend the December 23, 2004 opinion, we respond as follows:

1. United Medical is correct that inserting the word "almost" before "all military facilities in New Mexico, Texas, and Oklahoma" would be more precise, but the point is irrelevant.

2, 3. No changes to the opinion are warranted. The Court's quotation, at page 3 of the slip opinion, of the description in the solicitation of the prime vendor's general responsibilities is accurate. United Medical does not explain why the Court should concern itself at this time with more specific details, which were immaterial to the parties' cross-motions.

4. This proposed change is correct.

5. No change is warranted. The Court's opinion accurately describes the payment system. United Medical offers only argument and conclusory assertions to the contrary and fails to cite any evidence justifying its proposed revision.

6. No change is warranted. The contract estimates are irrelevant to the decision, as the Court explained.

7. No change is warranted. United Medical is simply quibbling with the sense in which the Court uses the term "order."

8. No change is warranted. United Medical based the arguments in its motion, concerning both breach and damages, upon the presumption that the contract estimates were accurate. See Pl. Moving Br. 23-26. Count B of the amended complaint does allege that the Government did not exercise due care in preparing the estimates - but, as the Court correctly noted, United Medical has not alleged that the Government "acted in bad faith . . . ." Slip op. 7. Count B remains in the case, in any event.

9, 10. No changes are necessary with respect to damages. United Medical's damages calculations employed kill rates that were conclusory and speculative, see Def. PFF 54 (fill rates do not measure killed orders); and the Court correctly noted that United Medical assumed in its motion that the pre-award estimates were accurate. United Medical remains free to make other arguments as the case proceeds.

11. No change to footnote 7 is warranted. The single e-mail upon which United Medical now relies is ambiguous; does not, in any event, say anything concerning the issue of "short pays"; and cannot suffice to controvert the contracting officer's affidavit. Def. App. 199-202; Def. PFF 61-73.

CONCLUSION

For the reasons given above, the Court should deny, or deny in substantial part, plaintiff's motion for reconsideration.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s
DAVID M. COHEN
Director

s/Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

February 1, 2005

CERTIFICATE OF FILING

I certify that on February 1, 2005, the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kyle Chadwick