**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., *Plaintiff* | CASE NO: 03-CV-289 |
| v. | Judge Allegra |
| THE UNITED STATES, *Defendant* | |

**<u>PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY</u>**

**TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:**

This Motion arises out of a dispute between the Government and Plaintiff regarding the Government's obligations to produce documents in response to Plaintiff's Requests for Production. This motion deals with requests for production served on the Government in accordance with Rule 34 seeking production of files maintained by individual military medical treatment facilities in the Lone Star Region as follows:

**SUMMARY**

While this case was pending in the United States Bankruptcy Court, Plaintiff served its first set of written requests for discovery on the Government, including 13 requests for production pursuant to Rule 34. [Attached Exhibit A]. The Government did not objection to any of the 13 requests for production.

In response to Plaintiff's requests, the Government represented it would produce those responsive documents for inspection in Philadelphia upon two weeks notice. [Attached Exhibit B]. Indeed, in response to each of the 8 requests for production at issue, the Government stated, directly or by reference to another response,

> "Documents responsive to this request will be made available, upon two weeks written notice, at a mutually convenient time and date at: Defense Supply Center Philadelphia, 700 Robbins Ave., Philadelphia, PA."

The responses were verified by Mr. James Jennings, the same verification which is the subject of Plaintiff's complaint in its First Motion to Compel.

Plaintiff's counsel give the appropriate notice and appeared with co-counsel in Philadelphia in January 2003 to inspect the documents. Contrary to the representations made by the Government, the only documents produced were documents maintained by DSCP in Philadelphia. No documents maintained by any of the military medical treatment facilities were produced, although requests 3, 4, 5, 6 possibly, 7, 8, 9 possibly, and 13 clearly contemplated production of those documents, and the Government admitted it had not attempted to obtain those documents. The Government assured Plaintiff's counsel, however, that it would produce those documents, but that they would be produced at the individual military bases instead of Philadelphia.

In February 2003, shortly after the Philadelphia production, the Bankruptcy Court transferred the case to the Court of Federal Claims. Plaintiff filed an amended complaint with this Court on March 24, 2003. As described in Plaintiff's First Motion to Compel, the Government claimed that Plaintiff's discovery rights were abated by agreement and court order until February 1, 2005, the date immediately following the entry of the Court's order ending fact discovery in July 2005. This effect of this order was to limit Plaintiff's fact discovery to six months.

Since entry of the discovery order in January 2005, the Government has not produced or tendered any documents at any MTF. The Government never claimed that responsive documents do not exist at the MTFs. Indeed, both Ms. Shahan and Mr. Chadwick (DOJ attorneys) advised Plaintiff that the Government would produce responsive documents at each MTF's location.

On September 13, 2004, counsel for Plaintiff complained about Defendant's discovery responses by letter addressed to Mr. Chadwick. That letter included an attached proposed discovery plan in accordance with what Plaintiff's counsel believed was the Court's directive [See Exhibit C, redacted as to settlement communications].

In a response dated September 24, 2004, Mr. Chadwick took the position that Plaintiff had no current right to discovery as Plaintiff had proposed because, according to Mr. Chadwick, only the Government had discovery rights during the initial discovery period pursuant to the JPSR and the Court's order of September 29, 2004. Mr. Chadwick further took the position in his letter that Plaintiff's attempts to obtain a discovery plan were premature because, in his recollection, the Court only directed the parties to be ready to discuss discovery the possibility of streamlined or targeted discovery. In other words, Mr. Chadwick distinguished between discovery discussions and "getting ready" for discovery discussions. Importantly with respect to this motion, however, Mr. Chadwick stated on the last sentence of paragraph 1,

> "We [the Government] anticipate making documents available for inspection at each MTF during the next phase of discovery." [Exhibit D, page 1 only since page 2 concerns settlement issues and is omitted].

Since the beginning of the "next phase" of discovery in February 2005, no documents have been produce at any MTF. The only documents produced that may have come from any MTF are contained on two compact diskettes that were handed to Plaintiff's counsel on May 25, 2005. These CDs contain numerous (thousands) pages of irrelevant and non-responsive information. They are not catalogued in any manner and do not meet any production organization required by COFC Rule 34(b). After hours of review, it appears that a few of the pages appear to be responsive, but the source of those documents cannot be determined.

Plaintiff's former president suspects that a large percentage of the MTFs' diverted purchases of products described in the Solicitation (*i.e.*, disposable medical/surgical products and hand held surgical instruments) come from 25 or fewer manufacturers, all of whom were DAPA holders and with whom Plaintiff had distribution agreements.[1] These few manufacturers provide products that hospitals rarely can do without. Plaintiff represented over 700 manufacturers who held DAPAs. Plaintiff suspects that purchases from the "bottom ¾" were almost insignificant.

Plaintiff seeks an order requiring the Government to immediately produce for inspection and copying all documents kept by the MTFs responsive to requests 3, 4, 5, 6, 7, 8, 9, and 13 specifically including all records evidencing purchases directly from the manufacturers identified in Footnote 1 and records evidencing purchases of products manufactured by those same entities, irrespective of the source of such purchases.

**Signed June 14, 2005.**

[1] Becton Dickinson; Ethicon Inc.; Ethicon Endo Surgery (Johnson & Johnson); Kendall Healthcare (member Tyco Healthcare Group LP); Kimberly Clark Corp.; McGaw Inc. (acquired by B. Braun Medical, Inc. operating as B. Braun USA: Superior Medical Products); Ansell/Perry (a/k/a Ansell Healthcare products LLC); Baxter Healthcare (Baxter International Inc.); Allegiance Healthcare (acquired by Cardinal); Sherwood Medical; Roche Diagnostics; Regent Medical; Terumo Corporation; Kendall - L.T.P. (member Tyco Healthcare Group LP); Critikon; Alaris Medical Systems, Inc.; High Five Products; Medline Industries, Inc.; 3M Corporation; DeRoyal (DeRoyal Industries); C.R. Bard, Inc.; and Bergen Brunswig (n/k/a AmerisourceBergen Corp.).

Respectfully submitted,

/s/ Frank L. Broyles
Frank L. Broyles
State Bar No. 03230500
Goins, Underkofler, Crawford
& Langdon, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF CONFERENCE

Counsel for Plaintiff has communicated with counsel for the Government on several occasions regarding discovery from the individual MTFs. Mr. Chadwick has taken the position that the Government understands its obligations to supplement and that he represents the Government, not the individual MTFs. Counsel for Plaintiff is not sure what those statements mean, but discovery from the individual MTFs has not been forthcoming and counsel for Plaintiff does not believe he can wait any longer to seek Court intervention in light of the pending fact discovery deadline.

/s/Frank L. Broyles

CERTIFICATE OF SERVICE

On June 14, 2005 the foregoing motion was served on the persons shown below by the method shown below in accordance with rule 5.1.

/s/ Frank L. Broyles

**PERSONS SERVED:**

Kyle Chadwick
Department of Justice
Method Served: telecopy and ECF

Frank L. Broyles
1201 Elm St.
Suite 4800
Dallas, TX 75270
214-969-5454
214-969-5902 Telecopy
frankb@gucl.com email
Special Counsel to Reorganized Debtor

Appendix - US's Mtn to compel
03-289

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| In re: UNITED MEDICAL SUPPLY COMPANY, INC., Reorganized Debtor | CASE NO.01 - 41911-bjh-11<br>Chapter 11 |
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff<br>v.<br>United States of America, Defendant | Adversary: 02-4230 |

**PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT UNITED STATES**

TO DEFENDANT UNITED STATES OF AMERICA
By and through its attorney of record:

Ms. E. Kathleen Shahan
Civil Division
U.S. Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875

Pursuant to Bankruptcy Rules 7033 and 7034, Plaintiff serves the following discovery requests. Documents requested are to be produced at the offices of counsel for Plaintiff by December 1, 2002. Responses to the discovery requests are to be served in accordance with rules 7033 and 7034.

**APPDX 00001**

These discovery requests incorporate the following defined terms:

1. "Award"

    This means the prime vendor contract between Plaintiff and Defense Supply Center Philadelphia (and its predecessor), as that contract was amended from time to time. It is the contract for which a claim was submitted to the DSCP under the Contract Disputes Act. It generally was identified as Award SP0200-97-D-7133.

2. "Solicitation"

    This means the solicitation seeking proposals for a prime vendor in the Lone Star Region. It generally was identified as Solicitation DLA120-93-R-0587.

3. "Participating Medical Treatment Facility" or "Participating MTF"

    This means each medical treatment facility in the Lone Star Region, including Fort Huachuca, AZ, that participated in the Prime Vendor Program under the contract with United Medical Supply.

4. "Prime Vendor Program"

    This means the Program for purchase and distribution of medical supplies and equipment to DoD MTFs in various regions, one of which was the Lone Star Region.

5. "Scheduled Medical Equipment and Supplies"

    This means the equipment and supplies purchased by the Participating MTFs that the Participating MTFs could have ordered from United Medical Supply. It refers to equipment and supplies purchased from United Medical Supply or other sources; the only criteria is that they were purchased and at the time they were purchased, the MTF could have ordered them from United Medical Supply at the time. Generally, DAPA products is synonymous with this term, unless used in the context of regions other than the Lone Star Region

6. "Contract Year"

    This means June 1 to June 1 beginning in 1997, except that the last Contract Year includes only those months prior to termination of United

Medical as the Prime Vendor as part of the implementation of the Prime Vendor II Program.

7. "Supply Center"

This means the DPSC or the DSCP.

REQUESTS FOR PRODUCTION

Plaintiff requests production for inspection and copying the following:

1. The documents used by the Supply Center to estimate the representations made to United Medical of Base Year Contract Value and the Total Contract Value, including information received from each Participating MTF. This request refers to the estimate of contract value originally made and as amended from time to time by the Department of Defense.

2. All summaries prepared by or for the Supply Center which evidence, for any prime vendor region or Participating MTF any of the following:

a. the dollar volume of Scheduled Medical Equipment and Supplies purchased, including but not limited to summaries of annual or other period purchases and purchases by vendor;

b. percentage summaries pertaining to Scheduled Medical Equipment and Supplies purchases, including but not limited to percentages of annual purchases purchased from the prime vendor and purchases from non-prime vendor sources;

c. summaries of purchases of Scheduled Medical Equipment and Supplies not made from United Medical Supply due to the failure of United Medical Supply to comply with the contract.

3. The records for or with respect to each Participating MTF which evidence the total dollar amount of Scheduled Medical Products and Supplies purchased by that particular MTF for each Contract Year during the term of the Contract between Plaintiff and Defendant.

4. Records from each MTF which evidence the Scheduled Medical Products and Supplies purchased from United Medical and the dollar amount of the Scheduled Medical Products and Supplies purchased from third parties.

5. All correspondence between the Supply Center and Participating MTF's which evidence an effort by the Supply Center to stop the Participating MTF's from purchasing DAPA products from entities other than Prime Vendors. This seeks records related to all regions and MTFs.

6. All investigative reports by the Supply Center to determine why MTF's were purchasing Scheduled Medical Equipment and Supplies from sources other than a Prime Vendor. This request seeks reports submitted internally, to any other agency, or to Congress.

7. All correspondence between the Supply Center and Participating MTFs pertaining to any failure of United Medical Supply to comply with the contract terms.

8. All correspondence between the Supply Center and United Medical pertaining to any failure of United Medical Supply to comply with the contract terms.

9. All investigative reports by the Supply Center to determine the cause or causes of United Medical's failures to comply with the contract terms. This request seeks reports submitted internally, to any other agency, or to Congress.

10. All documents which estimate the profits or losses the Supply Center projected for United Medical under the Award.

11. The ten contract files referenced by the Supply Center in Plaintiff's FOIA requests to the Supply Center. For reference purposes, Mr. Linda Flatley referenced these files in an email to Catherine Kearns dated December 10, 2001.

12. All claims submitted by any prime vendor of medical supplies for breaches of contract or equitable adjustment under the prime vendor program in which United Medical participated as a prime vendor.

13. All correspondence between the Supply Center and any Participating MTF pertaining to the estimate of annual volume of Scheduled Medical Equipment and Supplies for that MTF. This request seeks documents created before and after the Award.

Respectfully submitted,

Frank L. Broyles
Texas State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for United Medical Supply

CERTIFICATE OF SERVICE

On October 25, 2002 the foregoing notice was served on the persons shown below by the method shown below in accordance with applicable bankruptcy rules.

**PERSONS SERVED:**

Ms. E. Kathleen Shahan
Civil Division
U.S. Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875

Via Hand Delivery (overnight courier)

APPDX 00013

E. Kathleen Shahan
D.C. Bar # 267872
Civil Division
U.S. Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
202 - 307-0249
202 - 307-0494 (telefax)
Kathie.Shahan@usdoj.gov
Attorney for the United States

**IN THE UNITED BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: UNITED MEDICAL SUPPLY COMPANY INC., Debtor-in-Possession | ) | Case No.01 - 41911-bjh-11<br>Chapter 11 |
| United Medical Supply Company, Inc., Plaintiff, | ) | |
| v. | ) | Adversary: 02 - 4230 |
| United States of America, Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT UNITED STATES**

Defendant, the United States of America, responds to plaintiff's first set of discovery requests as follows:

INTERROGATORY NO. 1

This interrogatory requests information pertaining to the representations made by the Defendant in the Award SP0200-97-D-7133 and Modification Number 006 to the Award. For each Participating MTF, please provide the following information (The dollar amount provided

13. Col. Reilly - Chief of Logistics - Ft. Bliss, Tx.

14. Maria Trevino - Buyer - Corpus Christi, Tx.

## REQUEST FOR PRODUCTION

REQUEST NO. 1

The documents used by the Supply Center to estimate the representations made to United Medical of Base Year Contract Value and the Total Contract Value, including information received from each Participating MTF. This request refers to the estimate of contract value originally made and as amended from time to time by the Department of Defense.

RESPONSE NO. 1

The only existing document responsive to this request is attached as Attachment C.

REQUEST NO. 2

All summaries prepared by or for the Supply Center which evidence, for any prime vendor region or Participating MTF any of the Following:

a. the dollar volume of Scheduled Medical Equipment and Supplies purchased, including but not limited to summaries of annual or other period purchases and purchases by vendor;

b. percentage summaries pertaining to Scheduled Medical Equipment and Supplies purchases, including but not limited to percentages of annual purchases purchased from the prime vendor and purchases from non-prime vendor sources;

c. summaries of purchases of Scheduled Medical Equipment and Supplies not made from

United Medical Supply due to the failure of United Medical Supply to Comply with the contract.

RESPONSE NO. 2

Documents responsive to this request will be made available, upon two weeks notice, at a mutually convenient date and time at:

Defense Supply Center Philadelphia
700 Robbins Avenue
Philadelphia, PA

REQUEST NO. 3

The records for or with respect to each Participating MTF which evidence the total dollar amount of Scheduled Medical Products and Supplies purchased by that particular MTF for each Contract Year during the term of the Contract between Plaintiff and Defendant.

RESPONSE NO. 3

See Response to Request No. 2.

REQUEST NO. 4

Records from each MTF which evidence the Scheduled Medical Products and Supplies purchased from United Medical and the dollar amount of the Scheduled Medical Products and Supplies purchased from third parties.

RESPONSE NO. 4

See Answer to Interrogatory No. 4. To the extent that such records exist from which such information may be extrapolated, the documents responsive to this request will be made available at a mutually convenient date and time at:

Defense Supply Center Philadelphia
700 Robbins Avenue
Philadelphia, PA

REQUEST NO. 5

All correspondence between the Supply Center and Participating MTF's which evidence an effort by the Supply Center to stop the Participating MTF's from purchasing DAPA products from entities other than Prime Vendors. This seeks records related to all regions and MTFs.

RESPONSE NO. 5

Documents responsive to this request will be made available as set forth in Response to Request No. 2.

REQUEST NO. 6

All investigative reports by the Supply Center to determine why MFF's were purchasing Scheduled Medical Equipment and Supplies from sources other than a Prime Vendor. This request seeks reports submitted internally, to any other agency, or to Congress.

RESPONSE NO. 6

To the extent that such documents may exist, there are contained in the Contracting Officer's files and will be made available as set forth in Response to Request No. 2.

REQUEST NO. 7

All correspondence between the Supply Center and Participating MTF's pertaining to any failure of United Medical Supply to Comply with the contract terms.

RESPONSE NO. 7

Documents responsive to this request are contained in the Contracting Officer's files and

will be made available as set forth in Response No. 4.

REQUEST NO. 8

All correspondence between the Supply Center and United Medical pertaining to any failure of United Medical Supply to comply with the contract terms.

RESPONSE NO. 8

Documents responsive to this request are contained in the Contracting Officer's files and will be made available as set forth in Response to Request No. 4.

REQUEST NO. 9

All investigative reports by the Supply Center to determine the cause or causes of United Medical's failures to comply with the contract terms. This request seeks reports submitted internally, to any other agency, or to Congress.

RESPONSE NO. 9

Documents responsive to this request are contained in the Contracting Officer's files and will be made available as set forth in Response to Request No. 4.

REQUEST NO. 10

All documents which estimate the profits or losses the Supply Center projected for United Medical under the Award.

RESPONSE NO. 10

There are no documents responsive to this request.

REQUEST NO. 11

The ten contract files referenced by the Supply Center in Plaintiff's FOIA requests to the

Supply Center. For reference purposes, Mr. Linda Flatley referenced these files in an email to Catherine Kearns dated December 10, 2001.

RESPONSE NO. 11

Documents responsive to this request will be made available to this request will be made available as set forth in Response to Request No. 2.

REQUEST NO. 12

All claims submitted by any prime vendor of medical supplies for breaches of contract or equitable adjustment under the prime vendor program in which United Medical participated as a prime vendor.

RESPONSE NO. 12

There are no documents responsive to this request.

REQUEST NO. 13

All correspondence between the Supply Center and any Participating MTF pertaining to the estimate of annual volume of Scheduled Medical Equipment and Supplies for that MTF. The request seeks documents created before and after the Award.

RESPONSE NO. 13

To the extent that documents to this requested existed, they were not maintained, but the information was collated into the document attached as Attachment B.

As to Objections:

Dated: November 25, 2002

Respectfully submitted,

ROBERT D. McCALLAM, JR.
Assistant Attorney General

RICHARD H. STEPHENS
United States Attorney

J. CHRISTOPHER KOHN
TRACY J. WHITAKER
E. KATHLEEN SHAHAN
D.C. Bar No. 267872
Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
(202)307-0249

ATTORNEYS FOR THE UNITED STATES

VERIFICATION

The undersigned certifies, under penalty of perjury, that, to the best of her knowledge and belief, the factual information in the foregoing responses is true.

Date: 11/21/02

James Jennings
James Jennings, Contracting Officer

CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2002, I caused a copy of the foregoing Defendant's Response to Plaintiff's Fist Set of Discovery Requests to Defendant United States by Federal Express upon the following:

Frank L. Broyles
Goins, Underkofler, Crawford & Langdon, LLP
1201 Elm Street, Suite 4800
Dallas, Texas 75270

E. Kathleen Shahan

LAW OFFICES
**GOINS, UNDERKOFLER, CRAWFORD & LANGDON**
A REGISTERED LIMITED LIABILITY PARTNERSHIP
RENAISSANCE TOWER
1201 ELM STREET, SUITE 4800
DALLAS, TEXAS 75270

**FRANK L. BROYLES**
BOARD CERTIFIED – BUSINESS BANKRUPTCY
TEXAS BOARD OF LEGAL SPECIALIZATION

(214) 969-5454
FAX (214) 969-5902
E-mail: frankb@gucl.com

September 13, 2004

Via Telecopy

Mr. Kyle Chadwick
U.S. Department of Justice
8th Floor
1100 L. St., N.W.
Washington, D.C. 20530

RE: *United Medical Supply Company, Inc. v. The United States*; COFC Case No. 03-CV-289

Dear Mr. Chadwick:

This letter is in response to your proposed discovery control plan. I believe the

We served requests for production and interrogatories during the initial discovery period. The Government responded with answers and documents from DSCP, it did not provide answers from any of the MTFs or documents from any files of the MTFs that were not duplicated in DSCP's files. I did not file a motion to compel discovery because

:t ɔ
; ition
ı ry

n

cons
my p
achi

The documents produced and statements made by the Government indicate there are a number of studies made by the Government that evidence the volume of diverted purchases. The Government claims all of these have been lost. This forces United Medical to attempt to discover if the documents really were lost and how they were lost and to develop its own statistical plan to prove up its damages and argue under the *T&M Distributor* case that since the records needed to prove up requirements and diverted orders are, or were, under the control of the Government, United Medical gets a presumption in its favor of its methodology. I do not want to delay those efforts any longer.

Accordingly, I am submitting the discovery plan I would like to implement in preparation for trial. As to a joint plan, if there is anything you would like to add, please provide as soon as possible for my consideration.

Very truly yours,

Frank L. Broyles

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., **Plaintiff** | **CASE NO: 03-CV-289** |
| v. | **Judge Allegra** |
| THE UNITED STATES, **Defendant** | |

## PLAINTIFF'S PROPOSED DISCOVERY PLAN

TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:

Plaintiff United Medical Supply Company, Inc. files this its proposed discovery control plan as part of the Supplemental Joint Status Report filed in accordance with the Court's prior order and requests the Court enter an order adopting the following discovery control plan as follows:

1. Within fourteen (14) days of entry of an order approving a discovery control plan, the parties shall exchange the information required by CFC Rule 26(a)(1). Information previously provided under Bankruptcy Rule 7026(a)(1) shall be provided in the disclosures to the extent that such information remains correct.

2. Plaintiff may serve one set of 25 interrogatories on each medical treatment facility ("MTF") that purchased items from Plaintiff under the Contract at issue in this case without further leave of Court.

3. Within fourteen (14) days from the date of an approving a discovery control plan, Plaintiff shall serve drafts of Rule 30(b)(6) depositions on Defendant.

U.S. Departn. .t of Justice

Civil Division

PDK:DMC:KChadwick
DJ No. 154-03-289

Telephone: (202) 305-7561
Facsimile: (202) 305-7644

*Washington, D.C. 20530*

September 21, 2004

BY FACSIMILE AND MAIL

Frank L. Broyles
Goins, Underkofler, Crawford & Langdon
Renaissance Tower
1201 Elm St., Suite 4800
Dallas, TX 75260

Re: United Medical Supply Co., Inc. v. United States, Fed. Cl. No. 03-289C

Dear Mr. Broyles:

Thank you for your letter and draft discovery plan of September 13. Because the court has not ordered or invited any written submissions at this time, we will not join or add to your proposed filing. I recall that, following the summary judgment arguments, Judge Allegra orally directed us to "be ready" to discuss the possibility of streamlined or targeted discovery once he ruled upon our motions, which he predicted would occur before the end of August. I do not recall him orally ordering us to file anything prior to his decision, and there is no such order noted on the docket sheet.

For the record, there are many statements in your letter with which we disagree, but it does not appear fruitful to address them point by point. I do note that, contrary to your second paragraph, as we agreed in our JPSR, and pursuant to the court's order of September 29, 2003, the stated purpose of the initial discovery period in the Court of Federal Claims was for the Government to obtain discovery regarding the basis of your already-filed motion. I have no correspondence from that period suggesting you might file a motion to compel further production from us. To the contrary, my recollection is that you receded from pressing for further discovery when I pointed out that the scheduling order did not provide for any discovery for plaintiff. We anticipate making documents available for inspection at each MTF during the next phase of discovery.