**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff<br><br>v.<br><br>THE UNITED STATES, *Defendant* | CASE NO: 03-CV-289<br><br>Judge Allegra |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER NUNC PRO TUNC GRANTING LEAVE TO SERVE ADDITIONAL INTERROGATORIES; OR ALTERNATIVELY FOR LEAVE TO RE-SERVE ADDITIONAL INTERROGATORIES AND SHORTEN RESPONSE TIME**

**TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:**

Plaintiff files this its supporting brief on the issue of its request to serve additional interrogatories. The question was considered in detail by the United States District Court for the Southern District of Indiana in *Duncan v. Paragon Publishing, Inc.*, 204 F.R.D. 127 (S.D. Indiana 2001). In particular, it considered application of Federal Rule 26(b)(2).

It began by stating that the Court would limit discovery if: the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity in the case to obtain the discovery sought; or the burden or expense outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Plaintiff's motion addresses each of these factors. The discovery sought is uniquely in the hands of the Government, Plaintiff has made numerous attempts to obtain the discovery by

other methods, the information has not been produced and is, obviously, not duplicative. Plaintiff is a liquidating reorganized Chapter 11 debtor with few resources; and the issues are central to the causes of action for diversion of purchases and negligent estimation. 204 F.R.D. at 128.

The Court noted, in granting the protective order denying leave, that the requesting party had not attempted to serve any interrogatories prior to concluding that additional interrogatories were necessary. 204 F.R.D. at 129. That is not the case here. Plaintiff served its initial set of interrogatories and received evasive answers by a person who lacked the knowledge required under COFC 33 to provide answers to the interrogatories on behalf of the Government.

Accordingly, Plaintiff requests that its motion be granted.

**Signed June 14, 2005.**

Respectfully submitted,

/s/ Frank L. Broyles
Frank L. Broyles
State Bar No. 03230500
Goins, Underkofler, Crawford
& Langdon, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF CONFERENCE

Counsel for the Government, by letter of June 9, 2005, stated that the Government opposes the requested relief.

/s/Frank L. Broyles

CERTIFICATE OF SERVICE

On June 14, 2005 the foregoing motion was served on the persons shown below by the method shown below in accordance with rule 5.1.

/s/ Frank L. Broyles

**PERSONS SERVED:**

Kyle Chadwick
Department of Justice
Method Served: telecopy and ECF