IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-289C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY

Pursuant to Rule 7.2(a) of the Court's Rules ("RCFC") and the Court's order dated June 21, 2005, defendant, the United States, respectfully responds the June 14, 2005 motion of plaintiff, United Medical Supply Company, Inc., in which United Medical requests "an order requiring the Government to immediately produce for inspection and copying all documents kept by the MTFs [medical treatment facilities] responsive to requests 3, 4, 5, 6, 7, 8, 9, and 13" of plaintiff's October 2002 requests for production of documents. Pl. 2d Mot. 4.

The Government does not object to plaintiff's proposal, and never has. The Court will note that the record contains no correspondence, since discovery resumed in this matter - or, indeed, at any time - in which (i) counsel for United Medical requested or proposed a time or place for reviewing these documents, or (ii) counsel for the Government raised any objection to making them available. To the contrary, as stated in our June 20, 2005 opposition to plaintiff's first motion to

compel discovery, a senior Department of Justice paralegal has been working at the direction of undersigned counsel since March 2005 (when United Medical began taking the position that MTF documents should already have been produced) to gather and produce responsive documents from the MTFs.

This is presumably why plaintiff fails to state plainly in its motion, as required by RCFC Appendix A ¶ 10, that "the movant has in good faith conferred or attempted to confer in good faith to resolve the matters in dispute." There is no dispute on this issue, notwithstanding United Medical's apparent strategic decision to attempt to make it appear otherwise. The parties' September 2004 correspondence regarding a proposed discovery schedule is irrelevant - and is, in any event, misrepresented by United Medical. Pl. 2d Mot. 3. (Although irrelevant, it is categorically untrue that the Government "took the position" that discussing a discovery schedule was premature, or "distinguished between discovery discussions and 'getting ready' for discovery discussions." Id. Undersigned Government counsel's September 21, 2004 letter stated only that it was premature to file a proposed discovery plan or plans with the Court, as plaintiff had proposed, since the Court had not "orally order[ed] us to file anything before [a] decision [upon the cross-motions], and there is no such order noted on the docket sheet." For a different reason, it is mysterious why United Medical continues to state

archly that the Government "took the position that Plaintiff had no current right to discovery" in the fall of 2004. Pl. 2d Mot. 3. The parties jointly proposed at page 5 of our July 2003 joint preliminary status report that "[d]efendant [would] conduct discovery related to the issues raised in plaintiff's [summary judgment] motion," but we said that "plaintiff does not currently anticipate conducting discovery . . . ." Accordingly, the Court's September 29, 2003 docket order provided for "[d]iscovery related to Plaintiff's Motion to be completed by 12/15/03" and mentioned no other discovery.)

Far more relevant is the attached letter from counsel for United Medical (redacted because it related primarily to settlement) dated January 21, <u>2003</u> – <u>after</u> the bankruptcy court had transferred this case, but before it was docketed in this Court, at which time the case was effectively in limbo – in which counsel expressly acknowledged that he anticipated "[d]epositions and other discovery efforts from [<u>sic</u>] the MTFs" if and when discovery resumed in this Court. 1/21/03 Letter p. 2 (¶ 3). As noted, plaintiff's counsel <u>never communicated a desire, or proposed any dates, to proceed with discovery relating to the MTFs' records once discovery resumed in February 2005</u>. Meanwhile, as we explained in our June 20 opposition to plaintiff's first motion to compel, the Government agreed (and continues to be willing and contractually prepared) to share the

cost of a review of MTF records (to include site visits) by a "neutral expert" from Navigant Consulting, with an eye to developing a potential settlement methodology.

Plaintiff chose, for reasons of its own, to let the Navigant effort fall by the wayside, without making any effort – not a single letter, e-mail, or telephone call to defendant's counsel – to fill the discovery gap with respect to the MTFs. Apparently, United Medical now seeks to make up for lost time, and to impugn the Government's integrity as a side benefit, by inventing a "dispute" concerning the production of MTF documents to bring before the Court. Plaintiff is only further wasting the time for discovery that it complains is slipping away, as well as the Court's time.

## CONCLUSION

For the reasons given above, the Court should deny plaintiff's motion to compel as moot.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/
by James M. Kinsella
DAVID M. COHEN
Director

OF COUNSEL:
KATHLEEN HALLAM
Chief Trial Attorney
Defense Supply Center
Philadelphia

s/Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

June 23, 2005

CERTIFICATE OF FILING

I certify that on June 23, 2005, the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kyle Chadwick