LAW OFFICES
GOINS, UNDERKOFLER, CRAWFORD & LANGDON
A REGISTERED LIMITED LIABILITY PARTNERSHIP
RENAISSANCE TOWER
1201 ELM STREET, SUITE 4800
DALLAS, TEXAS 75270

FRANK L. BROYLES
BOARD CERTIFIED – BUSINESS BANKRUPTCY
TEXAS BOARD OF LEGAL SPECIALIZATION

(214) 969-5454
FAX (214) 969-5902
E-mail: frankb@gucl.com

January 21, 2003

VIA FIRST CLASS MAIL, EMAIL AND TELECOPY
FAX NO. (202) 307-0494

Ms. E. Kathleen Shahan
Civil Division
U.S. Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875

RE: Case No. 01-41911-bjh-11; *In re: United Medical Supply Company, Inc.*
Adversary No. 02-4230; *United Medical Supply Co., Inc. v. United States*

CONFIDENTIAL AND PRIVILEGED SETTLEMENT COMMUNICATION

Dear Ms. Shahan:

Thank you for your hospitality and assistance last week at DSCP. As I mentioned, I wanted you and DSCP to consider attempting to settle my client's claim. The purpose of this letter is to offer the basis for my request and to suggest a settlement concept for your consideration.

While Dane Field and I were in the DSCP offices reviewing the documents produced, we discovered several that are extremely helpful to United Medical's case and, conversely, harmful to the government's case. While I am reluctant, for several reasons, to detail these documents in this letter, I believe I do need to discuss one particular report prepared by DSCP. That report may be the most significant document we discovered, but its discovery strongly supports prompt settlement of the case. Before getting into that, however, I want to present an overall case philosophy and reasons for settlement. [redacted]

[redacted]

1. A settlement [redacted]

United Medical's primary claim is based on diversion of purchases by the MTFs away from the Prime Vendor Program. [redacted]

In contrast to settlement, litigation presents significant financial and other risks to DSCP. [redacted]

2. A settlement [redacted]

One of the documents we discovered contained a statement from one of the MTFs that the prime vendor program was a journey, not a destination. That appears descriptive. [redacted]

3. A settlement [redacted]

It is obvious from the documents produced by the government that there were individuals in the government quite critical of various aspects of the prime vendor program. Depositions and other discovery efforts from the MTFs reasonably can be expected to renew

resentment and generate counter-productive inquiries about the Gen I program.

4. A settlement [redacted]

[redacted]

Back to the DSCP report. During our visit to DSCP, we discovered a report that you may not know exists. Possibly Ms. Hallam and Ms. Flatley do not know it exists. It is quite problematic for DSCP for several reasons. Not only is it strong evidence that United Medical fully performed its contractual obligations, but it puts directly into question the credibility and good faith of DSCP in denying United Medical's claim for equitable adjustment.

United's claim for equitable adjustment was denied on August 22, 2002, by Ms. Linda Flatley, the contracting officer to whom the claim was submitted. With respect to United's claim for lost profits based on diversion, Ms. Flatley provided 11 specific reasons given for the denial. Each of these claimed United Medical failed to perform its obligations under the contract. In other words, DSCP denied the lost profits claim based on alleged breaches by United Medical. There is a mountain of evidence to support United's position that most of the alleged failures to perform by United Medical resulted from problems outside the control of United Medical. All of that may be moot.

Less than one year prior to the termination of the contract, DSCP reviewed United Medical's performance under the contract and concluded that United Medical had performed all of its material obligations. The specific document DSCP produced is a document titled, "FINDINGS AND DETERMINATIONS OF THE CONTRACTING OFFICER." It is dated May 22, 2000 and signed by Donna M. Kennedy, the then contracting officer. It states in part,

> "United Medical has demonstrated a full understanding of the Government requirements and has performed *all* the required

> tasks and functions cited in the aforementioned contract." [Emphasis added].

United Medical will contend in its amended pleading and in its motion for summary judgment that this finding is binding on the government. Even if the Court does not accept this contention as completely binding, at the very least, the report offers a compelling argument that the government recognized that any failures to perform by United Medical were not caused by United Medical.

I understand that the government is now contending that the "estimates" of contract value assumed that United Medical would perform extra-contractual duties by becoming a DAPA holder and adding products to the DAPA database. Without going into detail on this issue, there are many documents directly refuting this contention in files for over half of the regions, and the government's argument is contrary to the representations made to United Medical about contract value.

Now back to settlement. Under Rule 3.1(a)(2) of the Court of Federal Claims, United Medical has 28 days to file an amended complaint in the Court of Federal Claims once the case is docketed. That amended complaint will include quite a laundry list of quotes from documents produced by the DSCP, including the report described in the previous paragraph. By necessity, it will be an adversarial pleading. [redacted]

[redacted]

If you are in agreement [redacted]

(1) [redacted]

[PAGE 5 OMITTED]