IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., | ) | |
| Plaintiff, | ) | No. 03-289C |
| v. | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE OR RE-SERVE ADDITIONAL INTERROGATORIES

Pursuant to Rule 7.2(a) of the Court's Rules ("RCFC") and the Court's order dated June 21, 2005, defendant, the United States, respectfully responds to the June 14, 2005 motion of plaintiff, United Medical Supply Company, Inc., seeking leave to serve more than 200 additional interrogatories, purportedly directed to individual medical treatment facilities ("MTFs") that placed orders pursuant to plaintiff's prime vendor contract.

The Court should deny the motion summarily, with leave to refile if necessary, because United Medical failed to "confer in good faith" with defendant regarding the matters raised in the motion, as required by RCFC Appendix A ¶ 10. United Medical served the interrogatories at issue on June 1, 2005. The RCFC does not, of course, require plaintiff to warn or consult with us prior to serving discovery requests, and plaintiff did not do so. By letter dated June 9, 2005, and transmitted by facsimile that day, the Government registered its objections, but offered to negotiate a reasonable resolution. And five days later, United

Medical filed this motion. See Pl. Interrog. Mot. 6. That is the entire history. If the obligation to "confer" regarding discovery disputes could be satisfied simply by serving discovery requests and receiving objections, that requirement would be meaningless. The latter is doubly true when, as here, the objections are accompanied by an express offer to confer.[1]

Appendix A of the RCFC entitles us to a meaningful opportunity to resolve discovery issues amicably before the Court becomes involved. United Medical has, by its admission, violated the Rules and denied us that opportunity. Pl. Interrog. Mot. 6. The status conference scheduled for June 30, 2005 is not a substitute for the prior, out-of-Court discussions contemplated by Appendix A.

Although this motion is not properly before the Court, we will respond, out of caution, and in anticipation of the June 30 conference, to plaintiff's more serious misstatements of fact. Most fundamental, the assertion that United Medical "has made numerous attempts to obtain discovery from the individual MTFs [and] [i]n every instance DSCP has thwarted that effort" is unsupported by the record and false. Pl. Interrog. Mot. 3. We

[1] Undersigned counsel noted in his June 9 letter that he would be on annual leave from June 13 through 17. But that is no excuse. Plaintiff's counsel made no attempt to confer regarding the additional interrogatories before the close of business on Friday, June 10, nor did he leave a message or otherwise attempt to confer before filing the motion the following Tuesday.

have noted in our responses to the other two motions that plaintiff cannot cite a single instance during discovery in this matter in which it has requested information or documents that we have refused to make available.

In particular, United Medical has been free, since discovery resumed here in early February 2005, to contact undersigned counsel to schedule visits to any MTFs that plaintiff chose, in order to review documents – but plaintiff has never done so. (As we have also noted, only three of the 13 MTFs possess responsive documents, to the best of our knowledge after a diligent search.) Furthermore, as noted, there exists an open contract (attached to our June 20, 2005 brief) under which the Government would pay half of the cost for Navigant Consulting, jointly retained by United Medical, to visit selected MTFs to review available records and assist the parties, with the goal of exploring the possibility of settlement. Not a dime has been billed under that contract. United Medical chose not to follow through with the Navigant effort concerning the MTFs. For it now to accuse us of "thwart[ing]" access to the MTFs is indefensible.

United Medical misrepresents our position by stating that we contend that undersigned Government counsel "does not represent the individual MTFs . . . ." Pl. Interrog. Mot. 4. What we have correctly said is that defendant's counsel represents the United States, and not "the MTFs individually," by which we plainly mean

that United Medical is not presumptively entitled to serve discovery requests as if the Department of Justice represented several entities, rather than a unitary defendant. By the same token (although it is difficult to discern how this could be relevant), as the Court knows, the Department of Justice would represent the United States - not "each MTF" - at RCFC 30(b)(6) depositions. See Pl. Interrog. Mot. 4.[2]

Finally, we have previously rebutted the claim that "[t]he Government has failed to make good on its promises to produce documents at the individual MTFs." Id. at 5. This is (i) wrong, because United Medical has never even inquired about taking us up on our "promise" by scheduling document production at the MTFs, and (ii) irrelevant, because we are producing the responsive documents on CD at Government expense. It is noteworthy, indeed, that, in its first motion to compel, filed on June 10, United Medical blames us for wasting its time by making available the contracting officer for deposition in Philadelphia, as plaintiff requested; whereas, here, United Medical complains that we have not issued invitations to its counsel to travel to a dozen MTFs across the Southwest, in order to "review" documents that most of

[2] Sanyo Laser Products, Inc. v. Arista Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003), has nothing to do with any of this and certainly does not say that a plaintiff in this Court "has the right to take . . . depositions" as if each distinct Government facility constituted an separate party for purposes of RCFC 30(b)(6). See Pl. Mot. 4 (emphasis added).

the MTFs do not possess, and we have decided, instead, to copy and forward the responsive documents in total. Plaintiff's filings betray the inconsistency of a party searching for complaints to raise.

CONCLUSION

For the reasons given above, the Court should deny plaintiff's motion for leave to serve additional interrogatories, without prejudice to refiling with a suitable certificate of consultation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/
by James M. Kinsella
DAVID M. COHEN
Director

s/Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

OF COUNSEL:
KATHLEEN HALLAM
Chief Trial Attorney
Defense Supply Center
Philadelphia

June 23, 2005

CERTIFICATE OF FILING

I certify that on June 23, 2005, the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kyle Chadwick