**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC.,<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES, *Defendant* | CASE NO: 03-CV-289<br><br>Judge Allegra |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE RE: "PLAINTIFF'S MOTION FOR LEAVE TO SERVE OR RE-SERVE ADDITIONAL INTERROGATORIES"**

**TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:**

This Reply may be mooted by the Joint Status Report to be filed on or before July 15, 2005. Because the Joint Status Report, however, may not moot the issues, Plaintiff files this reply.

Plaintiff had a sole source "requirements" contract to sell "disposable medical/surgical products and hand held surgical instruments" to certain medical treatment facilities ("MTFs") in a 3-state region known as the Lone Star Region. The effective term of the Contract was June 1, 1997 through April 30, 2001.

The Government disputed Plaintiff's claim that the quantity of any diverted purchases could be reasonably estimated. Thus, Plaintiff sought to discover from the Government: (1) the dollar quantity of "disposable medical/surgical products and hand held surgical instruments" (commonly called "Med/Surg items") purchased by the Government during the contract term; (2) the dollar quantity of Med/Surg items purchased by the Government during the pre-contract term that formed the basis for the Government's Solicitation estimates; and (3) of the quantity of

Med/Surg items purchased during the contract term, the percentage of those purchases that were purchased in breach of the contract.

To that end, Plaintiff served an initial set of interrogatories on the Government. Many of the answers were essentially, and improperly, answered by the Government with a "don't know" type of answer. Other answers were improperly answered based not on what the Government knew, but on what the contract administering agency, DSCP, claimed it knew. Plaintiff complained to the Government's former counsel of record about the Government's improper responses. This complaint did not result in any supplementation of interrogatory answers and Plaintiff did not learn the answers to the two questions stated above, nor did it get directed to documents that would permit Plaintiff to determine the answers.

Notwithstanding the Government's claim that most MTFs do not have responsive documents and are thus unable to answer the interrogatories and produce documents for inspection,[1] the individual MTFs can be expected to have information relevant to Plaintiff's claims for a variety of reasons.

First, since the MTFs are "user facilities" of "medical devices" as defined in the Safe Medical Devices Act of 1990 and the Medical Device Amendments Act of 1992, they are subject to the strict record keeping requirements and procedures of those statutes and implementing rules of the FDA.[2] Second, documents produced by the Government to date evidence that the MTFs routinely maintained usage information for Med/Surg items using special software packages, notably TAMMIS and MEDLOG. Third, according to documents produced by the Government,

---

[1] For example, the Government, in its response to Plaintiff's Motion for Leave, stated, "…only three of the 13 MTFs possess responsive documents, to the best of our knowledge after diligent research." [Response, p. 3].

DSCP required the MTFs to provide usage information to the new prime vendor in 2001 under the Generation II Prime Vendor Program and in connection with that requested the MTFs to "clean up" their usage data to provide more accurate data to the new prime vendor. Fourth, numerous documents discovered in DSCP's files referenced various usage studies for such products, including the estimates provided by DSCP to support the contract value in 1997. And Fifth, common sense suggests that budgets, historical expenditure records, and vendor records would be maintained by the various MTFs as part of their normal business practices.

The Government claims it has made a diligent search. Plaintiff, of course, wants to know how diligent were the searches, since it is illogical that the MTFs do not have the type of information sought by Plaintiff. Because the sources of information within each MTF might vary and come from a variety of sources (*e.g.*, financial, logistics, regulatory compliance, *etc.*) interrogatories and requests for production are the discovery mechanisms best suited to discover the totality of information within a given MTF, in contrast to a 30(b)(6) deposition.[3]

The periodic total dollar purchases by each MTF of Med/Surg items should not be a difficult number to determine. Budgets, bed count, patient census, and periodic financial reports are all relevant, and can reasonably be expected to have been maintained by each MTF. Plaintiff seeks leave to serve interrogatories to determine such information, since such documents never have been produced by the Government in response to prior discovery requests, although they would have been responsive to such requests.

---

[2] "Medical devices" under these Acts include suture. For example, see, 63 *Fed. Reg*. 20096-01, April 23, 1998. Suture was a DAPA item sold by United Medical.

[3] Plaintiff does intend to take a few 30(b)(6) depositions of MTFs and the "Government" after it obtains sufficient records on which to base such depositions.

Among the defenses raised by the Government to Plaintiff's breach of contract claims is the issue of "deducts" from Med/Surg total purchases. "Deducts" as used in this Reply are the dollar amount of purchases made by the Government that either are not subject to the contract or that would have been subject to the contract, but for some legally recognizable excuse those purchases were made from third parties. Two of the deducts most often raised by the Government are purchases of Med/Surg items that were not DAPA items and purchases of Med/Surg items that were DAPA items but were sold by DAPA holders with whom Plaintiff did not have a distribution agreement.

While Plaintiff believes that the deducts claimed by the Government are not material, Plaintiff also claims that these can be reasonably estimated, whether they are material or not. Plaintiff's experience with this contract and as a long time distributor of medical supplies forms the basis for this belief and many of Plaintiff's discovery requests as described below.

Hospitals typically budget based on bed count and maintain usage records on a patient census. Plaintiff seeks to discover this type of information from the MTFs. If such information does not exist, Plaintiff seeks to discover why it does not exist and on what basis the MTF provided estimates of its requirements to DSCP. If it does exist, Plaintiff seeks to discover it and the Government's contentions with respect to such information.[4]

Plaintiff was an authorized distributor for over 700 different DAPA holders. Plaintiff's records and experience evidence that a handful of DAPA holders (such as Johnson & Johnson) accounted for the large majority of product sold by Plaintiff. Hospitals have similar experiences. That is, a hospital's 30 or so largest vendors account for the bulk of Med/Surg item purchases by

[4] For example, if the Government contends that the information is not accurate, Plaintiff seeks to discover that contention.

that hospital. Plaintiff seeks discovery from the various MTFs to determine what vendor records for Med/Surg purchases exist and what contentions the Government makes with respect to those records. For the reasons stated above, Plaintiff believes that interrogatories directed at individual MTFs are the best mechanism for such discovery.[5]

**Signed July 6, 2005.**

Respectfully submitted,

/s/ Frank L. Broyles
Frank L. Broyles
State Bar No. 03230500
Goins, Underkofler, Crawford
& Langdon, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff
UNITED MEDICAL SUPPLY COMPANY, INC.

CERTIFICATE OF SERVICE

On July 6, 2005 the foregoing reply was served on the persons shown below by the method shown below in accordance with rule 5.1.

/s/ Frank L. Broyles

**PERSONS SERVED:**

Kyle Chadwick
Department of Justice
Method Served: telecopy and ECF

[5] Plaintiff's counsel recognizes such interrogatories must be served on the Defendant, not individual MTFs, and will revise accordingly.