**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff<br><br>v.<br><br>THE UNITED STATES, *Defendant* | CASE NO: 03-CV-289<br><br>Judge Allegra |

**JOINT STATUS REPORT**

**TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:**

Pursuant to the Court's order of July 1, 2005, the Parties submit the following joint status report. The parties have resolved, at least temporarily, their outstanding discovery disputes and have agreed to attempt to implement an orderly production of information by serially focusing on MTFs. Accordingly, the parties propose to resolve their discovery disputes as follows:

1. **Interrogatories subject to Plaintiff's First Motion to Compel.**

   a. Interrogatories 4, 6, 7, 19 and 20 – The Government will supplement its responses to provide its best estimates or state fully why it cannot make such estimates, including a detailed description of the investigation made to make the estimates. Answers will be provided for the various MTFs in accordance with the priority attached as Exhibit A.

   b. Interrogatory 5. The Government will perform the requested calculation in tabular form, but may add the following notation, "The calculations do not include orders that were 'killed' because the Government has been unable to make any estimate the volume of orders 'killed' by United Medical." Interrogatory 5 will be certified by the person making the calculation.

Interrogatory 5 will be answered by August 15, 2005 2005 for Fort Hood and BAMC and as soon as reasonably possible for all other MTFs.

2. **Additional Interrogatories described in Plaintiff's Motion for Leave.**

   a. The Government will answer the multipart interrogatory attached as Exhibit B. Answers will be provided for the various MTFs in accordance with the priority shown in Exhibit C.

3. **Requests for Production subject to Plaintiff's Second Motion to Compel.**

   a. The Government, at its expense, will produce the 'CDs' from IKON pertaining to credit card purchases at the following three MTFs: Fort Hood, Sam Houston and Fort Sill. The CDs will be produced in tiff or pdf formats.

   b. Prior to the end of July 2005, counsel will meet with Debbie Thompson in San Antonio, Texas to informally discuss various aspects of the Gen I PV program for Fort Hood and BAMC including med/surg usage data collection and reporting procedures, med/surg budgeting and financial reporting, med/surg purchasing procedures, and document organization, retention and location.

   c. Following that meeting a focus would be made during August to supplement outstanding requests for production with documents maintained at Fort Hood in accordance with Plaintiff's outstanding requests for production. By September 15, 2005, the parties will submit a supplemental status report detailing the document production with respect to the other MTFs.

   d. The parties may continue to serve other requests for production and requests for admissions that are not inconsistent with the orderly production of information by the MTFs.

**4. Depositions**

a. During the fact discovery period, Plaintiff intends to take up to 8 depositions of entities or persons under the control of Defendant. At least one of those depositions is expected to be a 30(b)(6) deposition of the Defendant. The parties have not agreed on the scope of any 30(b)(6) deposition and the Defendant is reserving its rights to object to any proposed scope. Each person produced pursuant to the 30(b)(6) notice will be protected by the 7-hour time limit unless otherwise agreed by counsel or modified by court order.

b. Absent a stipulation by the Government as to admissibility of the records produced by the med/surg vendors and C.I.T., Plaintiff may take (via oral deposition or deposition on written questions) "prove up" depositions of such entities.

c. Plaintiff intends to continue the oral deposition of Mr. William Bandy, former president of Plaintiff. Absent an agreement with the Defendant, Plaintiff may seek leave to exceed the 7-hour time limit for this deposition.

d. Plaintiff intends to take a 30(b)(6) deposition of Henry Schein, Inc.

**5. Request for Additional time to complete fact discovery and expert discovery.**

a. The parties propose the following discovery schedule:

i. December 15, 2005 to complete fact discovery;

ii. January 18, 2006 Plaintiff to provide Rule 26(b)(2) disclosures;

iii. February 28, 2006 for Defendant to depose Plaintiff's experts and provide Rule 26(b) disclosures; and

iv. April 11, 2006 for Plaintiff to depose Defendant's experts.

**Signed July 15, 2005.**

Respectfully submitted,

s/ Frank L. Broyles

Frank L. Broyles
State Bar No. 03230500
Goins, Underkofler, Crawford
& Langdon, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax
Attorneys for Plaintiff

(signature of counsel for Defendant to be separately filed)

**Exhibit A to Joint Status Report of July 15, 2005**
**Pertaining to Plaintiff's First Set of Discovery Requests:**
**Interrogatories 4, 6, 7, 19 and 20 (all to be answered by: October 15, 2005)**

| | **MTFs at Following Military Base** | **Priority Of top 10** |
|---|---|---|
| 1 | Fort Hood | 1 |
| 2 | Fort Sam Houston | 2 |
| 3 | Fort Bliss | 3 |
| 4 | Fort Sill | 6 |
| 5 | Corpus Christi Naval Base | 4 |
| 6 | Brooks AFB | |
| 7 | Kelly AFB | |
| 8 | Randolph AFB | |
| 9 | Laughlin AFB | |
| 10 | Sheppard AFB | 5 |
| 11 | Altus AFB | |
| 12 | Tinker AFB | 7 |
| 13 | Reese AFB | |
| 14 | Dyess AFB | 9 |
| 15 | Goodfellow AFB | |
| 16 | Holloman AFB | |
| 17 | Cannon AFB | 8 |
| 18 | AFMLO/OL-2 | 10 |
| 19 | Public Health Service – Ada Oklahoma | |

For each of the 19 medical treatment facilities identify the custodian(s) of the following records during the time period January 1, 1995 through present ("the Period"):
"Identify" means, for each person, to state the person's name, title and business address and the dates each such person was custodian of the applicable records. If the business address is unknown, then the address to be stated is the last known address believed by the Government to be most reliable.

The format requested is:

Name of Record Custodian:____________; Title of Record Custodian:_______________
Business Address of Record Custodian:__________________________________________
Custodian of Records in Categories ##________________
For the Period: _______________ through ______________

1. Budgets for the applicable MTF showing projected Med/Surg item expenditures during the Period.
2. Financial reports for the applicable MTF showing actual expenditures for Med/Surg items.
3. Patient census for those MTFs with beds.
4. Bed count for the those MTFs with beds.
5. Catalogue listings of Med/Surg items available for purchase by the MTF, including but not limited to CDs provided by DSCP.
6. Records evidencing purchases by each MTF of Med/Surg items during the Period from a given vendor, whether manufacturer or distributor, including but not limited to United Medical Supply, Owens & Minor, Allegiance Health Care (a/k/a Cardinal Healthcare) and General Medical (a/k/a McKesson).
7. Procedures for minimizing diversion of orders from the MTFs prime vendor.
8. Usage data collected by the MTF for Med/Surg items during the Period.
9. Procedures for complying with the Safe Medical Devices Act of 1990 and the Medical Device Amendments Act of 1992.
10. Files particularly pertaining to United Medical Supply, Owens & Minor, Allegiance Health Care (a/k/a Cardinal Healthcare) and General Medical (a/k/a McKesson).
11. Correspondence between the MTF and DSCP regarding the Gen I or Gen II prime vendor program.
12. Accounts payable to vendors of Med/Surg items.
13. Inventory reports pertaining to Med/Surg items.

14. Usage data provided to United Medical or DSCP in connection with the Gen I or Gen II Prime Vendor programs.
15. Personnel charts for the MTF during the Period identifying medical supply officers or personnel, and their supervisors, including the top administrator at the MTF.
16. Personnel files for each medical supply officer or personnel located at the MTF during the period June 1, 1997 through April 30, 2001.
17. Records evidencing credit cards available to be used to purchase Med/Surg items, including persons to whom such cards were issued, dollar authority of such persons, and purchases made with the credit cards.
18. Contracts with suppliers of Med/Surg items.

**Exhibit C to Joint Status Report of July 15, 2005**
**Pertaining to Plaintiff's Proposed Additional Interrogatories**
**(Exhibit B to Joint Status Report)**

| | **MTFs at Following Military Base** | **Priority Of top 10** |
|---|---|---|
| 1 | Fort Hood | 1 |
| 2 | Fort Sam Houston | 2 |
| 3 | Fort Bliss | 3 |
| 4 | Fort Sill | 6 |
| 5 | Corpus Christi Naval Base | 4 |
| 6 | Brooks AFB | |
| 7 | Kelly AFB | |
| 8 | Randolph AFB | |
| 9 | Laughlin AFB | |
| 10 | Sheppard AFB | 5 |
| 11 | Altus AFB | |
| 12 | Tinker AFB | 7 |
| 13 | Reese AFB | |
| 14 | Dyess AFB | 9 |
| 15 | Goodfellow AFB | |
| 16 | Holloman AFB | |
| 17 | Cannon AFB | 8 |
| 18 | AFMLO/OL-2 | 10 |
| 19 | Public Health Service – Ada Oklahoma | |