**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC.,<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES, Defendant | CASE NO: 03-CV-289<br><br>Judge Allegra |

**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER FILED AUGUST 2, 2005**
**(UNOPPOSED)**

TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:

Plaintiff United Medical Supply Company, Inc. files this its request to modify the scheduling order filed by the Court on August 2, 2005 and in support would show the Court as follows:

1. Pursuant to order of this Court the parties filed a joint status report on July 15, 2005 in which a joint proposed discovery plan was submitted. This status report was ordered by the Court following motions to compel discovery filed by Plaintiff.

2. Following that filing the Court entered a scheduling order substantially along the lines proposed by the parties in their July 15, 2005 joint status report. The Court deferred ruling on Plaintiff's Motions to Compel.

3. Plaintiff contemplated receiving significant discovery from the Government in accordance with the terms and agreements of the July 15, 2005 joint status report. That discovery, in the opinion of Plaintiff's

counsel, never happened. While some documents have been provided and one deposition taken, the most recent filing by the Government is basically the remaining unproduced documents (an extremely large volume) were inadvertently destroyed during the pendency of this case.

4. Moreover, the Government has not made the agreed calculations described in paragraph 1 b of the July 15, 2005 status report. While it now claims that it cannot make the calculations, the claim is contradicted by the deposition testimony of James Jennings, the contract officer previously deposed by Plaintiff.

5. In view of the Government's most recent filing in which it claims documents were destroyed, Plaintiff must now seek to determine whether such destruction supports a claims for spoliation. Many of Plaintiff's attempts to obtain the documents were served long before the claimed destruction. These attempts included Freedom of Information Act requests and litigation discovery requests.

6. Plaintiff further is going to be required to challenge the Government's destruction claim. One of the reasons Plaintiff must proceed along these lines arises out of the fact that many of the records sought by Plaintiff that have not been produced by the Government included time periods after the date that the Government claims it destroyed the documents requested. Moreover, the investigative detail provided by the Government fails to meet the detailed required to show that an adequate

investigation was performed. Plaintiff intends to pursue its claims for a more detailed description of the efforts made or not made to obtain the requested discovery.

Accordingly, Plaintiff requests that this Court extend all deadlines in its order of August 2, 2005 by nine-weeks (63 days).

Counsel for the Government has advised counsel for Plaintiff that the extension is not opposed. He obviously is not necessarily in agreement with Plaintiff's reasons for such extension.

Signed October 30, 2005.

Respectfully submitted,

s/Frank L. Broyles
Frank L. Broyles
State Bar No. 03230500
Goins, Underkofler, Crawford
& Langdon, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF SERVICE

On October 31, 2005 the foregoing motion for modification was served on the persons shown below by the method shown below in accordance with rule 5.1.

s/ Frank L. Broyles

**PERSONS SERVED:**

Kyle Chadwick
Department of Justice
Method Served: telecopy and ECF