# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC.,<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES, Defendant | CASE NO: 03-CV-289<br><br>Judge Allegra |

## JOINT STATUS REPORT OF APRIL 12, 2006

**TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:**

Pursuant to the Court's order, the parties file this Joint Status Report.

## STATUS OF SETTLEMENT

The Parties participated in mediation in an attempt to settle the case. During the mediation process the Government concluded that a substantial volume of relevant credit card data may exist at the Defense Finance and Accounting Service ("DFAS"). The Government discontinued settlement discussions pending its receipt and review of any credit card data it might obtain from DFAS. Consequently, ASBCA Judge Martin Harty (the consensual mediator) notified the parties that the mediation was in hiatus.

Settlement is not progressing. Plaintiff is willing to disclose to the Court its pending settlement offer. To the extent it may do so without violating privileged communications from the Government, Plaintiff is willing to provide the Court with the basis for its settlement offer.

## STATUS OF DISCOVERY

The Court previously directed the parties to notify it if the parties continued to disagree over resolution of Plaintiff's previously requested discovery and Plaintiff's previously filed

Motions to Compel Discovery. Plaintiff contends that the Government's discovery responses remain seriously and sanctionally deficient as described below.

**PLAINTIFF'S STATEMENT**

In the Joint Status Report of July 15, 2006, the Government, in response to Plaintiff's Motions to Compel Discovery and the Court's order of July 1, 2005, agreed to respond in specified manners to Plaintiff's interrogatories 4, 5, 6, 7, 19 and 20 and an interrogatory requesting the identify of custodians of various records at each of the MTFs. The Government further agreed to provide documents in response to Plaintiff's request for production of documents.

**INTERROGATORY 4**

Interrogatory 4 requested the Government to state, by contract year, the total dollar amount of DAPA items purchased by the MTF and to further state the portion purchased from United Medical and the portion purchased from third parties. In the July 15, 2005 JSR (paragraph 1 a), the Government, in response to Plaintiff's Motion to Compel, agreed to supplement its response to provide the requested estimate, or to state fully why it could not provide such an estimate, and to detail the investigation it made to make the estimate.[1] On October 26, 2005, the Government, instead of supplementing its response, amended its response. In its unverified amendment, the Government asserted an untimely "undue burden" objection and stated it could not answer the interrogatory. It did not detail any efforts made to answer the interrogatory. The amended response included the following,

---

[1] In its First Motion to Compel, Plaintiff's contention was that the Government had not made the required effort to answer the interrogatory or describe the detailed efforts made to answer the interrogatory, citing *Hansel v. Shell Oil Corp.*, 169 F.R.D 303, 305 (E.D. Pa. 1996); *Jackson v. Kroblin Refrigerated Services Xpress, Inc.*, 49 F.R.D. 134, 137 (N.D. W. Va. 1970).

> …one cannot determine the dollar value of purchases of DAPA items from parties other than United Medical without access to the detailed MTF purchasing records, including but not limited to credit card records. As discussed in Defendant's status report dated October 24, 2005, we believe those records do not exist for any MTF. Even assuming all the records still existed, moreover, it would be an enormous task and unduly burdensome on the Defendant, which does not bear the burden of proof, to comb through the records….

Plaintiff advised the Government of Plaintiff's position that its "undue burden" objection was not timely and had been waived since it was first asserted on October 26, 2005, three years after the Government's initial response to the interrogatory. The Government has not withdrawn the objection.

**INTERROGATORY 5**

Interrogatory 5 requested the Government to state the dollar amount of DAPA items it ordered from United Medical, but which were not supplied by United Medical. In the Joint Status Report of July 15, 2005, the Government agreed to perform the requested calculation. The Government has not complied with this agreement. Its response to date is that it has not completed its efforts to make the estimates.

**INTERROGATORIES 6 AND 19**

Interrogatory 6 required the Government to state the total dollar amount of DAPA supplies purchased by each MTF during the contract period. In the July 15, 2005 JSR, the Government agreed to supplement these two interrogatories. Specifically, it agreed to provide its best estimate, or to state fully why it could not provide such an estimate, and to detail the investigation made to make the estimate. On October 26, 2005, the Government, instead of supplementing its response, served an unverified amended response to Interrogatory 6 to incorporate its response to interrogatory 4 and to further state that the information requested by Plaintiff was not relevant.

Interrogatory 19 was similar to Interrogatory 6, except that it requested a best estimate if an exact dollar amount could not be determined. The Government has not supplemented its response to Interrogatory 19.

**INTERROGATORIES 7 AND 20**

Interrogatory 7 required the Government to state the total dollar amount of diverted purchases made each MTF during the contract period. In the July 15, 2005 JSR, the Government agreed to supplement Interrogatories 7 and 20. Specifically, the Government agreed to provide its best estimate, or to state fully why it could not provide such an estimate, and to detail the investigation made to make the estimate. The Government did not supplement its response. Instead, on October 26, 2005, the Government served an unverified amended response to incorporate its response to interrogatory 4 and to further state that it had requested the same information from Plaintiff and since Plaintiff had not updated its responses, the Government did not have an obligation to update its responses. The Government did not describe its efforts to answer the interrogatory.

Interrogatory 20 was similar to Interrogatory 7, but requested a best estimate. The Government has not supplemented its response to Interrogatory 20.

**SUPPLEMENTAL INTERROGATORY**

In the July 15, 2005 JSR the Government agreed to answer a Supplemental Interrogatory identifying the custodians of records for each MTF with respect to various categories of documents. The Government served an unverified list of custodians for 14 of the 19 MTFs. The Government identified custodians for records that the Government now claims were destroyed or otherwise missing. The Government has not further supplemented to identify the custodians for the remaining five MTFs.

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

On September 13, 2005, the Parties advised the Court that the discovery issues were not resolved. On September 20, 2005, the Court directed the parties to file a supplemental status report by October 17, 2005 and indicated that it expected significant progress would have been made toward completing the Government's document production from the various medical treatment facilities ("MTFs").

On October 17, 2005, the parties filed the required status report. In response to the disclosure that the United States had not yet answered the interrogatories, produced the required documents, or provided a detailed description of the efforts made to locate the documents, the Court ordered the United States to file a response to the allegations in the status report and to do so within one-week.

On October 24, 2005 the Government filed a response. In that response, the Government disclosed that credit card data had been destroyed, and that,

> MEDCOM further reports that in recent years, it has adopted a new electronic storage system, and no budgeting or spending data from the period of contract performance (1997-2001) reside in the current system." The Government further disclosed that, absent the financial data, it cannot answer Plaintiff's interrogatories and that, "we [the Government] frankly have no reason to expect that any substantial number of documents will be located.

The Government now claims an undisclosed volume of credit card data exists at DFAS. The additional credit-card data will not enable the Government to complete its answers to the interrogatories per the Status Report of July 15, 2005 since these records will not contain the budgeting and other financial data the Government needs to complete the answers, much of which was maintained on MEDLOG.

**FURTHER PROCEEDINGS**

Plaintiff seeks to file sanctions motions against the Government in connection with the Government's failure to preserve evidence and what Plaintiff perceives as the Government's continued failure to comply with its discovery obligations. In particular, Plaintiff intends to request that the sanction include an order that the Solicitation estimates, which purportedly were based on historical usage data, are deemed to be the Government's requirements under the Contract. Plaintiff requests the Court enter a scheduling order on this issue and, except for the deposition of Mr. Bandy described below, defer further scheduling pending the sanctions issue since the Court's rulings on these motions will impact the future course of conduct.

Plaintiff also seeks to promptly depose its former president, Mr. William Bandy, since Mr. Bandy's health suggests he will not be able to testify at trial.

**DEFENDANT'S STATEMENT**

Defendant is prepared to respond to plaintiff's arguments and allegations, but declines to do so in the format of a joint status report. We agree that the parties' settlement positions remain far apart. We further note that (i) the Government produced this week a substantial volume of the missing credit card records, encompassing more than 32,000 transactions from fiscal year 2000, which the Department of Defense has been able to obtain by formulating data queries to the issuing bank; (ii) plaintiff has already deposed Mr. Bandy for several hours, on videotape, but failed to seek leave to take his deposition de bene esse; and (iii) defendant expects to file a motion to compel an amended response to its interrogatory number 9, served in September 2003, which requests "the total value of the DAPA items that [plaintiff] alleges the ordering facilities purchased from parties other than United Medical . . ., but should have purchased from United Medical . . . ." It may be difficult for plaintiff to respond, in part, since it destroyed or discarded

the lists of DAPA holders which were provided by the Government during the contract term and, furthermore, plaintiff failed to preserve its inventory records in a useable format.

In the interest of moving the case forward most efficiently, defendant respectfully requests the Court to allow the Government an additional 60 days to continue its efforts to recover records and to supplement its discovery responses to the extent possible. During that time, the parties could brief the Government's motion to compel. At the end of the 60 days (approximately the week of June 19, 2006), the Court will be in a position to determine the extent to which any potentially relevant documents which were within the control of either plaintiff or defendant are unavailable and to resolve any remaining discovery motions. The parties should then be able to complete expert discovery by approximately October 1, 2006, and the case could be tried in the early spring of 2007, subject to the Court's availability.

**Signed April 12, 2006.**

Respectfully Submitted,

s/ Frank L. Broyles

Frank L. Broyles
TX State Bar 03230500
GOINS, UNDERKOFLER, CRAWFORD & LANGDON, LLP
1201 Elm St.
Suite 4800
Dallas, TX 75270
214.969.5454
Fax 214.969.5902

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General
DAVID M. COHEN
Director

KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644
Attorneys for Defendant

CERTIFICATE OF SERVICE

On April 12, 2006 the foregoing status report was served on the persons shown below by the method shown below.

s/ Frank L. Broyles

**PERSONS SERVED:**

Kyle Chadwick
Department of Justice
Method Served: email