IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff, | ) | |
| v. | ) | No. 03-289C (Judge Allegra) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S NOTICE OF FILING AFFIDAVITS**

Pursuant to the Court's order dated April 26, 2006, as amended, defendant, the United States, respectfully submits the attached affidavits concerning the Government's search for, and handling of, potentially relevant documents at each of the ordering facilities under the prime vendor contract. We emphasize the following points and developments:

1. Fifty-six boxes of responsive purchasing records from Brooke Army Medical Center in San Antonio, Texas, covering the entire contract performance period, which the Government advised the Court in October 2005 had been inadvertently destroyed, were rediscovered (intact) in June 2006 and forwarded to undersigned counsel. See Thompson Aff. ¶ 4.

2. On June 5, 2006, the Government provided plaintiff's counsel with the final batch of electronic records of credit card purchases of medical/surgical supplies by each of the military ordering facilities during the contract term, which were obtained by personnel from the Department of Defense's Office of Inspector General ("OIG"), as a partial substitute for any missing original records. On June 7, 2006, we provided plaintiff's counsel a seven-page, single-spaced document prepared by the OIG, explaining how the credit card information was extracted from records of the Defense Manpower Data Center in Seaside, California; all of the column headings in the spreadsheets; and other matters relating to the credit card information.

3. Among the Government's affiants is Anthony Amendolia, a case manager at the Defense Supply Center Philadelphia, which awarded the contract. Appended to his affidavit are copies of electronic mail messages that he exchanged in October and November 2002 with contacts at the ordering facilities which were still in existence at that time, concerning the need to preserve documents potentially relevant to this case, including credit card records.

4. Affiants from many ordering locations, however, were unaware of, or cannot now recall receiving, the notifications from Mr. Amendolia in 2002. See, e.g., Steele Aff. ¶ 3. Moreover, although the medical supply officer at Raymond W. Bliss Army Health Center at Fort Huachuca in Phoenix, Arizona, an outpatient-only facility, advised Mr. Amendolia in 2002 that his office possessed and would retain relevant records, see Amendolia Aff. Tab 9, that facility apparently retained no institutional memory of those communications after the medical supply officer departed and is believed to have inadvertently destroyed relevant records, as a result. See Songer Aff. ¶¶ 8-11. Further, an affiant states that the Air Force Medical Logistics Office (now known as Air Force Medical War Reserve Materiel) did not receive the messages from Mr. Amendolia in 2002, because its e-mail server was not yet in service. Love Aff. ¶ 5.

5. Although the affiant from the Naval Hospital, Corpus Christi (Texas), Maria Trevino, does not recall being contacted in connection with this case prior to May 10, 2006, she appears as a recipient of the e-mails sent by Mr. Amendolia in 2002 (albeit with an e-mail "alias" of "Marie Trevino"); and a Department of Justice paralegal, Peter Brown, stated in an affidavit that we filed with the Court on October 24, 2005 that he contacted Ms. Trevino concerning credit card records in March 2005 and was told none existed. (We have reconfirmed this from Mr. Brown's notes.)

6. Three of the 20 military bases at which ordering facilities were located no longer exist. Reese Air Force Base was closed in 1997. Any potentially relevant evidence would have been destroyed in 1998, approximately four years before plaintiff filed its claim. See Terry Aff. ¶ 3. Naval Air Station Dallas was decommissioned in September 1998. Almost certainly, no relevant records existed for that location when plaintiff filed its claim in 2002, although the Navy has been unable to locate anyone who can say for certain. See Hatch Aff. Kelly Air Force Base was "realigned" and became part of Lackland Air Force Base in July 2001, approximately one year before plaintiff's certified claim. The Government has so far been unable to determine what happened to any potentially relevant records from Kelly. See Terra Aff. ¶¶ 6-7.

7. Affiants from most of the existing Air Force Base ordering facilities (which are primarily clinics and smaller outpatient hospitals) state that, at the time those facilities received notice of plaintiff's claim in the second half of 2002, their retention period for credit card records was one year after final payment. See, e.g., Baca Aff. ¶ 12. Accordingly, the Air Force locations appear to have possessed relatively few, if any, relevant credit card records when they learned of the claim, and few such records are likely to have been destroyed thereafter. This is consistent with what Mr. Amendolia advised Mr. Brown in March 2005. See Brown 10/24/05 Aff. ¶ 2. However, some Air Force medical facilities did find responsive documents in the course of preparing these affidavits. See, e.g., Sabroski Aff. ¶ 6 (credit card records from March 1999 through May 2001); Tawil Aff. ¶ 6. Far more regrettably, Goodfellow Air Force Base reports that it shredded credit card records predating October 1, 1999, as recently as 2006. Yuhas Aff. ¶¶ 10-11. These facts indicate that defendant's search in 2005 was not as exhaustive, at least with

respect to the Air Force facilities, as undersigned counsel had instructed, and had believed it was. We emphatically regret this miscommunication and any resulting loss of evidence.

8. Finally, the Government is also apparently responsible for the destruction of a relatively small amount of credit card records at William Beaumont Army Medical Center (which is associated with Fort Bliss and is also the in-patient facility serving Fort Huachuca) in El Paso, Texas. An affiant states that William Beaumont still possessed some credit card records (but very few contract records) when it became aware of the claim in late 2002, but that, in March 2003, when a Department of Justice attorney visited the site, the attorney did not instruct the facility to retain the records, which were later destroyed in accordance with the Army's then-applicable two-year retention policy. See Nelson Aff. However, the supervisory supply specialist at William Beaumont also states:

> After United Medical closed the El Paso warehouse and transferred operations to the Fort Worth warehouse [in July 2000], WBAMC continued to order supplies from United Medical through the Fort Worth service representative, however[,] most orders were rejected or canceled by United Medical. By October 2000, our off-site service representative was no longer available and United Medical ceased doing business with WBAMC altogether. Consequently, by the time we received word of the lawsuit most records, including credit card records, had been destroyed.

Molinar Aff. ¶ 8.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

OF COUNSEL:
KATHLEEN HALLAM
Chief Trial Attorney
Defense Supply Center
Philadelphia

July 5, 2006

CERTIFICATE OF FILING

I certify that on July 5, 2006, the attached was filed electronically. I understand that service is complete upon filing and parties and others may access this filing through the Court's electronic system.

s/Kyle Chadwick

ATTACHMENTS

1. Award/contract, June 1, 1997 (excerpt) – shows original ordering facilities

2. Affidavits –

Anthony Amendolia – Defense Supply Center Philadelphia (with attachments)

Deborah Thompson – Brooke Army Medical Center, Fort Sam Houston

Judy K. Tyler – Darnall Army Community Hospital, Fort Hood (signature pending)

Oscar Molinar – William Beaumont Army Medical Center, Fort Bliss

Lynn Nelson – same

Bruce Christie – Reynolds Army Community Hospital, Fort Sill

Maria M. Trevino – Naval Hospital, Corpus Christi

Julia P. Hatch – Naval Air Station Dallas (decommissioned)

Cliff M. Songer – Raymond Bliss Army Hospital, Fort Huachuca

Marc Tawil – Clinic, Brooks Air Force Base

John G. Terra – Clinic, Kelly Air Force Base (closed)

Kenneth Chapman – Clinic, Randolph Air Force Base

William Marchand – Clinic, Laughlin Air Force Base

M. Sgt. Terry D. Steele – Air Force Hospital, Sheppard Air Force Base

Jesse E. Schrunk – Air Force Hospital, Altus Air Force Base

Jennifer Crosby — Air Force Hospital, Tinker Air Force Base (with attachments)

Sharlotte Terry — Air Force Hospital, Reese Air Force Base (closed)

Cpt. Dwayne Baca — Clinic, Dyess Air Force Base

Angela M. Yuhas – Medical Group, Goodfellow Air Force Base

Winston L. Massey – Air Force Hospital, Holloman Air Force Base

Mark A. Sabroski – Air Force Hospital, Cannon Air Force Base

Mark A. Green – Medical Group, Vance Air Force Base

Antonio D. Love – AMFLO OL-2 (now Air Force Medical War Reserve Materiel)

# AWARD/CONTRACT

1. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 350) — RATING: DO-C9 — PAGE 01 OF 10 PAGES

2. CONTRACT (Proc. Inst. Ident.) NO.: SP0200-97-D-7133

3. EFFECTIVE DATE: 1 JUNE 1997

4. REQUISITION/PURCHASE REQUEST/PROJECT NO.: N/A

5. ISSUED BY — CODE SP0200

DEFENSE PERSONNEL SUPPORT CENTER
2800 SOUTH 20TH STREET
PHILADELPHIA, PA 19145-5099
DPSC-MSAA (N. MARTIN/215-737-8422)

6. ADMINISTERED BY (If other than Item 5) — CODE SP0200

SAME AS BLOCK 6

7. NAME AND ADDRESS OF CONTRACTOR (No., street, city, county, State and ZIP Code)

UNITED MEDICAL SUPPLY
5117 NORTHEAST PARKWAY
FORT WORTH, TX 76106

CODE 5T804 — FACILITY CODE

8. DELIVERY: [ ] FOB ORIGIN [X] OTHER (See below)

9. DISCOUNT FOR PROMPT PAYMENT: N/A

10. SUBMIT INVOICES (4 copies unless otherwise specified) TO THE ADDRESS SHOWN IN: ITEM 12

11. SHIP TO/MARK FOR — CODE

AS CITED IN INDIVIDUAL DELIVERY ORDERS

12. PAYMENT WILL BE MADE BY — CODE SC0200

DFAS-COLUMBUS CENTER ATTN: DFAS-CO-SEM
P.O. BOX 182317
COLUMBUS, OH 43218-6248

13. AUTHORITY FOR USING OTHER THAN FULL AND OPEN COMPETITION:

[ ] 10 U.S.C. 2304(c)( ) [ ] 41 U.S.C. 253(c)( )

14. ACCOUNTING AND APPROPRIATION DATA: 97X4930 5CM0 S33150

| 15A. ITEM NO. | 15B. SUPPLIES/SERVICES | 15C. QUANTITY | 15D. UNIT | 15E. UNIT PRICE | 15F. AMOUNT |
|---|---|---|---|---|---|
| | MEDICAL/SURGICAL PRIME VENDOR FOR THE LONE STAR REGION. THE CONTRACT NUMBER IN BLOCK 2 WILL BE USED FOR THE JITO/EDO PORTION OF THE CONTRACT. NO STOCKLESS SALES WILL BE CAPTURED UNDER THIS CONTRACT NUMBER. | THE ESTIMATED DOLLAR VALUES CITED BELOW INCLUDE ALL POTENTIAL JITO/EDO AND STOCKLESS SALES PLUS THE APPLICABLE DISTRIBUTION FEES<br>ESTIMATED DOLLAR VALUE FOR THE BASE YEAR: $30,177,346.00 | | | |

15G ESTIMATED TOTAL AMOUNT OF CONTRACT: $ 272,268,214.00

## 16. TABLE OF CONTENTS


| (√) | SEC | DESCRIPTION | PAGE(S) | (√) | SEC | DESCRIPTION | PAGE(S) |
|---|---|---|---|---|---|---|---|
| | | PART I - THE SCHEDULE | | | | PART II - CONTRACT CLAUSES | |
| | A | SOLICITATION/CONTRACT FORM | | | I | CONTRACT CLAUSES | |
| | B | SUPPLIES OR SERVICES AND PRICES/COSTS | | | | PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACH. | |
| | C | DESCRIPTION/SPECS./WORK STATEMENT | | | J | LIST OF ATTACHMENTS | |
| | D | PACKAGING AND MARKING | | | | PART IV - REPRESENTATIONS AND INSTRUCTIONS | |
| | E | INSPECTION AND ACCEPTANCE | | | K | REPRESENTATIONS, CERTIFICATIONS AND OTHER STATEMENTS OF OFFERORS | |
| | F | DELIVERIES OR PERFORMANCE | | | | | |
| | G | CONTRACT ADMINISTRATION DATA | | | L | INSTRS., CONDS., AND NOTICES TO OFFERORS | |
| | H | SPECIAL CONTRACT REQUIREMENTS | | | M | EVALUATION FACTORS FOR AWARD | |


CONTRACTING OFFICER WILL COMPLETE ITEM 17 OR 18 AS APPLICABLE

17. [ ] CONTRACTOR'S NEGOTIATED AGREEMENT (*Contractor is required to sign this document and return ____ copies to issuing office.*) Contractor agrees to furnish and deliver all items or perform all the services set forth or otherwise identified above and on any continuation sheets for the consideration stated herein. The rights and obligations of the parties to this contract shall be subject to and governed by the following documents: (a) this award/contract, (b) the solicitation, if any, and (c) such provisions, representations, certifications, and specifications, as are attached or incorporated by reference herein. (*Attachments are listed herein.*)

18. [X] AWARD (*Contractor is not required to sign this document.*) Your offer on Solicitation Number DLA120-93-R-0587* including the additions or changes made by you which additions or changes are set forth in full above, is hereby accepted as to the items listed above and on any continuation sheets. This award consummates the contract which consists of the following documents: (a) the Government's solicitation and your offer, and (b) this award/contract. No further contractual document is necessary.

*SEE PAGE 2

19A. NAME AND TITLE OF SIGNER (Type or print)

20A. NAME OF CONTRACTING OFFICER: L. FLATLEY

19B. NAME OF CONTRACTOR — BY ____ (Signature of person authorized to sign)

19C. DATE SIGNED

20B. UNITED STATES OF AMERICA — BY L. Flatley (Signature of Contracting Officer)

20C. DATE SIGNED: 1/30/97

CONTRACT NUMBER: SP0200-97-D-7133
NAME OF CONTRACTOR: UNITED MEDICAL SUPPLY
MEDICAL/SURGICAL PRIME VENDOR - LONE STAR REGION



| ITEM NO | SUPPLIES/SERVICES | DISTRIBUTION FEE JITO/EDO |
|---|---|---|
| 0001 | BASE YEAR | 6.4% |
| 0002 | OPTION YEAR 1 | 6.4% |
| 0003 | OPTION YEAR 2 | 6.4% |
| 0004 | OPTION YEAR 3 | 6.4% |
| 0005 | OPTION YEAR 4 | 6.4% |

CONTRACT PERIOD:

The contract term is for a one (1) year period commencing on the date cited in block 3 on page 1 of this document.

This contract contains option provisions in accordance with Clause 52.217-9P10. This document does not exercise these options. You will be notified in writing, at the time the Government chooses to exercise any option.

THE CONTRACT NUMBER SP0200-97-D-7134 WILL BE ISSUED FOR THE STOCKLESS PORTION OF THE CONTRACT.

Inspection and Acceptance shall be in accordance with the terms and conditions contained in the Statement of Work (SOW).

Delivery terms shall be in accordance with the terms and conditions contained in the Statement of Work (SOW).

In accordance with Clause 52.216-18 (M), 'Electronic Ordering Under "Prime Vendor,"' Delivery Orders for any supplies to be furnished under this contract may be issued from the effective date of the contract through one (1) year thereafter.

Pursuant to Clause 52.216-21, "Requirements", the contractor shall not be required to make any deliveries under this contract after 10 days after the expiration of the contract.

* This award includes the following documents:

Amendments 0008 through 0019
Contractor Letters dated 12 Dec 96, 3 Jan 97, 16 Jan 97 & 21 Jan 97
BAFO Letter dated 24 Jan 97

CONTRACT NUMBER: SP0200-97-D-7133
CONTRACTOR: UNITED MEDICAL SUPPLY
MEDICAL/SURICAL PRIME VENDOR - LONE STAR REGION



**ATTACHMENT #III**

**ORDERING FACILITIES**
**ORDERING AND RECEIVING POINTS**
**MEDICAL/SURGICAL PRIME VENDOR PROGRAM**
**LONE STAR (TEXAS/OKLAHOMA/NEW MEXICO) REGION**

| ORDERING POINTS(S) | RECEIVING POINT(S) |
|---|---|
| **FORT SAM HOUSTON<br>BROOKE ARMY MEDICAL CENTER<br>DEA REG NO. AB6296063** | 3A |
| Brooke Army Medical Center<br>Material Branch, Logistics Div.<br>Building 2640<br>Fort Sam Houston, TX 78234 | Brooke Army Medical Center<br>Material Branch, Logistics Div.<br>Building 2640<br>Fort Sam Houston, TX 78234 |
| **FORT SAM HOUSTON<br>BROOKE ARMY MEDICAL CENTER** | |
| Brooke Army Medical Center<br>Operating Room/Dept Surgery<br>Main Hospital 3rd Floor<br>Building 1000<br>Fort Sam Houston, TX 78234 | Brooke Army Medical Center<br>Operating Room/Dept Surgery<br>Main Hospital 3rd Floor<br>Building 1000<br>Fort Sam Houston, TX 78234 |
| **FORT SAM HOUSTON<br>BROOKE ARMY MEDICAL CENTER** | |
| Brooke Army Medical Center<br>Burn Center Ward 14A<br>Main Hospital 4th Floor<br>Building 1000<br>Fort Sam Houston, TX 78234 | Brooke Army Medical Center<br>Burn Center Ward 14A<br>Main Hospital 4th Floor<br>Building 1000<br>Fort Sam Houston, TX 78234 |
| FORT SAM HOUSTON<br>BROOKE ARMY MEDICAL CENTER | |
| Brooke Army Medical Center<br>OB/GYN Clinic<br>Building 1000<br>Room 187<br>Fort Sam Houston, TX 78234 | Brooke Army Medical Center<br>OB/GYN Clinic<br>Building 1000<br>Room 187<br>Fort Sam Houston, TX 78234 |

THE GOVERNMENT RESERVES THE RIGHT TO ADD ORDERING AND RECEIVING POINTS OR DELETE ORDERING AND RECEIVING POINTS DURING THE LIFE OF THE CONTRACT.

Ordering facilities shall refer to the DPSC Medical Prime Vendor Program Desk Reference for instructions on selecting and ordering products.

CONTRACT NUMBER: SP0200-97-D-7133
CONTRACTOR: UNITED MEDICAL SUPPLY
MEDICAL/SURGICAL PRIME VENDOR - LONE STAR REGION



**ATTACHMENT #III**
**ORDERING FACILITIES**
**ORDERING AND RECEIVING POINTS**
**MEDICAL/SURGICAL PRIME VENDOR PROGRAM**
**LONE STAR (TEXAS/OKLAHOMA/NEW MEXICO) REGION**

| ORDERING POINT(S) | RECEIVING POINT(S) |
|---|---|
| **FORT SAM HOUSTON<br>BROOKE ARMY MEDICAL CENTER** | |
| Brooke Army Medical Center<br>Central Materiel Section<br>Building 2376<br>Beach Pavilion Basement<br>Fort Sam Houston, TX 78234 | Brooke Army Medical Center<br>Central Materiel Section<br>Building 2376<br>Beach Pavilion Basement<br>Fort Sam Houston, TX 78234 |
| **FORT SAM HOUSTON<br>BROOKE ARMY MEDICAL CENTER** | |
| Brooke Army Medical Center<br>Operating Room/Dept Surgery<br>Building 2376<br>Beach Pavilion 2nd Floor<br>Fort Sam Houston, TX 78234 | Brooke Army Medical Center<br>Operating Room/Dept Surgery<br>Building 2376<br>Beach Pavilion 2nd Floor<br>Fort Sam Houston, TX 78234 |
| **FORT SAM HOUSTON<br>BROOKE ARMY MEDICAL CENTER** | |
| W80KVY<br>147TH Medlog Battalion<br>Medical Supply Support Activity<br>Building 4217<br>Fort Sam Houston, TX 78234 | W80KVY<br>147TH Medlog Battalion<br>Medical Supply Support Activity<br>Building 4217<br>Fort Sam Houston, TX 78234 |
| FORT HOOD<br>DARNALL ARMY COMMUNITY HOSPITAL<br>DEA REG NO. BD2247636 | |
| Darnall Army Community Hospital (4 Each)<br>Medical Supply Officer<br>Warehouse 92066<br>West Fort Hood, TX 76544-5063 | Darnall Army Community Hospital<br>Medical Supply Officer<br>Warehouse 92066<br>West Fort Hood, TX 76544-5063 |

Waco Killeen

THE GOVERNMENT RESERVES THE RIGHT TO ADD ORDERING AND RECEIVING POINTS OR DELETE ORDERING AND RECEIVING POINTS DURING THE LIFE OF THE CONTRACT.

Ordering facilities shall refer to the DPSC Medical Prime Vendor Program Desk Reference for instructions on selecting and ordering products.

**ATTACHMENT #III**
**ORDERING FACILITIES**
**ORDERING AND RECEIVING POINTS**
**MEDICAL/SURGICAL PRIME VENDOR PROGRAM**
**LONE STAR (TEXAS/OKLAHOMA/NEW MEXICO) REGION**

| ORDERING POINT(S) | RECEIVING POINT(S) |
|---|---|
| **FORT BLISS<br>WILLIAM BEAUMONT ARMY MEDICAL CENTER<br>DEA REG NO. AW5847681** | |
| Material Branch (2 Each)<br>William Beaumont Army Medical Center<br>Building 11156<br>Biggs Army Airfield<br>El Paso, TX 79918 | Material Branch (2 Each)<br>William Beaumont Army Medical Center<br>Building 11156<br>Biggs Army Airfield<br>El Paso, TX 79918 |
| **FORT BLISS<br>WILLIAM BEAUMONT ARMY MEDICAL CENTER** | |
| WBAMC<br>Materiel Distribution Section<br>Building 7777<br>Room 1-67<br>El Paso, TX 79920 | WBAMC<br>Materiel Distribution Section<br>Building 7777<br>Room 1-67<br>El Paso, TX 79920 |
| **FORT BLISS<br>WILLIAM BEAUMONT ARMY MEDICAL CENTER** | |
| WBAMC<br>Operating Room<br>Building 7777<br>Room 4-389<br>El Paso, TX 79920 | WBAMC<br>Operating Room<br>Building 7777<br>Room 4-389<br>El Paso, TX 79920 |
| **FORT BLISS<br>WILLIAM BEAUMONT ARMY MEDICAL CENTER** | |
| Consolidated Troop Medical Clinic<br>Building 2496<br>Room T117<br>Ricker Road<br>Fort Bliss, TX 79916 | Consolidated Troop Medical Clinic<br>Building 2496<br>Room T117<br>Ricker Road<br>Fort Bliss, TX 79916 |

THE GOVERNMENT RESERVES THE RIGHT TO ADD ORDERING AND RECEIVING POINTS OR DELETE ORDERING AND RECEIVING POINTS DURING THE LIFE OF THE CONTRACT.

Ordering facilities shall refer to the DPSC Medical Prime Vendor Program Desk Reference for instructions on selecting and ordering products.

ATTACHMENT #III
ORDERING FACILITIES
ORDERING AND RECEIVING POINTS
MEDICAL/SURGICAL PRIME VENDOR PROGRAM
LONE STAR (TEXAS/OKLAHOMA/NEW MEXICO) REGION

| ORDERING POINT(S) | RECEIVING POINT(S) |
|---|---|
| **FORT BLISS<br>WILLIAM BEAUMONT ARMY MEDICAL CENTER** | |
| USA Health Clinic<br>Building 525<br>White Sands Missile Range,<br>New Mexico 88002-5509 | USA Health Clinic<br>Building 525<br>White Sands Missile Range,<br>New Mexico 88002-5509 |
| **FORT SILL<br>REYNOLDS ARMY COMMUNITY HOSPITAL<br>DEA REG NO. AU5233882** | |
| Medical Supply Warehouse<br>Building 4300<br>Thomas Street<br>Fort Sill, OK 73503-6300 | Medical Supply Warehouse<br>Building 4300<br>Thomas Street<br>Fort Sill, OK 73503-6300 |
| **FORT SILL<br>REYNOLDS ARMY COMMUNITY HOSPITAL<br>DEA REG NO. AU5233882** | |
| Central Materiel Supply<br>Building 4300<br>Room GE118<br>Thomas Street<br>Fort Sill, OK 73503-6300 | Central Materiel Supply<br>Building 4300<br>Room GE118<br>Thomas Street<br>Fort Sill, OK 73503-6300 |
| **NAVAL HOSPITAL<br>CORPUS CHRISTI<br>DEA REG NO. BN0235590** | |
| N00285<br>Commanding Officer<br>Materials Management Dept (029)<br>10651 E Street<br>Building H-100<br>Corpus Christi, TX 78419-5131 | N00285<br>Commanding Officer<br>Materials Management Dept (029)<br>10651 E Street<br>Building H-100<br>Corpus Christi, TX 78419-5131 |

THE GOVERNMENT RESERVES THE RIGHT TO ADD ORDERING AND RECEIVING POINTS OR DELETE ORDERING AND RECEIVING POINTS DURING THE LIFE OF THE CONTRACT.

Ordering facilities shall refer to the DPSC Medical Prime Vendor Program Desk Reference for instructions on selecting and ordering products.

**ATTACHMENT #III**
**ORDERING FACILITIES**
**ORDERING AND RECEIVING POINTS**
**MEDICAL/SURGICAL PRIME VENDOR PROGRAM**
**LONE STAR (TEXAS/OKLAHOMA/NEW MEXICO) REGION**

| ORDERING POINT(S) | RECEIVING POINT(S) |
| --- | --- |
| **NAVAL HOSPITAL CORPUS CHRISTI** | |
| N00285<br>Commanding Officer<br>Materials Management Dept (029)<br>10651 E. Street<br>Building H-100<br>Corpus Christi, TX 78419-5131 | N32645<br>Officer in Charge<br>Branch Medical Clinic<br>8100 Jefferson Avenue<br>Building 9<br>Naval Air Station<br>Dallas, TX 75211 |
| **NAVAL AIR STATION DALLAS, TX** | |
| Branch Medical Clinic<br>8100 Jefferson Avenue<br>Naval Air Station<br>Dallas, TX 75211 | Branch Medical Clinic<br>8100 Jefferson Avenue<br>Naval Air Station<br>Dallas, TX 75211 |
| **FORT HUACHUCA, AZ<br>DEA REG NO. AR5071814** | |
| Raymond Bliss Army Hospital<br>Materials Mgt, Bldg 45022<br>Fort Huachuca, AZ 85613 | Raymond Bliss Army Hospital<br>Materials Mgt, Bldg 45022<br>Fort Huachuca, AZ 85613 |
| **U.S. AIR FORCE CLINIC<br>BROOKS AFB<br>DEA REG NO. RB0117083** | |
| 70TH Logistics Squadron/LGB<br>8006 Chennault Road<br>Suite 1<br>Brooks AFB, TX 78235 | 70TH Logistics Squadron/LGB<br>8006 Chennault Road<br>Suite 1<br>Brooks AFB, TX 78235 |

5/A

THE GOVERNMENT RESERVES THE RIGHT TO ADD ORDERING AND RECEIVING POINTS OR DELETE ORDERING AND RECEIVING POINTS DURING THE LIFE OF THE CONTRACT.

Ordering facilities shall refer to the DPSC Medical Prime Vendor Program Desk Reference for instructions on selecting and ordering products.

CONTRACT NUMBER: SP0200-97-D-7133
CONTRACTOR: UNITED MEDICAL SUPPLY
MEDICAL/SURGICAL PRIME VENDOR - LONE STAR REGION



**ATTACHMENT #III**
**ORDERING FACILTIES**
**ORDERING AND RECEIVING POINTS**
**MEDICAL/SURGICAL PRIME VENDOR PROGRAM**
**LONE STAR (TEXAS/OKLAHOMA/NEW MEXICO) REGION**

| ORDERING POINT(S) | RECEIVING POINT(S) |
|---|---|
| **U.S. AIR FORCE CLINIC<br>KELLY AFB<br>DEA REG NO. BU3128596** | |
| 76 Medical Group/SGSL<br>204 Wagner Drive<br>Building 1730<br>Kelly AFB, TX 78241-5846 | 76 Medical Group/SGSL<br>204 Wagner Drive Bldg 1730<br>Back Warehouse Door<br>Kelly AFB, TX 78241-5846 |
| **U.S. AIR FORCE CLINIC<br>RANDOLPH AFB<br>DEA REG NO. AR6241501** | |
| Medical Supply Officer<br>221 3rd St West<br>Building 1040<br>Randolph AFB, TX 78150 | Medical Supply Officer<br>221 3rd St West<br>Building 1040<br>Randolph AFB, TX 78150 S/A |
| **U.S. AIR FORCE HOSPITAL<br>LAUGHLIN AFB<br>DEA REG NO. AU6749153** | |
| FM3099<br>47th Medical Squadron/SGL<br>590 Mitchell Blvd<br>Building 375<br>Laughlin AFB, TX 78843-5000 | FM3099<br>47th Medical Squadron/SGL<br>590 Mitchell Blvd<br>Building 375<br>Laughlin AFB, TX 78843-5000 S/A |
| **U.S. AIR FORCE HOSPITAL<br>SHEPPARD AFB** | |
| 82nd Medical Group/SGAL<br>149 Hart St<br>Building 1200, Suite 7<br>Sheppard AFB, TX 76311-3484 | 82nd Medical Group/SGAL<br>149 Hart St<br>Building 1200, Suite 7<br>Sheppard AFB, TX 76311-3484 Wichita Falls |

THE GOVERNMENT RESERVES THE RIGHT TO ADD ORDERING AND RECEIVING POINTS OR DELETE ORDERING AND RECEIVING POINTS DURING THE LIFE OF THE CONTRACT.

Ordering facilities shall refer to the DPSC Medical Prime Vendor Program Desk Reference for instructions on selecting and ordering products.

**ATTACHMENT #III**
**ORDERING FACILITIES**
**ORDERING AND RECEIVING POINTS**
**MEDICAL/SURGICAL PRIME VENDOR PROGRAM**
**LONE STAR (TEXAS/OKLAHOMA/NEW MEXICO) REGION**

| ORDERING POINT(S) | RECEIVING POINT(S) |
|---|---|
| **U.S. AIR FORCE HOSPITAL ALTUS AFB DEA REG NO. AU5589847** | |
| 97th Medical Group/SGAL<br>301 North First Street<br>Building 46<br>Altus AFB, OK 73523-5005 | 97th Medical Group/SGAL<br>301 North First Street<br>Building 46<br>Altus AFB, OK 73523-5005 |
| **U.S. AIR FORCE HOSPITAL TINKER AFB DEA REG NO. AM5948041** | |
| 72d Medical Support Squadron/SGSL<br>5700 Arnold Drive<br>Building 5801<br>Tinker AFB, OK 73145-8102 | 72d Medical Support Squadron/SGSL<br>5700 Arnold Drive<br>Building 5801<br>Tinker AFB, OK 73145-8102 |
| **U.S. AIR FORCE HOSPITAL REESE AFB DEA REG NO. BM0465799** | |
| 64th Medical Group/SGSLM<br>250 13th St.<br>Building 1300<br>Reese AFB, TX 79489-5008 | 64th Medical Group/SGSLM<br>250 13th St.<br>Building 1300<br>Reese AFB, TX 79489-5008 Lubbock |
| **U.S. AIR FORCE HOSPITAL DYESS AFB DEA REG NO. AU5209540** | |
| 7th Medical Group/SGAL<br>697 Hospital Road<br>Building 9201<br>Dyess AFB, TX 79607-1367 | 7th Medical Group/SGAL<br>697 Hospital Road<br>Building 9201<br>Dyess AFB, TX 79607-1367 Abilene |

THE GOVERNMENT RESERVES THE RIGHT TO ADD ORDERING AND RECEIVING POINTS OR DELETE ORDERING AND RECEIVING POINTS DURING THE LIFE OF THE CONTRACT.

Ordering facilities shall refer to the DPSC Medical Prime Vendor Program Desk Reference for instructions on selecting and ordering products.

CONTRACT NUMBER: SP0200-97-D-7133 PAGE 10 OF 10
CONTRACTOR: UNITED MEDICAL SUPPLY
MEDICAL/SURGICAL PRIME VENDOR - LONE STAR REGION

**ATTACHMENT #III**
**ORDERING FACILITIES**
**ORDERING AND RECEIVING POINTS**
**MEDICAL/SURGICAL PRIME VENDOR PROGRAM**
**LONE STAR (TEXAS/OKLAHOMA/NEW MEXICO) REGION**

| ORDERING POINT(S) | RECEIVING POINT(S) |
|---|---|
| **U.S. AIR FORCE CLINIC<br>GOODFELLOW AFB<br>DEA REG NO. AU6006995** | |
| FM3030<br>17th Med Support Squadron/SGL<br>271 Fort Richardson Ave<br>Building 1001<br>Goodfellow AFB, TX 76908-4902 | FM3030<br>17th Med Support Squadron/SGL<br>271 Fort Richardson Ave<br>Building 1001<br>Goodfellow AFB, TX 76908-4902 |
| **U.S. AIR FORCE HOSPITAL<br>HOLLOMAN AFB<br>DEA REG NO. AC4868165** | |
| 49th Medical Group/SGL<br>Medical Logistics<br>280 First Street<br>Building 14<br>Holloman AFB, NM 88330-5300 | 49th Medical Group/SGL<br>Medical Logistics<br>280 First Street<br>Building 14<br>Holloman AFB, NM 88330-5300 |
| **U.S. AIR FORCE HOSPITAL<br>CANNON AFB<br>DEA REG NO. AU6683397** | |
| FM4855<br>27th Medical Group/MGAL<br>208 West Casablanca<br>Cannon AFB, NM 88103 | FM4855<br>27th Medical Group/MGAL<br>208 West Casablanca<br>Cannon AFB, NM 88103 |
| **VANCE AFB, OK<br>DEA REG NO. B94426676** | |
| 71st Medical Group<br>527 Gott Road<br>Building 810<br>Vance AFB, OK 73705-5105 | 71st Medical Group<br>527 Gott Road<br>Building 810<br>Vance AFB, OK 73705-5105 |

Maybe

THE GOVERNMENT RESERVES THE RIGHT TO ADD ORDERING AND RECEIVING POINTS OR DELETE ORDERING AND RECEIVING POINTS DURING THE LIFE OF THE CONTRACT.

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

AFFIDAVIT OF ANTHONY AMENDOLIA

1. My name is Anthony Amendolia. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am a Business Management Specialist (Case Manager) in the Medical Directorate at Defense Supply Center in Philadelphia, PA. I have been in this position since June 1994.

3. As a Business Management Specialist, I am responsible for monitoring the contractor's performance against the Statement of Work to insure that prime vendors are satisfactorily adhering to the contract and customer requirements. I am directly responsible for over 30 federal and military customers in two separate regions of the country. I have over twelve years of experience in the Medical supply chain as a customer advocate and liaison with other DLA personnel. I visit my customers frequently and I am always in constant contact, either by phone or email, resolving customer order and customer support problems.

4. I served as the Business Management Specialist for United Medical Supply Company's contract No. SPO200-97-D-7133.

5. In the fall of 2002, I personally emailed the medical treatment facilities notifying them of the litigation and asked them to preserve their records. See emails attached under Tab 1. The emails were sent on October 1, 2002, November 6, 2002 and November 20, 2002. The specific facilities that were notified are:

| FACILITY | POINT OF CONTACT |
|---|---|
| AFMLO/FOW, (Ft. Worth warehouse) | Glen Bonney |
| Altus Air Force Base | SSgt Todd Taylor<br>Lt Shar Duncan-Smith<br>Baker Douglas |
| BAMC | Debra Thompson |
| Brooks Air Force Base | Jason McConnell |
| Corpus Christi Naval Air Station | Maria Trevino |
| Dyess Air Force Base | Steven Smith<br>Deloris Franklin |
| Fort Hood | Myron Ware |

| | |
|---|---|
| Fort Sill | Bruce Christie |
| Goodfellow Air Force Base | James Jones<br>Wade Maki |
| Laughlin Air Force Base | Sgt Eliseo Cabali |
| Randall Air Force Base | Sandy Paulk<br>Robert Retsch |
| Sheppard Air Force Base | Sgt Steele |
| Tinker Air Force Base | Charlie Koonce |
| Vance Air Force Base | Sgt Rick Lester<br>Sgt Louise Peterson |
| Fort Bliss[1] (WBAMC) | Oscar Molinar |
| Fort Huachuca[2] | Melvin Hicks |
| Cannon Air Force Base | Stacy Wilde |
| Kirkland Air Force Base | Ernest Nonies |
| Holloman Air Force Base | Diana Stokes<br>Deborah Dixon |

6. At the time I sent out the notices, Kelly Air Force Base and Reese Air Force Base had been shut down, consequently, no notices were sent to those facilities.

7. Although the facilities were asked to advise whether they had any documents, only a few did so. The responses are attached under Tabs 2 – 12.

Anthony Amendolia

ANTHONY AMENDOLIA
Business Management Specialist

Subscribed and Sworn to before me this 20th day of June 2006.

Virginia J. Nunes

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Virginia J. Nunes, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires Mar. 16, 2008
Member, Pennsylvania Association Of Notaries

[1] The email notices do not list Fort Bliss as such in the addressee section. Instead, only the email address of Fort Bliss' point of contact is listed, i.e. Oscar Molinar,.

[2] The email notices do not list Fort Huachuca as such in the addressee section. Instead, only the email address of Fort Hauchuca's point of contact is listed, i.e. Melvin Hicks.

TAB

1

**Amendolia, Anthony (DSCP)**

**From:** Amendolia, Anthony
**Sent:** Tuesday, October 01, 2002 4:26 PM
**To:** 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; BAMC - Debbie Thompson (E-mail); Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail); Corpus Christi NAS - Marie Trevino (E-mail); Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail); Dyess AFB - Deloris Franklin (E-mail 2); 'Ft Hood - Myron Ware'; Ft Sill - Bruce Christie (E-mail); Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail); Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail); Laughlin AFB - Sgt Eliseo Cabalu (E-mail); Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail); Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail); Sheppard AFB - Sgt Steele (E-mail); Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail); Vance AFB - Sgt Rick Lester (E-mail); 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
**Subject:** Retaining United Medical Documents

All,

Most of you should remember that the previous Med/Surg prime vendor for Region 6 was United Medical. Because of current litigation proceedings, I have been asked to contact all customers and request that all records and correspondence (emails can be forwarded or printed) be saved with respect to United Medical. I will, at some point, make arrangements to have these documents sent out to be copied. Some of you may be asked to talk to the Department of Justice attorney concerning United Medical. Your cooperation is greatly appreciated.

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

**Hallam, Kathleen (DSCP)**

**From:** Amendolia, Anthony
**Sent:** Wednesday, November 06, 2002 8:13 AM
**To:** Amendolia, Anthony (DSCP); 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
**Subject:** RE: Retaining United Medical Documents

To All,

On October 1st, I sent the message below asking that everyone with any United Medical correspondence, save the information in case DSCP would need copies. I have been advised that, now, I should make arrangements to acquire copies of any United Medical correspondence that you may have on file.

Please respond to this email whether you have any information or not. A simple answer, either way will suffice. "Yes I have info" and I will call you to talk to you about it or "No info available" and I will retain your email for our records. Even a simple yes or no answer will be fine. Thanks for your help. Call or email me if you have any questions.

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

All,

Most of you should remember that the previous Med/Surg prime vendor for Region 6 was United Medical. Because of current litigation proceedings, I have been asked to contact all customers and request that all records and correspondence (emails can be forwarded or printed) be saved with respect to United Medical. I will, at some point, make arrangements to have these documents sent out to be copied. Some of you may be asked to talk to the Department of Justice attorney concerning United Medical. Your cooperation is greatly appreciated.

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

**Hallam, Kathleen (DSCP)**

**From:** Amendolia, Anthony
**Sent:** Wednesday, November 20, 2002 10:53 AM
**To:** Amendolia, Anthony (DSCP); 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
**Cc:** Flatley, Linda (DSCP); Jennings, James (DSCP); Hallam, Kathleen (DSCP)
**Subject:** United Medical NON PV Purchases

To All,

Thanks to everyone for continuing to work with DSCP on the United Medical issues. I have been asked to contact previous United Medical customers again for additional information. Does anyone have any records of NON PV purchases from June of 1997 to March of 2001. The Department of Justice is looking for items not purchased through the PV that were typical Med/Surg items. If you have archived records or folders with this information, arrangements will be made to have someone review the info and make copies.

If anyone can produce a system generated listing of individual NON PV purchases from the same time period of June 1997 to March 2001, it would be greatly appreciated.

Please respond even if you do not have any records available. A yes or no answer, with a POC if it is other than you, is needed. Please email me or call me with the information.

Thanks again for your help!

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

TAB

2

## Amendolia, Anthony (DSCP)

**From:** Amendolia, Anthony

**Sent:** Tuesday, October 01, 2002 4:45 PM

**To:** 'Thompson, Debra A BAMC-Ft Sam Houston'

**Subject:** RE: Retaining United Medical Documents

Thanks Debbie!

-----Original Message-----
**From:** Thompson, Debra A BAMC-Ft Sam Houston [mailto:Debra.Thompson@CEN.AMEDD.ARMY.MIL]
**Sent:** Tuesday, October 01, 2002 4:35 PM
**To:** 'Amendolia, Anthony'
**Subject:** RE: Retaining United Medical Documents

Way to go Anthony. I had just emptied my files before lunch into the recycle bin. We are having to pull and stack for future reference or awaiting shipping instructions. We did in fact, one of the few, who purchased all stock from United Medical that we had committed when they were closing their warehouse. Thank you.

-----Original Message-----
From: Amendolia, Anthony [mailto:paa3018@dscp.dla.mil]
Sent: Tuesday, October 01, 2002 3:26 PM
To: 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; BAMC - Debbie Thompson (E-mail); Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail); Corpus Christi NAS - Marie Trevino (E-mail); Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail); Dyess AFB - Deloris Franklin (E-mail 2); 'Ft Hood - Myron Ware'; Ft Sill - Bruce Christie (E-mail); Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail); Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail); Laughlin AFB - Sgt Eliseo Cabalu (E-mail); Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail); Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail); Sheppard AFB - Sgt Steele (E-mail); Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail); Vance AFB - Sgt Rick Lester (E-mail); 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Subject: Retaining United Medical Documents

All,

Most of you should remember that the previous Med/Surg prime vendor for Region 6 was United Medical. Because of current litigation proceedings, I have been asked to contact all customers and request that all records and correspondence (emails can be forwarded or printed) be saved with respect to United Medical. I will, at some point, make arrangements to

have these documents sent out to be copied. Some of you may be asked to talk to the Department of Justice attorney concerning United Medical. Your cooperation is greatly appreciated.

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

**Amendolia, Anthony (DSCP)**

**From:** Thompson, Debra A BAMC-Ft Sam Houston [Debra.Thompson@CEN.AMEDD.ARMY.MIL]

**Sent:** Wednesday, November 06, 2002 8:09 AM

**To:** 'Amendolia, Anthony'

**Subject:** RE: Retaining United Medical Documents

Yes, I have info for FY 00 only.

-----Original Message-----
From: Amendolia, Anthony [mailto:paa3018@dscp.dla.mil]
Sent: Wednesday, November 06, 2002 7:13 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Subject: RE: Retaining United Medical Documents

To All,

On October 1st, I sent the message below asking that everyone with any United Medical correspondence, save the information in case DSCP would need copies. I have been advised that, now, I should make arrangements to acquire copies of any United Medical correspondence that you may have on file.

Please respond to this email whether you have any information or not. A simple answer, either way will suffice. "Yes I have info" and I will call you to talk to you about it or "No info available" and I will retain your email for our records. Even a simple yes or no answer will be fine. Thanks for your help. Call or email me if you have any questions.

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

> All,
>
> Most of you should remember that the previous Med/Surg prime
> vendor for Region 6 was United Medical. Because of current litigation
> proceedings, I have been asked to contact all customers and request that
> all records and correspondence (emails can be forwarded or printed) be
> saved with respect to United Medical. I will, at some point, make
> arrangements to have these documents sent out to be copied. Some of you
> may be asked to talk to the Department of Justice attorney concerning
> United Medical. Your cooperation is greatly appreciated.
>
> Anthony Amendolia
> DSN 444-2134
> Com 215.737.2134

**Amendolia, Anthony (DSCP)**

**From:** Thompson, Debra A BAMC-Ft Sam Houston [Debra.Thompson@CEN.AMEDD.ARMY.MIL]
**Sent:** Wednesday, November 20, 2002 11:47 AM
**To:** 'Amendolia, Anthony'
**Subject:** RE: United Medical NON PV Purchases

Since we have converted from TAMMIS to DMLSS, this information is no longer available. We may have credit card files, for FY 01, but nothing for less. I invite anyone who wants to sit and go through them the opportunity to do so.

-----Original Message-----
From: Amendolia, Anthony [mailto:Anthony.Amendolia@dscp.dla.mil]
Sent: Wednesday, November 20, 2002 9:53 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Cc: Flatley, Linda; Jennings, James; Hallam, Kathleen
Subject: United Medical NON PV Purchases

To All,

Thanks to everyone for continuing to work with DSCP on the United Medical issues. I have been asked to contact previous United Medical customers again for additional information. Does anyone have any records of NON PV purchases from June of 1997 to March of 2001. The Department of Justice is looking for items not purchased through the PV that were typical Med/Surg items. If you have archived records or folders with this information, arrangements will be made to have someone review the info and make copies.

If anyone can produce a system generated listing of individual NON PV purchases from the same time period of June 1997 to March 2001, it would be greatly appreciated.

Please respond even if you do not have any records available. A yes or no answer, with a POC if it is other than you, is

needed. Please email me or call me with the information.

Thanks again for your help!

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

**Amendolia, Anthony (DSCP)**

**From:** Thompson, Debra A BAMC-Ft Sam Houston [Debra.Thompson@CEN.AMEDD.ARMY.MIL]
**Sent:** Wednesday, December 18, 2002 11:02 AM
**To:** 'Amendolia, Anthony (DSCP)'
**Cc:** Custer, Robert W BAMC-Ft Sam Houston; Preer, Bryan K CPT BAMC-Ft Sam Houston; Riley, James D LTC BAMC-Ft Sam Houston
**Subject:** RE: United Medical NON PV Purchases

I will be the POC, but Mr. Custer who is the Acting Chief of Supply Operations will actually provide the documentation. When are they expected to arrive? .

Mr. Custer, please ensure that all FY 01 credit card files are on hand for the review.

-----Original Message-----
**From:** Amendolia, Anthony (DSCP) [mailto:Anthony.Amendolia@dscp.dla.mil]
**Sent:** Wednesday, December 18, 2002 8:07 AM
**To:** BAMC - Debbie Thompson (E-mail)
**Subject:** FW: United Medical NON PV Purchases

Debbie,

It looks like representatives from United Medical may want to review your credit card purchases for FY01 when they were the PV. Would you be the POC or would you appoint someone else? Thanks!

Anthony

-----Original Message-----
**From:** Hallam, Kathleen (DSCP)
**Sent:** Monday, December 16, 2002 11:30 AM
**To:** Amendolia, Anthony (DSCP)
**Subject:** RE: United Medical NON PV Purchases

Please provide a point of contact, phone number and the location of where United medical's representative should report to for the review of these records.

-----Original Message-----
**From:** Amendolia, Anthony
**Sent:** Wednesday, November 20, 2002 1:17 PM
**To:** Hallam, Kathleen
**Cc:** Flatley, Linda; Jennings, James
**Subject:** FW: United Medical NON PV Purchases

-----Original Message-----
**From:** Thompson, Debra A BAMC-Ft Sam Houston [mailto:Debra.Thompson@CEN.AMEDD.ARMY.MIL]
**Sent:** Wednesday, November 20, 2002 11:47 AM
**To:** 'Amendolia, Anthony'
**Subject:** RE: United Medical NON PV Purchases

Since we have converted from TAMMIS to DMLSS, this information is no longer available. We may have credit card files, for FY 01, but nothing for less. I invite anyone who wants to sit and go through them the opportunity to do so.

-----Original Message-----
From: Amendolia, Anthony [mailto:Anthony.Amendolia@dscp.dla.mil]

Sent: Wednesday, November 20, 2002 9:53 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Cc: Flatley, Linda; Jennings, James; Hallam, Kathleen
Subject: United Medical NON PV Purchases

To All,

Thanks to everyone for continuing to work with DSCP on the United Medical issues. I have been asked to contact previous United Medical customers again for additional information. Does anyone have any records of NON PV purchases from June of 1997 to March of 2001. The Department of Justice is looking for items not purchased through the PV that were typical Med/Surg items. If you have archived records or folders with this information, arrangements will be made to have someone review the info and make copies.

If anyone can produce a system generated listing of individual NON PV purchases from the same time period of June 1997 to March 2001, it would be greatly appreciated.

Please respond even if you do not have any records available. A yes or no answer, with a POC if it is other than you, is needed. Please email me or call me with the information.

Thanks again for your help!

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

TAB 3

**Amendolia, Anthony (DSCP)**

**From:** Amendolia, Anthony
**Sent:** Thursday, October 03, 2002 9:09 AM
**To:** 'Howell Jennifer L SSgt 72 MDG/SGSL'
**Subject:** RE: Retaining United Medical Documents

SSgt Howell,

Thanks. I appreciate your response.

Should I keep your email address along with MSgt Koonce as a POC for the Med/Surg PV program at Tinker? That just means you will be copied on any email that I send out that effects the region.

Anthony

-----Original Message-----
From: Howell Jennifer L SSgt 72 MDG/SGSL
[mailto:Jennifer.Howell@tinker.af.mil]
Sent: Thursday, October 03, 2002 8:55 AM
To: 'paa3018@dscp.dla.mil'
Cc: Koonce Charlie E MSgt 72 MDG/SGSL; Wood Theresa G Maj 72 MDG/SGSL;
Plumb Elizabeth A MSgt 72MDG/SGSLE
Subject: RE: Retaining United Medical Documents

Anthony,

Due to many personnel changes at Tinker we have no saved information about possible problems with United Medical. It is my understanding that Tinker was not having significant issues with United Medical. We will be able to make our Prime Vendor records available is necessary.

Jennifer Howell, SSgt, USAF
NCOIC, Stock Control
FM2030
72 MDSS/SGSL
Tinker AFB, OK
Phone: 405-736-2455
Fax: 405-736-2177
jennifer.howell@tinker.af.mil

> -----Original Message-----
> From: Amendolia, Anthony [SMTP:paa3018@dscp.dla.mil]
> Sent: Tuesday, October 01, 2002 3:26 PM
> To: 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97
> MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB -
> Baker Douglas H MSgt 97 MDSS/SGSL'; BAMC - Debbie Thompson (E-mail);
> Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail); Corpus Christi
> NAS - Marie Trevino (E-mail); Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL
> (E-mail); Dyess AFB - Deloris Franklin (E-mail 2); 'Ft Hood - Myron Ware';
> Ft Sill - Bruce Christie (E-mail); Goodfellow AFB - LT Jones James 2dLt 17
> MDG/MDSS/SGSL (E-mail); Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL
> (E-mail); Laughlin AFB - Sgt Eliseo Cabalu (E-mail); Randolph AFB - Paulk
> Sandy S SSgt 12 MDSS/SGSL (E-mail); Randolph AFB - Retsch Robert 1stLt 12
> MDSS/SGSL (E-mail); Sheppard AFB - Sgt Steele (E-mail); Tinker AFB -
> Koonce Charlie E TSgt 72 MDG/SGSL (E-mail); Vance AFB - Sgt Rick Lester
> (E-mail); 'Vance AFB - Sgt Louise Peterson';
> 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL';
> 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil';
> 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'

> Subject: Retaining United Medical Documents
>
>
> All,
>
> Most of you should remember that the previous Med/Surg prime
> vendor for Region 6 was United Medical. Because of current litigation
> proceedings, I have been asked to contact all customers and request that
> all
> records and correspondence (emails can be forwarded or printed) be saved
> with respect to United Medical. I will, at some point, make arrangements
> to
> have these documents sent out to be copied. Some of you may be asked to
> talk to the Department of Justice attorney concerning United Medical.
> Your
> cooperation is greatly appreciated.
>
> Anthony Amendolia
> DSN 444-2134
> Com 215.737.2134

TAB

4

## Amendolia, Anthony (DSCP)

**From:** Lester Rick W TSgt 71 MDG/SGSL [rick.lester@vance.af.mil]
**Sent:** Wednesday, November 06, 2002 8:46 AM
**To:** 'Amendolia, Anthony'
**Subject:** RE: Retaining United Medical Documents

Anthony,
we do not have any united medical documents on hand here at Vance AFB, Ok

TSgt Rick Lester
NCOIC Medical Logistics
COM: 580-213-7676, DSN: 448-7676
Rick.Lester@vance.af.mil

-----Original Message-----
From: Amendolia, Anthony [mailto:paa3018@dscp.dla.mil]
Sent: Wednesday, November 06, 2002 7:13 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Subject: RE: Retaining United Medical Documents

To All,

On October 1st, I sent the message below asking that everyone with any United Medical correspondence, save the information in case DSCP would need copies. I have been advised that, now, I should make arrangements to acquire copies of any United Medical correspondence that you may have on file.

Please respond to this email whether you have any information or not. A simple answer, either way will suffice. "Yes I have info" and I will call you to talk to you about it or "No info available" and I will retain your email for our records. Even a simple yes or no answer will be fine. Thanks for your help. Call or email me if you have any questions.

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

> All,
>
> Most of you should remember that the previous Med/Surg prime

> vendor for Region 6 was United Medical. Because of current litigation
> proceedings, I have been asked to contact all customers and request that
> all records and correspondence (emails can be forwarded or printed) be
> saved with respect to United Medical. I will, at some point, make
> arrangements to have these documents sent out to be copied. Some of you
> may be asked to talk to the Department of Justice attorney concerning
> United Medical. Your cooperation is greatly appreciated.
>
> Anthony Amendolia
> DSN 444-2134
> Com 215.737.2134

**Amendolia, Anthony (DSCP)**

**From:** Lester Rick W TSgt 71 MDG/SGSL [rick.lester@vance.af.mil]
**Sent:** Wednesday, November 20, 2002 11:45 AM
**To:** 'Amendolia, Anthony'
**Subject:** RE: United Medical NON PV Purchases

Anthony,
we do not have any records.. let me know if you need anymore help

TSgt Rick Lester
NCOIC Medical Logistics
COM: 580-213-7676, DSN: 448-7676
Rick.Lester@vance.af.mil

-----Original Message-----
From: Amendolia, Anthony [mailto:Anthony.Amendolia@dscp.dla.mil]
Sent: Wednesday, November 20, 2002 9:53 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Cc: Flatley, Linda; Jennings, James; Hallam, Kathleen
Subject: United Medical NON PV Purchases

To All,

Thanks to everyone for continuing to work with DSCP on the United Medical issues. I have been asked to contact previous United Medical customers again for additional information. Does anyone have any records of NON PV purchases from June of 1997 to March of 2001. The Department of Justice is looking for items not purchased through the PV that were typical Med/Surg items. If you have archived records or folders with this information, arrangements will be made to have someone review the info and make copies.

If anyone can produce a system generated listing of individual NON PV purchases from the same time period of June 1997 to March 2001, it would be greatly appreciated.

Please respond even if you do not have any records available. A yes or no answer, with a POC if it is other than you, is needed. Please email me or call me with the information.

Thanks again for your help!

Anthony Amendolia
DSN 444-2134

TAB

6

**Amendolia, Anthony (DSCP)**

**From:** Smith Steven W. MSgt 7 MDG/SGSL [Steven.Smith@dyess.af.mil]
**Sent:** Wednesday, November 06, 2002 8:24 AM
**To:** Amendolia, Anthony
**Subject:** RE: Retaining United Medical Documents

Anthony,
Negative reply for Dyess AFB/FM4661

MSgt Smith

-----Original Message-----
From: Amendolia, Anthony [mailto:paa3018@dscp.dla.mil]
Sent: Wednesday, November 06, 2002 7:13 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Subject: RE: Retaining United Medical Documents

To All,

On October 1st, I sent the message below asking that everyone with any United Medical correspondence, save the information in case DSCP would need copies. I have been advised that, now, I should make arrangements to acquire copies of any United Medical correspondence that you may have on file.

Please respond to this email whether you have any information or not. A simple answer, either way will suffice. "Yes I have info" and I will call you to talk to you about it or "No info available" and I will retain your email for our records. Even a simple yes or no answer will be fine. Thanks for your help. Call or email me if you have any questions.

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

> All,
>
> Most of you should remember that the previous Med/Surg prime
> vendor for Region 6 was United Medical. Because of current litigation
> proceedings, I have been asked to contact all customers and request that
> all records and correspondence (emails can be forwarded or printed) be
> saved with respect to United Medical. I will, at some point, make

> arrangements to have these documents sent out to be copied. Some of you
> may be asked to talk to the Department of Justice attorney concerning
> United Medical. Your cooperation is greatly appreciated.
>
> Anthony Amendolia
> DSN 444-2134
> Com 215.737.2134

TAB
6

TAB

7

**Amendolia, Anthony (DSCP)**

**From:** Peterson Louise J SSgt 71 MDG/SGSL [louise.peterson@vance.af.mil]
**Sent:** Wednesday, November 06, 2002 8:20 AM
**To:** 'Amendolia, Anthony'
**Subject:** RE: Retaining United Medical Documents

We have invoices from orders that we placed on file in our documents.

-----Original Message-----
From: Amendolia, Anthony [mailto:paa3018@dscp.dla.mil]
Sent: Wednesday, November 06, 2002 7:13 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Subject: RE: Retaining United Medical Documents

To All,

On October 1st, I sent the message below asking that everyone with any United Medical correspondence, save the information in case DSCP would need copies. I have been advised that, now, I should make arrangements to acquire copies of any United Medical correspondence that you may have on file.

Please respond to this email whether you have any information or not. A simple answer, either way will suffice. "Yes I have info" and I will call you to talk to you about it or "No info available" and I will retain your email for our records. Even a simple yes or no answer will be fine. Thanks for your help. Call or email me if you have any questions.

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

> All,
>
> Most of you should remember that the previous Med/Surg prime
> vendor for Region 6 was United Medical. Because of current litigation
> proceedings, I have been asked to contact all customers and request that
> all records and correspondence (emails can be forwarded or printed) be
> saved with respect to United Medical. I will, at some point, make
> arrangements to have these documents sent out to be copied. Some of you
> may be asked to talk to the Department of Justice attorney concerning
> United Medical. Your cooperation is greatly appreciated.
>

> Anthony Amendolia
> DSN 444-2134
> Com 215.737.2134

TAB 8

**Amendolia, Anthony (DSCP)**

**From:** Taylor Todd J SSgt 97 MDSS/SGSL [Todd.Taylor@altus.af.mil]
**Sent:** Wednesday, November 06, 2002 6:05 PM
**To:** paa3018@dscp.dla.mil
**Cc:** 'Baker Douglas H MSgt 97 MDSS/SGSL'; Duncan-Smith Shar L 1Lt MDSS/SGSL
**Subject:** Retaining United Medical Documents

No, United Medical did a great job for us.

TODD J. TAYLOR, SSgt, USAF
NCOIC, Medical Logistics Flight
97th Medical Group/SGSL FM4419
301 North First Street, BLDG 51
Altus AFB, OK 73523
DSN 866-5207, Comm. 580-481-5207
DSN FAX 866-1259, Comm. 580-481-1259
e-mail todd.taylor@altus.af.mil

-----Original Message-----
From: Baker Douglas H MSgt 97 MDSS/SGSL
Sent: Wednesday, November 06, 2002 7:11 AM
To: Duncan-Smith Shar L 1Lt MDSS/SGSL; Taylor Todd J SSgt 97 MDSS/SGSL
Subject: FW: Retaining United Medical Documents

> ----------
> From: Amendolia, Anthony[SMTP:PAA3018@DSCP.DLA.MIL]
> Sent: Wednesday, November 06, 2002 7:13:26 AM
> To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
> Subject: RE: Retaining United Medical Documents
> Auto forwarded by a Rule
>
>

To All,

On October 1st, I sent the message below asking that everyone with any United Medical correspondence, save the information in case DSCP would need copies. I have been advised that, now, I should make arrangements to acquire copies of any United Medical correspondence that you may have on file.

Please respond to this email whether you have any information or not. A simple answer, either way will suffice. "Yes I have info" and I will call you to talk to you about it or "No info available" and I will retain your email for our records. Even a simple yes

or no answer will be fine. Thanks for your help. Call or email me if you have any questions.

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

> All,
>
> Most of you should remember that the previous Med/Surg prime
> vendor for Region 6 was United Medical. Because of current litigation
> proceedings, I have been asked to contact all customers and request that
> all records and correspondence (emails can be forwarded or printed) be
> saved with respect to United Medical. I will, at some point, make
> arrangements to have these documents sent out to be copied. Some of you
> may be asked to talk to the Department of Justice attorney concerning
> United Medical. Your cooperation is greatly appreciated.
>
> Anthony Amendolia
> DSN 444-2134
> Com 215.737.2134

TAB
9

**Amendolia, Anthony (DSCP)**

---

**From:** Hicks, Melvin R RWBAHC LOG [Melvin.Hicks@CEN.AMEDD.ARMY.MIL]
**Sent:** Friday, November 08, 2002 4:02 PM
**To:** 'Amendolia, Anthony'
**Subject:** RE: Retaining United Medical Documents

Yes, I have info.

Mel Hicks

-----Original Message-----
From: Amendolia, Anthony [mailto:paa3018@dscp.dla.mil]
Sent: Wednesday, November 06, 2002 6:13 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Subject: RE: Retaining United Medical Documents

To All,

On October 1st, I sent the message below asking that everyone with any United Medical correspondence, save the information in case DSCP would need copies. I have been advised that, now, I should make arrangements to acquire copies of any United Medical correspondence that you may have on file.

Please respond to this email whether you have any information or not. A simple answer, either way will suffice. "Yes I have info" and I will call you to talk to you about it or "No info available" and I will retain your email for our records. Even a simple yes or no answer will be fine. Thanks for your help. Call or email me if you have any questions.

Anthony Amendolia

DSN 444-2134
Com 215.737.2134

> All,
>
> Most of you should remember that the previous Med/Surg prime
> vendor for Region 6 was United Medical. Because of current litigation
> proceedings, I have been asked to contact all customers and request that
> all records and correspondence (emails can be forwarded or printed) be
> saved with respect to United Medical. I will, at some point, make
> arrangements to have these documents sent out to be copied. Some of you
> may be asked to talk to the Department of Justice attorney concerning
> United Medical. Your cooperation is greatly appreciated.
>
> Anthony Amendolia
> DSN 444-2134
> Com 215.737.2134

**Amendolia, Anthony (DSCP)**

**From:** Hicks, Melvin R RWBAHC LOG [Melvin.Hicks@CEN.AMEDD.ARMY.MIL]
**Sent:** Friday, November 22, 2002 3:34 PM
**To:** 'Amendolia, Anthony'
**Subject:** RE: United Medical NON PV Purchases

I have some records available on purchases that go back to April 1998, but they are not in automated form. I will be on leave next week but will be back on 02 December.

Mel Hicks

-----Original Message-----
From: Amendolia, Anthony [mailto:Anthony.Amendolia@dscp.dla.mil]
Sent: Wednesday, November 20, 2002 8:53 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Cc: Flatley, Linda; Jennings, James; Hallam, Kathleen
Subject: United Medical NON PV Purchases

To All,

Thanks to everyone for continuing to work with DSCP on the United Medical issues. I have been asked to contact previous United Medical customers again for additional information. Does anyone have any records of NON PV purchases from June of 1997 to March of 2001. The Department of Justice is looking for items not purchased through the PV that were typical Med/Surg items. If you have archived records or folders with this information, arrangements will be made to have someone review the info and make copies.

If anyone can produce a system generated listing of individual NON PV purchases from the same time period of June 1997 to March 2001, it would be greatly appreciated.

Case 1:03-cv-00289-FMA Document 91-5 Filed 07/05/2006 Page 8 of 22

Please respond even if you do not have any records available. A yes or no answer, with a POC if it is other than you, is needed. Please email me or call me with the information.

Thanks again for your help!

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

**Amendolia, Anthony (DSCP)**

**From:** Hicks, Melvin R RWBAHC LOG [Melvin.Hicks@CEN.AMEDD.ARMY.MIL]
**Sent:** Wednesday, December 18, 2002 9:57 AM
**To:** 'Amendolia, Anthony (DSCP)'; Hicks, Melvin R RWBAHC LOG
**Cc:** Hallam, Kathleen (DSCP); Flatley, Linda (DSCP)
**Subject:** RE: United Medical NON PV Purchases

The POC would be me,
Melvin R. Hicks
Medical Supply Officer
USAMEDDAC Ft Huachuca
Raymond W. Bliss Army Health Center
45022 Winrow Ave
Ft Huachuca, AZ 85613-7040
Phone - Commercial (520) 533-2070, DSN 821-2070

-----Original Message-----
**From:** Amendolia, Anthony (DSCP) [mailto:Anthony.Amendolia@dscp.dla.mil]
**Sent:** Wednesday, December 18, 2002 6:24 AM
**To:** 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'
**Cc:** Hallam, Kathleen (DSCP); Flatley, Linda (DSCP)
**Subject:** FW: United Medical NON PV Purchases

Mr Hicks,

Our legal folks have advised us that representatives from United Medical may want the opportunity to review the records you have when they were your prime vendor. Please provide a POC, phone number and location, if they decide to visit you to review your records.

Thanks.
Anthony Amendolia
DSN 444-2134
Com 215.737.2134

-----Original Message-----
**From:** Hallam, Kathleen (DSCP)
**Sent:** Monday, December 16, 2002 11:26 AM
**To:** Amendolia, Anthony (DSCP)
**Subject:** RE: United Medical NON PV Purchases

United Medical is coming in here to review our records during the week of January 13. Please let me know whether customer prefers to send records here or would rather have UM come to its facility to review the records. If customer sends records here, we must have them on base (in legal) by the 13th. If customer wants United Medical to go to its base, we will need the name of a point of contact, phone number, and a location to report to.

-----Original Message-----
**From:** Amendolia, Anthony
**Sent:** Friday, November 22, 2002 3:51 PM
**To:** Hallam, Kathleen
**Cc:** Flatley, Linda; Jennings, James
**Subject:** FW: United Medical NON PV Purchases

-----Original Message-----
**From:** Hicks, Melvin R RWBAHC LOG [mailto:Melvin.Hicks@CEN.AMEDD.ARMY.MIL]
**Sent:** Friday, November 22, 2002 3:34 PM

**To:** 'Amendolia, Anthony'
**Subject:** RE: United Medical NON PV Purchases

I have some records available on purchases that go back to April 1998, but they are not in automated form. I will be on leave next week but will be back on 02 December.

Mel Hicks

-----Original Message-----
From: Amendolia, Anthony [mailto:Anthony.Amendolia@dscp.dla.mil]
Sent: Wednesday, November 20, 2002 8:53 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Cc: Flatley, Linda; Jennings, James; Hallam, Kathleen
Subject: United Medical NON PV Purchases

To All,

Thanks to everyone for continuing to work with DSCP on the United Medical issues. I have been asked to contact previous United Medical customers again for additional information. Does anyone have any records of NON PV purchases from June of 1997 to March of 2001. The Department of Justice is looking for items not purchased through the PV that were typical Med/Surg items. If you have archived records or folders with this information, arrangements will be made to have someone review the info and make copies.

If anyone can produce a system generated listing of individual NON PV purchases from the same time period of June 1997 to March 2001, it would be greatly appreciated.

Please respond even if you do not have any records available. A yes or no answer, with a POC if it is other than you, is needed. Please email me or call me with the information.

Thanks again for your help!

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

TAB

10

## Amendolia, Anthony (DSCP)

**From:** Molinar, Oscar A Civ WBAMC [Oscar.Molinar@AMEDD.ARMY.MIL]

**Sent:** Tuesday, November 12, 2002 9:03 AM

**To:** 'Amendolia, Anthony'

**Subject:** RE: Retaining United Medical Documents

Anthony,
I have a few hard copies, but I lost most of my electronic correspondence was lost two years ago after my computer crashed.

Oscar

-----Original Message-----
From: Amendolia, Anthony [mailto:paa3018@dscp.dla.mil]
Sent: Wednesday, November 06, 2002 6:13 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Subject: RE: Retaining United Medical Documents

To All,

On October 1st, I sent the message below asking that everyone with any United Medical correspondence, save the information in case DSCP would need copies. I have been advised that, now, I should make arrangements to acquire copies of any United Medical correspondence that you may have on file.

Please respond to this email whether you have any information or not. A simple answer, either way will suffice. "Yes I have info" and I will call you to talk to you about it or "No info available" and I will retain your email for our records. Even a simple yes or no answer will be fine. Thanks for your help. Call or email me if you have any questions.

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

> All,
>
> Most of you should remember that the previous Med/Surg prime
> vendor for Region 6 was United Medical. Because of current litigation
> proceedings, I have been asked to contact all customers and request that
> all records and correspondence (emails can be forwarded or printed) be
> saved with respect to United Medical. I will, at some point, make
> arrangements to have these documents sent out to be copied. Some of you
> may be asked to talk to the Department of Justice attorney concerning
> United Medical. Your cooperation is greatly appreciated.
>
> Anthony Amendolia
> DSN 444-2134
> Com 215.737.2134

**Amendolia, Anthony (DSCP)**

**From:** Molinar, Oscar A Civ WBAMC [Oscar.Molinar@AMEDD.ARMY.MIL]
**Sent:** Wednesday, November 20, 2002 3:49 PM
**To:** 'Amendolia, Anthony'
**Subject:** RE: United Medical NON PV Purchases

Anthony,
My 97 - 00 files have been retired. I'll check for the 00 files, just in case they're still here. I don't think that my computer system can produce the type of report that you're looking for, but I'll check on that also.

Oscar

-----Original Message-----
From: Amendolia, Anthony [mailto:Anthony.Amendolia@dscp.dla.mil]
Sent: Wednesday, November 20, 2002 8:53 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'
Cc: Flatley, Linda; Jennings, James; Hallam, Kathleen
Subject: United Medical NON PV Purchases

To All,

Thanks to everyone for continuing to work with DSCP on the United Medical issues. I have been asked to contact previous United Medical customers again for additional information. Does anyone have any records of NON PV purchases from June of 1997 to March of 2001. The Department of Justice is looking for items not purchased through the PV that were typical Med/Surg items. If you have archived records or folders with this information, arrangements will be made to have someone review the info and make copies.

If anyone can produce a system generated listing of individual NON PV purchases from the same time period of June 1997 to March 2001, it would be greatly appreciated.

Please respond even if you do not have any records available. A yes or no answer, with a POC if it is other than you, is needed. Please email me or call me with the information.

Thanks again for your help!

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

TAB

11

**Amendolia, Anthony (DSCP)**

**From:** Cabalu Eliseo MSgt 47MDG/SGSL [Eliseo.Cabalu@laughlin.af.mil]
**Sent:** Tuesday, November 26, 2002 10:27 AM
**To:** 'Amendolia, Anthony'
**Subject:** RE: United Medical NON PV Purchases

No records from Laughlin AFB.

-----Original Message-----
From: Amendolia, Anthony [mailto:Anthony.Amendolia@dscp.dla.mil]
Sent: Wednesday, November 20, 2002 9:53 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt

To All,

Thanks to everyone for continuing to work with DSCP on the United Medical issues. I have been asked to contact previous United Medical customers again for additional information. Does anyone have any records of NON PV purchases from June of 1997 to March of 2001. The Department of Justice is looking for items not purchased through the PV that were typical Med/Surg items. If you have archived records or folders with this information, arrangements will be made to have someone review the info and make copies.

If anyone can produce a system generated listing of individual NON PV purchases from the same time period of June 1997 to March 2001, it would be greatly appreciated.

Please respond even if you do not have any records available. A yes or no answer, with a POC if it is other than you, is needed. Please email me or call me with the information.

Thanks again for your help!

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

**Amendolia, Anthony (DSCP)**

**From:** Cabalu Eliseo MSgt 47MDG/SGSL [Eliseo.Cabalu@laughlin.af.mil]
**Sent:** Wednesday, November 06, 2002 1:49 PM
**To:** 'Amendolia, Anthony'
**Cc:** Conner Ted Civ 47MDG/SGSLF; Fey Sheila AB 47MDSS/SGSL; Gonzalez William SrA 47MDG/SGSL; Greene Amy SSgt 47MDSS/SGSL
**Subject:** RE: Retaining United Medical Documents

All records have been permanently stored outside of our facility. There are no records within our workcenter.

EliseoACabalu
ELISEO A. CABALU, MSgt, USAF
NCOIC, Medical Logistics
47 MDSS/SGSL
590 Mitchell Blvd
Laughlin AFB, TX 78843-5244
DSN 732-6406 COM (830) 298-6406
FAX 732-6339 COM (830) 298-6339

-----Original Message-----
From: Amendolia, Anthony [mailto:paa3018@dscp.dla.mil]
Sent: Wednesday, November 06, 2002 7:13 AM
To All,

On October 1st, I sent the message below asking that everyone with any United Medical correspondence, save the information in case DSCP would need copies. I have been advised that, now, I should make arrangements to acquire copies of any United Medical correspondence that you may have on file.

Please respond to this email whether you have any information or not. A simple answer, either way will suffice. "Yes I have info" and I will call you to talk to you about it or "No info available" and I will retain your email for our records. Even a simple yes or no answer will be fine. Thanks for your help. Call or email me if you have any questions.

Anthony Amendolia
DSN 444-2134
Com 215.737.2134

> All,
>
> Most of you should remember that the previous Med/Surg prime
> vendor for Region 6 was United Medical. Because of current litigation
> proceedings, I have been asked to contact all customers and request that
> all records and correspondence (emails can be forwarded or printed) be
> saved with respect to United Medical. I will, at some point, make
> arrangements to have these documents sent out to be copied. Some of you
> may be asked to talk to the Department of Justice attorney concerning
> United Medical. Your cooperation is greatly appreciated.
>
> Anthony Amendolia
> DSN 444-2134
> Com 215.737.2134

TAB

12

## Amendolia, Anthony (DSCP)

**From:** Christie, Bruce F Mr RACH-FtSill [Bruce.Christie@CEN.AMEDD.ARMY.MIL]
**Sent:** Wednesday, November 20, 2002 12:11 PM
**To:** 'Amendolia, Anthony'
**Cc:** Clark, Charles D CPT RACH-FtSill; Cruz, Francisco J SGT RACH-FtSill
**Subject:** RE: United Medical NON PV Purchases

Anthony -
I only have Credit Card records from 10-00 (October 2000) to current; I have attached my Credit Card MILSTRIP Requisition sheets from Oct 00 through Mar 01. These will include **all** Credit Card purchases (MedSurg, Lab, Pharm, Nonmedical, etc), but do contain the information requested.

B.F.Christie
Ch, Inv Mgmt Section
Reynolds Army Community Hospital
<<MILSTRIP Credit Card 10-00.tif>> <<MILSTRIP Credit Card 11-00.tif>> <<MILSTRIP Credit Card 12-00.tif>> <<MILSTRIP Credit Card 01-01.tif>> <<MILSTRIP Credit Card 02-01.tif>> <<MILSTRIP Credit Card 03-01.tif>>

-----Original Message-----
From: Amendolia, Anthony [mailto:Anthony.Amendolia@dscp.dla.mil]
Sent: Wednesday, November 20, 2002 9:53 AM
To: Amendolia, Anthony; 'AFMLO/FOW - Bonney Glen D'; 'Altus AFB - SSgt Todd Taylor 97 MDSS/SGSL'; 'Altus AFB - Lt Shar Duncan-Smith 97 MDSS/SGSL'; 'Altus AFB - Baker Douglas H MSgt 97 MDSS/SGSL'; 'BAMC - Debbie Thompson (E-mail)'; 'Brooks AFB - McConnell Jason C SSgt 311 ABG/LGBE (E-mail)'; 'Corpus Christi NAS - Marie Trevino (E-mail)'; 'Dyess AFB - Smith Steven W TSgt 7 MDG/SGSL (E-mail)'; 'Dyess AFB - Deloris Franklin (E-mail 2)'; 'Ft Hood - Myron Ware'; 'Ft Sill - Bruce Christie (E-mail)'; 'Goodfellow AFB - LT Jones James 2dLt 17 MDG/MDSS/SGSL (E-mail)'; 'Goodfellow AFB - Maki Wade R TSgt 17 MDG/SGSL (E-mail)'; 'Laughlin AFB - Sgt Eliseo Cabalu (E-mail)'; 'Randolph AFB - Paulk Sandy S SSgt 12 MDSS/SGSL (E-mail)'; 'Randolph AFB - Retsch Robert 1stLt 12 MDSS/SGSL (E-mail)'; 'Sheppard AFB - Sgt Steele (E-mail)'; 'Tinker AFB - Koonce Charlie E TSgt 72 MDG/SGSL (E-mail)'; 'Vance AFB - Sgt Rick Lester (E-mail)'; 'Vance AFB - Sgt Louise Peterson'; 'Oscar.Molinar@AMEDD.ARMY.MIL'; 'Melvin.Hicks@CEN.AMEDD.ARMY.MIL'; 'stacy.wilde@cannon.af.mil'; 'ernest.nonies@kirtland.af.mil'; 'diana.stokes@holloman.af.mil'; 'deborah.dixon@holloman.af.mil'

Cc: Flatley, Linda; Jennings, James; Hallam, Kathleen
Subject: United Medical NON PV Purchases

To All,

Thanks to everyone for continuing to work with DSCP on the United Medical issues. I have been asked to contact previous United Medical customers again for additional information. Does anyone have any records of NON PV purchases from June of 1997 to March of 2001. The Department of Justice is looking for items not purchased through the PV that were typical Med/Surg items. If you have archived records or folders with this information, arrangements will be made to have someone review the info and make copies.

If anyone can produce a system generated listing of individual NON PV purchases from the same time period of June 1997 to March 2001, it would be greatly appreciated.

Please respond even if you do not have any records available. A yes or no answer, with a POC if it is other than you, is needed. Please email me or call me with the information.

Thanks again for your help!

Anthony Amendolia
DSN 444-2134

Com 215.737.2134

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.
Plaintiff,

v.

Case No. 03-CV-289

THE UNITED STATES,
Defendant.

---

AFFIDAVIT OF

DEBRA A. THOMPSON

1. My name is Debra A. Thompson. I am a GS-2001-12, Supervisor General Supply Specialist, Department of the Army Civilian (DAC), assigned to Medical Command, Brooke Army Medical Center (BAMC), Logistics Division, Materiel Branch. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are true and accurate to the best of my knowledge and recollection.

2. I am the Deputy Chief Materiel Branch located at Fort Sam Houston, TX arriving in August of 1998. I was previously assigned to Darnall Army Community Hospital (DACH) at Fort Hood, TX and was the Contracting Officer's Representative (COR) on the prime vendor contract with United Medical. When arriving at BAMC, I was assigned as the Chief Forward Customer Support and did not perform duties associated with the scope of work of the prime vendor COR. In October 2001, I was assigned the additional duty as Deputy Chief Materiel Branch encompassing the additional work area of the Supply Operations Section which was responsible for the credit card and prime vendor purchases. From the period 1 October 2001 until the implementation of the new prime vendor in or around February 2002, I continued to work diligently to assist United Medical with any and all outstanding balances for invoices and continued to purchase all remaining stock on hand whether committed or not if it could be utilized by the activity.

3. BAMC became aware of the claim filed by United Medical by email from Mr. Anthony Amendolia on or about 1 October 2002.

4. In response to the claim, all prime vendor files for FY 00 and FY 01 were collected on or around 1 October 2002 (FY 03) and placed in a holding area pending disposition instructions by the Department of Justice (DOJ) personnel. DOJ arrived at our facility on or around February 2005 and collected the boxes. Supporting documentation was returned along with a DOJ CD dated 4/22/05. The credit card files were requested to be shipped by Mr. Kyle Chadwick, DOJ Attorney, on 6 October 2005. We sent personnel to the off site location to collect the files and were notified that the files had been inadvertently destroyed without our knowledge or authorization. I notified Mr. Chadwick of the destruction and provided a statement to the best of my knowledge and ability for the unscheduled destruction. On 6 and 19 June 2006, Materiel Branch personnel once again visited the off site warehouse and located the credit card files that were previously noted as destroyed. Files are being held pending DOJ disposition instructions.

5. BAMC received email notification on or around 1 October 2002 from Mr. Anthony Amendolia to hold all documentation relevant to the law suit for the contract period. We had indicated that all prime vendor documents for FY 96 (Dest 1 Oct 98), FY 97 (Dest 1 Oct 99), FY 98 (Dest 1 Oct 00) and FY 99 (Dest 1 Oct 01) were destroyed IAW with the retention/destruction procedures.

6. In response to becoming aware of the suit on or around 1 October 2002, we made every effort to collect and maintain all prime vendor documentation. All prime vendor files were held in the Supply Operations Section pending disposition by DOJ. All credit card files on hand were palletized, shrink wrapped, and

signage was placed upon on all sides of pallet that indicated "Do not destroy at destruction date; files must be kept due to a pending lawsuit". Activity has 56 boxes of credit card purchases made during the contract period.

7. At the time BAMC became aware of the claim/litigation, BAMC was in possession of the following records:

- Prime Vendor orders placed under contract dated 1 October 1999 through 30 September 2000 (FY 00) and 1 October 2000 until around 1 February 2001 (FY 01) when new contract was implemented.
- Credit Card Purchases – Date range January 1995 through December 2001. - CD containing Theater Army Medical Management Information System (TAMMIS) Close-Out Data prior to conversion to the Defense Medical Logistics Standard Support System (DMLSS) October 2001. Copy of the CD was provided to the DOJ.

8. BAMC currently has the following records:

- DOJ CD containing all PDF copies of prime vendor receipt supporting documentation for FY 00 and FY 01 files numbered BAMC 00001 – BAMC 07117
- Credit Card Purchases- Date range January 1995 through December 2001.
- CD containing Theater Army Medical Management Information System (TAMMIS) Close-Out Data prior to conversion to the Defense Medical Logistics Standard Support System (DMLSS) 25 October 2001

9. The following potentially relevant records are known to have been destroyed or purged prior to notification of claim/litigation:

-United Medical prime vendor documents for FY 96 (Dest 1 Oct 98), FY 97 (Dest 1 Oct 99), FY 98 (Dest 1 Oct 00) and FY 99 (Dest 1 Oct 01)
-Purged all TAMMIS automated transaction history data prior FY data due to conversion to DMLSS on 25 October 2001

10. The following retention/disposition regulation was in place before BAMC became aware of the claim/litigation:

- Credit Card documentation and all original receipts were maintained in accordance with the DOD FMR, Volume 1, supporting documents will be retained for six years and three months after final payment.
- Prime Vendor documentation was filed/destroyed IAW AR 25-400-2, Information Management: Records Management, The Modern Army Recordkeeping System (MARKS), Headquarters Department of the Army Washington, DC, 26 February 1993, Appendix B Records Disposition Standards, File Number 735-5J, destroy after 2 years through property disposal channels for sale or recycling.

11. The following retention/disposition regulation was in place when BAMC became aware of the claim/litigation:

- Credit Card documentation and all original receipts were maintained in accordance with the DOD FMR, Volume 1, supporting documents will be retained for six years and three months after final payment.
- Prime Vendor documentation was filed/destroyed IAW AR 25-400-2, Information Management: Records Management, The Army Records Information Management System (ARIMS) version 1.0 ARIMS, Version 1.0, dated 2 February 2002. Destroy after 2 years through property disposal channels for sale or recycling.

12. In the event of a separate claim/litigation against the government, BAMC's reaction would be to take precedence over all destruction and regulatory guidance in an effort to collect, segregate, mark, store and retain all relevant documents until the resolution of the claim or lawsuit.

DEBRA A. THOMPSON
DAC, GS-12
Deputy Chief Materiel Branch

Subscribed and sworn to before me this 30 day of June 2006.

DIANA BRUNER
MY COMMISSION EXPIRES
September 17, 2007

DIANA BRUNER

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

Case No. 03-CV-289

v.

Judge Allegra

THE UNITED STATES,
Defendant.

---

AFFIDAVIT OF

1. My name is Judy K. Tyler, CRM. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Records Management Officer at Carl R. Darnall Army Medical Center. I have been in this position since 1993.

3. Carl R. Darnall Army Medical Center/Darnall Army Community Hospital became aware of the claim filed by United Medical in October 2005. In the copy of the e-mail dated 6 November 2002 from Anthony Amendolia, Mr. Myron Ware is listed as an addressee. Mr. Ware informed me that he never received the e-mail regarding United Medical documents. The first notification was to Mrs. Debra White, Chief, Local Purchase, by telephone in October of 2005.

4. In response to becoming aware of the claim, we provided pertinent documents to Mr. Peter Brown, U.S. Department of Justice (DOJ), to preserve potentially relevant evidence. We provided Mr. Brown 13 binders and 2 blue folders of Prime Vendor records and 27 Credit Card discs, from 1997 – 2001.

5. Carl R. Darnall Army Medical Center/Darnall Army Community Hospital was formally notified of the pendency of the subject suit on October 2005. That notification was given by Mr. Peter Brown, DOJ, per telephone call to Debra White, Purchasing and Inventory Manager, Logistics Division.

6. In response to becoming aware of the suit, we gathered and released the documents to Mr. Peter Brown of U.S. Department of Justice to preserve potentially relevant evidence. The documents were maintained at Carl R. Darnall Army Medical Center in the Local Purchase section of the Logistics Division. Mr. Brown from Dept of Justice came to the facility to pick up the records. He brought with him Mr. Trace Stapleton from IKON Office Solutions. Mr. Brown took the disk containing the credit card records (these disks were Canofile disks), and Mr. Stapleton took the hard copy records. My understanding is that Mr. Stapleton was to copy the records for Mr. Brown.

7. Subsequent to the original notification of the litigation I am not aware of any communications relative to the preservation from DSCP, DLA, etc. The only notification received was from the Department of Justice per telephone to Mrs. White, October 2005, discussed in paragraph 2.

8. At the time the medical treatment facility (MFT) became aware of the claim/litigation, the MFT was in possession of the following records: Orders placed under contract, orders placed outside contract, billing information including credit card records. The dates of the records turned over to Mr. Peter Brown, Department of Justice are 1997 through 2001. The records were

handed over by Mrs. White, and a receipt for the records was not received. There are two reasons we still had the records. The first is that Logistics Division failed to destroy the records, in accordance with the Army records retention schedule (because, in accordance with AR 25-400-2, 1997 documents should have been destroyed after 3 years in January 2001, 1998 records should have been destroyed in 2002, 1999 records should have been destroyed in 2003, 2000 records should have been destroyed in 2004, and 2001 records should have been destroyed in 2005.) The second reason is, we were notified in September 2004, and a memorandum signed by our Commander dated in January 2005, notifying the staff of an all encompassing records freeze for all Department of the Army records.

9. The Medical Treatment Facility currently has the following records: The hard copy prime vendor records from 1997 - 2001. Mr. Peter Brown, DOJ still has in his possession some prime vendor records, and all credit card records 1997 – 2001.

10. The following potentially relevant records (provide a detailed description) are known to have been destroyed: none

11. The destruction of the above documents occurred in the following manner: N/A

12. Carl R. Darnall Army Medical Center/Darnall Army Community Hospital standard record retention/destruction policy is:

At the time these records were created, we were under AR 25-400-2, The Modern Army Recordkeeping System.

File Number 40-61f

Title: Medical Equipment Management

Authority: N1-AU-90-19

Privacy Act: Not applicable

Description: Documents relating to acquisition and property management of medical equipment, medical care support equipment, and Military Medical Benefits Property.

Disposition:

COFF: At the end of the year.

DEST: a. Documents pertaining to precious metals recovery should be destroyed after 5 years after COFF unless needed for audit purposes. b. Other documents destroy 3 years after COFF.

When we hear of a pending lawsuit, it is our policy to freeze all records relating to the pending lawsuit from destruction or transfer. We have been under a general records freeze per Department of the Army, since September 2004.

__________________________

Judy K. Tyler, CRM
Records Management Officer
Carl R. Darnall Army Medical Center

Subscribed and Sworn to before me this 12th day of June 2006.

__________________________

NOTARY PUBLIC

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

AFFIDAVIT OF OSCAR MOLINAR

1. My name is Oscar Molinar. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Supervisory Supply Specialist at William Beaumont Army Medical Center. I have been in this position since 1996.

3. William Beaumont Army Medical Center became aware of the litigation with United Medical in the fall of 2002 through emails and phone calls from Anthony Amendolia at Defense Support Center, Philadelphia and became fully aware of the claim in March 2003 through the Department of Justice.

4. In response to becoming aware of the litigation, we attempted to locate files/records including credit card records for non -PV purchases, but most records had been destroyed including credit card purchases per Army Regulation 25-400-2 (hereinafter AR 25-400-2).

5. I cannot recall the exact date William Beaumont Army Medical Center was formally notified of the pendency of the subject suit, but it was approximately November 2002. We became aware of the claim and suit at the same time.

6. Subsequent to the original notification from DSCP, William Beaumont Army Medical Center also received two emails from DSCP. Later, in March 2003, we answered a number of questions from a visiting attorney of the Department of Justice. At that time, we physically searched through all existing records but could only find a few records. I do not have any recollection of the nature of the records that we found and produced for Justice.

7. William Beaumont Army Medical Center currently has no records pertaining to United Medical or to non-Prime Vendor purchases for the following reasons: On July 31 2000, United Medical closed down its El Paso warehouse. That warehouse was the

primary warehouse for servicing WBAMC. At that time, United Medical also removed its on-site service representatives from WBAMC. One of the service representatives was relocated to Ft. Worth and that warehouse became the distribution center for WBAMC at the El Paso warehouse was closed. At this time, United Medical also ceased dedicated shipments to WBAMC and sent orders by common carrier.

8. After United Medical closed the El Paso warehouse and transferred operations to the Fort Worth warehouse, WBAMC continued to order supplies from United Medical through the Fort Worth service representative, however most orders were rejected or canceled by United Medical. By October 2000, our off-site service representative was no longer available and United Medical ceased doing business with WBAMC altogether. Consequently, by the time we received word of the lawsuit most records, including credit card records, had been destroyed. See the Affidavit of my assistant Lynn Nelson for more details.

9. The following potentially relevant records are known to have been destroyed: All daily Prime Vendor orders, all other contract documents and all credit card purchase records.

10. All documents are maintained for a total of two years and are destroyed by shredding and/or incineration. The standard 2-year retention policy is modified when the facility becomes aware of a claim or filed lawsuit. Destruction of all potentially relevant records is suspended until further instructions are received.

11. Our standard record retention/destruction policy is: Two years per AR 25-400-2.

Oscar ~~A.~~ Molinar
Supervisory Supply Specialist

Subscribed and Sworn to before me this 9th day of June 2006.

NOTARY PUBLIC

SHANDIA K. MIDDLEBROOK
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES 4-23-2010

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

AFFIDAVIT OF LYNN NELSON

1. My name is Lynn Nelson. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Administrative Assistant for Materiel Branch at William Beaumont Army Medical Center. I have been in this position since May 6, 1966.

3. I became aware of the United Medical claim and litigation in March 2003 when a woman from the Department of Justice came to William Beaumont Army Medical Center to interview various individuals, including my supervisor, Oscar Molinar.

4. The Department of Justice representative asked to see our United Medical records. She did not ask to see any credit card records or other documents related to non-Prime Vendor purchases. We did not have many contract records because United Medical stopped doing business with us in the September – October 2000 time frame and we destroy our records after two years.

5. The woman from Justice reviewed the United Medical records we had and stated that they were "useless". Because our United Medical records were useless and we were not advised by Justice to keep them, they were destroyed in accordance with our two year retention policy.

6. At the time the Department of Justice representative visited us, we had credit card records available. We no longer have those records. Justice did not express any interest

in seeing them in March 2003, did not ask us about them in March 2003 and did not advise us to retain them in 2003. Therefore, the credit card records were destroyed in accordance with our two year retention policy.

Lynn Nelson
Administrative Assistant

Subscribed and Sworn to before me this 7th day of June 2006.

NOTARY PUBLIC

SHANDIA K. MIDDLEBROOK
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
4-23-2010

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

AFFIDAVIT OF
Bruce Christie

1. My name is Bruce Christie. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Chief of Inventory Management at Reynolds Army Community Hospital, Fort Sill OK. I have been in this position since June 1993.

3. Reynolds Army Community Hospital became aware of the claim filed by United Medical on 1 October 2002 via email from Anthony Amendolia at DSCP (Attachment 1).

4. In response to becoming aware of the claim, we have retained records of purchases from United Medical via the Prime Vendor program to preserve potentially relevant evidence. Electronic records of IMPAC (Government credit card) purchases are available starting October 2000 through March 2001 as well as request records from United Medical beginning April 2000 through February 2001.

5. Reynolds Army Community Hospital was formally notified of the pendency of the subject suit on 1 October 2002. That notification was given by DSCP (Anthony Amendolia) via email (Attachment 1).

6. In response to becoming aware of the suit, we have retained records of purchases from United Medical via the Prime Vendor program to preserve potentially relevant evidence.

7. Subsequent to the original notification of the litigation, Reynolds Army Community Hospital also received the following communications relative to the preservation of potentially relevant evidence: Department of Justice (Peter Brown, tel# (202)616-8237) collected our MedSurg PV receipt documentation from January 1999 through May 2001 and had it reduced to electronic form in the May/June 2005 timeframe.

8. At the time the MFT became aware of the claim/litigation, the MFT was in possession of the following records: Paper copies of receipts from orders placed under contract starting with January 1999 through May 2001; electronic copies of orders placed to United Medical from April 2000 through February 2001; electronic copies of orders placed with IMPAC (Government credit card) from October 2000 through February 2001.

9. The MFT currently has the following records: Paper receipts from orders placed under contract January 1999 through May 2001, electronic copies of orders placed under contract April 2000 through February 2001, various e-mail correspondences between myself and various parties regarding the PV program in general; these are routine miscellaneous messages that dealt with a variety of topics relating to this contract, ranging from conversion from previous PV to

United, internal Government information, reporting individual problems to United Medical, DSCP and chain-of-command and electronic copies of orders placed with IMPAC (Government credit card) from October 2000 through February 2001.

10. The following potentially relevant records (provide a detailed description) are known to have been destroyed: Receipts dated prior to January 1999, paper copies of orders placed under contract prior to April 2000 and paper copies of orders placed via IMPAC (Government credit card) prior to October 2000 (see 11).

11. The destruction of the above documents occurred in the following manner: White papers were recycled; colored (dyed) papers entered the normal waste stream.

12. (The MTF) standard record retention/destruction policy is: retain for two years and then destroy, in accordance with AR 25-400-2 Army Records Information Management System (ARIMS). We have no other internal SOP other than the regulation.

B Christie

Bruce Christie
Chief of Inventory Management
Reynolds Army Community Hospital

Subscribed and Sworn to before me this 9th day of June 2006.

Dian G Bower

NOTARY PUBLIC

NOTARY SEAL PUBLIC
DIAN G. BOWER
Notary Public in and for the
State of Oklahoma
Commission #05007993
My Commission expires 8/26/2009

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.
Plaintiff,

v. Case No. 03-CV-289

THE UNITED STATES Judge Allegra
Defendant

---

AFFIDAVIT OF MARIA M. TREVINO

1. My name is Maria M. Trevino. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personnel knowledge.

2. My job title is Supervisory General Supply Specialist at the Naval Hospital, Corpus Christi, TX. I have been in this position since 1995.

3. Naval Hospital, Corpus Christi, TX became aware of the claim ~~filed by United Medical on 10 May 2006.~~

4. As I was not aware that a claim had been filed, files were destroyed years ago. Overseeing the cleaning of file cabinets, old files were thrown away to gain more filing space. I do not remember dates.

5. Naval Hospital, Corpus Christi, TX was formally notified of the pendency of the subject suit on 10 May 2006. Notification was given by DSCP e-mail.

6. Files were destroyed years ago. In cleaning the file cabinets, old files were thrown away to gain more filing space.

7. Subsequent to the original notification of the litigation, Naval Hospital, Corpus Christi, did not receive communications relative to the preservation of potentially relevant evidence. That I can remember, notification was not received from DSCP or by the Department of Justice before 10 May 2006.

8. At the time Naval Hospital, Corpus Christi became aware of the claim/litigation, the Naval Hospital was not in possession of the following records: (Old files were thrown away.)

a. orders placed under contract
b. orders placed outside the contract
c. billing information
d. e-mails
e. internal memos

9. Naval Hospital, Corpus Christi has no records. Records have been destroyed.

10. The following potentially relevant records known to have been destroyed:

a. copy of contract
b. individual orders

11. The destruction of the above documents occurred in the following manner: Files were thrown away. Overseeing the cleaning of file cabinets, old files were thrown away.

12. The Naval Hospital, Corpus Christi standard retention/ destruction policy is: Purchase order files are kept 3 fiscal years and then destroyed. I did not know there was a lawsuit until 10 May 2006.

Maria M. Trevino 6/12/06

Maria M. Trevino
Supervisory General Supply Specialist
NAME/TITLE

Subscribed and sworn to before me this:

Maria A. Villagomez 12 Juno 6
NOTARY PUBLIC

MARIA A. VILLAGOMEZ
MY COMMISSION EXPIRES
November 19, 2009

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

AFFIDAVIT OF JULIA P. HATCH

1. My name is Julia P. Hatch. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Assistant Counsel at Naval Medical Logistics Command, Fort Detrick, Maryland. I have been in this position since November 15, 2004.

3. I became aware of the claim filed by United Medical on May 19, 2006 via email. It appeared at that time that this litigation did not pertain to our office.

4. On May 23, 2006, I received a phone call from Kathleen Hallam, Attorney at Defense Supply Center Philadelphia, requesting my assistance in coordinating with affiants for NH Corpus Christi and NAS Dallas, as these were Navy facilities. Ms. Hallam identified an affiant for NH Corpus Christi, who to the best of my knowledge, has since submitted an affidavit. However, I was unaware of the existence of NAS Dallas, nor a medical treatment facility at such location.

5. Our office located information online concerning the decommissioning of NAS Dallas on September 26, 1998. However, we were unable to locate any information online concerning a medical treatment facility at NAS Dallas. I forwarded the information concerning the decommissioning to Kathleen Hallam on May 23, 2006 and requested guidance on how to proceed, as the base did not exist at the time the issue regarding document retention arose.

6. I attempted to locate the records from NAS Dallas and/or an affiant to attest to the location of the records. I contacted various individuals to assist me in these efforts. Those individuals in turn contacted other individuals. These efforts were made between the dates of May 23, 2006 and today's date. The following is a list of individuals who were involved in this search, to the best of my knowledge:

Stanley Wade – Director, Business Systems Support, Naval Medical Logistics Command
LCDR Pia Woodley – Director, Medical Consumable Support, Naval Medical Logistics Command
Roger Lawrence – Counsel, Chief of Naval Air Training, NAS Corpus Christi, TX, Navy Office of the General Counsel
Daniel Laguaite – Attorney, Chief of Naval Air Training, NAS Corpus Christi, TX, Navy Office of the General Counsel
Catherine Horan – Counsel, South Naval Facilities Engineering Command, Charleston, SC, Navy Office of the General Counsel
CDR Stephanie Carter – Staff Judge Advocate, Naval Hospital Pensacola
Joe Rovira – Deputy Staff Judge Advocate, Navy Medicine East, Portsmouth, VA
CAPT Shari Kirshner – Bureau of Medicine and Surgery

Bill Carmichael, Program Manager, Navy Medicine Support Command
Helen Rosen, Assistant Director, AGC (Litigation), Navy Office of the General Counsel
Matthew Staden, Navy Records Manager, Chief of Naval Operations

7. To date, to the best of my knowledge, the records relating to NAS Dallas or the medical treatment facility located aboard that installation have not been located; neither has an affiant been identified with personal knowledge of the records.

Julia P. Hatch
Julia P. Hatch
Assistant Counsel
Naval Medical Logistics Command

Subscribed and Sworn to before me this 30th day of ~~May~~ June 2006. HPC

Helen P. Chase
NOTARY PUBLIC

HELEN P. CHASE NOTARY PUBLIC

HELEN P. CHASE
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires May 1, 2010

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

AFFIDAVIT OF

CLIFF M. SONGER

1. My name is Cliff M. Songer. I am a GS-09 employee. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am Chief of Materiel Branch at the Raymond W. Bliss Army Health Center (RWBAHC). I have been in this position since August 2001.

3. RWBAHC became aware of the claim filed by United Medical approximately one year and six months ago. CPT Michael Whiddon, my predecessor was the individual who received the original notification. I do not know by what method that notification was given to him or by whom.

4. In response to becoming aware of the claim, we attempted to locate all invoices from our records of government IMPAC credit card purchases made through this vendor to preserve potentially relevant evidence at the warehouse. We reviewed all hardcopies of invoices due to an electronic switch from TAMISS to DMLSS so there were no electronic copies available for review. We did not conduct a search for any other vendors. United Medical was a prime vendor and only two invoices were found since we did not purchase from United Medical with any frequency.

5. RWBAHC was formally notified of the pendency of the subject suit approximately one year and six months ago. I do not recall the exact date of when this notification was received. That notification was given to me in person from CPT Michael Whiddon, the former Chief of Logistics at RWBAHC.

6. In response to becoming aware of the suit, we duplicated our previous efforts by attempting to locate all invoices from our records of government IMPAC credit card purchases made through this vendor to preserve potentially relevant evidence. Two such invoices were found and I do not recall what specifically were on these invoices. These invoices were mailed to the appropriate personnel. I do not recall who the appropriate personnel were.

7. Subsequent to the original notification of the litigation approximately 18 months ago, RWBAHC did not receive any other communications relative to the preservation of potentially relevant evidence.

8. At the time the RWBAHC became aware of the claim/litigation approximately 18 months ago, I do not remember the exact date of when RWBAHC was notified. At this time, RWBAHC was in possession of the following records:

Prime Vendor Records – prime vendor purchases dated 01 January 2002 to 01 January 2005.

Non-Prime Vendor Records – non-prime vendor purchases dated 01 January 2002 to 01 January 2005.

9. RWBAHC currently has the following records:

Prime Vendor Records – prime vendor purchases dated 01 June 2003 to 01 June 2006.
Non-Prime Vendor Records – non-prime vendor purchases dated 01 June 2003 to 01 June 2006.

10. The following potentially relevant records are known to have been destroyed:

All Records prior to June 2003 to include Prime Vendor and Non-Prime Vendor purchases.

11. The destruction of the above documents occurred in the following manner:

In accordance to Army Regulation documents were shredded 3 years and 1 month past date of record.

12. The current RWBAHC record retention/destruction policy for Non PV purchase records made using the Government Purchase Card (GPC) is established by AR 715-xx, currently in draft form, and revised 12 August 2005 and is as follows:

3-10 File Retention

a. The documents that must be retained in the file include (1) the Billing Official statement, (2) the Cardholder statement, and (3) all original receipts and documentation for those statements. In accordance with the DoD FMR, Volume 1, certified billing statements and supporting documents will be retained for six years and three months after final payment. The Billing Official will maintain these records until they are transferred to a records holding area. However, if you are performing electronic certifications, you may rely on the servicing bank recordkeeping for the Billing Official and Cardholder statements. The servicing bank will maintain the statements for two years, then archive in a records holding area. Original records are the property of the U.S. Government and may not be removed from government control by the Billing Official for any reason.

**RWBAHC standard record retention/destruction policy is:**

**Great Plains Regional Contracting Center: Standard Operating Procedures Government-Wide Purchase Card Program International Merchant Purchase Authorization Card (IMPAC), dated 1 February 1998.**

**5.2. AO RESPONSIBILITY.** The AO shall ensure that all purchase transactions meet the legal requirement for authorized purchase card purchases and that adequate documentation is on file for every transaction. The AO shall reconcile the Billing Account Statement (**Exhibit 15**) with the CH's Statement of Account and receipts certify and forward the official invoice (paper or electronic via C.A.R.E.) to the paying office within fifteen calendar days of receipt. The paying office (OPLOC) will make one payment per month for each certified billing statement submitted. If any statement is late, the penalty interest will be charged to the activity on the next billing statement. If payments are made early, any rebate will be credited directly to the activity. Rebates are issued twice a year and will appear as a credit on the billing statement. Appropriate action must be taken to prevent two or more payments for the same transaction. The AO must also ensure that correct dispute procedures are implemented when transactions are questioned or vendor has not corrected the situation. Every billing statement received in the mail must be stamped with the date of receipt. This is important as penalty interest

will begin to accrue 30 days after the AO receives the Billing Statement. Electronic invoices are considered received on the first day following the end of the billing cycle (currently the 24th of each month). **The AO will maintain purchase records within the unit for 3 years for audit purposes.**

Cliff M. Songer
Chief, Materiel Branch

Subscribed and Sworn to before me this 28th day of June 2006.

OFFICIAL SEAL
VERONICA JOSEPH
NOTARY PUBLIC-ARIZONA
COCHISE COUNTY
My Comm. Expires Oct. 21, 2008

NOTARY PUBLIC

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

## AFFIDAVIT OF MARC TAWIL

1. My name is Marc Tawil. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Director of Medical Logistics at Brooks City-Base, Texas. I have been in this position since July 1999.

3. I first became aware of the claim filed by United Medical on or about 30 May 2006, when I was asked about it by an Air Force attorney. As far as I know, none of the Brooks clinic became aware of the claim filed by United Medical prior to then. I believe that the Commander of the Brooks clinic, Lt. Col. Duquette, first became aware of the claim filed by United Medical on or about 30 May 2006, when he was asked about it by an Air Force attorney.

4. In response to becoming aware of the claim on 30 May 2006, I check our records. I found five pallets of purchase records which included IMPAC credit card receipts from 1997 to 2006. These are located in the Medical Logistics warehouse.

5. I first became aware of the lawsuit filed by United Medical on or about 30 May 2006, when an Air Force attorney asked me about it. As far as I know, none of the Brooks clinic became aware of the claim filed by United Medical prior to then. I believe that the Commander of the Brooks Clinic, Lt. Col. Duquette, first became aware of the lawsuit filed by United Medical on or about 30 May 2006, when an Air Force attorney asked him about it.

6. In response to becoming aware of the claim on 30 May 2006, I check our records. I found five pallets of purchase records which included IMPAC credit card receipts from 1997 to 2006. These are located in the Brooks City Base Medical Logistics warehouse. I have labeled these boxes to be preserved until Mr. Haydon at the Base Legal Office provides further instructions. Judge Allegra's April 26, 2006 order has been affixed to each pallet.

7. Since the original notification of the litigation in May 2006, I have received guidance from Air Force attorneys to preserve and safeguard these records.

8. All medical purchase records that Brooks Clinic and Brooks Medical Logistics has/had from these dates are in these pallets.

9. Since I arrived here in 1999, I have no knowledge of any medical purchase records being destroyed at Brooks City-Base. If records were to be destroyed, they would have been turned to Base Records Management Office, but since I have been at Brooks, no medical purchase records were sent to that department.

10. My medical logistics organization's standard record retention/destruction policy is to retain all purchase orders for 6 years and 3 months after the purchase date, then follow the instructions according to AFI 41-209 Ch. 3.39.2. However, credit card purchase orders would be saved and not destroyed on schedule if my organization becomes aware of a potential claim or filed lawsuit.

Marc Tawil
Director of Medical Logistics

Subscribed and Sworn to before me this 5th day of July, 2006.

Shelley D. Fox
NOTARY PUBLIC

SHELLEY D. FOX
MY COMMISSION EXPIRES
August 11, 2009

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

AFFIDAVIT OF JOHN G. TERRA

1. My name is John G. Terra. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am a Trial Attorney at the Air Force Legal Operation Agency, Rosslyn, Virginia. I have been in this position since June 10, 2005.

3. I became aware of the claim filed by United Medical on May 18, 2006 via e-mail. It appeared at that time that this litigation did not pertain to our office.

4. On May 18, 2006, I called Kathleen Hallam, Attorney at Defense Supply Center Philadelphia, and coordinated my assistance in coordinating with affiants for several Air Force locations (Altus AFB, Brooks AFB, Cannon AFB, Dyess AFB, Goodfellow AFB, Holloman AFB, Kelly AFB, Laughlin AFB, Randolph AFB, Reese AFB, Sheppard AFB, Tinker AFB, and Vance AFB). AFMLO-OL-2 was later added to the list of Air Force locations.

5. Our office located information online concerning the decommissioning of Reese Air Force Base in 1997 and Kelly Air Force Base in 2001 both as a result of the 1995 Base Realignment and Closure Commission.

6. I was able to locate an affiant to attest to the disposition of records from Reese Air Force Base, but I was unsuccessful in my attempt to locate the records from Kelly Air Force Base and/or an affiant to attest to the location of the records from Kelly Air Force Base. I contacted various individuals to assist me in these efforts. Those individuals in turn contacted other individuals. These efforts were made between the dates of May 19, 2006 and today's date. The following is a list of individuals who were involved in this search, to the best of my knowledge:

Ms. Marcia L. Kurtz – Legal Advisor for Procurement and HIPAA Issues Office of the Surgeon General

Colonel Dave Lannen, USAF – MSC Chief, Healthcare Support Division
Air Force Materiel Command
Ms. Alice A. Rohrbach – Budget Analyst, Office Of The Command
Surgeon, Air Force Materiel Command
Mr. Glenn Purath – Headquarters, Air Force Material Command, A6
Mr. Mark Alexander – Headquarters, Air Force Materiel Command, Legal Office
Ms. Sandra Parker – Headquarters Air Education and Training Command, A6
Captain Elliot R. Selle, USAF – Medical Law Consultant, Wilford Hall
Medical Center, Lackland Air Force Base
Mr. Alfred Nolting – Brooks City-Base, Texas Legal Office
Joseph A. Procaccino, Jr. – Legal Advisor to the Air Force Surgeon General

7. To date, to the best of my knowledge, the records relating to Kelly Air Force Base or the medical treatment facility located at that installation have not been located; neither has an affiant been identified with personal knowledge of the records.

John G. Terra
Trial Attorney
Air Force Legal Operations Agency

Subscribed and Sworn to before me this 5th day of July 2006.

NOTARY PUBLIC

KENNETH R. HENKEL, TSgt, USAF
Paralegal Journeyman
Notary By Federal Statue
10 U.S. Code 1044a
Commission Expires: 14 March 2010

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

AFFIDAVIT OF KENNETH M. CHAPMAN

1. My name is Lt Kenneth Chapman. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Flight Commander, 12th Medical Logistics Flight (12MDSS/SGSL) at Randolph Air Force Base, Texas. I have been in this position since 6 July 2005.

3. On 10 May 2006 12 MDSS was notified Ms. Kathleen Hallam at DLA of the claim filed by United Medical. We were recently made aware of an email reportedly sent to 1st Lt Robert Retsch (now Maj Retsch) and SSgt Sandy Paulk (now TSgt Stephens) at this office on 6 November 2002 which may have informed us of the claim. However, Maj Retsch was no longer at Randolph Air Force Base in November 2002. TSgt Paulk has no recollection of ever receiving an email.

4. In June of 2006 we searched our records for medical purchase documentation and found 62 boxes of documentation containing medical purchase material. Contained in those boxes are Government Credit Card receipts, Receiving Reports, and Invoices. In response to becoming aware of the claim in May 2006, we took steps to safeguard and preserve these documents. We placed labels on the boxes stating not to remove or destroy without prior coordination with base legal.

5. Subsequent to the original notification of the litigation, I also received the following communications relative to the preservation of potentially relevant evidence: an email from TSgt Kenneth Henkel, AFLOA/JACN, dated 22 May 2006

6. At the time I became aware of the claim/litigation, I was in possession of the following records: receiving reports, invoices and Government Purchase Card receipts for fiscal years 2000, 2001, 2002, 2003, 2004, 2005, 2006.

7. Since I have been here we have not destroyed any documents. I asked my staff and they have no knowledge of records being destroyed prior to my arrival but if the personnel before me followed procedures, then records were shredded after they were 6 years and 3 months old.

8. Although medical purchase records have not been destroyed since I've been here, the standard means for destroying records is by shredding.

9. 12 MDSS standard record retention/destruction policy is in accordance with AFI 41-209, we destroy records over six years and 3 months old by shredding them. If there is a lawsuit or potential claim we freeze the destruction of those records related to the claim or lawsuit until the matter is settled.

1Lt Kenneth Chapman
Flight Commander, Medical Logistics

Subscribed and Sworn to before me this 5th day of July 2006.

Officer

UNITED STATES AIR FORCE ★ JUDGE ADVOCATE ★

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

AFFIDAVIT OF WILLIAM MARCHAND

1. My name is William Marchand. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Noncommissioned Officer in Charge (NCOIC) of Acquisition and Inventory Management working in the Medical Logistics flight at the medical clinic at Laughlin Air Force Base (LAFB), Texas. I have been in this position since February 2004. TSgt Patricia Wilson is the NCOIC of the Medical Logistics flight. To the best of my knowledge Stephan Wynn was NCOIC in this section from 2003 until March 2005, and Eliseo Cabalu held the position from September 1995 until January 2003.

3. I became aware of the claim filed by United Medical in late May 2006. I was shown copies of emails that appear to have been sent to Eliseo Cabalu, from Anthony Amedolia, DSCP, on 6 November 2002. That email referred to an email sent on 1 October 2002 and was copied into the 6 November email. The 1 October email requested that "all records and correspondence be saved with respect to United Medical." The 6 November email stated that DSCP would "make arrangements to acquire copies of any United Medical correspondence" at LAFB. An email on 20 November 2002, again from Mr. Amendolia, was apparently sent to Mr. Cabalu. That email asked whether LAFB had "any records of NON PV purchases from June of 1997 to March of 2001." The email also stated that arrangements would be made to have "someone" review and copy archived records or folders.

4. Mr. Cabalu told our office that completed purchase orders or procurement documents, to include IMPAC card receipts and statements, from June 1997 to March 2001, were all boxed, sealed, tagged and stored in the medical logistics warehouses. He stated that no records were sent anywhere else to be stored and none of the documents were destroyed while he was at LAFB.

5. To the best of my knowledge, other than the 1 October 2002 email pasted into the 6 November 2002 email, apparently sent to Mr. Cabalu, which referred generally to current litigation proceedings, LAFB was not formally notified of the pendency of the subject suit.

6. In response to becoming aware of the suit in May 2006, we have discovered boxes containing IMPAC card receipts from on or about October 1999 to on or about October 2001, and Prime Vendor receipts from on or about October 2000 to on or about October 2001. When discovered these boxes were not marked in any way to keep them from being destroyed at the appropriate time based on our regulations. In order to preserve this potentially relevant evidence in May 2006 we isolated and conspicuously marked the boxes "NOT TO BE DESTROYED PENDING FURTHER GUIDANCE FROM DSCP."

7. At the time of the 6 November 2002 email to Mr. Cabalu, the Medical Logistics flight may

have been in possession of documents illustrating orders placed under the PV contract, orders placed outside the contract, billing information including credit card records, emails, internal memos from the period between June 1997 and March 2001, but I have no personal knowledge relating to this.

8. The Medical Logistics flight at LAFB currently has the following records: (1) IMPAC card receipts from on or about October 1999 to on or about October 2001; and (2) Prime vendor receipts from on or about October 2000 to on or about October 2001.

9. In October 2005, TSgt Wilson and I destroyed records stored in the Medical Logistics warehouse that were scheduled to be destroyed. I do not recall the subject matter of those documents. The destroyed records were not marked in any way that would have led us to believe that they should not be destroyed. I was not aware of a requirement to save IMPAC card receipts and statements until May 2006. Mr. Cabalu and Mr. Wynn both deny destroying any documents while at LAFB, so I am uncertain as to the disposition of any other potentially relevant records from June 1997 to March 2001. Additionally, if the requested records were boxed, sealed, tagged and stored in the warehouses like Mr. Cabalu said they were, I don't know why the rest of the IMPAC receipts and statements from June 1997 to March 2001 are missing.

10. The destruction of the documents referenced in paragraph 9 were identified and placed into a recycle bin here at LAFB.

11. Under current Air Force regulations, IMPAC card receipts and statements are to be retained for three years after final payment. (AFI 64-117). Additionally, any records pertinent to a dispute, investigation or similar matter must be destroyed six months after final clearance or settlement or three years from the final payment whichever is later. Data residing in the database is saved for six years. A previous edition in effect between June 1997 and March 2001, however, was different. Up until 6 December 2000 IMPAC receipts were to be retained for only one year, there was no guidance on how to handle records pertinent to a dispute or other matter and the records were not entered into a database. So, if this regulation were followed, IMPAC card receipts from 1997 to at least 1999 were likely destroyed before the implementation of the current regulation. This regulatory change coupled with the turnover in our flight most likely explains why the other IMPAC card receipts from June 1997 until March 2001 are gone.

Will Marchand

William Marchand
Medical Logistics Flight

STATE OF TEXAS

COUNTY OF VAL VERDE

Subscribed and Sworn to before me this 23 day of June 2006.

TERRA M WADE
Notary Public
State of Texas
My Commission Expires
December 2, 2006

NOTARY PUBLIC STATE OF TEXAS

Terra M Wade

Terra Wade
Notary Public

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

AFFIDAVIT OF

MASTER SERGEANT TERRY D. STEELE

1. My name is Terry D. Steele. I am a Master Sergeant (E-7) in the United States Air Force. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Superintendent of Medical Logistics Flight at the 82d Medical Group (82 MDG), located at Sheppard Air Force Base, Texas. I have been Superintendent of Medical Logistics Flight since 1 February 2003. However, I have been assigned to the 82 MDG since 4 July 2000.

3. To my knowledge, the 82 MDG was never notified of a contract claim filed by United Medical.

4. Since the 82 MDG was not notified of the contract claim, the 82 MDG took no steps to preserve potentially relevant evidence until the 82 MDG was notified of the pendency of the suit filed by United Medical.

5. To my knowledge, the 82 MDG was notified of the pendency of the suit filed by United Medical on or about 6 November 2002. The notification was received via an e-mail from Anthony Amendolia, Defense Supply Center Philadelphia. I remember receiving the 6 November 2002 e-mail as I was one of the addressees, on that e-mail. The e-mail that I received contained the contents of an earlier e-mail from Anthony Amendolia which he had sent on or about 1 October 2002 and made reference to litigation involving by United Medical. I do not recall receiving the e-mail dated 1 October 2002. I subsequently received another e-mail from Mr. Anthony Amendolia at DSCP dated 20 November 2002 regarding non PV purchases made from June of 1997 to March of 2001.

6. In response to the 6 November 2002 and 20 November 2002 e-mails regarding the litigation involving United Medical, individuals assigned to the Medical Logistics Flight (MLF) at the 82 MDG (including myself) in an attempt to preserve potentially relevant evidence searched our files and or records of NON PV purchases using government-wide purchase cards for the dates requested (June 1997 to March 2001). The search of the files and or records occurred in November 2002. However, prior to the notification of the suit and the request to preserve the records of NON PV purchases, all such records maintained by the MLF had been destroyed in accordance with AFI 64-117. At that time, all supporting documentations/records for NON PV purchases were only required to be maintained for a period of 12 months. Accordingly, our efforts to preserve potentially relevant evidence were not successful due to the destruction of the files in accordance with AFI 64-117. All records were destroyed on the 5th day of each month, dated one year prior to current year.

7. Subsequent to the original notification of the litigation which the 82 MDG received via email from Mr. Anthony Amendolia at DSCP dated 6 November 2002, the 82 MDG received another e-

mail, from Mr. Anthony Amendolia, at DSCP dated 20 November 2002 regarding the United Medical litigation and the preservation of evidence.

8. At the time the 82 MDG became aware of the litigation, the 82 MDG was in possession of the following potentially relevant records:

> None. At the time the 82 MDG became aware of the litigation, the 82 MDG had no potentially relevant Non PV records in its possession.

9. The 82 MDG currently has the following potentially relevant records:

> None. The 82 MDG currently has no potentially relevant Non PV records in its possession.

10. The following potentially relevant records are known to have been destroyed:

> NON PV Purchase Records, that is, orders placed outside of the United Medical contract using government purchase cards for the period 1 June of 1997 to 31 May 2001.

11. The destruction of the above documents occurred in the following manner:

> NON PV Purchase Records, that is, orders placed outside of the United Medical contract using government purchase cards for the period 1 June of 1997 to 31 May 2001 were destroyed by shredding after one year in accordance with the AFI 64-117, dated 6 December 2000, the record retention/destruction policy that was in effect when the 82 MDG was notified of the litigation regarding United Medical on 6 November 2002. Because the retention period was only one year, the 82 MDG had already destroyed the potentially relevant NON PV purchase records regarding the United Medical contract before receiving notification of the pending litigation on 6 November 2002.

12. The current 82 MDG record retention/destruction policy for NON PV Purchase Records made using the GPC is established by *AFI 64-117, Acquisition, AIR FORCE GOVERNMENT-WIDE PURCHASE CARD (GPC) PROGRAM*, dated 31 January 2006, and is as follows:

4.3.5.5. Documentation and Retention: The following documentation shall be maintained:

4.3.5.5.1. Documents received and /or generated by the cardholder to support transactions shall be retained for three years after final payment. Data residing in the Bank's electronic access system is maintained by the Bank for six years and three months. Reports may be retrieved from the Bank's electronic access system for up to the previous two years. Reports covering data fro periods beyond the previous two years are available from the Bank upon request (AFMAN 37 -139).

4.3.5.5.4. Any record pertinent to a dispute, investigation or similar matter must be destroyed six months after final clearance or settlement (including time allotted for appeals) destroy after the retention period specified for credit cards under Rule 26, whichever is later (AFMAN 37-139, Table 64-4, Rules 26 and 26.2).

The record retention/destruction policy in effect immediately prior to 31 January 2006 was established by *AFI 64-117, Acquisition, AIR FORCE GOVERNMENT-WIDE PURCHASE CARD (GPC) PROGRAM,* dated 6 December 2002, and was as follows:

4.3.5.4. Documentation and Retention: The following documentation shall be maintained:

4.3.5.4.1. Documents received and/or generated by the cardholder to support transactions, retain for three years after final payment. Data residing in the Bank's electronic access system is maintained by the Bank for six years and three months. Reports may be retrieved from the Bank's electronic access system for up to the previous two year. Reports covering data for periods beyond the previous two years are available from the Bank upon request (AFMAN 37-139).

4.3.5.4.4. Any record pertinent to a dispute, investigation or similar matter must be destroyed six months after final clearance or settlement (including time allotted for appeals) destroy after the retention period specified for credit cards under Rule 26, whichever is later (AFMAN 37-139, Table 64-4, Rules 26 and 26.2).

The record retention/destruction policy in effect on or about 6 November 2002, the date on which the 82 MDG was notified of the pending litigation, was established by *AFI 64-117, Acquisition, AIR FORCE GOVERNMENT-WIDE PURCHASE CARD) PROGRAM*, dated 6 December 2000, and was as follows:

4.3.5.4. Documentation and Retention: For each purchase card transaction, the following documentation shall be maintained:

4.3.5.4.1. Documents received and/or generated by the cardholder to support purchase transactions (statements of account, receipts, approvals, etc.). One year after final payment of statement IAW AFMAN 37-139, Table 64-4, R26 and FAR 4.805(b) (10).

Air Force Manual 37-139, Table 64-4, Rule 26 dated 1 March 1996 directed that IMPAC records be destroyed one year after final payment.

FAR 4.805(b) (10) directed that for investigations, cases pending or in litigation (including protests), or similar matters documents until final clearance or settlement, or, if related to a document identified in (b) (1)-(9), for the retention period specified for the related document, whichever is later.

TERRY D. STEELE, MSgt, USAF
Superintendent, Medical Logistics

Subscribed and Sworn to before me this 29 day of Jun 2006.

NOTARY PUBLIC

DEBRA J. CAHILL
MY COMMISSION EXPIRES
March 16, 2009

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

AFFIDAVIT OF JESSE E. SCHRUNK

1. My name is Jesse Schrunk . I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the NCOIC, Medical Logistics at 97 MDG Altus AFB OK. I have been in this position since Aug 2003.

3. I became aware of the claim filed by United Medical on May 10, 2006, by e-mail from Ms. Kathleen Hallam from DSCP.

4. In response to becoming aware of the claim, we searched our files for IMPAC (Government Credit Card) receipts and other sales or purchase transactions, and found no data pertinent to this case.

5. To the best of my knowledge, we did not find out about this case until May 10, 2006.

6. In response to becoming aware of the suit on May 10, 2006, we reviewed all staged files and found no data concerning sales transactions pertinent to this case to preserve potentially relevant evidence.

7. Subsequent to the original notification of the litigation, the 97 MDG also received one e-mail from AETC/SGSL, MSgt Megan St.Clair, on May 23, 2006, instructing us to preserve potentially relevant evidence.

8. After a thorough search of credit card records, no records were found concerning sales transactions pertinent to this case.

9. The MFT is not in possession of any records relevant to the sales transactions in this matter.

10. My understanding is from talking with the staff, any potentially relevant sales records older than three years were disposed of in the normal course of business by shredding and are no longer in existence.

11. My understanding is from talking with the staff, pursuant to AFI 64-117, sales records older than three years are destroyed by shredding.

12. The 97 MDG standard record retention/destruction policy is: IAW AFI 41-209 chap. 4, para. 4.12.11. "Retain PV receipt documents for six years and three months to support disbursement of funds as required by public law." IMPAC credit card records are maintained for up to three years, pursuant to AFI 64-117. When the facility becomes aware of a potential claim or filed lawsuit all documents are held until further disposition instruction from the notifying agency.

JESSE E. SCHRUNK, MSgt USAF
NCOIC, Medical Logistics

Subscribed and Sworn to before me this 23rd day of June 2006.

NOTARY PUBLIC

NOTARY SEAL PUBLIC
DAVID D. GRUND
Jackson County
Notary Public in and for
State of Oklahoma
Commission # 04005963 Expires 7/02/08

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

AFFIDAVIT OF JENNIFER CROSBY

1. My name is Jennifer Crosby. I am a Technical Sergeant in the United States Air Force. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Non Commissioned Officer in Charge (NCOIC) of Medical Material at the Tinker AFB Medical Facility. I have been in this position since April 2005.

3. To the best of my knowledge, Tinker Medical Facility was not aware of any claim filed by United Medical Supply company until May 10, 2006 when I was notified by Kathleen Hallam at DSCP via email.

4. Because we were unaware of a claim, no steps were taken in response to a claim to preserve potentially relevant evidence prior to May 10, 2006.

5. Tinker Medical Facility was formally notified of the pendency of the subject suit on May 10, 2006. That notification was given by DSCP. Tinker Medical Facility was again notified on May 24, 2006 by the Tinker Legal Office which was notified of the pendency of the subject suit by the Office Manager, Commercial Litigation Division AFLOA/JACN on May 22, 2006 via email.

6. In response to becoming aware of the suit on May 10, 2006, we gathered any remaining potentially relevant records and moved them to a secure location to prevent destruction of the potentially relevant evidence.

7. At the time the Tinker Medical Facility became aware of the claim/litigation, Tinker Medical Facility was in possession of the following records, which include IMPAC credit card receipts (a.k.a. Government Purchase Card (GPC) receipts), Depo (a.k.a. S9M) receipts, and Blanket Purchase Agreements:

Five Boxes of Prime Vendor #7133 (United Medical) Receipts:

A. K035-K140 (Dec 97 – Nov 98)
B. K141-K261 (Oct 98 – May 99)
C. K315-K385 (Jun 99 – Aug 99) & K757-K859 (Oct 00 – Mar 01)
D. K380-K620 (Aug 99 – Mar 00)
E. K621-K756 & U003 – U011 (Mar 00 – Sept 00)

Ten Boxes of Non Prime Vendor Receipts:

A. 8175-8355 (98-99)
B. 8246-8272 (98)
C. 8358-9064 (98-99)
D. 9067-9140 (99)
E. 9141-9214 (99)

F. 0003-0084 (00)
G. 0087-0171 (00-01)
H. 0172-0257 (00)
I. 0209-0308 (02-03)
J. 8096-8191 (98)

8. These records are being safeguarded by Tinker Medical Facility. They are being stored in a secure warehouse that can only be accessed by Medical Logistics personnel. All logistics personnel have been informed of the legal action and have been instructed not to move or destroy any of the records. The records were shipped to Kathleen D. Hallam, DSCP-G Office of Counsel, Building 36/3, 700 Robbins Avenue Philadelphia, PA 19111 on June 23, 2006, via TMO using a secured method.

9. The attachment titled, "Records Transmittal and Receipt" identifies potentially relevant records, including prime vendor receipts, known to have been destroyed from or near the relevant timeframe.

10. The destruction of these documents (see Attachment) occurred in the following manner: Fourteen boxes, including some prime vendor receipts, were sent to staging on 10/23/1998. After being held in staging for the time mandated in AFMAN 37-139 they were destroyed by burning the documents

11. Although the record retention policy has been updated in recent years, the Tinker Medical Facility standard record retention/destruction policy during the time in question was described in AFMAN 37-139 (obsolete), which stated that these records should be kept for 1 year after the close of the fiscal year in which they were created. Documents that were identified as relevant to pending claims or litigation were preserved until it was determined that they are no longer needed for evidentiary purposes. All of the above listed retained documents should have been destroyed pursuant to the retention/destruction policy but were never sent to staging.

Jennifer O Crosby
Name: Jennifer Crosby, TSgt, USAF
Title: NCOIC, Medical Material

Subscribed and Sworn to before me this 23 day of June 2006.

CAMMY DREBES NOTARY PUBLIC # 03007471 EXP. 6/10/07 IN AND FOR STATE OF OKLAHOMA OKLAHOMA COUNTY

Cammy Drebes
NOTARY PUBLIC

Attachment: Records Transmittal and Receipt

# RECORDS TRANSMITTAL AND RECEIPT

Complete and send original and two copies of this form to the appropriate Federal Records Center for approval prior to shipment of records. See specific instructions on reverse.

PAGE 1 OF 2 PAGES

1. TO (Complete the address for the records center serving your area as shown in 36 CFR 1228.150.)

Federal Records Center
72 CS/SCBA
3001 STAFF DR. SUITE 1AG85A
TINKER AFB, OK 73145-8102

5. FROM (Enter the name and complete mailing address of the office retiring the records. The signed receipt of this form will be sent to this address.)

72ND MDSS/SGSL
5700 ARNOLD ST. BLDG 5801
TINKER AFB. OK 73145-8102

DOC# 11075
Date Received 10-23-98
Data Located 10-26-98
Bldg. 3 Dr. 65 [illegible] 435 85
STAC:

2. AGENCY TRANSFER AUTHORIZATION — TRANSFERRING AGENCY OFFICIAL (Signature and title): KURT E. KONRATH, MSgt, USAF, Supt, Medical Logistics Flight — DATE: 15OCT98

3. AGENCY CONTACT — TRANSFERRING AGENCY LIAISON OFFICIAL (Name, office and telephone No.): SUE H. WHITING, A1C, 72 MDSS/SGSL 736-2171

4. RECORDS CENTER RECEIPT — RECORDS RECEIVED BY (Signature and title): Peggy Brooks — DATE: 10-23-98

6. RECORDS DATA

Fold

| RG (a) | FY (b) | NUMBER (c) | VOLUME (cu. ft.) (d) | AGENCY BOX NUMBERS (e) | SERIES DESCRIPTION (With inclusive dates of records) (f) | RESTRICTION (g) | DISPOSAL AUTHORITY (Schedule and item number) (h) | DISPOSAL DATE (i) | LOCATION (j) | SHF LF (k) | CONT. TYPE (l) | AUTO. DISP. (m) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 342 | 99 | Row 22 Bin 2 | 14 | 1/14 | SOURCE DOCUMENTS (ACCRUED EXPENDITURES TRANSFERRED) RECIEPT DOCUMENT #4109-6256 | N | AFMAN 37-139 T41-4 R-21 | 6Y3M FROM END OF FY98 JAN 2005 | | | | |
| | | | | 2/14 | RECIEPT DOCUMENT #62[illegible]-6304 | N | | | | | | |
| | | Row 22 Bin 3 | | 3/14 | RECIEPT DOCUMENT #6[illegible]-7014 | N | | | | | | |
| | | | | 4/14 | RECIEPT DOCUMENT #7015-7083 | N | | | | | | |
| | | | | 5/14 | RECIEPT DOCUMENT #7084-7150 | N | | | | | | |
| | | Row 22 Bin 4 | | 6/14 | RECIEPT DOCUMENT #7153-7209 | N | | | | | | |
| | | | | 7/14 | RECIEPT DOC #7210-7268. ROD BK FY '95-'96. PII FY '97 | N | — | JAN 2004 | | | | |
| | | | | 8/14 | PRIME VENDOR RECIEPTS TR 78 - TT 66 | N | | | | | | |

DESTROYED

approved: Peggy Brooks

Standard Form 135 (Rev. 7-85) (E
Prescribed by NAF
36 CFR 1228.1
(PerFORM PRO/NAF/EF)

# RECORDS TRANSMITTAL AND RECEIPT

Complete and send original and two copies of this form to the appropriate Federal Records Center for approval prior to shipment of records. See specific instructions on reverse.

PAGE 2 OF 2 PAGES

1. TO (Complete the address for the records center serving your area as shown in 36 CFR 1228.150.)

Federal Records Center
72 CS/SCB/. .
3001 STAFF DR. SUITE 1AG85A
TINKER AFB, OK 73145-8102

5. FROM (Enter the name and complete mailing address of the office retiring the records. The signed receipt of this form will be sent to this address.)

72ND MDSS/SGSL
5700 ARNOLD ST. BLDG 5801
TINKER AFB, OK 73145-8102

2. AGENCY TRANSFER AUTHORIZATION — TRANSFERRING AGENCY OFFICIAL (Signature and title) — DATE 15OCT98

3. AGENCY CONTACT — TRANSFERRING AGENCY LIAISON OFFICIAL (Name, office and telephone No.)
SUE H. WHITING, A1C
72 MDSS/SGSL 736-2171

4. RECORDS CENTER RECEIPT — RECORDS RECEIVED BY (Signature and title) — DATE

6. RECORDS DATA

| ACCESSION NUMBER RG (a) | FY (b) | NUMBER (c) | VOLUME (cu. ft.) (d) | AGENCY BOX NUMBERS (e) | SERIES DESCRIPTION (With inclusive dates of records) (f) | RESTRICTION (g) | DISPOSAL AUTHORITY (Schedule and item number) (h) | DISPOSAL DATE (i) | LOCATION (j) | SITE LF (k) | CONT. TYPE (l) | AUTO. DISP. (m) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Row Bin | 14 22 5 | 9/14 | PRIME VENDOR RECIEPTS TT67- TU 58 | N | AFMAN 37-139 T41-4 R-21 | 6Y3M | | | | |
| | | | | 10/14 | PRIME VENDOR RECIEPTS TU03- 57; TL41-80 | N | | FROM | | | | |
| | | | | 11/14 | PRIME VENDOR REC. TL 01- 40; TK96,97,99; TV 01-99 | N | | END OF | | | | |
| | | Row Bin | 22 6 | 12/14 | PRIME VEN. REC. TW01-TW27, P.V. MEDSURG K001-K034, PVM & PVP LOG BKS,DEA '86-'93 | N | | FY98 JAN 2005 | | | | |
| | | | | 13/14 | RECIEPT DOCUMENT #1000-6100 | N | | | | | | |
| | | | | 14/14 | RECIEPT DOCUMENT #0500-3900, 7000-9500 | N | | | | | | |
| | | | | | | N | | | | | | |
| | | | | | | N | | | | | | |

Standard Form 135 (Rev. 7-85) (EG)
Prescribed by NARA
36 CFR 1228.152
(PerFORM PRO/AF/EF-V3)

DD FORM 1387, JAN 90

TCN SW32116174X501XXX

11. RDD 177

3. FROM
SW3211
TRANSPORTATION OFFICER
SW3211 DDOO P.O. BOX 458000
TINKER AFB, OK 73145

2. POSTAGE DATA
COR TRANS
DEFENSE DEPOT
OKLAHOMA

5. SHIP TO/POE
DSCP-G
KATHLEEN D. HALLAM
OFFICE OF COUNSEL BLDG 36/3
700 ROBBINS AVENUE
PHILADELPHIA PA 19111
E42X12

16. PIECES
00001 OF 0001

8. PROJECT

6. TRANSP PRIORITY
1

7. POD

15. FMS CASE

9. ULTIMATE CONSIGNEE OR MARK FOR
DSCP-G
KATHLEEN D. HALLAM
OFFICE OF COUNSEL BLDG 36/3
700 ROBBINS AVENUE
PHILADELPHIA PA 19111

E42X12

18. TCMD/SUPPLY INFO

10. WT/CU THIS PC
546.00 26.4

4. TYPE SERVICE
COO-ON S1LM

13. CHARGES
554.29

CN: UBN9SW6

Dest:

Spur:

CD:

UBN9SW6

CONTROL NUMBER

Tsgt Crosby,
This is your copy
for file
Shipped out 6-23-06
By [signature]

CTL
CorTrans Logistics, LLC®
800/863-5772

House bill#:317755
TCN:SW32116174X501XXX

Shipper#: TINKER
TINKER AIR FORCE BASE
BLDG 506, DDOO-TH
7401 SECOND STREET
TINKER AFB, OK 73145

Consignee#:E42X12
DSCP-G
OFFICE OF COUNSEL BLDG 36/3
700 ROBBINS AVENUE
PHILADELPHIA, PA 19111

Service: NEXT DAY

I acknowledge receipt of and responsibility IAW AFI 23-111 for the items described below and will return them by the return date indicated.

| ISSUED TO: SIGNATURE | DUTY PHONE | ISSUED BY | |
|---|---|---|---|
| [signature] | 739-7259 | [signature] Caesar Jenkins | |
| **ISSUED TO: NAME, GRADE, ORGN** *(Type or print)* | **ORGN ACCT NO.** | **DATE OF ISSUE** | **RETURN DATE** |
| Lewis HATFIELD WG8 DD00-STF | | 6-23-06 | |

| STOCK NUMBER | DESCRIPTION OF ITEM | U/I | QNTY |
|---|---|---|---|
| Pallet of Records | Pallet containing 15 Boxes | EA | 1 |
| | A. K035 - K140 | | |
| | B. K141 - K261 | | |
| | C. K314 - K385 + K757 - K859 | | |
| | D. K380 - K620 | | |
| | E. K621 - K756 + U003 - U011 | | |
| | F. 8175 - 8355 H. 0003 - 0084 | | |
| | G. 8246 - 8272 I. 0087 - 0171 | | |
| | H. 8358 - 9064 J. 0172 - 0257 | | |
| | I. 9067 - 9140 K. 0209 - 0308 | | |
| Last Item — | J. 9141 - 9214 L. 8096 - 8191 - Last Item — | | |

AF FORM 1297, 19870701 *(EF-V4)* PREVIOUS EDITION WILL BE USED. **TEMPORARY ISSUE RECEIPT**

I acknowledge receipt of and responsibility IAW AFI 23-111 for the items described below and will return them by the return date indicated.

| ISSUED TO: SIGNATURE | DUTY PHONE | ISSUED BY | |
|---|---|---|---|
| | | | |
| **ISSUED TO: NAME, GRADE, ORGN** *(Type or print)* | **ORGN ACCT NO.** | **DATE OF ISSUE** | **RETURN DATE** |
| | | | |

| STOCK NUMBER | DESCRIPTION OF ITEM | U/I | QNTY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

AF FORM 1297, 19870701 *(EF-V4)* PREVIOUS EDITION WILL BE USED. **TEMPORARY ISSUE RECEIPT**

SHIPPING CONTAINER TALLY → 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31 32 33 34 35 36 37 38 39 40 41 42 43 44 45 46 47 48 49 50

# REQUISITION AND INVOICE/SHIPPING DOCUMENT

*Form Approved OMB No. 0704-0246 Expires Feb 28, 2006*

The public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to the Department of Defense, Executive Services and Communications Directorate (0704-0246). Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.

**PLEASE DO NOT RETURN YOUR FORM TO THE ABOVE ORGANIZATION. RETURN COMPLETED FORM TO THE ADDRESS IN ITEM 2.**

1. FROM: *(Include ZIP Code)*
72 MDSS/SGSL TSgt Jennifer Crosby
5700 Arnold Street Bldg 5801, Tinker AFB, OK 73145

SHEET NO.: | NO. OF SHEETS: | 5. REQUISITION DATE:
6. REQUISITION NUMBER: SW3211 6174 X501
7. DATE MATERIAL REQUIRED *(YYYYMMDD)*: 6177
8. PRIORITY: 02
9. AUTHORITY OR PURPOSE:

2. TO: *(Include ZIP Code)*
DSCP-G Attn: Kathleen D. Hallam
Office of Counsel Bldg 36/3 700 Robbins Ave Philadelphia, PA 19111

10. SIGNATURE: Jennifer Crosby
11a. VOUCHER NUMBER & DATE *(YYYYMMDD)*: Jennifer T Crosby TSgt
b. 736-2572
12. DATE SHIPPED *(YYYYMMDD)*: 20060620
13. MODE OF SHIPMENT:
14. BILL OF LADING NUMBER:
15. AIR MOVEMENT DESIGNATOR OR PORT REFERENCE NO.:

3. SHIP TO - MARK FOR
Kathleen D. Hallam
DSCP-G
Office of Counsel Building 36/3
700 Robbins Avenue
Philadelphia, PA 19111

E42X12

4. APPROPRIATIONS DATA
97X 4930.FCOB.6B FM2030 672300

AMOUNT:

| ITEM NO. (a) | FEDERAL STOCK NUMBER, DESCRIPTION, AND CODING OF MATERIEL AND/OR SERVICES (b) | UNIT OF ISSUE (c) | QUANTITY REQUESTED (d) | SUPPLY ACTION (e) | TYPE CONTAINER (f) | CONTAINER NOS. (g) | UNIT PRICE (h) | TOTAL COST (i) |
|---|---|---|---|---|---|---|---|---|
| 5 | Boxes of PVM Receipts | LT | — | — | — | — | — | Ø |
| 10 | Boxes of GPC, BPA, Depot, GSA receipts | LT | — | — | — | — | — | Ø |
| | | /15 | | 235 # | | | | |

16. TRANSPORTATION VIA MATS OR MSTS CHARGEABLE TO
17. SPECIAL HANDLING

| 18. RECAPITULATION OF SHIPMENT | TOTAL CONTAINERS | TYPE CONTAINER | DESCRIPTION | TOTAL WEIGHT | TOTAL CUBE |
|---|---|---|---|---|---|
| ISSUED BY | | | | | |
| CHECKED BY | | | | | |
| PACKED BY | | | ← TOTAL → | | |

| 19. RECEIPT | DATE (YYYYMMDD) | BY | |
|---|---|---|---|
| CONTAINERS RECEIVED EXCEPT AS NOTED | | | SHEET TOTAL 0.00 |
| QUANTITIES RECEIVED EXCEPT AS NOTED | | | GRAND TOTAL |
| POSTED | | | 20. RECEIVER'S VOUCHER NO. |

51 52 53 54 55 56 57 58 59 60 61 62 63 64 65 66 67 68 69 70 71 72 73 74 75 76 77 78 79 80 81 82 83 84 85 86 87 88 89 90 91 92 93 94 95 96 97 98 99 100

DD FORM 1348-1A, JUN 86 ISSUE RELEASE/RECEIPT DOCUMENT FORM APPROVED OMB NO 0704-0188

| DOC IDENT | RI FROM | M&S | UNIT ISS | QUANTITY | SUPPLEMENTARY ADDRESS | SIG | FUND | DISTRIBUTION | PROJECT | PRI | REQ'D DEL DATE | ADV | RI | O/P | COND | MGT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ZWTSDU | | | EA | 00015 | E42X12M | | | | 02177 | | | | FHB | A | | |

1\. TOTAL PRICE: UNIT PRICE DOLLARS 00000 CTS 00; DOLLARS 0000000000 CTS 00

2\. SHIP FROM: DDOO DLA DEPOT TINKER AFB OK SW3211

3\. SHIP TO: E42X12

4\. MARK FOR: E42X12 DSCP-G KATHLEEN D. HALLAM

| 5. DOC DATE | 6. NMFC | 7. FRT RATE | 8. TYPE CARGO | 9. PS |
|---|---|---|---|---|
| 06174 | 999916 | | Z9 | U |

| 10. QTY RECD | 11. UP | 12. UNIT WEIGHT | 13. UNIT CUBE | 14. UFC | 15. SL |
|---|---|---|---|---|---|
| | 00000 | 0000001.00 | 0001.000 | | |

16\. FREIGHT CLASSIFICATION NOMENCLATURE: FREIGHT ALL KINDS (FAK)

17\. ITEM NOMENCLATURE: TRANSHIP

18\. TY CONT | 19. NO CONT | 20. TOTAL WEIGHT | 21. TOTAL CUBE

22\. RECEIVED BY | 23. DATE RECEIVED

24\. DOCUMENT NUMBER & SUFFIX (30-44): SW32116174X501

25\. NATIONAL STOCK NO & ADD (8-22): 2995PVMGPCBPA

26\. RIC (4-6) UI (23-24) QTY (25-29) CON CODE (71) DISTR (55-56) UP (74-80): SDU EA 00015 A 0000000

3PZB155

1

27\. ADD'L DATA

PROJ: REC OCN: JON:
SPI:
DMIL: HCC: CIIC: U
HCC MSG: TY CARGO MSG: NO SPECIAL CODE APPL
T005067
MSDS BIN: Z99
DT6174/TI1315 D/C-PK:B506/L006 / DSG: PCN: 3PZB155

DD FORM 1348-1A, JUN 86 ISSUE RELEASE/RECEIPT DOCUMENT FORM APPROVED OMB NO 0704-0188

| DOC IDENT | RI FROM | M&S | UNIT ISS | QUANTITY | SUPPLEMENTARY ADDRESS | SIG | FUND | DISTRIBUTION | PROJECT | PRI | REQ'D DEL DATE | ADV | RI | O/P | COND | MGT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ZWTSDU | | | EA | 00015 | E42X12M | | | | 02177 | | | | FHB | A | | |

1\. TOTAL PRICE: UNIT PRICE DOLLARS 00000 CTS 00; DOLLARS 0000000000 CTS 00

2\. SHIP FROM: DDOO DLA DEPOT TINKER AFB OK SW3211

3\. SHIP TO: E42X12

4\. MARK FOR: E42X12 DSCP-G KATHLEEN D. HALLAM

| 5. DOC DATE | 6. NMFC | 7. FRT RATE | 8. TYPE CARGO | 9. PS |
|---|---|---|---|---|
| 06174 | 999916 | | Z9 | U |

| 10. QTY RECD | 11. UP | 12. UNIT WEIGHT | 13. UNIT CUBE | 14. UFC | 15. SL |
|---|---|---|---|---|---|
| | 00000 | 0000001.00 | 0001.000 | | |

16\. FREIGHT CLASSIFICATION NOMENCLATURE: FREIGHT ALL KINDS (FAK)

17\. ITEM NOMENCLATURE: TRANSHIP

18\. TY CONT | 19. NO CONT | 20. TOTAL WEIGHT | 21. TOTAL CUBE

22\. RECEIVED BY | 23. DATE RECEIVED

24\. DOCUMENT NUMBER & SUFFIX (30-44): SW32116174X501

25\. NATIONAL STOCK NO & ADD (8-22): 2995PVMGPCBPA

26\. RIC (4-6) UI (23-24) QTY (25-29) CON CODE (71) DISTR (55-56) UP (74-80): SDU EA 00015 A 0000000

3PZB155

1

27\. ADD'L DATA

PROJ: REC OCN: JON:
SPI:
DMIL: HCC: CIIC: U
HCC MSG: TY CARGO MSG: NO SPECIAL CODE APPL
T005067
MSDS BIN: Z99
DT6174/TI1315 D/C-PK:B506/L006 / DSG: PCN: 3PZB155

08.1V00

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

**AFFIDAVIT OF SHARLOTTE TERRY**

**1. My name is Sharlotte Terry. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.**

**2. I am the Air Education and Training Command (AETC) Command Records Manager. I have been in this position since May 2003, but I have been in this office since 1997.**

**3. Reese AFB TX closed in 1997. Any purchase documents would have been destroyed IAW the existing dispositions in the Air Force Records Disposition Schedule, which would have been 1 year after final payment. Additionally, I have no knowledge that AETC received any kind of notice not to destroy these records. They would have been destroyed using the prescribed disposition schedule for the records. Depending upon their sensitivity and the format they would have been in (paper or electronic), they would have been thrown in recycling, shredded or deleted from any electronic media they might have been on. Since I don't have any reference to these documents in any of the records we hold in the AETC Records Office, I cannot say for sure which format they were in or even if they existed nor can I determine positively how they were destroyed.**

**4. As Records Manager I did not become aware of the claim filed by United Medical until 23 May 2006.**

**5. In response to becoming aware of the claim, I searched our records to determine if we had any documents or evidence relevant to the claim. As stated in paragraph 3 above, any such evidence would have been destroyed within one year of the closure of Reese AFB. Therefore, we are not able to take any steps to preserve evidence, since all evidence would have been destroyed in 1998, one year after the closure of Reese.**

**6. Since becoming aware of the claim, I have not received any documents or evidence that would be relevant to the claim.**

**7. The standard record retention/destruction policy is: The policy for records retention is to maintain records for the length of time prescribed by the Air Force Records Disposition Schedule (RDS). Every disposition is approved by the National Archives and Records Administration and is published in the Federal Register prior to final publication in the RDS.**

Sharlotte Terry
SHARLOTTE TERRY
AETC Command Records Manager

Subscribed and Sworn to before me this 24 day of May 2006.

BARBARA J. NEAL
Notary Public
State of Texas
My Comm. Exp. 06-27-2009

Barbara J. Neal
NOTARY PUBLIC

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

Case No. 03-CV-289

v.

Judge Allegra

THE UNITED STATES,
Defendant.

---

AFFIDAVIT OF DWAYNE A. BACA

1. My name is Captain Dwayne Baca. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Medical Logistics Flight Commander at Dyess AFB Clinic. I have been in this position since January 2006.

3. I became aware of the suit/claim filed by United Medical on 23 May 2006 after I received a phone call from Captain Yvette Yarbrough, Assistant Staff Judge Advocate, Dyess AFB. I was unaware of any lawsuits/claims prior to this notification. From speaking with current staff, no one was aware of the allegations. I also spoke with Ms. Deloris Franklin and Amn Steven Smith (now stationed at Lackland AFB), who were stationed at Dyess at the time of the allegations and listed as recipients of the November 2002 DSCP e-mail. They were both unaware of the suit/claim.

4. In response to becoming aware of the suit/claim, we checked our medical supply reports as far back as we have stored to preserve potentially relevant evidence, including our IMPAC card statements and receipts, purchase orders, blanket purchase orders, and source documents.

5. As far as I know the Dyess Clinic was not made aware of the suit/claim until we received the 23 May 2006 phone call from Capt Yarbrough, Assistant Staff Judge Advocate, Dyess AFB.

6. In response to becoming aware of the suit/claim, we checked our medical supply reports as far back as we have stored to preserve potentially relevant evidence. Our IMPAC card statements and receipts, purchase orders, blanket purchase orders, and source documents go back to Jan 01.

7. Subsequent to the original notification of the litigation, Dyess Clinic has not received any communications relative to the preservation of potentially relevant evidence. Our initial notification was on 23 May 2006.

8. At the time I became aware of the suit/claim, the Dyess Clinic was not in possession of any records dated earlier than January 2001.

9. The Dyess Clinic currently has the following records: IMPAC card statements and receipts, purchase orders, blanket purchase orders, and source documents dating back to January 2001.

10. The following potentially relevant records are known to have been destroyed: The above listed records dated prior to January 2001 were destroyed (shredded) in accordance with Air Force and Federal guidelines.

11. The destruction of the above documents occurred in the following manner: The above listed records dated prior to January 2001 were shredded in accordance with Air Force and Federal guidelines.

12. The Dyess Clinic standard record retention/destruction policy is: Before 6 December 2002, the retention/destruction period was one year per AFI 64-117, *AF Government-Wide purchase Card (GPC) Program*. From 6 December 2002 to 31 January 2006 the retention/destruction period was three years per the same AFI. From 31 January 2006 to the present, the retention/destruction period is six years and three months. Per FAR 4.805, *Storage, Handling and Disposal of Contract Files*, when we become aware of a potential claim or lawsuit, we retain relevant records until final clearance or settlement.

DWAYNE A. BACA, Capt, USAF, MSC
Medical Logistics Flight Commander

Subscribed and Sworn to before me this 27th day of June, 2006.

NOTARY PUBLIC

BILLY G. SHEARER, JR.

**7 BW/JA, Dyess AFB, TX**
**Authorized Notary Authority**
**Under Title 10 U. S. C. 1044a**

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

AFFIDAVIT OF ANGELA M. YUHAS

1. My name is Angela M. Yuhas. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Medical Logistics Flight Commander at the 17th Medical Group at Goodfellow Air Force Base, Texas. I have been in this position 19 September 2005.

3. The 17th Medical Group became aware of the claim filed by United Medical on 11 May 2006 through an email sent by Air Education and Training Major Command from MSgt Megan St. Clair.

4. In response to becoming aware of the claim, we looked through our records from 1 Oct 1999-30 May 2006 consisting of Purchase Orders, Local Purchase receipts, Blanket Purchase Agreements, Quality Control reports, Prime Vendor receipts for both pharmaceutical and medical surgery, medical logistics requests, local purchase on government purchase card to see if we had any information saved from the years 1997-2001 to preserve potentially relevant evidence.

5. The 17th Medical Group was formally notified of the pendency of the subject suit 11 May 2006. That notification was given by DSCP from Kathleen Hallam through email.

6. In response to becoming aware of the suit, we looked through our records starting from fiscal year 2000 (1 Oct 1999) to see if we had any information saved from October 1996-Sep 2001 to preserve potentially relevant evidence. However, due to the lack of continuity between outgoing/incoming flight chiefs and staff, records from 1 Oct 1996-30 Sep 1999 were destroyed.

7. Subsequent to the original notification of the litigation, the 17th Medical Group has not received communications relative to the preservation of potentially relevant evidence since 11 May 2006.

8. At the time the 17th Medical Group became aware of the claim/litigation, the 17th Medical Group was not in the possession of orders placed under contract, orders placed outside contract, billing information including credit card records within the approximate time frame of 1 Oct 1996-30 Sep 1999 for this claim.

9. The 17th Medical Group currently is in the possession of orders placed under contract, orders placed outside contract, billing information including credit card records from 1 Oct 1999-current 2006 to include: DD 1155, Receiving Reports; AETC 1289, Local Purchase requests; Standard Form 1449, Contracting Form; AF 601, Equipment; and Vendor Invoices to include GPC receipts.

10. The following potentially relevant records are known to have been destroyed by

shredding: orders placed under contract, orders placed outside contract, billing information including credit card records within the time period of 1 Oct 1996-30 Sep 1999.

11. The destruction of the above documents occurred in the following manner: In the first few months of 2004, the records from 1 Oct 1996-30 Sep 1997 were destroyed by shredding. In 2005, the records from 1 Oct 1997-30 Sep 1998 were destroyed by shredding. In 2006, the records from 1Oct 1998-30 Sep 1999 were destroyed by shredding. We still possess the records from 1 Oct 1999-current 2006.

12. The 17th Medical Group standard record retention/destruction policy is:

The policy of record retention policy is to keep medical logistics records for 6 years and 3 months and destroying the records by shredding. We adhere to the guidance set forth in AFRIMS located at https://afrims.amc.af.mil. For filing ease, we treat all records the same—even the government purchase card receipts—of retaining them for 6 years and 3 months. If we had these records at the time of notification, we would have pulled them and placed the records in a separate box appropriately labeled with a pending litigation along with notifying our clinic Records Manager However, since 17 MDG Medical Logistics has had several personnel changeovers, there is no continuity folder or pulled records from FY 1997.

Angela M. Yuhas
Medical Logistic Flight Commander

Subscribed and Sworn to before me this 5th day of July 2006.

NOTARY PUBLIC

CINDY L MIDDLETON
Notary Public, State of Texas
My Commission Expires
December 09, 2009

COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC.<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 03-CV-289<br><br>Judge Francis M. Allegra |

AFFIDAVIT OF WINSTON L. MASSEY

1. My name is Winston L. Massey. I am over 21 years of age and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Medical Logistics Flight Commander at the 49th Medical Group, Holloman Air Force Base, New Mexico, 88330. I have been in this position since 1 March 2005.

3. The 49th Medical Group was formally notified of the pendency of the above-referenced suit on 19 May 2006. That notification was given by Captain James Lisher, Assistant Staff Judge Advocate, Holloman Air Force Base, New Mexico. As far as I know, and from speaking with the Medical Group Staff, this was our first notice of the suit.

4. In response to becoming aware of the claim, the 49th Medical Group palletized all Prime Vendor and Government Purchase Card receipts stored in Building 12 (Medical Logistics), Holloman Air Force Base, New Mexico and labeled "DO NOT DESTROY, PENDING LEGAL ACTION" to preserve potentially relevant evidence. In addition, a copy of Judge Allegra's Order was attached to each pallet.

5. The 49th Medical Group did not receive notification subsequent to the original notification of the litigation.

6. At the time the 49th Medical Group became aware of the aforementioned claim/litigation, the 49th Medical Group was in the possession of the following records: Prime Vendor receipts and Government Purchase Card logs, statements and receipts dated Fiscal Year (FY) 2002 (1 October 2001 to 30 September 2002), FY 03 (1 October 2002 to 30 September 2003), FY 04 (1 October 2003 to 30 September 2004), FY 05 (1 October 2004 to 30 September 2005), and current FY 06 (1 October 2005 to present, 15 June 2006). These records have been palletized (2 pallets), shrink

wrapped and labeled "DO NOT DESTROY, PENDING LEGAL ACTION." A copy of the Judge Allegra's Order has been attached to each pallet.

7. The 49th Medical Group currently has the following records: Prime Vendor receipts and Government Purchase Card logs, statements and receipts dated Fiscal Year (FY) 2002 (1 October 2001 to 30 September 2002), FY 03 (1 October 2002 to 30 September 2003), FY 04 (1 October 2003 to 30 September 2004), FY 05 (1 October 2004 to 30 September 2005), and current FY 06 (1 October 2005 to present, 15 June 2006. In addition, I contacted SSgt Saara Mustapha, Assistant Record's Manager, Holloman Air Force Base 'Base Staging Area', Building 839, Holloman AFB, New Mexico, 88330, Office: 49CS/SCBR. SSgt Mustapha provided 2 copies of the Standard Form 135 "Records Transmittal and Receipt". One copy dated 13 December 2001, for Local Purchase Receiving Records for FY 2000 (1 October 1999 to 30 September 2000), and one copy dated 18 October 2002, for FY 2001 (1 October 2000 to 30 September 2001). Thus, Holloman Air Force Base "Base Staging Area" has local purchase records, Prime Vendor receipts dated 1 October 1999 to 30 September 2001. Each Standard Form 135 was signed by then Medical Logistics Flight Commander, Matthew S. Krauchunas, and then 49th Medical Group record's custodian, Denise Hudson. In total, we/Holloman Air Force Base, the 49th Medical Group, have the requested records dating from 1 October 1999 to 15 June 2006. All records have been labeled "DO NOT DESTROY, PENDING LEGAL ACTION." A copy of the Judge Allegra's Order has been attached to each pallet.

8. The following potentially relevant records are known to have been destroyed: Prior to Air Force Instruction 64-117 dated 6 December 2000, Air Force Manual 37-139, Table 64-4, Rule 26 dated 1 March 1996 controlled government purchase card record disposition which directed that IMPAC (International Merchants Purchase Authorization Code) card records be destroyed one year after final payment. Because I was not the Medical Logistics Flight Commander prior to 1 March 2005, and because we currently have in our possession the above stated records dating from 1 October 1999 to 15 June 2006, I believe that IMPAC records prior to 1 Oct 1999 were destroyed based on the standard practice of destroying 1 year after final payment in accordance with Air Force Manual 37-139, Table 64-4, Rule 26 dated 1 March 1996.

9. The destruction of the above documents occurred in the following manner: I contacted to SSgt Saara Mustapha, Assistant Record's Manager, Holloman Air Force Base 'Base Staging Area' regarding destruction methods. She said shredding is/was the preferred method of document destruction. Thus, it is my understanding that the 49th Medical Group's records in question, prior to 1 October 1999 would have been shredded.

10. The 49th Medical Group's standard record retention/destruction policy is to follow Air Force Regulation, policy and guidance. The standard record retention/destruction policy for IMPAC (International Merchants Purchase Authorization Code) Credit Card receipts has changed twice since December 6,

2000. Air Force Instruction 64-117 controls management of the Air Force Government Wide Purchase card program. This is also referred to as the government credit card or IMPAC card. AFI 64-117, version 6 December 2000 was in effect until it was superceded by AFI 64-117, version dated 6 December 2002, which was then superceded by AFI 64-117, version dated 31 January 2006. The current version is the 31 January 2006 edition. The 6 December 2000 version, in effect until the issuance of the 6 December 2002 version directed the following retention:

> Para 4.3.5 directs the cardholder to retain receipts for purchases as follows:
> Para 4.3.5.4. Documentation and Retention: For each purchase card transaction, the following documents shall be maintained:
> 4.3.5.4.1. Documents received and/or generated by the cardholder to support purchase transactions (statements of accounts, receipts, approval, etc.). One year after final payment of statement IAW AFMAN 37-139, Table 64-4, R26 and FAR 4.805(b)(10);

The 6 December 2002 version of AFI 64-117 in effect until the issuance of the 31 January 2006 version changed the retention period for receipts.

> Para 4.3.5.4. Documentation and Retention: For each purchase card transaction, the following documents shall be maintained:
> 4.3.5.4.1. Documents received and/or generated by the cardholder to support purchase transactions, retain for three years after final payment. Data residing in Bank's electronic access system is maintained by the Bank for six years and three months. Reports may be retrieved from the Bank's electronic access system for up to the previous two years. Reports covering data for periods beyond the previous two years are available from the Bank upon request. (AFMAN 37-139).
>
> This version of AFI 64-117 also added para 4.3.5.4.4 which directed: Any record pertinent to a dispute, investigation or similar matter must be destroyed six months after final clearance or settlement (including time allotted for appeals) destroy after the retention period specified for credit cards under Rule 26, whichever is later (AFMAN 37-139, Table 64-4, Rules 26 and 26.2).

The current 31 January 2006 version of AFI 64-117 directs:

> 4.3.5.4.1. Documents received and/or generated by the cardholder to support purchase transactions, retain for three years after final payment. Data residing in Bank's electronic access system is maintained by the Bank for six years and three months. Reports may be retrieved from the Bank's electronic access system for up to the

previous two years. Reports covering data for periods beyond the previous two years are available from the Bank upon request. (AFMAN 37-139).

This version of AFI 64-117 also has para 4.3.5.4.4 added in the 6 December 2002 which directed:
Any record pertinent to a dispute, investigation or similar matter must be destroyed six months after final clearance or settlement (including time allotted for appeals) destroy after the retention period specified for credit cards under Rule 26, whichever is later (AFMAN 37-139, Table 64-4, Rules 26 and 26.2).

Air Force Manual 37-139, Table 64-4, Rule 26 dated 1 March 1996 directed that IMPAC records be destroyed one year after final payment.

FAR 4.805(b)(10) directed that for investigations, cases pending or in litigation (including protests), or similar matters documents until final clearance or settlement, or, if related to a document identified in (b)(1)-(9), for the retention period specified for the related document, whichever is later.

WINSTON L. MASSEY, Maj, USAF
Medical Logistics Flight Commander

STATE OF NEW MEXICO

COUNTY OF OTERO

On this 23rd day of June 2006, before me, SSgt Donnie Sweatt, Notary Public, personally appeared Maj Winston Massey personally know to me or proved to me on the basis of satisfactory evidence to be the person who name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity.

DONNIE SWEATT, SSgt, USAF
Paralegal, 49 FW/JA
Holloman AFB, NM 88330

Authorized under
TITLE 10 U.S.C. 1044

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

Case No. 03-CV-289

v.

Judge Allegra

THE UNITED STATES,
Defendant.

---

AFFIDAVIT OF MARK A. SABROSKI

1. My name is Mark A. Sabroski. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Medical Logistics Flight Commander at the 27 Medical Group, Cannon AFB NM. I have been in this position since 22 May 06.

3. I received notification of the claim filed by United Medical on 16 May 06, via an e-mail sent from the outgoing Medical Logistics Flight Commander, Capt. Daniel P. Zablotsky.

4. In response to becoming aware of the claim, my flight began looking for relevant evidence relating to the above litigation. Specifically, we searched all of our files for relevant IMPAC card receipts and other sales purchase transactions.

5. The 27 Medical Group, Cannon AFB was formally notified of the pendency of the subject suit on 16 May 06. That notification was given by DSCP via email.

6. In response to becoming aware of the suit, we began looking for relevant evidence to preserve. We have concluded that search and found potentially relevant IMPAC purchase records of medical supplies dating from March of 1999 through 31 May 2001. These records were found in boxes located in the medical logistics supply room at the Cannon AFB Medical Center.

7. Fred H. Cloaninger of the 27 Medical Group received original notification of the suit on 16 May 06, via an e-mail sent from MSgt Megan St. Clair at AETC. Subsequent to the original notification of the litigation, the 27 Medical Group, Cannon AFB did not receive any follow-up communications related to the preservation of potentially relevant evidence.

8. At the time the 27 Medical Group, Cannon AFB became aware of the litigation, the Group was in possession of IMPAC card records relating to the purchase of medical supplies. The records dated from March of 1999 through 31 May 2001. These records were removed from the medical center and taken to the Cannon AFB Legal Office for safekeeping.

9. 27 Medical Group, Cannon AFB standard record retention/destruction policy is that purchase records be retained for six years and three months and then destroyed in accordance with AFRIMS records disposition schedule. AFRIMS states (04 R 13.00) that local purchase and receiving records are to be destroyed six years and three months after the close of the fiscal year in which final payment was made. As stated above, those records have been removed to the Cannon AFB Legal Center for safekeeping.

~~9~~ **10**. The records dating from before March of 1999 were most likely shredded in accordance with the guidance from AFRIMS, but I am personally not aware of the nature of those documents

or of the shredding of these documents since I was not stationed here at the time. In addition to the AFRIMS guidance, the Air Force policy on IMPAC purchase records from 06 Dec 2000 to 06 Dec 2002 was based on AFI 64-117, dated 06 Dec 2000. This policy stated that those records received and/or generated by the cardholder to support purchase transactions be destroyed one year after the final payment of statement. The policy on IMPAC purchase records from 06 Dec 2002 to 31 Jan 2006 was based on AFI 64-117, dated 06 Dec 2002. This policy stated that those records received and/or generated by the cardholder to support purchase transactions be destroyed three years after the final payment of statement. I assume that records dating from before March of 1999 were destroyed in accordance with all of those policies and regulations before 27 Medical Group, Cannon AFB was formally notified of the above litigation on 16 May 2006.

~~10~~ **11**. Once the 27 Medical Group, Cannon AFB is notified of potential litigation all records would be sequestered on advice from our base legal office.

MARK A. SABROSKI, 2d Lt, USAF, MSC
Medical Logistics Flight Commander

Subscribed and Sworn to before me this 26th day of June 2006.

Yolanda A. Infante
NOTARY PUBLIC

**YOLANDA A. INFANTE**
**Notary of New Mexico**
**Curry County**

**My commission expires on 25 January 2007**

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

AFFIDAVIT OF MARK A. GREEN

1. My name is Technical Sergeant Mark A. Green. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Non-Commissioned Officer in Charge (NCOIC) of the Medical Logistics Flight, 71st Medical Support Squadron, 71st Medical Group, Vance Air Force Base, Oklahoma. I have been in this position since 3 May 2006. I have been in the medical logistics career field for 18 years.

3. I became aware of the claim filed by United Medical on 25 May 2006. Based on my review of e-mails from the Defense Supply Center Philadelphia (DSCP), I was able to identify two members of the 71st Medical Group as addressees on the e-mails. However, both of these members are not currently assigned to the 71st Medical Group. On 30 June 2006, I contacted MSgt Rick Lester who was listed as an addressee on the DSCP e-mail. MSgt Lester informed me he has no knowledge of receiving the e-mail or otherwise learning about litigation regarding United Medical Supply Company while he was at Vance Air Force Base. The other addressee, Sgt Louise Peterson, has been discharged from the United States Air Force.

4. In response to becoming aware of the claim, I have search our official records storage area and secured purchase records for fiscal year 2001 (1 October 2000-30 September 2001) and fiscal year 2002 (1 October 2001-30 September 2002). I was unable to locate relevant records for fiscal years 1996-2000. I am not aware of what steps, if any, members of the 71st Medical Group took to preserve potentially relevant evidence in October and November 2002 when the DSCP e-mails were allegedly sent to Vance Air Force Base.

5. In response to becoming aware of the suit on 25 May 2006, I have searched for records relevant to the litigation and secured purchase records for fiscal year 2001 and fiscal year 2002. These records contain IMPAC purchases from United Medical.

6. It is unknown at this time if potentially relevant records have been destroyed prior to 25 May 2006.

7. The destruction of any potentially relevant records occurred pursuant to the United States Air Force's standard record retention/destruction policy. Records are generally destroyed at Vance Air Force Base by recycling.

8. The 71st Medical Group's standard record retention/destruction policy is governed by Air Force Web-RIMS T41-04R13.00 (Records Disposition Schedule), Air Force Manual, 37-123 (Management of Records), and Air Force Instruction 41-209 (Medical Logistics Support). Accountable records to include local purchase orders and receipts are maintained for six years, three months. If retained separately, government purchase card (formerly IMPAC card) records are maintained for three years per Air Force Instruction 64-117.

Mark A. Green

MARK A. GREEN, TSgt, USAF
NCOIC, Medical Logistics Flight

**STATE OF OKLAHOMA**

**COUNTY OF GARFIELD**

On the 30th day of June 2006, before me, Velma J. Null, Notary Public, personally appeared Mark A. Green, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to within the instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument, or the entity upon behalf of which the person acted, executed the instrument.

Velma Jean Null

***VELMA J. NULL***

My Commission Expires: April 12, 2008

COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

AFFIDAVIT OF ANTONIO D. LOVE

1. My name is Antonio D. Love, Maj, USAF. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Chief, AF Medical War Reserve Materiel (AFMOA/SGSLW) now located at Kelly USA, San Antonio Texas as of August 2002. This function was formerly located in Ft. Worth Texas under the organizational name of AFMLO OL-2. I have been in this position since 19 June 2006.

3. I asked my staff whether and when AFMOA/SGSLW became aware of the claim filed by United Medical. My staff tells me that on 13 June 2006, we were informed of the claim/suit via email string from the Air Force Legal Operations Agency to Tim Morgan, Director, Medical War Reserve Materiel Services.

4. In response to becoming aware of the claim, we searched through everything that was brought from the AFMLO OL-2 Ft. Worth location, identified anything pertaining to that timeframe and set it aside to preserve potentially relevant evidence.

5. AFMOA/SGSLW was formally notified of the pendency of the subject suit on 13 June 2006. Attached in the email was document that included a current employee, Glen Bonney as an addressee. The document was an email, dated 6 November 2002, to notify/request information pertaining to United Medical be identified, and safeguarded in case DSCP would need copies. The email was never received by Mr. Bonney as this organization did not have email capability until December 2002. There is no other evidence of notification.

6. In response to becoming aware of the suit, we immediately identified, separated and marked "do not destroy" to preserve potentially relevant evidence.

7. Outside of the referenced notification in items 3 and 5, I know of no other communications to AFMOA/SGSLW.

8. At the time AFMOA/SGSLW became aware of the claim/litigation, AFMOA/SGSLW was in possession of the following records: 1998-2001 Prime Vendor Orders from United Medical, credit card orders/receipts from 2001, BPA orders from 2001.

9. AFMOA/SGSLW currently has the following records: 1998-2001 Prime Vendor Orders, Credit Card Orders/Receipts from 2001, BPA orders from 2001.

10. I have no knowledge of any potentially relevant records being destroyed. I asked my staff here and they have no knowledge of any potentially relevant records being destroyed.

11. Although I have no knowledge of any records being destroyed the normal destruction process at AFMOA/SGSLW is done through shredding of documents that are considered sensitive in nature, otherwise through a recycling program. I do not know how records were disposed of by OL-2 while it was in Ft. Worth.

12. AFMOA/SGSLW Medical materiel records will be disposed of according to the Air Force Records Disposition Schedule, Table 41-4, formally AFMAN 37-139. This is we retain source documents for local purchase receiving records for 6 years and 3 months after the close of the FY in which final payment is made, provided there are no discrepancies for which corrective actions are prescribed. Beyond the 6 years and three months, Table 41-4 directs records be destroyed when the agency determines that the records are superseded, obsolete or no longer needed for administrative, legal, audit or other operational purposes.

Antonio D. Love

ANTONIO D. LOVE, Maj, USAF
Chief, Medical WRM Industrial Ops

Subscribed and Sworn to before me this 20th day of June 2006.

NOTARY PUBLIC, STATE OF TEXAS
DIANE F. SKILLRUD
My Commission Expires
January 14, 2007

Skillrud

NOTARY PUBLIC