COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

Case No. 03-CV-289

Judge Allegra

---

AFFIDAVIT OF

1. My name is Judy K. Tyler, CRM. I am over the age of 21 years and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Records Management Officer at Carl R. Darnall Army Medical Center. I have been in this position since 1993.

3. Carl R. Darnall Army Medical Center/Darnall Army Community Hospital became aware of the claim filed by United Medical in October 2005. In the copy of the e-mail dated 6 November 2002 from Anthony Amendolia, Mr. Myron Ware is listed as an addressee. Mr. Ware informed me that he never received the e-mail regarding United Medical documents. The first notification was to Mrs. Debra White, Chief, Local Purchase, by telephone in October of 2005.

4. In response to becoming aware of the claim, we provided pertinent documents to Mr. Peter Brown, U.S. Department of Justice (DOJ), to preserve potentially relevant evidence. We provided Mr. Brown 13 binders and 2 blue folders of Prime Vendor records and 27 Credit Card discs, from 1997 – 2001.

5. Carl R. Darnall Army Medical Center/Darnall Army Community Hospital was formally notified of the pendency of the subject suit on October 2005. That notification was given by Mr. Peter Brown, DOJ, per telephone call to Debra White, Purchasing and Inventory Manager, Logistics Division.

6. In response to becoming aware of the suit, we gathered and released the documents to Mr. Peter Brown of U.S. Department of Justice to preserve potentially relevant evidence. The documents were maintained at Carl R. Darnall Army Medical Center in the Local Purchase section of the Logistics Division. Mr. Brown from Dept of Justice came to the facility to pick up the records. He brought with him Mr. Trace Stapleton from IKON Office Solutions. Mr. Brown took the disk containing the credit card records (these disks were Canofile disks), and Mr. Stapleton took the hard copy records. My understanding is that Mr. Stapleton was to copy the records for Mr. Brown.

7. Subsequent to the original notification of the litigation I am not aware of any communications relative to the preservation from DSCP, DLA, etc. The only notification received was from the Department of Justice per telephone to Mrs. White, October 2005, discussed in paragraph 2.

8. At the time the medical treatment facility (MFT) became aware of the claim/litigation, the MFT was in possession of the following records: Orders placed under contract, orders placed outside contract, billing information including credit card records. The dates of the records turned over to Mr. Peter Brown, Department of Justice are 1997 through 2001. The records were

handed over by Mrs. White, and a receipt for the records was not received. There are two reasons we still had the records. The first is that Logistics Division failed to destroy the records, in accordance with the Army records retention schedule (because, in accordance with AR 25-400-2, 1997 documents should have been destroyed after 3 years in January 2001, 1998 records should have been destroyed in 2002, 1999 records should have been destroyed in 2003, 2000 records should have been destroyed in 2004, and 2001 records should have been destroyed in 2005.) The second reason is, we were notified in September 2004, and a memorandum signed by our Commander dated in January 2005, notifying the staff of an all encompassing records freeze for all Department of the Army records.

9. The Medical Treatment Facility currently has the following records: The hard copy prime vendor records from 1997 - 2001. Mr. Peter Brown, DOJ still has in his possession some prime vendor records, and all credit card records 1997 – 2001.

10. The following potentially relevant records (provide a detailed description) are known to have been destroyed: none

11. The destruction of the above documents occurred in the following manner: N/A

12. Carl R. Darnall Army Medical Center/Darnall Army Community Hospital standard record retention/destruction policy is:

At the time these records were created, we were under AR 25-400-2, The Modern Army Recordkeeping System.

File Number 40-61f

Title: Medical Equipment Management

Authority: N1-AU-90-19

Privacy Act: Not applicable

Description: Documents relating to acquisition and property management of medical equipment, medical care support equipment, and Military Medical Benefits Property.

Disposition:

COFF: At the end of the year.

DEST: a. Documents pertaining to precious metals recovery should be destroyed after 5 years after COFF unless needed for audit purposes. b. Other documents destroy 3 years after COFF.

When we hear of a pending lawsuit, it is our policy to freeze all records relating to the pending lawsuit from destruction or transfer. We have been under a general records freeze per Department of the Army, since September 2004.

Judy K. Tyler, CRM
Records Management Officer
Carl R. Darnall Army Medical Center

Subscribed and Sworn to before me this 12th day of June 2006.

NOTARY PUBLIC