COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC. Plaintiff, | ) | Case No. 03-CV-289 |
| v. | ) | Judge Francis M. Allegra |
| THE UNITED STATES, Defendant. | ) | |

AFFIDAVIT OF WINSTON L. MASSEY

1. My name is Winston L. Massey. I am over 21 years of age and fully competent to make this affidavit. Unless otherwise stated, all statements made herein are based on my personal knowledge.

2. I am the Medical Logistics Flight Commander at the 49th Medical Group, Holloman Air Force Base, New Mexico, 88330. I have been in this position since 1 March 2005.

3. The 49th Medical Group was formally notified of the pendency of the above-referenced suit on 19 May 2006. That notification was given by Captain James Lisher, Assistant Staff Judge Advocate, Holloman Air Force Base, New Mexico. As far as I know, and from speaking with the Medical Group Staff, this was our first notice of the suit.

4. In response to becoming aware of the claim, the 49th Medical Group palletized all Prime Vendor and Government Purchase Card receipts stored in Building 12 (Medical Logistics), Holloman Air Force Base, New Mexico and labeled "DO NOT DESTROY, PENDING LEGAL ACTION" to preserve potentially relevant evidence. In addition, a copy of Judge Allegra's Order was attached to each pallet.

5. The 49th Medical Group did not receive notification subsequent to the original notification of the litigation.

6. At the time the 49th Medical Group became aware of the aforementioned claim/litigation, the 49th Medical Group was in the possession of the following records: Prime Vendor receipts and Government Purchase Card logs, statements and receipts dated Fiscal Year (FY) 2002 (1 October 2001 to 30 September 2002), FY 03 (1 October 2002 to 30 September 2003), FY 04 (1 October 2003 to 30 September 2004), FY 05 (1 October 2004 to 30 September 2005), and current FY 06 (1 October 2005 to present, 15 June 2006). These records have been palletized (2 pallets), shrink

wrapped and labeled "DO NOT DESTROY, PENDING LEGAL ACTION." A copy of the Judge Allegra's Order has been attached to each pallet.

7. The 49th Medical Group currently has the following records: Prime Vendor receipts and Government Purchase Card logs, statements and receipts dated Fiscal Year (FY) 2002 (1 October 2001 to 30 September 2002), FY 03 (1 October 2002 to 30 September 2003), FY 04 (1 October 2003 to 30 September 2004), FY 05 (1 October 2004 to 30 September 2005), and current FY 06 (1 October 2005 to present, 15 June 2006. In addition, I contacted SSgt Saara Mustapha, Assistant Record's Manager, Holloman Air Force Base 'Base Staging Area', Building 839, Holloman AFB, New Mexico, 88330, Office: 49CS/SCBR. SSgt Mustapha provided 2 copies of the Standard Form 135 "Records Transmittal and Receipt". One copy dated 13 December 2001, for Local Purchase Receiving Records for FY 2000 (1 October 1999 to 30 September 2000), and one copy dated 18 October 2002, for FY 2001 (1 October 2000 to 30 September 2001). Thus, Holloman Air Force Base "Base Staging Area" has local purchase records, Prime Vendor receipts dated 1 October 1999 to 30 September 2001. Each Standard Form 135 was signed by then Medical Logistics Flight Commander, Matthew S. Krauchunas, and then 49th Medical Group record's custodian, Denise Hudson. In total, we/Holloman Air Force Base, the 49th Medical Group, have the requested records dating from 1 October 1999 to 15 June 2006. All records have been labeled "DO NOT DESTROY, PENDING LEGAL ACTION." A copy of the Judge Allegra's Order has been attached to each pallet.

8. The following potentially relevant records are known to have been destroyed: Prior to Air Force Instruction 64-117 dated 6 December 2000, Air Force Manual 37-139, Table 64-4, Rule 26 dated 1 March 1996 controlled government purchase card record disposition which directed that IMPAC (International Merchants Purchase Authorization Code) card records be destroyed one year after final payment. Because I was not the Medical Logistics Flight Commander prior to 1 March 2005, and because we currently have in our possession the above stated records dating from 1 October 1999 to 15 June 2006, I believe that IMPAC records prior to 1 Oct 1999 were destroyed based on the standard practice of destroying 1 year after final payment in accordance with Air Force Manual 37-139, Table 64-4, Rule 26 dated 1 March 1996.

9. The destruction of the above documents occurred in the following manner: I contacted to SSgt Saara Mustapha, Assistant Record's Manager, Holloman Air Force Base 'Base Staging Area' regarding destruction methods. She said shredding is/was the preferred method of document destruction. Thus, it is my understanding that the 49th Medical Group's records in question, prior to 1 October 1999 would have been shredded.

10. The 49th Medical Group's standard record retention/destruction policy is to follow Air Force Regulation, policy and guidance. The standard record retention/destruction policy for IMPAC (International Merchants Purchase Authorization Code) Credit Card receipts has changed twice since December 6,

2000. Air Force Instruction 64-117 controls management of the Air Force Government Wide Purchase card program. This is also referred to as the government credit card or IMPAC card. AFI 64-117, version 6 December 2000 was in effect until it was superceded by AFI 64-117, version dated 6 December 2002, which was then superceded by AFI 64-117, version dated 31 January 2006. The current version is the 31 January 2006 edition. The 6 December 2000 version, in effect until the issuance of the 6 December 2002 version directed the following retention:

> Para 4.3.5 directs the cardholder to retain receipts for purchases as follows:
> Para 4.3.5.4. Documentation and Retention: For each purchase card transaction, the following documents shall be maintained:
> 4.3.5.4.1. Documents received and/or generated by the cardholder to support purchase transactions (statements of accounts, receipts, approval, etc.). One year after final payment of statement IAW AFMAN 37-139, Table 64-4, R26 and FAR 4.805(b)(10);

The 6 December 2002 version of AFI 64-117 in effect until the issuance of the 31 January 2006 version changed the retention period for receipts.

> Para 4.3.5.4. Documentation and Retention: For each purchase card transaction, the following documents shall be maintained:
> 4.3.5.4.1. Documents received and/or generated by the cardholder to support purchase transactions, retain for three years after final payment. Data residing in Bank's electronic access system is maintained by the Bank for six years and three months. Reports may be retrieved from the Bank's electronic access system for up to the previous two years. Reports covering data for periods beyond the previous two years are available from the Bank upon request. (AFMAN 37-139).
>
> This version of AFI 64-117 also added para 4.3.5.4.4 which directed: Any record pertinent to a dispute, investigation or similar matter must be destroyed six months after final clearance or settlement (including time allotted for appeals) destroy after the retention period specified for credit cards under Rule 26, whichever is later (AFMAN 37-139, Table 64-4, Rules 26 and 26.2).

The current 31 January 2006 version of AFI 64-117 directs:

> 4.3.5.4.1. Documents received and/or generated by the cardholder to support purchase transactions, retain for three years after final payment. Data residing in Bank's electronic access system is maintained by the Bank for six years and three months. Reports may be retrieved from the Bank's electronic access system for up to the

previous two years. Reports covering data for periods beyond the previous two years are available from the Bank upon request. (AFMAN 37-139).

This version of AFI 64-117 also has para 4.3.5.4.4 added in the 6 December 2002 which directed:
Any record pertinent to a dispute, investigation or similar matter must be destroyed six months after final clearance or settlement (including time allotted for appeals) destroy after the retention period specified for credit cards under Rule 26, whichever is later (AFMAN 37-139, Table 64-4, Rules 26 and 26.2).

Air Force Manual 37-139, Table 64-4, Rule 26 dated 1 March 1996 directed that IMPAC records be destroyed one year after final payment.

FAR 4.805(b)(10) directed that for investigations, cases pending or in litigation (including protests), or similar matters documents until final clearance or settlement, or, if related to a document identified in (b)(1)-(9), for the retention period specified for the related document, whichever is later.

WINSTON L. MASSEY, Maj, USAF
Medical Logistics Flight Commander

STATE OF NEW MEXICO

COUNTY OF OTERO

On this 23rd day of June 2006, before me, SSgt Donnie Sweatt, Notary Public, personally appeared Maj Winston Massey personally know to me or proved to me on the basis of satisfactory evidence to be the person who name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity.

DONNIE SWEATT, SSgt, USAF
Paralegal, 49 FW/JA
Holloman AFB, NM 88330

Authorized under
TITLE 10 U.S.C. 1044