**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., *Plaintiff* | CASE NO: 03-CV-289 |
| v. | Judge Allegra |
| THE UNITED STATES, *Defendant* | |

**PLAINTIFF'S REPLY TO NOTICE OF FILING OF AFFIDAVITS AND OBJECTION TO AFFIDAVITS AS INCOMPLETE**

**TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:**

On July 5, 2006 the Government filed a "Notice of Filing of Affidavits." Attached to the Notice were numerous affidavits completed by the various medical treatment facilities ("MTFs") purportedly in compliance with the Court's order of April 26, 2006. The Notice was not simply notice, but argument with which Plaintiff disagrees. Plaintiff further disagrees that the affidavits complied with the Court's order of April 26, 2006. Accordingly, Plaintiff files this reply.

1. In late 2005, the Government disclosed that it had destroyed relevant evidence. In response to that disclosure, the Court has attempted, *inter alia,* to determine what steps had been or were being taken to prevent further destruction of evidence and what relevant evidence had been destroyed. One of those steps was to require all of the MTFs to file affidavits detailing nine (9) areas of interest to the Court.

2. The affidavits, if correct, clearly establish serious deficiencies to protect relevant evidence. Over half of the MTFs claim they were unaware of United Medical's claims

and lawsuit until May 2006, over six months after DOJ discovered relevant documents had been destroyed, and after the April 25, 2006 telephone conference held by the Court to determine what efforts had been taken to prevent further destruction.

3. The affidavits, however, do not comply with paragraphs 2, 4, 5, 6, 7, and 8. Those paragraphs require information pertaining to all evidence relevant to the case. The Government, however, responded only with respect to diverted purchases, primarily diverted purchases by the use of credit cards.[1]

4. For example, Ms. Lynn Nelson, who has been employed at William Beaumont Army Medical Center since 1966, United Medical's 2nd largest MTF customer, provided the following affidavit testimony to this Court,

> [In 2003] the Department of Justice representative asked to see our United Medical records. She did not ask to see any credit card records or other documents related to non-Prime Vendor purchases. We did not have many contract records because United Medical stopped doing business with us in the September - October 2000 time frame and we destroy our records after two years.
>
> The woman from Justice reviewed the United Medical records we had and stated that they were "useless". Because our United Medical records were useless and we were not advised by Justice to keep them, they were destroyed in accordance with our two year retention policy.
>
> At the time the Department of Justice representative visited us, we had credit card records available. We no longer have those records. Justice did not express any interest in seeing them in March 2003, did not ask us about them in March 2003 and did not advise us to retain them in 2003. Therefore, the credit card records were destroyed in accordance with our two year retention policy.

5. By way of further example, Mr. Jesse Schrunk testified,

---

[1] The Government used other methods to divert significant purchases from United Medical, primarily blanket purchase agreements. The Government has not provided any data with respect to any purchase methods other than Government credit cards.

> In response to becoming aware of the suit on May 10, 2006, we [Altus AFB] reviewed all staged files and found no data concerning sales transactions pertinent to this case to preserve potentially relevant evidence.

6. Mr. Schrunk did not provide any explanation as to why the search was limited to "sales transactions" or how it was determined what sales transactions were pertinent to the case.

7. Neither the Court nor Plaintiff's counsel expected the affidavits to be limited to sales data. United Medical has asserted other claims based on failure to pay for goods received, negligent estimate of requirements, and failure to provide usage data. The Government has asserted affirmative defenses or raised inferential rebuttal issues. Paragraph 5 of the Court's order required each MTF to provide information as to what evidence it was advised was potentially relevant to the case. That information is missing.

8. The filing of the affidavits were accompanied by a document titled, "Defendant's Notice of Filing of Affidavits. ('the Notice')." That document was much more than a notice, it contained numerous arguments by Government counsel in an attempt to downplay the spoliation issues and to convince the Court that the Government has complied with the Court's order of April 26, 2006, as amended.

9. Paragraph 1 of the Notice mentions 56 boxes of responsive purchase records that have been discovered in June 2006. To clarify any inferences to the contrary, Plaintiff's counsel did not receive copies of these document by the July 5, 2005 deadline imposed by paragraph (i) of the order. Copies still have not been received, although the

Government has advised that they will be provided, along with some other purchase documents that have been discovered.

10. Paragraph 3 of the Notice suggests that Anthony Amendolia notified the MTFs in October and November of 2002 to preserve potentially relevant evidence including credit card records. That is not a fair reading of Mr. Amendolia's broadcast emails, which is casual in tone.

a. First, Mr. Amendolia requested a response indicating that the email had been received. In many cases, as admitted by the Government, he did not get that response and many MTFs claim they never received the emails.

b. Second, the only documents he indicated needed to be saved were correspondence and records with United Medical. A general inquiry was made about non-PV purchases.

c. Third, there is not any emphasis on a diligent search effort or an effort to locate usage data or the basis on which purchase estimates were made.

d. Fourth, neither Mr. Amendolia's email or any other document indicates that the MTFs were ever provided with copies of the lawsuit or discovery requests, or summaries thereof.

e. Fifth, the Amendolia email did not create urgency or seriousness. The Marchand affidavit [Laughlin AFB] indicates that Laughlin received Mr. Amendolia's email but did not read it to require retention, so documents were destroyed in 2005.

11. Paragraph 7 of the Notice indicates that most Air Force bases received notice of the claim in 2002. Based on the affidavits only two received notice in 2002, and this

notice was simply the Amendolia broadcast emails discussed above. The other nine (9) Air Force bases that purchased from United Medical did not receive any notice of United Medical's claims or lawsuit until May 2006. See attachment 1.

For the reasons described above, Plaintiff requests that its objection to the affidavits be sustained and that the MTFs be required to file amended affidavits with the detail described by the Court in its order of April 26, 2006.

**Signed July 12, 2006.**

Respectfully submitted,

s/ Frank L. Broyles
Frank L. Broyles
Texas State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF SERVICE

A copy as filed will be served on Kyle Chadwick via first class mail on July 12, 2006 in addition to the Clerk's electronic service.

s/ Frank L. Broyles