Appendix C - Plaintiff's Rule 27 Petition to Perpetuate Testimony

Frank L. Broyles
1601 Elm St.
suite 3300
Dallas, TX 75201
214-969-5454
214-969-5902 Telecopy
frankb@gucl.com email
Special Counsel to the Debtor as Debtor-in-Possession

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| In re: UNITED MEDICAL SUPPLY COMPANY, INC., Debtor-in-Possession | CASE NO.01 - 41911-bjh-11<br>Chapter 11 |
| UNITED MEDICAL SUPPLY COMPANY, INC.,<br>Petitioner | Adversary: 01-4124 |

**PETITION TO TAKE DEPOSITION TO PERPETUATE TESTIMONY**

United Medical Supply Company, Inc., Debtor-in-Possession in the above styled bankruptcy case, pursuant to FRCP 27, files this its petition to take the deposition of the following persons:

a. William Bandy

b. Megan Edmonds

c. Joe Smith

**JURISDICTION**

The Court has jurisdiction over this adversary proceeding pursuant to Federal Rule of Civil Procedure 27 and 28 U.S.C. §1334(e) and 28 U.S.C. §1409(a). This a core

proceeding pursuant to 28 U.S.C. 157(b)(2)(A) and (O). This petition is preliminary to a complaint to recover money and is an appropriate adversary action under B.R. 7001.

**RELEVANT FACTS**

As shown below, the depositions of these individuals to perpetuate their testimony is critical to the debtor, since the claim against the Department of Defense is a major asset of the debtor.

1. United Medical Supply Company expects to bring a breach of contract action in this bankruptcy court against the United States arising out of a pre-petition contract between United Medical and the Defense Supply Center Philadelphia as described in detail below.[1] The action cannot currently be brought because the Debtor will first need to pursue its claims at the administrative level under a request for equitable adjustment.

2. The lawsuit will be a breach of contract claim against the United States seeking recovery of approximately $12,500,000 in lost profits plus prejudgment interest and, to the extent allowed by law, attorneys fees. The debtor contracted to supply various military hospitals with approximately 500,000 different medical items ("DAPA items"). The contract, while quite complicated, was simple in concept. The facilities would purchase 100% of their needs for these 500,000 DAPA items and pay United Medical, through Defense Supply Center Philadelphia, within fifteen days of invoice.[2]

---

[1] The DoD contract numbers are SP0200-97-D-7133 and SP0200-97-D-7134.

[2] The military facilities subject to the contracts included: Vance AFB, Tinker AFB, Fort Hood, Dyess AFB, Goodfellow AFB, Kirtland AFB, Holloman AFB, Fort Bliss, Corpus

In return for this promise, United Medical agreed to sell on a cost plus 6.4% basis. The key incentive for United Medical agreeing to make substantial capital investment and operate on such a low margin was significant volume (approximately sixty million dollars per year for five years) and prompt payment.

3. The Department of Defense ("DoD") apparently admits that it only purchased a small portion of the DAPA items from United Medical, which was a material breach of the contract. The DoD materially breached the contract in several other respects.[3] Since, the DoD facilities purchased most of the DAPA items from sources other than United Medical, lost more than $12,000,000 million net profits and suffered substantial losses. United Medical seeks to recover its lost profits and its losses caused by the breaches.

4. Prior to United Medical's making a substantial capital investment, it had requested and received assurances from the Department of Defense intended to perform its obligations under the contract. Thus, the failure of the Department of Defense to perform was shocking to United Medical, as well as financially devasting.[4]

---

Christi Naval Hospital, Sheppard AFB, Altus AFB Fort Huachuca, Cannon AFB, Brooks AFB, Randolph AFB, Fort Sam Houston, Reese AFB, USCG – Galveston.

[3] There are several reasons for the breach, but it appears that the primary reason is that Defense Supply Center Philadephia had the responsibility for administering the contract, but little or no authority to ensure compliance by the medical facilities. Secondarily, change in personnel a the hospitals prevented proper implementation of this complex contract.

[4] At one point in time the Department of Defense was concerned that its breach would force United Medical into bankruptcy. This is by far the largest single factor in forcing United Medical into bankruptcy.

5. Petitioner desires to elicit testimony from the proposed witnesses regarding conversations each had with Department of Defense personnel regarding the contract and to authenticate written records made by these witnesses (or at the instance of these witnesses) for use in an anticipate lawsuit.

6. The only adverse party is the United States. The identities of the appropriate agents and their addresses who should be served pursuant to Rule 27 are:

a. Contracting Officer
Attn: Ms. Linda Flatley
Defense Supply Center Philadelphia
2800 South 20th Street
Philadelphia, PA 19145

b. United States Attorney
Office of the United States Attorney
3rd floor
1100 Commerce St.
Dallas, TX 75242

c. Office of the Attorney General
Main Justice Building
Room 5111
10th and Constitution Ave. N.W.
Washington, D.C. 20530

7. Petitioner seeks to depose the individuals listed below. The testimony Petitioner expects to illicit is testimony regarding conversations with DoD personnel regarding the contracts, and testimony concerning records maintained by the Debtor which pertain to the DoD contracts, including how the records were created, how they were maintained, and their authenticity. The individuals petitioner seeks to depose are:

a. Mr. William Bandy
5117 Northeast Parkway
Fort Worth, Texas 76106

b. Ms. Megan Edmonds
5117 Northeast Parkway
Fort Worth, Texas 76106

c. Mr. Joe Smith – address to be determined though additional investigation.

**REQUEST FOR RELIEF**

For the reasons shown above, Petitioner requests that the Court enter an order authorizing the Petitioner to take the depositions by oral examination of the persons named above for the purpose of perpetuating their testimony.

Respectfully submitted,

Frank L. Broyles
State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1601 Elm Street
3300 Thanksgiving Tower
Dallas, Texas 75201
(214) 969-5454
(214) 969-5902 Fax

Attorney for Debtor

# VERIFICATION

I verify and affirm that the statements made in support of the petition in numbered paragraphs 1, 5, 6, and 7 are true and correct to the best of my knowledge and belief after diligent inquiry and investigation into the facts.

______________________________

Sworn and subscribed to before me the undersigned notary on October 1, 2001.

Cindy Plows
Notary Public for the State of Texas

CINDY PLOWS
MY COMMISSION EXPIRES
September 8, 2005

# CERTIFICATE OF SERVICE

On Oct 1, 2001 The foregoing Petitioner was served on the persons shown below by first class mail, certified return receipt requested, in accordance with applicable bankruptcy rules.

______________________________

Persons Served:

a. Contracting Officer
Attn: Ms. Linda Flatley
Defense Supply Center Philadelphia
2800 South 20th Street
Philadelphia, PA 19145

b. United States Attorney
Office of the United States Attorney
3rd floor
1100 Commerce St.
Dallas, TX 75242

c. Office of the Attorney General
Main Justice Building
Room 5111
10th and Constitution Ave. N.W.
Washington, D.C. 20530