# Appendix G – Government's 2002 Responses to Interrogatories

E. Kathleen Shahan
D.C. Bar # 267872
Civil Division
U.S. Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
202 - 307-0249
202 - 307-0494 (telefax)
Kathie.Shahan@usdoj.gov
Attorney for the United States

**IN THE UNITED BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: UNITED MEDICAL SUPPLY COMPANY INC., Debtor-in-Possession | ) | Case No.01 - 41911-bjh-11<br>Chapter 11 |
| United Medical Supply Company, Inc., Plaintiff, | ) | |
| v. | ) | Adversary: 02 - 4230 |
| United States of America, Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT UNITED STATES**

Defendant, the United States of America, responds to plaintiff's first set of discovery requests as follows:

INTERROGATORY NO. 1

This interrogatory requests information pertaining to the representations made by the Defendant in the Award SP0200-97-D-7133 and Modification Number 006 to the Award. For each Participating MTF, please provide the following information (The dollar amount provided



D.S 2

for each Participating MTF is expected to total the amount stated in the Award and Modifications. If an exact dollar amount is not known, however, a best estimate may be used):

a. The dollar amount attributable to the Participating MTF for that MTF's share of the estimated dollar value for the base year as represented by DPSC in the Solicitation.

b. The dollar amount attributable to the Participating MTF for that MTF's share of the estimated total dollar value for the contract as represented by the DPSC in the Solicitation.

c. If the totals provided under a and b above do not equal the amounts represented in the referenced Award and Modification, state why they do not.

<u>ANSWER NO. 1</u>

a. This information is currently unknown, and therefore, information sufficient to make an estimate is not available. If the information was ever provided to DSCP, it is no longer available. The only information currently available consists of a consolidated list based upon information provided by the Army, the Air Force and the Navy, which list is produced in response to Request No. 1.

b. See response to Interrogatory No. 1a.

c. No response required.

<u>INTERROGATORY NO. 2</u>

What was the process used by Defendant to estimate the contract value over the projected five annual contract periods, including the process used to identify those MTFs expected to

participate in the program.

ANSWER NO. 2

DSCP requested information from the Prime Vendor Service Representatives (one for each branch – the Army, the Air Force and the Navy). They were asked to provide DSCP with the yearly estimates for each of their participating facilities. DSCP consolidated the information to determine the total estimate. Due to the startup time involved, DSCP used 50% of the total yearly estimate provided for the base year contract and 100% of the estimate for the option years. DSCP also requested that they provides a list of the facilities that wanted to participate in th program.

INTERROGATORY NO. 3

Identify the persons with the Supply Center who prepared the estimates of contract value.

ANSWER NO. 3

The identity of the individual at DSCP who collected the estimates provided by the Army, the Air Force and the Navy and collated them to produce the contract estimate is currently unknown. The information was collected from Major Troy Molnar of the Air Force and from Mike David of the Army. The individual from whom the information at the Navy was collected is unknown at this time.

INTERROGATORY NO. 4

For each Participating MTF, identify the MTF and state, by contract year, the total dollar amount of Scheduled Medical Products and Supplies purchased by that particular MTF for each Contract Year during the term of the Contract between Plaintiff and Defendant, and for each

MTF, state the dollar amount of the Scheduled Medical Products and Supplies purchased from United Medical and the dollar amount of the Scheduled Medical Products and Supplies purchased from third parties.

ANSWER NO. 4

Individual MTF's do not capture their information in this manner. However, to the extent that information concerning the dollar amount of Scheduled Medical Products purchased from United Medical is available, it is contained in the Contracting Officer's Files for United Medical and will be made available as set forth in Response to Request No. 7. With respect to purchases from third parties, DSCP is attempting to determine what records are available and will supplement this response if relevant information or documents are located.

INTERROGATORY NO. 5

For each Participating MTF, identify the MTF and state the total dollar amount of products for each contract year that the particular MTF ordered from United Medical but which was not supplied by United Medical.

ANSWER NO. 5

The requested information can be extrapolated from the reports of fill rates by MTF and will be made available as set forth in Response to Request No. 4.

INTERROGATORY NO. 6

For each Participating MTF, identify the MTF and state the dollar amount of Products that particular MTF purchased from third parties, i.e., suppliers other than United Medical, during the term of the contract between United Medical and the United States.

ANSWER NO. 6

To the extent that "Products" means "Scheduled Medical Equipment and Supplies," see Answer to Interrogatory No. 4.

INTERROGATORY NO. 7

For each Participating MTF, identify the MTF and state, for each contract year, the dollar amount of diverted purchases made by that MTF for that contract year during the term of the contract between the Government and United Medical. The term "diverted purchases" as used in this interrogatory means purchases made by the MTF from third parties which it contractually was required to first order from United Medical but did not.

ANSWER NO. 7

The defendant has no knowledge of any dollar amounts for "diverted purchases." See Answer to Interrogatory No. 4 for purchases from third parties.

INTERROGATORY NO. 8

Prior to awarding the contract to United Medical, did the Government make any estimate of profits or profit margins it anticipated United Medical receiving under the Contract, either by dollar or percent of revenues?

ANSWER NO. 8

No.

INTERROGATORY NO. 9

Did the Government ever determine during the term of the Contract that its original requirement estimates were too high? If "yes, " state when such a determination was made, the

individuals involved in making that determination, the dollar amount by which the Government's estimates were too high, and if the Government considered giving the Prime Vendors and [sic] adjustment to the contract price.

ANSWER NO. 9

No.

INTERROGATORY NO. 10

State all reasons, as you understand it, that Scheduled Medical Equipment and Supplies were, from time to time, ordered by a Participating MTF from United Medical under the Prime Vendor Contract, but not supplied by United Medical, specifically including: the MTF failed to properly order, the order was killed by United Medical, United Medical failed to provide timely confirmation, and United Medical failed to provide timely delivery.

ANSWER NO. 10

Defendant objects to this interrogatory as being overbroad and unduly burdensome to the extent that it seeks all reasons ordered products were not supplied by United Medical. Defendant is unaware of any instance where the MTF failed to properly order. The reasons, as understood by the defendant, are contained throughout the Contracting Officer's File for United Medical, which file will be made available as set forth in Response to Request No. 4.

INTERROGATORY NO. 11

With respect to each reason provided above, if you have an estimated dollar volume for of Schedule Medical Equipment and Supplies ordered but not supplied, state the dollar amount you estimate was not supplied with respect to each reason for which you have such an estimate.

ANSWER NO. 11

No such estimate was made.

INTERROGATORY NO. 12

What is your estimate of the dollar volume of Scheduled Medical Equipment and Supplies not sold by United Medical due to the eleven alleged contractual violations you identify in your written denial of United Medical's claim dated August 22, 2002.

ANSWER NO. 12

No such estimate has been made, and documentation sufficient to make such as estimate does not exist. However, United Medical's monthly fill rate for each MTF is available in the Contracting Officer's File for United Medical and will be made available as set forth in Response to Request No. 4.

INTERROGATORY NO. 13

Identify each person involved in denying United Medical's request to mediate its claims against the Department of Defense. Identify means to provide the persons name, title, and business address. A person is involved if he or she provided information used in preparing the denial or reviewed the denial before it was sent to Plaintiff.

ANSWER NO. 13

United Medical's requests have not been denied.

INTERROGATORY NO. 14

State, with respect to each Participating MTF, the dollar volume of Scheduled Medical Equipment and Supplies shipped by United Medical after the confirmation indicated the order

had been killed. If you do not know exactly, answer with a best estimate.

ANSWER NO. 14

Defendant is currently unaware of documentation sufficient to make such as estimate. If defendant is able to locate such information, the answer to this interrogatory will be supplemented.

INTERROGATORY NO. 15

With respect to every other region in the Prime Vendor Program for which a requirements contract was established, identify the (1) region by name (2) prime vendor or vendors (name and address) that were awarded a requirements contract (3) date of the initial award (4) represented value of the contract on the DoD solicitation (5) the actual dollar volume of products purchased from each of the other prime vendors under the contract, and whether or not a claim for equitable adjustment or breach of contract was filed by that prime vendor.

ANSWER NO. 15

(1) See Attachment A

(2) See Attachment A

(3) See Attachment A

(4) See Attachment B

(5) The actual dollar value is unknown. Sales (from July 1999 through June 2000) that have been reported by customers are reflected on Attachment B. There is no information available relative to sales that were not imputed by the customers.

There have been no claims filed by other prime vendors (contractors).

INTERROGATORY NO. 16

For each claim for equitable adjustment or breach of contract filed by another prime vendor under the Prime Vendor Program, state the prime vendor filing the claim, the amount of the claim, the resolution of the claim; and summarize the basis for the claim.

ANSWER NO. 16

There were no claims for equitable adjustments or breach of contract filed by any other prime vendor under the Prime Vendor Program.

INTERROGATORY NO. 17

If you contend that the requirements of the Participating MTF's for Scheduled Medical Equipment and Supplies decreased from the Supply Center estimate after the Solicitation was provided to United Medical, state the reasons for such decrease and identify the date or dates such reasons became known to the United States

ANSWER NO. 17

Defendant does not make such contention.

INTERROGATORY NO. 18

For each Participating MTF, identify the MTF and state the total dollar amount of products for each contract year that the particular MTF ordered from United Medical but which was not supplied by United Medical. If you are unable to answer the dollar amount exactly, provide your best estimate.

ANSWER NO. 18

To the extent that this request is duplicative of Interrogatory No. 5; see response thereto.

An estimate cannot be made as there is no basis for such an estimate.

INTERROGATORY NO. 19

For each Participating MTF, identify the MTF and state the total dollar amount of Products that particular MTF purchased from third parties, i.e., suppliers other than United Medical, during the term of the contract between United Medical and the United States. If you are unable to answer the dollar amount exactly, provide your best estimate.

ANSWER NO. 19

To the extent that this request is duplicative of Interrogatory No. 6; see response thereto. An estimate cannot be made as there is no basis for such an estimate.

INTERROGATORY NO. 20

For each Participating MTF, identify the MTF and state, for each contract year, the dollar amount of diverted purchases made by that MTF for that contract year during the term of the contract between the Government and United Medical. The term" diverted purchases" as used in this interrogatory means purchases made by the MTF from third parties which it contractually was required to first order from United Medical but did not. If you are unable to provide an exact dollar amount, provide your best estimate.

ANSWER NO. 20

To the extent that this request is duplicative of Interrogatory No. 7, see response thereto. An estimate cannot be made as there is no basis for such an estimate.

INTERROGATORY NO. 21

Prior to awarding the contract to United Medical, did the Government make any estimate

of profits of profit margins it anticipated United Medical receiving under the Contract, either by dollar or percent of revenues?

ANSWER NO. 21

This request is duplicative of Interrogatory No. 8; see response thereto.

INTERROGATORY NO. 22

Did the Government ever determine during the term of the Contract that its original requirements estimates were too high? If "yes," state when such a determination was made, the individuals involved in making that determination, the dollar amount by which the Government's estimates were too high, and if the Government considered giving the Prime Vendors and adjustment to the contract price. If you are unable to provide a dollar amount exactly, provide your best estimate.

ANSWER NO. 22

To the extent that this request is duplicative of Interrogatory No. 9, see response thereto. An estimate cannot be made as there is no basis for such an estimate.

INTERROGATORY NO. 23

State all reasons, as you understand it, that products were, from time to time, ordered by an MTF from United Medical under the Prime Vendor Contract, but not supplied by United Medical, specifically including the failure, if any, of the MTF to properly order, the order was killed by United Medical, United Medical failed to provide timely confirmation, and United Medical failed to provide timely delivery.

ANSWER NO. 23

This request is duplicative of Interrogatory No. 10; see response thereto.

INTERROGATORY NO. 24

With respect to each reason provided above, if you have an estimated dollar volume for of products ordered but not supplied for individual reasons, state the dollar amount you estimate was not supplied with respect to each reason for which you have such an estimate.

ANSWER NO. 24

This request is duplicative of Interrogatory No. 11; see response thereto.

INTERROGATORY NO. 25

What is your best estimate of the dollar volume of supplies not sold by United Medical due to the eleven alleged contractual violations you identify in your written denial of United Medical's claim dated August 22, 2002.

ANSWER NO. 25

This request is duplicative of Interrogatory No. 12; see response thereto.

INTERROGATORY NO. 26

Identify each person involved in denying United Medical's request to mediate its claims against the Department of Defense. Identify means to provide the persons name, title, and business address.

ANSWER NO. 26

This request is duplicative of Interrogatory No. 13; see response thereto.

INTERROGATORY NO. 27

State, with respect to each MTF, your best estimate of the dollar volume of items shipped by United Medical after the confirmation indicated the order had been killed.

ANSWER NO. 27

This request is duplicative of Interrogatory No. 14; see response thereto.

INTERROGATORY NO. 28

With respect to every other region in the Prime Vendor Program for which a requirements contract was established, identify the: (1) region by name, (2) prime vendor or vendors (name and address) that were awarded a requirements contract (3) date of the initial award (4) represented value of the contract on the DoD solicitation (5) the actual dollar volume of products purchased from each of the other prime vendors under the contract, and whether or not a claim for equitable adjustment or breach of contract was filed by that prime vendor.

ANSWER NO. 28

This request is duplicative of Interrogatory No. 15; see response thereto.

INTERROGATORY NO. 29

For each claim for equitable adjustment or breach of contract filed by another prime vendor under the Prime Vendor Program, state the prime vendor filing the claim, the amount of the claim, the resolution of the claim, and summarize the basis for the claim.

ANSWER NO. 29

This request is duplicative of Interrogatory No. 16; see response thereto.

INTERROGATORY NO. 30

If you contend that the requirements of the Participating MTF's for Scheduled Medical Equipment and Supplies decreased from the Supply Center estimate after the Solicitation was provided to United Medical, state the reasons for such decrease and identify the date or dates such reasons became known to the United States.

ANSWER NO. 30

This request is duplicative of Interrogatory No. 17; see response thereto.

INTERROGATORY NO. 31

Did the Participating MTF's purchase Scheduled Medical Equipment and Supplies from sources other than United Medical in breach of the Prime Vendor Contract with United Medical?

ANSWER NO. 31

No.

INTERROGATORY NO. 32

If the answer to the previous question is "yes," state the dollar amount of such diverted purchases in breach of the contract. If you do not know exactly, state your best estimate.

ANSWER NO. 32

No response required.

INTERROGATORY NO. 33

Identify each person who claims that United Medical failed to perform its contractual obligations under the Award.

ANSWER NO. 33

Defendant objects to this interrogatory as being overbroad and unduly burdensome to the extent that it seeks information of each person who claims plaintiff failed to perform under its contract. The majority, if not all, of the individuals at the various Participating MTFs during the Contract Year, through normal rotation, are no longer at those sites. To the extent that they can be identified, the information responsive to this request is contained in the Contracting Officer's File for United Medical which will be made available as set forth in Response to Request No. 4.

Without waiving our objection, the individuals currently at DPSC or the participating MTFs, with more than a *de minimus* knowledge of United Medical's failures under its contract, are:

1. Linda Flatley - Contracting Officer - DSCP
2. Anthony Amendolia - Case Manager - DSCP
3. Margaret Rees - Supervisor - DSCP
4. Donna Galligan - Invoice Facilitator - DSCP
5. James Jennings - Contracting Officer - DSCP
6. Donna Kennedy - Contracting Officer -DSCP
7. Bruce Carson - Implementation Manager Monitor - DSCP
8. Nancy Martin - Buyer - DSCP ←
10. Oscar Molinar - Contracting Officer's Representative - Ft. Bliss, Tx.
11. Debra Thompson - Deputy Chief of Medical Material - Ft. Sam Houston, Tx
12. Bruce Christie - Deputy Chief of Medical Material - Ft. Sill, Ok.

13. Col. Reilly - Chief of Logistics - Ft. Bliss, Tx.

14. Maria Trevino - Buyer - Corpus Christi, Tx.

## REQUEST FOR PRODUCTION

REQUEST NO. 1

The documents used by the Supply Center to estimate the representations made to United Medical of Base Year Contract Value and the Total Contract Value, including information received from each Participating MTF. This request refers to the estimate of contract value originally made and as amended from time to time by the Department of Defense.

RESPONSE NO. 1

The only existing document responsive to this request is attached as Attachment C.

REQUEST NO. 2

All summaries prepared by or for the Supply Center which evidence, for any prime vendor region or Participating MTF any of the Following:

a. the dollar volume of Scheduled Medical Equipment and Supplies purchased, including but not limited to summaries of annual or other period purchases and purchases by vendor;

b. percentage summaries pertaining to Scheduled Medical Equipment and Supplies purchases, including but not limited to percentages of annual purchases purchased from the prime vendor and purchases from non-prime vendor sources;

c. summaries of purchases of Scheduled Medical Equipment and Supplies not made from

United Medical Supply due to the failure of United Medical Supply to Comply with the contract.

RESPONSE NO. 2

Documents responsive to this request will be made available, upon two weeks notice, at a mutually convenient date and time at:

Defense Supply Center Philadelphia
700 Robbins Avenue
Philadelphia, PA

REQUEST NO. 3

The records for or with respect to each Participating MTF which evidence the total dollar amount of Scheduled Medical Products and Supplies purchased by that particular MTF for each Contract Year during the term of the Contract between Plaintiff and Defendant.

RESPONSE NO. 3

See Response to Request No. 2.

REQUEST NO. 4

Records from each MTF which evidence the Scheduled Medical Products and Supplies purchased from United Medical and the dollar amount of the Scheduled Medical Products and Supplies purchased from third parties.

RESPONSE NO. 4

See Answer to Interrogatory No. 4. To the extent that such records exist from which such information may be extrapolated, the documents responsive to this request will be made available at a mutually convenient date and time at:

Defense Supply Center Philadelphia
700 Robbins Avenue
Philadelphia, PA

REQUEST NO. 5

All correspondence between the Supply Center and Participating MTF's which evidence an effort by the Supply Center to stop the Participating MTF's from purchasing DAPA products from entities other than Prime Vendors. This seeks records related to all regions and MTFs.

RESPONSE NO. 5

Documents responsive to this request will be made available as set forth in Response to Request No. 2.

REQUEST NO. 6

All investigative reports by the Supply Center to determine why MFF's were purchasing Scheduled Medical Equipment and Supplies from sources other than a Prime Vendor. This request seeks reports submitted internally, to any other agency, or to Congress.

RESPONSE NO. 6

To the extent that such documents may exist, there are contained in the Contracting Officer's files and will be made available as set forth in Response to Request No. 2.

REQUEST NO. 7

All correspondence between the Supply Center and Participating MTF's pertaining to any failure of United Medical Supply to Comply with the contract terms.

RESPONSE NO. 7

Documents responsive to this request are contained in the Contracting Officer's files and

will be made available as set forth in Response No. 4.

REQUEST NO. 8

All correspondence between the Supply Center and United Medical pertaining to any failure of United Medical Supply to comply with the contract terms.

RESPONSE NO. 8

Documents responsive to this request are contained in the Contracting Officer's files and will be made available as set forth in Response to Request No. 4.

REQUEST NO. 9

All investigative reports by the Supply Center to determine the cause or causes of United Medical's failures to comply with the contract terms. This request seeks reports submitted internally, to any other agency, or to Congress.

RESPONSE NO. 9

Documents responsive to this request are contained in the Contracting Officer's files and will be made available as set forth in Response to Request No. 4.

REQUEST NO. 10

All documents which estimate the profits or losses the Supply Center projected for United Medical under the Award.

RESPONSE NO. 10

There are no documents responsive to this request.

REQUEST NO. 11

The ten contract files referenced by the Supply Center in Plaintiff's FOIA requests to the

Supply Center. For reference purposes, Mr. Linda Flatley referenced these files in an email to Catherine Kearns dated December 10, 2001.

RESPONSE NO. 11

Documents responsive to this request will be made available to this request will be made available as set forth in Response to Request No. 2.

REQUEST NO. 12

All claims submitted by any prime vendor of medical supplies for breaches of contract or equitable adjustment under the prime vendor program in which United Medical participated as a prime vendor.

RESPONSE NO. 12

There are no documents responsive to this request.

REQUEST NO. 13

All correspondence between the Supply Center and any Participating MTF pertaining to the estimate of annual volume of Scheduled Medical Equipment and Supplies for that MTF. The request seeks documents created before and after the Award.

RESPONSE NO. 13

To the extent that documents to this requested existed, they were not maintained, but the information was collated into the document attached as Attachment B.

As to Objections:

Dated: November 25, 2002

Respectfully submitted,

ROBERT D. McCALLAM, JR.
Assistant Attorney General

RICHARD H. STEPHENS
United States Attorney

E. Kathleen Shahan

J. CHRISTOPHER KOHN
TRACY J. WHITAKER
E. KATHLEEN SHAHAN
D.C. Bar No. 267872
Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
(202)307-0249

ATTORNEYS FOR THE UNITED STATES

**VERIFICATION**

The undersigned certifies, under penalty of perjury, that, to the best of her knowledge and belief, the factual information in the foregoing responses is true.

Date: 11/21/02

James Jennings

James Jennings, Contracting Officer

CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2002, I caused a copy of the foregoing Defendant's Response to Plaintiff's Fist Set of Discovery Requests to Defendant United States by Federal Express upon the following:

Frank L. Broyles
Goins, Underkofler, Crawford & Langdon, LLP
1201 Elm Street, Suite 4800
Dallas, Texas 75270

E. Kathleen Shahan

# Answer to Question 15 of Discovery Request

| Contract Number | Region by Name | Prime Vendor | Award Effective Date | Award Value | Claim |
|---|---|---|---|---|---|
| SP0200-96-D-7106 | Cascades | Durr Medical | October 20, 1995 | $29,363,616 | No |
| SP0200-96-D-7107 | Ill/Ky/Mo | Colonial Healthcare | October 27, 1995 | $46,128,350 | No |
| SP0200-96-D-7108 | Florida/Georgia | Owens & Minor | November 7, 1995 | $86,787,450 | No |
| SP0200-96-D-7110 | Panhandle/Delta | Owens & Minor | November 14, 1995 | $76,686,750 | No |
| SP0200-96-D-7111 | Ohio/Illinois | Colonial Healthcare | November 29, 1995 | $40,628,500 | No |
| SP0200-96-D-7112/7113 | North/South Carolina (Panama/Honduras) | Durr Medical | December 6, 1995 | $62,451,600 | No |
| SP0200-96-D-7114 | Rocky Mountains | Durr Medical | December 12, 1995 | $13,702,500 | No |
| SP0200-96-D-7115 | Midwest (Ne/Ks/Mo) | Midwest Medical | December 22, 1995 | $19,285,650 | No |
| SP0200-96-D-7116 | Hawaii | Pacific Criticare | December 27, 1995 | $26,235,000 | No |
| SP0200-96-D-7117 | Europe | Colonial Healthcare | January 29, 1996 | $55,307,640 | No |
| | | | w/surge | $59,029,890 | |
| SP0200-96-D-7119/7120 | Al/Tn/Ark (Puerto Rico) | Durr Medical | January 29, 1996 | $18,787,950 | No |
| SP0200-96-D-7118 | Montana | Kreisers, Inc | January 31, 1996 | $1,314,000 | No |
| SP0200-96-D-7121 | Alaska | Durr Medical | February 22, 1996 | $9,135,000 | No |
| SP0200-96-D-7122 | North/South Dakota | Kreisers, Inc | February 28, 1996 | $14,782,190 | No |
| SP0200-96-D-7123 | Utah/Idaho | Durr Medical | March 7, 1996 | $11,589,750 | No |
| SP0200-96-D-7126 | Pacific | Colonial Healthcare | July 19, 1996 | $76,500,000 | No |
| | | | w/surge | $121,500,000 | |
| SP0200-96-D-7125 | San Francisco | Owens & Minor | August 29, 1996 | $56,875,500 | No |
| SP0200-96-D-7124/97-D-7136 | Tidewater (Cuba) | Durr Medical | September 13, 1996 | $42,300,000 | No |
| SP0200-96-D-7127 | New York/ New England | Owens & Minor | October 11, 1996 | $21,285,000 | No |
| SP0200-96-D-7128/7129/7130/7132 | National Capitol | Owens & Minor | October 30, 1996 | $163,543,500 | No |
| SP0200-96-D-7131 | Wilford Hall (Indefinite Quanity Contract) | Owens & Minor | November 15, 1996 | $33,300,000 | No |
| SP0200-96-D-7135 | San Diego | Allegiance | July 1, 1997 | $80,008,800 | No |

A