Appendix H – Three of Plaintiff's letters to Government identifying discovery deficiencies:

Addressed to:

1. Ms. Shahan
2. Ms. Shahan and Mr. Chadwick
3. Mr. Chadwick

LAW OFFICES
**GOINS, UNDERKOFLER, CRAWFORD & LANGDON**
A REGISTERED LIMITED LIABILITY PARTNERSHIP
RENAISSANCE TOWER
1201 ELM STREET, SUITE 4800
DALLAS, TEXAS 75270

**FRANK L. BROYLES**
BOARD CERTIFIED – BUSINESS BANKRUPTCY
TEXAS BOARD OF LEGAL SPECIALIZATION

(214) 969-5454
FAX (214) 969-5902
E-mail: frankb@gucl.com

December 16, 2002

Via Certified Mail RRR 7002 2030 0002 2126 2630

Ms. E. Kathleen Shahan
Civil Division
U.S. Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875

**RE: Case No. 01-41911-bjh-11; *In re: United Medical Supply Company, Inc.* Adversary No. 02-4230; *United Medical Supply Co., Inc.* v. United States**

Dear Ms. Shahan:

I have reviewed your client's discovery responses and find them to be significantly deficient. Accordingly, I am requesting supplementation as described below.

The Defendant's Response to Interrogatory Number 1 indicates that the responding entity is the DSCP. The party is the United States and each individual MTF is required to participate in responding to the discovery requests. The information requested is probably available for some, if not all, MTFs. Accordingly, United Medical requests that this question be answered to the fullest extent possible. United Medical recognizes that this may impose quite a burden on the Defendant, however, it was the United States, not United Medical, that elected to proceed down the litigation path prior to or instead of mediation.

Interrogatory 2 requests a description of the process used to estimate the contract value. The response states, "DSCP requested information...." The response does not state the information requested. Without a specific description of the information requested the response is not meaningful. Please supplement to provide the specific information requested, or provide the documents used to solicit the information.

Interrogatory 3 requests the identity of the individuals who collected the information. The response indicates that the information is unknown. Unknown to whom? The United States? Somebody in the government has to know the identity, but I recognize that locating such persons may be quite a task. The response identifies the persons who provided the information from the Air Force and Army. I find it unlikely that the Air Force and Army individuals cannot either identify the persons who requested the information or provide documents that would provide the identification. Please supplement to clarify the names of the persons who do not know the identity so that I can decide if a reasonable effort has been made to answer this question.

Interrogatory 4 has been answered by directing United Medical to its contract files held by the DSCP. Rule 33(d) requires more specification than that when the response is a reference to documents. That election is only available where the burden on the government is not substantially less than the burden on United Medical. First, the burden on United Medical is substantially greater since it must incur substantial travel costs to review the records. Ignoring that issue for the time being, the government cannot simply make a reference to some file that it is going to produce, which, by its own admission, is quite a voluminous file. The government must specify the documents within the file and their location within the file in order to comply with Rule 33(d). Accordingly, United Medical requests that this response be supplemented to comply with Rule 33(d).

The first sentence of Interrogatory Number 4 does not make any sense. Somehow each branch of the Department of Defense was able to come up with an estimate of their purchasing needs in order for the contract value to be estimated. That could not have been done in a vacuum. United Medical requests that the Defendant revisit the issue and make any appropriate supplements to this answer.

I am reserving comment on interrogatory number 5 until I see the fill rate reports.

Interrogatory Numbers 6 and 7 reference the answer to Interrogatory Number 4. They suffer from the same deficiencies and a supplement is requested.

Interrogatory number 10 is a contention interrogatory and answering it by an Rule 33(d) election is not available. Moreover, the interrogatory is not overlybroad and the objection is not responsive to the request. United Medical requests that this interrogatory be fully answered and that the objection be withdrawn.

The response to Interrogatory number 13 is not made in good faith. United Medical made two requests to mediate. The first was specifically denied. The second was constructively denied. The bankruptcy court made a finding that the government denied United Medicals two requests for mediation. Accordingly, United Medical requests that the government fully answer this interrogatory.

The response to Interrogatory number 31 is inconsistent with other responses. In order to answer "no" to whether the government made purchases from third parties in breach of the requirements contract, there would have to be a determination made of what purchases were made and the reasons for such purchases. Prior answers to interrogatories, e.g., number 4, indicate that this information was not available at the time that Interrogatory 31 was answered. Accordingly, United Medical requests that the Interrogatory 31 answer be changed or the other information requested necessary to support a "no" answer be provided.

The government's response to interrogatory number 33 is not responsive. The request asked for the identity of those persons who claim United Medical failed to perform its obligations under the contract. The response identifies persons who have knowledge of such claims and does not limit the identities to persons who are making such claims. United Medical requests that this interrogatory be supplemented to limit the answer only to those persons who claim that United Medical failed to perform its obligations.

Some answers to the interrogatories contradict correspondence previously received from DSCP and MTFs. Therefore, the verification is quite important and the verification provided by Mr. Jennings is based on "the best of his knowledge" is entirely insufficient and not a proper verification. There are several proper procedures Mr. Jennings can follow to verify the answers to interrogatories. A simple "best of my knowledge" procedure is not one of them. Accordingly, United Medical requests that the verification by Mr. Jennings be amended, and to the extent that the amended verification requires amendment of answers, those answers be amended as well.

Very truly yours,

Frank L. Broyles

**Frank L. Broyles**

**From:** Frank L. Broyles
**Sent:** Thursday, November 20, 2003 8:56 AM
**To:** 'kyle.chadwick@usdoj.gov'
**Cc:** Kathie Shahan (E-mail)
**Subject:** Amendolia documents
**Contacts:** Kyle Chadwick

A few days ago we discussed some DSCP internal memos written by Anthony Amendolia. You requested to see those, and they are attached.

My immediate interest is that they reference reports and analyses performed by Amendolia with respect to diversions, but not attached. It is my opinion that my previous document requests covered these documents and I want to renew that request for those reports and analyses. There are three. One is the 122 page report prepared by Fort Hood that lists all med/surg items being purchased by credit card at Fort Hood. Two is Amendolia's analysis of this. Three is the referenced list of credit card items purchased by Beaumont.

These memos are quite problematic for DSCP. In response to discovery requests calculated to determine the volume of diverted purchases, Contract Officer Jennings indicated (1) that she (sic) had no knowledge of the dollar value of diverted purchases and (2) that the Defendant was attempting to locate responsive documents.

The Flatley memo concluding that IV Solution purchases directly from the manufacturer were diversions contradicts the interrogatory answer. Amendolia's memos are conclusive evidence that the estimates were negligently made, and the ability to obtain and analyze the information on credit card sales strongly supports Plaintiff's position that the "we can't get the information" answers in the interrogatories is not correct.

Bottom line though, is since we have not been able to agree on diversion methodology, DSCP should provide the above three pieces of information to us promptly. Frank

LAW OFFICES
**GOINS, UNDERKOFLER, CRAWFORD & LANGDON**
A REGISTERED LIMITED LIABILITY PARTNERSHIP
RENAISSANCE TOWER
1201 ELM STREET, SUITE 4800
DALLAS, TEXAS 75270

**FRANK L. BROYLES**
BOARD CERTIFIED – BUSINESS BANKRUPTCY
TEXAS BOARD OF LEGAL SPECIALIZATION

(214) 969-5454
FAX (214) 969-5902
E-mail: frankb@gucl.com

June 9, 2005

**Via Fax and First Class Mail**

Mr. Kyle Chadwick
U.S. Department of Justice
8th Floor
1100 L. St., N.W.
Washington, D.C. 20530

RE: United Medical Supply Company, Inc. v. The United States; Case No. 03-CV-289

Dear Mr. Chadwick:

This letter is in response to your email of June 8, 2005 in which you suggest that my motives are to vituperate against the Government. You are the 4th attorney for the Government who has become involved in this case. While the case was pending in the bankruptcy court, and long before you became involved, United Medical served its first set of written discovery requests. Many of the interrogatories were answered with a simple reference to the Contracting Officer's files. No further specificity was provided. This is hardly the type of reference to business records contemplated by Rule 33.

The requests for production resulted in a room full of the "contract officer's files" with a representation that responsive documents from the individual MTFs would be assembled and made available for inspection. That has never happened. I identified specific documents referenced in the Contract Officers' files that were not produced and requested supplementation. The repeated response I received is that the documents could not be located. Two weeks ago, you produced to me a CD with multiple documents from two of the military bases along with a statement that you had not reviewed the documents being produced. Many of them appeared irrelevant and non-responsive to any of our discovery requests. There was no identification as to what discovery requests each of these documents was responsive to. You further stated that additional documents would soon be forthcoming. That too has not happened.

Your position throughout the discovery process is that the Government does not have to prove Plaintiff's case. That response was given to me when I asked what amounts the Government showed as owed to United Medical with respect to the call numbers that, according to United Medical's records, remain unpaid, in whole or in part. You repeated that response in your June 8, 2005 email.

I apparently have a very different view of the Government's discovery obligations than you do and find the Government's discovery responses very inconsistent and inadequate.

Mr. Jennings, as the person the Government designated to respond to my interrogatories, had obligations that are pretty well established. My opinion is that he did not come close to discharging those obligations. He certified that the Government did not divert orders from United Medical. He had no basis for that certification. The Government claims that there were various reasons medical supplies were ordered from third parties, but cannot quantify, exactly or by estimate, a single one of them. The Government has not produced any vendor records for DAPA holders with whom United Medical did not have a distribution agreement. Nor has the Government produced any credit card purchase records. Obviously I intend to file a second motion to compel prior to close of fact discovery, but not until I have taken the 30(b)(6) depositions of the various MTFs, which apparently is also going to generate a discovery dispute.

You make the statement that I seem to be under the misimpression that United Medical's interrogatories require the Government to investigate and prove United's claim and that all the Government must do is make reasonable inquiry. The Government has never disclosed any inquiry it made to respond to our discovery requests, reasonable or otherwise.

At least we agree on one issue, some level of inquiry must be made. If the inquiry that must be made is sufficient to answer the interrogatory, then the interrogatory must be answered, even if it proves the opponent's case. If the inquiry need to answer the interrogatory is more burdensome than reasonable, then an objection must be served. The Government neither objected nor answered. The interchange with the Navigant group indicates that the Government did not even determine what records were available to answer the interrogatories, because the Government was willing to pay Navigant half of the cost necessary to conduct such an

investigation, which includes multiple interviews with various MTF personnel. If the Government did not conduct such a full investigation, and it obviously did not, then what was the bases for Mr. Jennings certification that no orders were diverted? Exactly who is claiming that no orders were diverted. We both know as a matter of common sense that orders were diverted. The Government's usage data provided to United Medical showed usage far in excess of orders for many supplies. What efforts did the Government make to reconcile that discrepancy?

Shortly after you produced the CD for Fort Hood, I requested dates in June to take a 30(b)(6) deposition of Fort Hood. Your response was that you would get back to me. No dates have been provided. Yesterday you notified me, for the first time, that you would be on leave the third week in June.

I abhor discovery disputes, and have historically been unduly reluctant to present them to any Court. In this case there are some unusual circumstances faced by me. Due to the initial discovery abatement, I was precluded from obtaining discovery since the transfer from the bankruptcy court until the end of January 2005. The Court's scheduling order now limits me to 6 months of fact discovery in a very complex case.

I am hopeful the Government will reconsider its position on discovery issues, but based on the oft-repeated response that the Government is not obligated to prove plaintiff's case and the upcoming discovery deadlines, I must proceed with my requests for Court intervention, as distasteful as that is.

I recently served interrogatories on the MTFs. Those obviously cause the total interrogatories served on the Government to exceed 25. I previously asked you if you would agree to that and your response, as I recall, was that you did not intend to object. Your response with respect to the 30(b)(6) issue gives me concern that an intent not to object and the stipulation contemplated under Rule 33 are different. Please advise me if you will specifically stipulate that United Medical may serve a set of 25 interrogatories to each of the MTFs. Otherwise I will file a motion for leave.

You suggest in your email that I have served some inappropriate objection to the Government's discovery requests. If you will be more specific, I will be glad to revisit that objection for appropriateness.

Very truly yours,

Frank L. Broyles