Appendix L – Defendants Amended Interrogatory Responses dated July 5, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 03-289C |
| | ) | (Judge Allegra) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S AMENDED RESPONSES TO
PLAINTIFF'S INTERROGATORIES NO. 4-7, 19, AND 20

Pursuant to Rule 34 of the Court's Rules and the Court's order dated June 13, 2006, defendant, the United States, responds as follows to the following interrogatories served by plaintiff in November 2002, in case number 01-41911-bjh-11 (Bankr. N.D. Tex.). These responses supersede and replace defendant's prior responses.

RESPONSES TO INTERROGATORIES

4. For each Participating MTF, identify the MTF and state, by contract year, the total dollar amount of Scheduled Medical Products and Supplies purchased by that particular MTF during each Contract Year during the term of the Contract between Plaintiff and Defendant, and for each MTF, state the dollar amount of the Scheduled Medical Products and Supplies purchased from United Medical and the dollar amount of the Scheduled Medical Products and Supplies purchased from third parties.

Amended Response:

We cannot provide a definitive answer, because the purchasing records currently known to be available do not reflect the quantities, or dollar values, of individual items purchased. Absent detailed records concerning individual items, it is impossible to determine, among other things, whether an item was subject to a DAPA, or available from plaintiff, at the time of purchase. However, we can derive various estimates of the dollar values of covered items purchased by each MTF from third parties, applying a range of assumptions. (The total dollar value of Scheduled Medical Products and Supplies purchased by each MTF in each year would be the total value of purchases from United Medical, which plaintiff knows as well as defendant, and which is immaterial to plaintiff's damages, plus the total purchased from third parties.)

Estimates which are very generous to plaintiff can be derived by reviewing the information concerning credit card purchases which was supplied in 2006 by the Department of Defense, Office of the Inspector General ("OIG"); and assuming that every item purchased from a third party with an SIC code of 5047 ("medical") represents an item covered by plaintiff's contract. (We do not believe that is a realistic assumption.) The OIG was unable to recover

purchasing information for calendar year 1998. Accordingly, we have further assumed that average purchases per bed per bed for each facility during 1998 were equal to the averages for the remaining portions of the contract term, for which information is available. Because the data reflect that there was a "ramp up" period for each facility during the initial months of the contract, during which the facilities gradually increased their purchases from United Medical, we do not believe the assumption that the per-bed average in 1998 would have equaled the per-bed average over the entire contract term is reasonable, either.

The estimates below can (and should, for purposes of assigning damages) be reduced pro rata by inserting more reasonable assumptions concerning (i) the proportion of items with SIC code 5047 which were scheduled supplies under plaintiff's prime vendor contract and (ii) the missing 1998 data. However, the following table provides our current estimates, based upon available data, of the maximum dollar value of scheduled supplies purchased by each MTF from parties other than United Medical, throughout the contract term.

| MILITARY TREATMENT FACILITY | AMOUNT |
|---|---|
| ALTUS AFB | $323,120.80 |
| BROOKS AFB | 1,194,150.21 |
| CANNON AFB | 741,879.23 |
| CORPUS CHRISTI | 112,075.38 |
| DYESS AFB | 321,641.03 |
| FORT BLISS | 9,211,715.53 |
| FORT HOOD | 2,902,641.50 |
| FORT HUACHUCA | 1,171,529.78 |
| FORT SAM HOUSTON | 18,723,782.05 |
| FORT SILL | 4,264,473.78 |
| GOODFELLOW AFB | 93,131.17 |
| HOLLOMAN AFB | 762,105.39 |
| KELLY AFB | 227,957.08 |
| LAUGHLIN AFB | 150,941.72 |
| RANDOLPH AFB | 484,167.37 |
| SHEPPARD AFB | 2,230,914.22 |
| TINKER AFB | 1,184,817.76 |
| VANCE AFB | 141,674.65 |
| **Total** | **$44,242,718.66** |

5. For each participating MTF, identify the MTF and state the total dollar amount of products for each contract year that the particular MTF ordered from United Medical but which was not supplied by United Medical.

Amended Response:

We lack sufficient data concerning all canceled, unfilled, and partially filled orders (not all of which resulted in creation of records) to construct a reasonable estimate, nor do we bear the burden of proof. If plaintiff wishes to suggest a methodology (or alternate methodologies) for deriving estimates responsive to this interrogatory from data currently known to be available, the Government will perform the investigation and calculations necessary in order to supply the results under plaintiff's theory or theories. However, the Government does not understand how the answer could be relevant to plaintiff's damages in this case.

6. For each participating MTF, identify the MTF and state the dollar amount of Products that particular MTF purchased from third parties, i.e., suppliers other than United Medical, during the term of the contract between United Medical and the United States.

Amended Response:

The following table is based upon the same information and assumptions as are discussed in our amended response above to interrogatory number 4.

| MILITARY TREATMENT FACILITY | 1997 | 1998 (Based on Average Monthly for Other Time Periods) | 1999 | 2000 | 2001 |
|---|---|---|---|---|---|
| ALTUS AFB | $725.94 | $91,316.75 | $88,407.13 | $116,237.20 | $26,433.78 |
| BROOKS AFB | 1,133.62 | 337,477.23 | 266,417.41 | 531,394.62 | 57,727.33 |
| CANNON AFB | 294.04 | 209,661.52 | 214,327.60 | 263,893.58 | 53,702.49 |
| CORPUS CHRISIT | - | 31,673.48 | - | 35,406.42 | 44,995.48 |
| DYESS AFB | - | 90,898.55 | 81,838.40 | 109,945.58 | 38,958.50 |
| FORT BLISS | 517,416.77 | 2,605,361.91 | 2,326,903.85 | 2,940,099.12 | 821,933.88 |
| FORT HOOD | - | 820,311.73 | - | 1,758,836.36 | 323,493.41 |
| FORT HUACHUCA | 108,920.69 | 332,280.50 | 270,140.23 | 394,194.31 | 65,994.05 |
| FORT SAM HOUSTON | 1,007,608.91 | 5,291,503.62 | 4,138,915.12 | 5,888,721.31 | 2,397,033.09 |
| FORT SILL | 337,863.69 | 1,205,177.37 | 1,157,838.37 | 1,208,600.32 | 354,994.03 |
| GOODFELLOW AFB | - | 26,319.68 | 28,267.00 | 30,355.00 | 8,189.49 |
| HOLLOMAN AFB | 341.11 | 215,377.61 | 109,943.47 | 380,167.93 | 56,275.27 |
| KELLY AFB | 13,884.35 | 64,422.65 | 63,697.73 | 85,952.35 | - |
| LAUGHLIN AFB | - | 42,657.44 | 44,194.33 | 64,089.95 | - |
| RANDOLPH AFB | - | 136,829.91 | 76,732.14 | 219,504.27 | 51,101.05 |
| SHEPPARD AFB | - | 630,475.76 | 547,975.92 | 841,084.24 | 211,378.30 |
| TINKER AFB | - | 334,839.80 | 389,473.70 | 362,210.98 | 98,293.28 |
| VANCE AFB | - | 40,038.49 | 36,387.31 | 46,847.78 | 18,401.07 |
| **Total** | **$1,988,189.12** | **$12,506,624.01** | **$9,841,459.71** | **$15,277,541.32** | **$4,628,904.50** |

7. For each participating MTF, identify the MTF and state, for each contract year, the dollar amount of diverted purchases made by that MTF for that contract year during the term of the contract between the Government and United Medical. The term "diverted purchases" as used in this interrogatory means purchases made by the MTF from third parties which it contractually was required to first order from United Medical but did not.

Amended Response:

The Government's current estimates of the maximum amounts are stated in our amended response above to interrogatory number 6. For purposes of assigning damages, those estimates should be reduced pro rata by applying reasonable assumptions concerning (i) the proportion of items with SIC code 5047 which were purchased by credit card that were subject to plaintiff's prime vendor contract; (ii) the missing 1998 data; (iii) the proportion of the items purchased by credit card which were available from United Medical at the time; and (iv) the proportion of such items that were ordered unsuccessfully from United Medical immediately before being purchased by credit card.

19. For each participating MTF, identify the MTF and state the dollar amount of Products that particular MTF purchased from third parties, i.e., suppliers other than United Medical, during the term of the contract between United Medical and the United States. If you are unable to answer the dollar amount exactly, provide your best estimate.

Amended Response:

This interrogatory duplicates number 6 (except that it adds a request for a best estimate). See our amended response above to that interrogatory.

20. For each participating MTF, identify the MTF and state, for each contract year, the dollar amount of diverted purchases made by that MTF for that contract year during the term of the contract between the Government and United Medical. The term "diverted purchases" as used in this interrogatory means purchases made by the MTF from third parties which it contractually was required to first order from United Medical but did not. If you are unable to provide an exact dollar amount, provide your best estimate.

Amended Response:

This interrogatory duplicates number 7 (except that it adds a request for a best estimate). See our amended response above to that interrogatory.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

OF COUNSEL:
KATHLEEN HALLAM
Chief Trial Attorney
Defense Supply Center
Philadelphia

July 5, 2006

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 5th day of July 2006, I caused the attached discovery responses to be served by first class mail and e-mail (PDF) courtesy copy upon:

Frank L. Broyles
Goins, Underkofler, Crawford & Langdon, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, TX 75270