# Appendix V – Affidavit of Frank L. Broyles

**Appendix V**
**Affidavit of Frank L. Broyles dated August 16, 2006 in Support of Reply of United Medical.**

1. My name is Frank L. Broyles. I am over the age of 21-years, have never been convicted of a felony and am fully competent to make this affidavit. All statements made herein are based on my personal knowledge unless otherwise stated.

2. The conclusions in Plaintiff's Brief in Response to Defendant's Opposition to Discovery Motion with respect to the sale of Plaintiff's assets was made for the following reasons: I have personal knowledge that Plaintiff sold its assets around December 2001, not in late 2002 as alleged by Defendant. I confirmed my recollection by reviewing documents filed with the Bankruptcy Court in connection with Plaintiff's bankruptcy. Specifically I reviewed the purchaser's notice of appearance through counsel filed in January 2002 stating that the purchase had been completed. The confirmed plan on file reserved the Debtor's claims against the United States from the asset sale.

3. My conclusions stated in the brief filed contemporaneously with this affidavit is based on a review of Plaintiff's bankruptcy docket sheet. I concluded that the Department of Justice had prior notice of the proposed asset sale because it filed an appearance in Plaintiff's bankruptcy in October 2001 through its attorney Kathy Shahan and would have received notices of hearings and filings pursuant to bankruptcy rules requiring service on an attorney filing such a notice of appearance. Ms. Shahan and I had discussions on the issue, and she appeared before the Bankruptcy Court in 2001 at least twice in connection with United Medical's bankruptcy.

4. At the time that I filed Plaintiff's Brief in support of its motion to compel and for sanctions, i.e. July 31, 2006, my time and billing records for July 2006 had not been prepared. Those records reflect that attorneys and paralegals in my firm have spent over 2000 hours on this case, over 1000 of which have been spent by me. Time spent by me on the motion at hand exceeds 50 hours. My customary billing rate is $350 per hour, which is within the usual and customary range charged by attorneys in Dallas County, Texas with similar experience practicing in similar sized law firms. I anticipate at least 20 more hours will be required through hearing on this matter. Attached as Exhibit V-1 to this Affidavit is a genuine copy of my relevant time and billing records for July 2006. These records are made and kept in the ordinary course of business of my law firm from time entries made at or near the time of the activity recorded and by persons with personal knowledge of the activity and time spent or from information transmitted by such persons with personal knowledge.

5. Customarily I record time in $1/10^{th}$ hour increments. Because of the large blocks of time incurred, I typically rounded time down to the nearest ½ hour increment. The "lodestar" calculation for time spent in July 2006, based on 50 hours of effort, would be reasonable taking into account the various factors required by the State Bar of Texas in setting a reasonable attorneys' fee.

6. Appendices attached to Plaintiff's original brief and this brief are genuine copies of originals and are what they appear to be. Documents that appear to have been received from Defendant were received from Defendant. Documents that appear to have been sent to Defendant were sent to Defendant. Documents that appear to have been filed in a court, were filed in that court.

7. When I learned that United Medical was going to cease doing business I attempted to preserve relevant records of a bankrupt debtor, which is a difficult task. I made several visits to Plaintiff's offices and talked with various people to determine who had created records, the location of those records, and the contents of those records. I determined that United Medical did not have a records retention policy other than normally retained business records were not destroyed without the consent of Plaintiff's president. I emphasized with Mr. Bandy that records were not to be destroyed and became comfortable that United Medical would not be destroy potentially relevant records without prior notice to me. I obtained all the records pertaining to the Department of Defense that could be identified and that were not commingled with other records being acquired by the purchaser.

8. During the early discovery phase of this case, while it remained pending in the bankruptcy court as an adversary proceeding, I served responses to interrogatories on Ms. Shahan. I made her aware that a substantial volume of documents, including United Medical's computer system resided at United's former offices, but under the control of the purchaser. I advised her that I had a limited ability to produce records under the control of the purchaser, but had made arrangements to produce them at the purchasers offices. Ms. Shahan indicated she thought the Government would want to inspect the documents at the purchasers offices, but the Government never followed up on that. I concluded that the Government was not interested in these records, especially since it appeared uninterested in reviewing the magnetic media available at the purchasers offices.

9. At some point in time following the purchase of substantially all of the assets of United Medical, the purchaser advised me that it no longer needed most of the components of the AS 400 computer system that had been used by United Medical. I promptly arranged to have it delivered to my offices along with all the magnetic media I could locate. Those still remain sequestered at my offices. It is my understanding from discussions with Mr. Bill Bandy, that substantial, if not all, of United Medical's daily inventory reports are stored on that media, but I do not have personal knowledge of this.

10. I have attempted in good faith to resolve the discovery and spoliation issues with Government counsel prior to filing the several motions that have been filed on the issue, including the sanctions motion currently before the Court. The Government throughout this case has not been willing to detail the efforts it has made to respond to Plaintiff's discovery requests. Its universal response is that it has complied with its discovery obligations, but has refused to provide any detail to support that response. As a result, I have been forced, on behalf of Plaintiff, to file at least three motions to

compel discovery in order to obtain information concerning the search efforts made by Defendant.

Frank L. Broyles

Sworn and Subscribed to before me the undersigned notary on August 16, 2006.

[seal]

NOTARY PUBLIC STATE OF TEXAS
LORI ANNE POWELL
MY COMMISSION EXPIRES
July 26, 2009

DRAFT

| | | | |
|---|---|---|---|
| 3/16/2006 | FLB | Work on narrative for settlement. | 3.00 |
| 3/17/2006 | FLB | Work on narrative settlement document. Discussion with disbursing agent re: settlement. | 10.00 |
| 3/30/2006 | FLB | Finalize settlement letter to DOJ attorney, discuss same with Judge Harty. | 1.50 |
| 4/21/2006 | FLB | Review documents in preparation for hearing on April 25. Redacted ...enses. | 5.00 |
| 4/24/2006 | FLB | Work on motion for sanctions. | 4.25 |
| 6/21/2006 | FLB | Review of documents produced by email. | 1.00 |
| 6/22/2006 | FLB | Work on analysis of data produced by Defendant. | 1.70 |
| 7/5/2006 | FLB | Review documents in preparation for deposition of Mr. Bandy and in responding to interrogatory. | 6.00 |
| 7/6/2006 | FLB | Review documents filed by Department of Defense. | 4.50 |
| 7/10/2006 | JWM | Review affidavit; review court order; conference with Mr. Broyles regarding same. | 0.50 |
| 7/10/2006 | FLB | Work on Response to Affidavits. | 3.00 |
| 7/11/2006 | FLB | Work on Response to Affidavits. | 2.00 |
| 7/12/2006 | JWM | Conference with Mr. Broyles; review objections to affidavit to be filed with court. | 0.70 |
| 7/14/2006 | FLB | Continue analysis of DoD Data from OIG. | 7.00 |
| 7/17/2006 | FLB | Continue summary of DoD data. | 7.00 |
| 7/18/2006 | JWM | Assemble spoliation research for Mr. Broyles. | 0.50 |
| 7/24/2006 | FLB | Work on brief. | 12.50 |
| 7/25/2006 | FLB | Work on Brief. | 5.50 |
| 7/26/2006 | FLB | Continued work on brief. | 7.00 |
| 7/27/2006 | FLB | Prepare for and meet with Mr. Bandy. | 6.00 |
| 7/28/2006 | FLB | Continued work on brief. | 6.00 |
| 7/30/2006 | FLB | Finalize text of brief. | 7.00 |
| 7/31/2006 | FLB | Finalize brief, assemble appendices, redact per confidentiality agreement, upload brief and appendix. | 11.50 |
| 8/1/2006 | FLB | Prepare for deposition of Mr. Bandy. | 3.50 |
| 8/1/2006 | FLB | Amend diversion calculations, draft answer to Interrogatory 9, send to Mssrs Imel and Bandy for review. | 1.50 |
| 8/2/2006 | FLB | Prepare for deposition of Mr. Bandy, meet with Mr. Bandy. | 4.50 |
| 8/3/2006 | FLB | Prepare for deposition of Mr. Bandy. | 4.00 |
| 8/4/2006 | FLB | Prepare for and attend the deposition of Mr. Bandy. | 9.50 |

EX. V-1