# In The United States Court of Federal Claims

No. 03-289C

(Filed: August 17, 2006)

UNITED MEDICAL SUPPLY COMPANY, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ORDER**

A hearing in this matter is scheduled for August 22, 2006. At that hearing, counsel shall be prepared to discuss the following issues:

1. The current status of document handling at each of the facilities at issue, including an update on whether any documents have, within the last several months, either been discovered or destroyed, and details on steps that may have been taken by defendant following further revelations of documents being destroyed.

2. Whether any documents have been found at these facilities that have not yet been produced and, if so, why.

3. The extent of the documents already produced from the facilities, with an emphasis on what those documents reveal and do not reveal in terms of categories of information, with a further focus on how damages might be calculated in this matter.

4. The extent and nature of the documents available and produced from plaintiff's files and the extent to which documents originally in those files were not preserved.

5. The content of a document preservation order that the court anticipates will be issued in this case, see *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133 (2004).

6. The conduct of further discovery regarding the potential for imposing spoliation sanctions in this case, including:

   i. a schedule for producing documents concerning the preservation or destruction of potential evidence in this case, including written notices and other communications between the Department of Justice and individual facilities and employees of the agency concerning the preservation or loss of documents (with appropriate provisions for privilege);

   ii. a schedule for propounding interrogatories regarding these same matters;

   iii. provisions for deposing the individuals who previously filed affidavits on behalf of the individual facilities and for deposing the individuals referenced in those affidavits;

   iv. provisions for deposing relevant employees of the Department of Justice, including potentially counsel for defendant; and

   v. provisions for eventually covering the costs associated with the aforementioned discovery.

7. Whether an order should be issued to show cause why defendant should not be held in contempt under 28 U.S.C. § 2521 or be liable for sanctions under RCFC 37. In this regard, the parties shall, in advance of the hearing, review the transcript of the hearing conducted on December 5, 2005.

8. Any issues arising out of the affidavits that defendant has been ordered to file on or before August 18, 2006.

9. Why settlement of this matter has not occurred and whether any steps should be taken to facilitate such a settlement.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge