# In The United States Court of Federal Claims

No. 03-289C

(Filed: August 24, 2006)

---

UNITED MEDICAL SUPPLY COMPANY, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**ORDER**

---

A hearing on potential discovery and spoliation sanctions was held in this case on August 22, 2006. Participating in the conference were Franklin L. Broyles, on behalf of plaintiff, and Kyle E. Chadwick, on behalf of defendant. Pursuant to the discussion held therein, on or before August 30, 2006:

1. The parties shall file a joint status report that includes the following items:

    (a) The content of a jointly proposed document preservation order that the court will issue in this case, see *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133 (2004), noting all aspects of the proposed document preservation order on which the parties were unable to agree, and proposals from both plaintiff and defendant on such aspects of the order;

    (b) A plan for the conduct of further factual discovery regarding the merits of this case, including a proposed fact discovery cut-off date; and

    (c) A plan for the conduct of further discovery regarding the potential for imposing spoliation sanctions in this case, including:

        (i) A schedule for the government to provide to the Court and plaintiff copies of all communications between and within the relevant components of the U.S. Department of Justice and the U.S. Department of Defense concerning the retention, preservation, and/or destruction of evidence

potentially relevant to this case, with the term "communications" to be interpreted broadly to include writings; records; files; correspondence; reports; memoranda; electronic messages; e-mail; computer and network activity logs; printouts; document image files; databases; spreadsheets; books; ledgers; journals; orders; statements; worksheets; summaries; compilations; charts; diagrams; graphic presentations; drawings; and notes;

(ii) A schedule for deposing the following individuals:

(A) Anthony Amendolia, Business Management Specialist, Defense Supply Center, Philadelphia, PA (DSCP);

(B) Peter Brown, Paralegal, Civil Division, Department of Justice, Washington, D.C.;

(C) Angela Yuhas, Flight Commander of the 17th Medical Group, Goodfellow AFB, TX, or an alternative deponent who can testify to document retention, preservation, and/or destruction policies at Goodfellow AFB from 1996 to the present date;

(D) William Marchand, NCOIC of Acquisition and Inventory, Laughlin AFB, TX, or an alternative deponent who can testify to document retention, preservation, and/or destruction policies at Laughlin AFB from 1996 to the present date;

(E) Cliff Songer, Chief of Materiel Branch, Fort Huachuca, AZ, or an alternative deponent who can testify to document retention, preservation, and/or destruction policies at Fort Huachuca from 1996 to the present date;

(F) Jennifer Crosby, NCOIC of Medical Materiel, Tinker AFB, OK, or an alternative deponent who can testify to document retention, preservation, and/or destruction policies at Tinker AFB from 1996 to the present date;

(iii) A schedule for defendant to produce affidavits from the following individuals:

(A) Kathie Shahan, Attorney, Civil Division, Department of Justice, Washington, D.C., particularly detailing her interaction with Lynn Nelson and other individuals at Fort Bliss, TX, and other medical treatment facilities (MTFs) relating to issues involving the

retention, preservation, and/or destruction of potentially relevant evidence in this case;

(B) Lynn Nelson, Administrative Assistant for Materiel Branch, Fort Bliss, TX, providing more details regarding her interaction with Kathie Shahan as generally described in her earlier affidavit; and

(C) A representative from the Defense Manpower Data Center, detailing document retention, preservation, and/or destruction activities that occurred with respect to the credit card records relevant in this case.

2. In addition, plaintiff shall file:

(a) Specific references to the portion of its complaint and any and all document requests previously made regarding plaintiff's negligent estimates claim; and

(b) A document request for all data used by defendant to generate contract estimates that were employed by the DSCP.

3. In addition, defendant shall file:

(a) A proposed date by which defendant will file a memorandum with the court explaining the official document retention, preservation, and/or destruction policies in effect at each MTF from 1996 to the present date; and

(b) A proposed date by which defendant will complete the scanning and TIF conversion of the 229 boxes of documents it has recovered from the various MTFs and the DSCP, and distribute such documents to plaintiff.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge