**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., *Plaintiff* | CASE NO: 03-CV-289 |
| v. | Judge Allegra |
| THE UNITED STATES, *Defendant* | |

**JOINT STATUS REPORT OF AUGUST 31, 2006**

**TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:**

Pursuant to the Court's order dated August 24, 2006, the parties file this Joint Status Report.

1.

   a. A proposed document preservation order to which the parties have agreed is attached.

   b. The parties' plan for completion of additional fact discovery is attached.

   c.

      i. The Government proposes a 90-day deadline from date of this report to provide plaintiff and the Court with all available communications between and within the relevant components of the U.S. Department of Justice and the U.S. Department of Defense concerning the retention, preservation , and/or destruction of evidence, retention, preservation, and/or destruction of potentially relevant evidence in this case;

ii. The attached discovery plan reflects that the parties anticipate scheduling depositions to begin no earlier than October 15, 2006.

iii. The Government will file all of the affidavits required by ordering paragraph 1(c)(iii) of the August 24, 2006 order no later than October 1, 2006.

2. Plaintiff previously filed the documents described in numbered paragraph 2.

The Government will file the memorandum required by paragraph 2(a) of the August 24 order, and expects to complete the scanning of the documents described in paragraph 2(b), no later than October 1, 2006.

Signed August 31, 2006.

Respectfully submitted,

s/Frank L. Broyles
FRANK L. BROYLES
State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

CERTIFICATE OF SERVICE

No service needed.

**Agreed Form of Document Preservation Order**

**1. General Obligation to Preserve.**

During the pendency of this litigation or until further order of the court, defendant, its agencies including but not limited to Defense Supply Center Philadelphia ("DSCP") and the other agencies and military bases identified below , and its employees must take reasonable steps to preserve every document, data or tangible thing (collectively "documents") in its possession, custody or control, containing information that is relevant to, or may reasonably lead to the discovery of information relevant to, the subject matter involved in the pending litigation. Plaintiff is reminded that it also has a similar duty to preserve evidence relevant to this case.

The other agencies and military bases referenced above are:

a. Defense Manpower Data Center, California
b. Department of Defense Office of Inspector General
c. Defense Finance and Accounting Service
d. Fort Hood, Texas
e. Fort Bliss, Texas
f. Fort Sam Houston, Texas
g. Fort Huachuca, Arizona
h. Fort Sill, Oklahoma
i. Dyess Air Force Base
j. Laughlin Air Force Base
k. Sheppard Air Force Base
l. Tinker Air Force Base
m. Randolph Air Force Base
n. Altus Air Force Base
o. Goodfellow Air Force Base
p. Cannon Air Force Base
q. Holloman Air Force Base
r. Vance Air Force Base
s. Brooks Air Force Base
t. Kirtland Air Force Base, New Mexico
u. Corpus Christi Naval Air Station
v. Air Force Medical War Reserve Material

The documents subject to this order include but are not limited to the following:

a. Documents evidencing the methods used to by the above named military bases to purchase any day to day medical supplies and equipment during the period January 1, 1995 through May 2001, including supplies and equipment subject to Distribution and Pricing Agreements (DAPAs);

b. Documents evidencing usage data for the same period and same products as described in 2a ("usage data");

c. Documents evidencing the communication of such usage data described in paragraph 2b above to DSCP or United Medical Supply Company, Inc.

d. Documents evidencing the dollar amount of purchases (*e.g.,* periodic financial reports) of the types of items described in paragraph 2a above;

e. Documents evidencing communications (internal or external) concerning usage data for the same period, but specifically including any usage data submitted to the Generation II prime vendor;

f. Documents evidencing any communications regarding the claims made by United Medical, whether made in this case, another case, or the CDA claim submitted to the contracting officer.

g. CDs containing catalogue information for DAPA items

h. Documents evidencing policies and procedures to prevent diversion of purchases of the Generation I Prime Vendor Program;

i. Documents evidencing any notices from DSCP concerning the failure of the Government's prime vendor electronic payment system during 1999.

j. Documents evidencing amounts owed under calls issued to United Medical during the period June 1, 1997 through May 31, 2001.

k. Documents evidencing destruction of records pertaining to any of the above described records;

l. Document retention and destruction policies, including policies pertaining to litigation; for the time period 1997 to present;

m. Documents evidencing communications to preserve potentially relevant evidence concerning any claims made by United Medical.

**2. Document Inspection.**

To the extent it has not previously done so in this case, each of the facilities named above shall provide Defendant's trial counsel with a summary description of documents it currently possesses with respect to each of the above identified document categories. If, with respect to each category, the facility claims it does not have any responsive documents, it shall describe in detail the efforts made to locate such documents and whether it believes such documents once existed but were destroyed, and how and when they were destroyed. Such summary description shall be provided within 8-weeks of date of this order to Defendant's counsel, who shall promptly forward it to Plaintiff's counsel.

On or before 8-weeks after receipt of the summary described above, plaintiff shall designate the records (or portions of records) described in the summary description that plaintiff wishes to review;

Plaintiff generally shall have 63 days within which to inspect a designated record upon receiving notification from DOJ that the designated record has become available for inspection, during which process plaintiff may identify relevant documents for production. This inspection period may be extended by the court for good cause shown. Defendant shall provide to plaintiff copies or electronic images of the documents identified by plaintiff pursuant to this provision within such time as is agreed to by the parties; barring such agreement, the parties shall each file with the court their proposed schedule for the production of such copies or images, with an explanation in support thereof.

Copies of electronic records shall be produced in the format in which they are stored by the agency or military base.

**3. Compliance.**

Defendant shall establish a mechanism for monitoring compliance with this order and, on or before ___________, file a status report with the court describing that mechanism. Defendant's counsel shall immediately notify this court if, at any time, they become aware of a violation of this order ( *e.g.,* the destruction or loss of documents).

5. **Definitions.**

For purposes of this order:

(a) "Documents, data, and tangible things" is to be interpreted broadly to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets;

summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video; phonographic tape; or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

(b) "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under RCFC 26, 34, 45, and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

**6. Further Instructions; Modification.**

Either party may apply to the court for further instructions regarding, *inter alia:* (a) defendant's obligation to preserve specific categories of documents, data, or tangible things; (b) any aspect of the inspection or indexation tasks not herein clearly defined; and (c) allocating copying costs and maintaining the confidentiality of information contained in various records. Recognizing that the parties may perceive better ways of accomplishing the purposes of this order, the court notes that joint motions to modify any of the procedures listed herein will likely be received favorably.

**7. Sanctions.**

Failure to comply with this order may lead to the imposition of sanctions, as described in greater detail above.

**8. Dissemination.**

This order shall be distributed by defendant to all relevant agencies, departments, offices, divisions, and individuals.

**PROPOSED DISCOVERY PLAN**

1. Additional baseline data obtained from discovery
    a. Credit card data
        i. Additional data from Defense Manpower Data Center (60 days)
            1. credit card data for those individuals who purchased medical supplies not limited to SIC 5047 codes
            2. credit card data for specific manufacturers and distributors not limited to 5047 codes
        ii. Analysis of MTF credit card data being produced (estimated at 60 days from date of final production)
    b. Analysis of BPA data (estimated at 60 days from date of production)
    c. Analysis of Negligent Estimation Data (estimated at 60 days from date of production)
2. Depositions
    d. A rule 30(b)(6) deposition, topics to be identified following analysis of 2 (a-c) (Within 45 days following analysis of baseline data identified in 2 above)
    e. One or two reps from 5 or 6 of the MTFs who purchased with credit cards (Within 45 days following analysis of baseline data identified in 2 above)
    f. Deposition of Debbie Thompson during October 2006
    g. Depositions identified in paragraph (c)(ii)(A-F) to be conducted in Dallas, TX with the first depositions being of Anthony Amendolia and Peter Brown to be taken on the same day. These can begin after October 15, 2006.
3. Additional paper discovery
    h. Limited to requests for admissions, requests for production and depositions on written questions.
    i. To be served so that any responses are due on or before close of fact discovery.
4. RCFC 26 Disclosures
    j. Due by close of fact discovery except for discovery pertaining to experts.
5. Expert Discovery – subject to further order of the Court.
6. Extension of Discovery deadlines – With court order or by agreement of parties unless otherwise restricted by Court order. Good cause for extension includes failure to properly respond to discovery requests so that motions to compel must be filed.
7. Plaintiff believes a six-month fact discovery period is adequate beginning from date baseline data is produced as described in paragraph 2 above.
8. Nothing to be construed as a limitation against attempting to compel promulgated discovery, whether such discovery was promulgated before or after the filing of this joint status report.