IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-289C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S EXPLANATION OF DOCUMENT RETENTION POLICIES**

Pursuant to the Court's orders dated October 3 and 10, 2006, defendant, the United States, respectfully submits this description of the record retention, or disposition, schedules in effect from 1996 through present, for International Merchant Purchase Authorization Card ("IMPAC" or "credit card") transaction records, and other purchase order records, for the Army, Navy, and Air Force medical treatment facilities ("MTFs"), and Defense Logistics Agency ("DLA").

Every category of Government record must have a records retention schedule approved by the National Archives and Records Administration ("NARA"). The three military services and DLA each maintain similar, but distinct, retention schedules, some of which have changed since 1996. (Within each military service, MTFs follow the same retention schedules as the rest of that service, for given categories of records.) In addition, the services and DLA each maintain more than one retention schedule for purchase order documentation, depending upon the dollar value of purchases. In an effort to reduce the complexity of our response to the orders, we have prepared the attached table to convey the required information. In the event we have misconstrued in any way the scope of the information required to be provided, or if further information of this kind is desired for any other reason, we can promptly supplement this filing.

The first column in the table identifies the entity, i.e., the military service or DLA. The second column, "Record Title," provides the short title (sometimes containing numerical or alphabetical codes) of each pertinent record retention schedule, as the schedule is listed in the component's own index of record retention schedules. The third column, "Record Description," describes the documents covered by a given schedule. In the fourth column of the table, we indicate whether the current record retention schedule listed in the sixth column has been the same since 1996 and, if the answer is no, we explain the date and nature of the change(s).

The fifth column of the table provides the date that the current document retention schedule took effect. In the sixth and seventh columns, "Records Retention Requirements (Disposition)" and "Disposition Authority," we describe each retention/disposition policy in detail and cite the underlying legal authority. The eighth column, "Permanent Record," indicates whether this record category is "permanent," meaning that NARA requires retention beyond 30 years. The ninth and final column, "Retention Duration," briefly summarizes the minimum length of time that records in each distinct category must be retained.

Finally, at the conclusion of the section of the table relating to each separate organizational unit (service or DLA), we describe how that organization has internally disseminated, and ensured compliance with, the relevant document retention policies.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
by Bryant G. Snee
DAVID M. COHEN
Director

OF COUNSEL:
KATHLEEN HALLAM
Chief Trial Attorney
Defense Supply Center
Philadelphia

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

October 13, 2006

CERTIFICATE OF FILING

I certify that on October 13, 2006, the foregoing motion was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kyle Chadwick