**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC.,<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES, Defendant | CASE NO: 03-CV-289<br><br>Judge Allegra |

**JOINT STATUS REPORT**
**(November 6, 2006)**

TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:

Pursuant to the Court's order of October 20, 2006, the parties file this Joint Status Report dated November 6, 2006 describing the status of each item subject to the Court's document preservation order of September 8, 2006 and its Order of August 24, 2006 as follows:

## I. Status of Compliance with Document Preservation Order:

| Order Reference Paragraph | Compliance Item | Status |
|---|---|---|
| 3(a) | Description of various items currently possessed by the designated facilities. The order required detailed descriptions of searches made if a claim of no documents existed, belief whether such documents once existed and were destroyed, and if destroyed, when and how. | The facilities have served affidavits on Plaintiff's counsel. Plaintiff believes, however, that many do not comply with the Court's preservation order, particularly with respect to investigative efforts and belief regarding prior existence. Attached as Exhibit A is Plaintiff's Statement of Position with respect to each of these affidavits. |

| Order Reference Paragraph | Compliance Item | Status |
|---|---|---|
| 3(b) | A designation of records Plaintiff wishes to inspect. | Designation not due until November 17, 2006. Defendant expects to timely comply except with respect to the records of the Defense Manpower Data Center. That facility's records have software and operational security issues that the agency is attempting to resolve. |
| 3(c) | Inspection of Records by Plaintiff. | Not yet due. Defendant has produced several hundred thousand pages of documents as tiff images. Defendant anticipates production of a substantial additional quantity. The records are identified only by facility and electronic bates number, not by discovery category to which they apply. Accordingly, Plaintiff anticipates seeking an enlargement of time to inspect original documents. |
| 3(d) | Production of Electronic Records in the format in which they have been stored. | Plaintiff believes some of the documents produced as tiff images actually were stored in spreadsheet format. Plaintiff believes it can identify these by November 17, 2006. |
| 4 | Compliance Monitoring. | Defendant has complied. |
| 8 | Dissemination of Preservation Order. | Defendant has complied. |

## II. Status of Compliance with Order of August 24, 2006.

| Order Reference Paragraph | Compliance Item | Status |
|---|---|---|
| 1(b) | Discovery Plan. | The parties submitted a proposed discovery plan on August 31, 2006. The Court did not rule on the proposal. Based on the volume of documents produced by the Government and the volume of remaining documents, the parties are not in a position to reaffirm that plan and believe another plan should be proposed sometime following completion of document production by the Government. |

| **Order Reference Paragraph** | **Compliance Item** | **Status** |
|---|---|---|
| 1(c)(i) | Schedule for production of all communications regarding document retention, preservation or destruction of evidence. | The parties have proposed a schedule. That item remains relevant and is important to identification of remaining issues. Plaintiff's position is that the Government has not provided any evidence that it communicated the relevant discovery issues to the MTFs prior to 2005 and that this is relevant to Plaintiff's sanction motions. The parties request a Court order adopting the dates set forth below. |
| 1(c)(ii) | Deposition Schedule. | The parties' prior proposed schedule is not realistic and may not be prove fruitful. This schedule may need to be modified in view of the discovery obtained since entry of the Document Preservation Order and following production and filing of the communications documents contemplated by 1(c)(i). |
| 1(c)(iii) | Various filings by Defendant. | Complete. |
| 2 | Various filings by Plaintiff. | Complete. |
| 3 (a) | Deadline for filing memorandum explaining document retention policies of Defendant. | Complete. |
| 3(b) | Deadline for completion of production of scanned documents. | Defendant has proceeded diligently and produced hundreds of thousands of tiff images. Nevertheless, it has not been able to meet its deadlines and has not yet completed production. Additionally, software and operational security issues have arisen with respect to the Defense Manpower Data Center documents that need to be resolved. |

The parties propose that two items need to be completed prior to further proposal regarding discovery and trial. These items are the filing and production of the communications contemplated by the Court's order of August 24, 2006, paragraph

1(c)(i) and the completion of production contemplated by paragraph 3(b) of that same order. Defendant believes it is on schedule to produce all, or substantially all, of the communications described in paragraph 1(c)(i) by December 22, 2006. (Due to retention policies that were initiated in connection with other litigation, the Department of Justice possesses hundreds of e-mail archive tapes dating back, in some instances, to before 2001. Since late August 2006, the Department of Justice has been identifying, duplicating, and searching the relevant tapes for responsive communications.) The credit card transactions records maintained by the Defense Manpower Data Center ("DMDC") constitute the principal "sticking point" in completing the production of documents under paragraph 3(b) of the August 24, 2006 order. Owing to the extreme size of this data set; the specialized software required to manipulate it; and security concerns surrounding the release of detailed military purchasing data, defendant will need to confer with plaintiff to agree upon protocols for the release and use of the DMDC records. Defendant will make its best efforts to have those arrangements in place before mid-December.

Signed November 6, 2006.

Respectfully submitted,

s/Frank L. Broyles
FRANK L. BROYLES
TX State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD & LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kyle Chadwick
KYLE CHADWICK
Sr. Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

No service needed.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff<br><br>v.<br><br>THE UNITED STATES, Defendant | CASE NO: 03-CV-289<br><br>Judge Allegra |

**EXHIBIT A**

**TO:**

**JOINT STATUS REPORT**
**(November 6, 2006)**

| **Facility** | **AFMLO** | **Altus AFB** | **Brooks-City AFB** | **Cannon AFB** |
|---|---|---|---|---|
| **Affiant** | Major Love | SGT Taylor | Marc Tawil | Lt. Sabroski |
| **Docs in Possession?** | | | | |
| **2(a)** Purchase Methods | yes | 2000 – 01 sent to DOJ | Yes, apparently sent to DOJ | Yes |
| **2(b)** Usage Data | Apparently none | None since Medlog data and spreadsheets not retained | 2002 forward for electronic data; hard copies for prior years sent to DOJ | No, assumes destroyed |
| **2(c)** GEN I Usage Data Communication | Apparently none | None | Same as above | No, assumes destroyed |
| **2(d)** Financial Info | Apparently none | Apparently did not track med/surg spending | 1998 forward sent to DOJ | No, assumes destroyed |
| **2(e)** GEN II Usage Data Communication | Apparently none | None | One CD sent to DOJ | No, assumes destroyed |
| **2(f)** Communications re: UMS Claims | Apparently none | None | One file sent to DOJ | No |
| **2(g)** DAPA item docs | Apparently none | None | none | No, assumes destroyed |
| **2(h)** Procedures to avoid diversion | Apparently none | None | None | No, assumes destroyed |
| **2(i)** Gov't Payment system failure | Apparently none | None | none | No, assumes destroyed if ever received |
| **2(j)** Amounts owed under calls | Apparently none | None | Some sent to DOJ | No, assumes destroyed |
| **2(k)** Document destruction | Apparently none | None | none | No w/o explanation |
| **2(l)** Document Retention and Destruction Policies | Apparently none | AFI 41-209 4.12.11 | 41-209 (6 yrs 3 mo) | As previously reported |
| **2(m)** Notices to Preserve | Apparently none | May 10, 2006 | Some | No |
| **Description of Efforts to Locate** | General Description | General Description | Good | Generally described |
| **Statement of Belief re: existence of records at one time** | No opinion expressed | No opinion expressed | Some | As noted above |
| **How and When Destroyed** | No opinion expressed | No opinion expressed | Does not believe any docs destroyed | Unknown |
| **Docs produced** | | | | |
| **Comments** | Plaintiff wants to inspect if not produced on CD Affidavit is not compliant with Court's orders | Affidavit is not compliant with Court's orders | Some inconsistency with respect to document destruction Affiant made good effort to comply with Court's orders | Affidavit is compliant with Court's orders. |

| | Facility | Dyess AFB | Goodfellow AFB | Holloman AFB |
|---|---|---|---|---|
| | Affiant | Capt Baca | Lt. A. Yuhas | Major Massey |
| **Docs in Possession?** | | | | |
| **2(a)** | Purchase Methods | All docs sent to DOJ | None, all previously sent to DOJ | None prior to 1999 due to 1-yr destruction policy. Oct 99 forward shipped to DOJ |
| **2(b)** | Usage Data | All docs sent to DOJ | 5 docs (Oct 99 to April 00)<br>None prior to 03 due to Medlog to DMLSS conversion in Jan 05 | None in possession of facility. electronic data destroyed, any hard copies sent to DOJ |
| **2(c)** | GEN I Usage Data Communication | All docs sent to DOJ | 06 talking paper sent to DOJ. | Same as above |
| **2(d)** | Financial Info | None. Apparently pre-2003 destroyed | None, all previously sent to DOJ | Same as above |
| **2(e)** | GEN II Usage Data Communication | All docs sent to DOJ | None available no continuity of mgt. | Same as above |
| **2(f)** | Communications re: UMS Claims | All docs sent to DOJ | None available no continuity of mgt. | None found. Apparently not believed to have existed. |
| **2(g)** | DAPA item docs | All docs sent to DOJ | None available since facility performed major spring cleaning in 2005 | Same as 2(b) |
| **2(h)** | Procedures to avoid diversion | All docs sent to DOJ | 9 pages found. | None |
| **2(i)** | Gov't Payment system failure | All docs sent to DOJ | None available no continuity of mgt. | none |
| **2(j)** | Amounts owed under calls | All docs sent to DOJ | None | None |
| **2(k)** | Document destruction | All docs sent to DOJ | None | None |
| **2(l)** | Document Retention and Destruction Policies | No | AFRIMS T41-04 R12.00 & R13.00 | No new information |
| **2(m)** | Notices to Preserve | No | Only since May 11, 2006 | May 19, 2006 was first notice found in records |
| **Description of Efforts to Locate** | | Not compliant | General Description | Adequate |
| **Statement of Belief re: existence of records at one time** | | No opinion expressed | Apparently yes | No new information |
| **How and When Destroyed** | | No opinion expressed | Unknown | No new information |
| **Docs produced** | | | | |
| **Comments** | | Not a reliable or compliant affidavit. See response to item (2) (l) | One of the more complete affidavits. Evidences a good faith intent to comply with Court's orders | Evidences a good faith effort to comply. |

| | **Facility** | **Kirtland AFB** | **Laughlin AFB** | **Randolf AFB** |
|---|---|---|---|---|
| | **Affiant** | Lt. Rittberg | Sgt Wilson | Lt Bogumil |
| **Docs in Possession?** | | | | |
| **2(a)** | Purchase Method | Letters to be forwarded | Yes | Yes, scanned by DOJ |
| **2(b)** | Usage Data | Credit card statements to be forwarded | No, must have been destroyed when DMLSS conversion in 2005 | None |
| **2(c)** | GEN I Usage Data Communication | None, may have had them at one time but if so, forwarded to DOJ on Aug 7, 2006 | None, no knowledge of destruction | None |
| **2(d)** | Financial Info | As above6 | None, but should have existed | Credit card information for 2000 and 2001, scanned by DOJ |
| **2(e)** | GEN II Usage Data Communication | As above | None | None |
| **2(f)** | Communications re: UMS Claims | As above | None | No responsive answer |
| **2(g)** | DAPA item docs | As above | None, but did exist at one time | None |
| **2(h)** | Procedures to avoid diversion | Some to be forwarded | None | None |
| **2(i)** | Gov't Payment system failure | Same as 2(c). | None | None |
| **2(j)** | Amounts owed under calls | As above | None | None |
| **2(k)** | Document destruction | As above | None, but destruction records normally not maintained | None |
| **2(l)** | Document Retention and Destruction Policies | AFI 41-209 3.39.2<br>6 yrs 3 mo | None | AFI 41-209 |
| **2(m)** | Notices to Preserve | none | None | None |
| **Description of Efforts to Locate** | | Satisfactory | Good | Reasonable |
| **Statement of Belief re: existence of records at one time** | | No response | Yes, as noted with respect to each category | No response |
| **How and When Destroyed** | | No response | Not known | No response |
| **Comments** | | Avoided responsive affidavit by shipping docs to DOJ without maintaining log. Not compliant. | Responsive and complete affidavit | Not compliant since so statement as to belief of prior existence and subsequent destruction. |

| | | | | |
|---|---|---|---|---|
| | **Facility** | **Sheppard AFB** | **Tinker AFB** | **Vance AFB** |
| | **Affiant** | Sgt Steele | Capt Breedlove | SGT Green |
| **Docs in Possession?** | | | | |
| **2(a)** | Purchase Method | Yes (3.5 boxes for years 2000 – 2001) | None, all docs previously sent to DOJ | Receiving reports |
| **2(b)** | Usage Data | None | None, all docs previously sent to DOJ | Not maintained since no notice to maintain |
| **2(c)** | GEN I Usage Data Communication | None | None, all docs previously sent to DOJ | Not maintained since no notice to maintain |
| **2(d)** | Financial Info | None | None, all docs previously sent to DOJ | Not maintained since no notice to maintain |
| **2(e)** | GEN II Usage Data Communication | None | None, all docs previously sent to DOJ | On tapes (no additional description) |
| **2(f)** | Communications re: UMS Claims | None | None, all docs previously sent to DOJ | None found |
| **2(g)** | DAPA item docs | None | None, all docs previously sent to DOJ | Not maintained since no notice to maintain |
| **2(h)** | Procedures to avoid diversion | None | None, all docs previously sent to DOJ | Response not complete but apparently Not maintained since no notice to maintain |
| **2(i)** | Gov't Payment system failure | None | None, all docs previously sent to DOJ | Response not complete |
| **2(j)** | Amounts owed under calls | None | None, all docs previously sent to DOJ | Not maintained since no notice to maintain |
| **2(k)** | Document destruction | Apparently none except for policies, see below | None, all docs previously sent to DOJ | Incomplete response |
| **2(l)** | Document Retention and Destruction Policies | AFI 64-117,37-139 table 64-4, rules 26, 26.2 | None, all docs previously sent to DOJ | Form 135, 8 boxes sent to DOJ |
| **2(m)** | Notices to Preserve | No additional response | None, all docs previously sent to DOJ | None |
| **Description of Efforts to Locate Documents** | | None specifically described | Not reasonably complete | Not compliant |
| **Statement of Belief re: existence of records at one time** | | No response, but indication that docs were destroyed | No response | Not compliant |
| **How and When Destroyed** | | No response | No response | Not compliant |
| **Comments** | | Compliance with Court's orders are marginal | Affidavit is not compliant. | Affidavit is not compliant |

| | | | |
|---|---|---|---|
| **Facility** | **Brooke Army** | **Darnall Army** | **Reynolds Army** |
| **Affiant** | D. Thompson | J. Tyler | |
| **Docs in Possession?** | | | |
| **2(a)** Purchase Method | All sent to DOJ | Credit card records, registers, receipts and invoices | Some for later years, apparently provided to DOJ |
| **2(b)** Usage Data | Not available | Prime vendor records | Spreadsheet for 2001 (not provided to Plaintiff) |
| **2(c)** GEN I Usage Data Communication | Not available | None located | None maintained |
| **2(d)** Financial Info | Not available | Credit card records (no response regarding financial reports) | As previously provided |
| **2(e)** GEN II Usage Data Communication | Not available | One DOJ phone call in 2005 | None found, but was reported (??) |
| **2(f)** Communications re: UMS Claims | Not available | None found | None |
| **2(g)** DAPA item docs | Not available | None found | Destroyed |
| **2(h)** Procedures to avoid diversion | None available | None found | None found |
| **2(i)** Gov't Payment system failure | None available | None found | None found |
| **2(j)** Amounts owed under calls | Believe reconciled, but records no longer available | None found | None found |
| **2(k)** Document destruction | Documents destroyed in accordance with policy. Cryptic comment re: recycling | Does not believe any documents destroyed | None found |
| **2(l)** Document Retention and Destruction Policies | See prior affidavit | AR 25-400-2 | AR 25-400-2 |
| **2(m)** Notices to Preserve | None available | None | Amendolia email of Oct 2002 only communication |
| **Description of Efforts to Locate Documents** | No additional | General description | Not described |
| **Statement of Belief re: existence of records at one time** | Apparently believes documents were available | Apparently does not believe documents ever existed where none were found. | Only by implication. No direct statement except with respect to DAPA CDs. |
| **How and When Destroyed** | No records | Not applicable | Not provided |
| **Comments** | Coupled with prior affidavit, reasonable effort to comply with spirit of orders | Questionable since DAPA items had to exist. | Want to see spreadsheet (2)(c). Marginal compliance with Court's orders. |

| | | |
|---|---|---|
| **Facility** | **William Beaumont (Ft Bliss)** | **William Beaumont (Ft Huachuca)** |
| **Affiant** | Oscar Molinar<br>Lynn Nelson | Cliff Songer |
| **Docs in Possession?** | | |
| **2(a)** Purchase Method | Not responsive and indicates waiting on receipt of information | No documents found |
| **2(b)** Usage Data | Destroyed locally but sent to MEDCOM | No documents found |
| **2(c)** GEN I Usage Data Communication | Destroyed | No documents found |
| **2(d)** Financial Info | Docs destroyed after 3 years | No documents found |
| **2(e)** GEN II Usage Data Communication | Destroyed | No documents found |
| **2(f)** Communications re: UMS Claims | If any existed, they would have been destroyed. | No documents found |
| **2(g)** DAPA item docs | All records destroyed in 2003 | No documents found |
| **2(h)** Procedures to avoid diversion | No documents believed to have existed | No documents found |
| **2(i)** Gov't Payment system failure | None | No documents found |
| **2(j)** Amounts owed under calls | None (no opinion regarding payment history) | No documents found |
| **2(k)** Document destruction | References attached files of lists of destroyed documents (not attached) | No documents found |
| **2(l)** Document Retention and Destruction Policies | AR 25-400 | No documents found |
| **2(m)** Notices to Preserve | None prior to 2006. | No documents found |
| **Description of Efforts to Locate Documents** | Provided | Not described |
| **Statement of Belief re: existence of records at one time** | As indicated in individual responses | Apparently believes responsive data resided on Tammis system, but was destroyed in 2003 |
| **How and When Destroyed** | References to file numbers attached to affidavit, but not attached. | Apparently believes responsive data resided on Tammis system, but was destroyed in 2003 |
| **Comments** | Compliant | Not Compliant |

| | |
|---|---|
| **Facility** | **Corpus Christi NAS** |
| **Affiant** | **none** |
| **Docs in Possession?** | Previously stated all documents had been destroyed |
| **2(a)** Purchase Method | |
| **2(b)** Usage Data | |
| **2(c)** GEN I Usage Data Communication | |
| **2(d)** Financial Info | |
| **2(e)** GEN II Usage Data Communication | |
| **2(f)** Communications re: UMS Claims | |
| **2(g)** DAPA item docs | |
| **2(h)** Procedures to avoid diversion | |
| **2(i)** Gov't Payment system failure | |
| **2(j)** Amounts owed under calls | |
| **2(k)** Document destruction | |
| **2(l)** Document Retention and Destruction Policies | |
| **2(m)** Notices to Preserve | |
| **Description of Efforts to Locate Documents** | No description provided |
| **Statement of Belief re: existence of records at one time** | No statement provided |
| **How and When Destroyed** | n/a |
| **Comments** | |