IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff | CASE NO: 03-CV-289 |
| v. | Judge Allegra |
| THE UNITED STATES, Defendant | |

**PLAINTIFF'S MOTION TO MODIFY PARAGRAPHS 3(b) and 3(c) OF DOCUMENT PRESERVATION ORDER**

**TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:**

On September 8, 2006 this Court entered a Document Preservation Order. Paragraph 3(b) of that order directed Plaintiff to identify documents or portions of documents that it wished to review and to do so by November 17, 2006. Paragraph 3(c) of the order further imposed on Plaintiff a deadline to inspect those documents. The identification and inspection deadlines were based on some critical path predicates that the Government has been unable to meet as described below. Accordingly, Plaintiff requests a modification of these deadlines.

**I. JUSTIFICATION FOR PLAINTIFF'S REQUEST**

**1. The Defense Manpower Data Center ("DMDC") Documents.**

During 2002, Plaintiff served several interrogatories designed to obtain the Government's calculations of actual or estimated diverted purchases. Initially the Government did not provide any responsive answers. Plaintiff filed a motion to compel answers to the interrogatories and, in a Joint Status Report filed July 14, 2005, the parties

notified the Court of a resolution of this issue whereby the Government would provide its best estimates of diverted purchases or state why it could not do so and the details of its investigation made to provide such an estimate. That did not happen. Accordingly, on April 26, 2006, the Court ordered the Government to respond to the interrogatories.

On July 5, 2006 the Government served responses, but not answers to the interrogatories. In those responses it did not provide the estimate requested by the interrogatories, but rather provided an unverified $44 million dollar estimate of "maximum" diversions.[1] That $44 million estimate appears to be based solely on incomplete data the Government obtained from the DMDC.

The Government has now located substantial DMDC data, but has not made it available to Plaintiff for apparently legitimate reasons. The Government has disclosed that production of the DMDC documents is being delayed due to software and security reasons. The Government has, however, indicated that complete disclosure probably will be made.

The DMDC data is extremely important. Although the Government has recently produced substantial documents from the various MTFs and other facilities, the production is not organized by either Plaintiff's document request categories or Document Preservation Order categories. A substantial volume is cryptic due, primarily, to the use of codes and acronyms. Moreover, the documents have been

[1] Plaintiff objected to the lack of a verification since Plaintiff intended to depose the verifier to understand the calculations. The Government's response was that the estimate was provided by a consulting expert and no DoD verification would be meaningful.

produced via CDs without any index except for bates numbers and the particular facility associated with the bates numbers. It will take a monumental effort by Plaintiff to organize the facility data into anything usable. The previously produced DMDC data, in contrast, was produced in useful and user friendly Excel spreadsheet form. Prior settlement discussions focused on this data and it is anticipated that future settlement discussions, if any, will again focus on the DMDC data. It is the most useful.

Plaintiff's contention, and its primary basis for the motion, is that until the DMDC data can be produced to Plaintiff in useable form and the Government has supplemented its previous interrogatory responses based on the additional DMDC data, inspection of other documents would be premature and add a layer of potentially unnecessary expense to this case.

**2. Facility Data**

Paragraphs 3(b) and 3(c) of the Document Preservation Order presumed that document collection and identification by the Government would be completed and organized prior to the deadlines imposed on Plaintiff. As it turns out, this has not been the case, notwithstanding an obviously diligent effort by DOJ to make that happen.

The various affidavits filed by the facilities evidence discovery of a substantial amount of documents not produced prior to mid-2006. It is unclear from the affidavits exactly what documents have been scanned and recently produced to Plaintiff on CDs and, with respect to the scanned documents, whether the originals remain at the facility in some organized fashion or if they are boxed in bulk at the Department of Justice.

Plaintiff's discovery efforts will be determined in large part by the location of the most organized documents.

Before Plaintiff further identifies documents it desires to inspect at various locations, including the DOJ, Plaintiff would prefer to know if such documents have been produced on CD and if so, the Bates label range of the particular documents responsive to Plaintiff's various document requests and the overall organization of the documents at the proposed inspection location.

## II. CERTIFICATION OF CONFERENCE

Prior to filing this Motion Plaintiff attempted to conference with Mr. Chadwick via email and personal telephone call concerning the relief requested to determine if an agreement could be reached. Plaintiff was unable to contact Mr. Chadwick and recalls that Mr. Chadwick is unavailable due to trial. Since today is Plaintiff's deadline for seeking relief from the paragraph 2(b) deadlines, Plaintiff submits the motion without conference.

## III. RELIEF REQUESTED

Plaintiff requests that paragraph 3(c) of the Document Preservation Order be modified to provide that Plaintiff's deadline to inspect documents is 63-days after the later of either the date that: (1) the Government supplements its interrogatory responses described above with a verified response, or (ii) the date that the Government has notified Plaintiff that all documents that have been identified by Plaintiff for inspection are available for inspection; and that paragraph 3(b) be modified to tie Plaintiff's identification of document obligation to two-weeks after the Government identifies

which documents have not been produced on CD and which have not and the location of the various documents where they are stored either as kept in the ordinary course of business or by category described in the Document Preservation Order.

Respectfully submitted,

s/ Frank L. Broyles
Frank L. Broyles
Texas State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF SERVICE

A copy of the foregoing as filed has been served on Kyle Chadwick via first class mail on November 17, 2006 in addition to the Clerk's electronic service.

s/ Frank L. Broyles