# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff | CASE NO: 03-CV-289 |
| v. | Judge Allegra |
| THE UNITED STATES, Defendant | |

## PLAINTIFF'S AMENDED STATUS REPORT

**TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:**

Plaintiff submits this Amended Status Report to correct typographical errors. No substantive changes from the original have been made. The parties currently are dealing with the following issues arising out of previous orders of this Court:

**1. Scanning and delivery of documents.**

On October 3, 2006 the Court entered an order stating at page 2, paragraph 3, "On or before October 16, 2006, defendant shall complete the scanning and TIF conversion of the 229 boxes it has recovered from the various MTFs and the DSCP, and distribute such documents to Plaintiff."[1]

On November 21, 2006, Defendant delivered TIF and PDF scans of what it represented to be the last of the recovered documents. Defendant had not (and has not) delivered any scans from DSCP. Plaintiff made inquiry regarding this deficiency and was advised by Defendant's counsel that no documents had been recovered from DSCP.

While Plaintiff has reason to dispute the representation pertaining to DSCP, Plaintiff believes that a motion to compel at this time on this issue would simply result in collateral discovery. Defendant has agreed to make all DSCP documents available for inspection and copying by Plaintiff. Plaintiff believes this may be a satisfactory solution to this portion of the discovery disputes.

**2. Production of Electronic Documents**

Paragraph 3(d) of the Court's document preservation order stated, "Copies of electronic records shall be produced in the format in which they are stored by the agency or military base."

[1] These are the same 229 boxes referenced in the Court's order of August 24, 2006, paragraph 3(b). Defendant never indicated that there were not any documents recovered from DSCP.

To date no production of electronic documents has been made. There are practical issues that need to be addressed in order to make such production usable and the parties are working toward resolution of those issues, however, one of the primary bases for Plaintiff's motion to extend its deadlines for inspection of documents was the inability of the Defendant to simply produce the electronic records in the format in which they are stored. Moreover, it appears that such production might be useless to Plaintiff due to the format in which such records are stored.

Presently there is no estimated time table for production of such electronic records except with respect to the records of the Defense Manpower Data Center. Plaintiff considers these records critical. The Government believes that they can be produced in January 2007. The Government has proposed that Plaintiff employ a database expert to attend a one-day briefing on the record storage methodology. Plaintiff made a counter-suggestion and is waiting on the Government's response.

**3. Document Preservation Order, paragraph 3(a).**

Plaintiff has objected to the failure of several Government activities to comply with paragraph 3(a) of the Document Preservation Order and has notified Government counsel of the specific deficiencies.[2] Plaintiff intends to attempt to compel compliance with the terms of the order if the Defendant does not voluntary agree to do so, which as of this date it has not.

**3. Paragraph 1(c)(i) of the Court's Order of August 24, 2006.**

In paragraph 1(c)(i) of the Court's Order of August 24, 2006 the Court directed the Defendant to identify when it proposed to produce to the Court and to Plaintiff copies of all communications between and within the relevant components of the U.S. Department of Justice and the U.S. Department of Defense concerning the retention, preservation, and/or destruction of evidence potentially relevant to this case.

The Government indicated it would be able to produce such communications next week. Plaintiff is hopeful that this target date is met. Government counsel believes it will be.

**4. Pending interrogatory issues.**

A significant dispute between counsel concerns the Government's responses to Plaintiff's interrogatories concerning estimates of diverted purchases. This issue was addressed in a prior motion to compel filed by Plaintiff. Plaintiff believes that the Government has not met its obligations under the rules or the subsequent Court order on this issue and will be filing a second motion to compel on the issue.

---

[2] The Court required each of the activities to describe search efforts in the event no documents on a particular subject matter were located, and to state if the facility believed such documents existed. A number of the activities did not comply with this provision.

**5. Account Receivable Claim**

At the request of Plaintiff the Court dismissed the Account Receivable Claim so that it could be properly submitted to the Contracting Officer. Plaintiff submitted that Claim to Mr. James Jennings, contracting officer on December 15, 2006.

Signed December 16, 2006.

Respectfully submitted,

s/ Frank L. Broyles
Frank L. Broyles
Texas State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF SERVICE

A copy of the foregoing as filed has been served on Kyle Chadwick on December 16, 2006 via the Clerk's electronic service.

s/ Frank L. Broyles