U.S. Dep[artm]ent of Justice
Civil Divi[sion], Commercial Branch
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875

*E. Kathleen Shahan*

Tel: (202) 307-0249, Fax: (202) 307-0494

September 24, 2002

By Federal Express

Kathleen Hallam
Chief Trial Attorney
Defense Supply Center Philadelphia
DSCP-GA, Bldg 36-3
700 Robbins Avenue
Philadelphia, PA 19111-5092

Re: In re United Medical Supply, Inc. Bankr. Adv. No. 01-4230

Dear Ms. Hallam:

Enclosed is a copy of the summons and complaint with exhibits, as served. Our response must be filed by October 18, 2002. The summons also includes the court's Order Regarding Adversary Proceedings, Trial Setting and Alternative Scheduling Order which sets forth certain timetables and actions required to be taken by the parties. The Order provides, *inter alia*, that the parties must confer and file a proposed scheduling order, and that within ten days thereafter, must make the disclosures required by Federal Bankruptcy Rule 7026(a). I have enclosed a copy of Rule 7026 for you convenience.

Please notify the appropriate parties of these requirements, particularly with respect to Rule 7026(a)(1)(A) & (B). We need to start immediately to identify all of the individuals that have discoverable information, to notify those individuals, and to instruct them to retain all documents, e-mails, etc. in their possession that relate to the contract at issue. We also need to determine who will be our best witnessed for the various issues and whether it would be beneficial to hire an expert to assist on any of the issues.

I have also enclosed a first draft of our answer. There are some allegations which Linda Flately, Anthony Amendolia and Maggy Rees need to review and to provide information for answer. I would also appreciate it if you would review the answer to assure that I have responded accurately.

I will be on leave from September 26 through October 2, 2002, and possibly on travel October

3, 2002. I will contact you upon my return, or you can e-mail any questions as they arise to Kathie.Shahan@usdoj.gov.

Thank you for all of the assistance you provided last week. I look forward to working with all of you.

Sincerely yours,

E. Kathleen Shahan
Attorney
Commercial Litigation Branch

Enclosures

Kathleen Shanahan
202 307-0494
United Medical

5 Pgs to Follow

Kathleen D Hallan

# In re United Medical Supply
# Case No. 01-41911-bjh-11
# Adversary # 02-4230

## Relevant Documents

1. Contracting Officer's files for subject contract – 12 folders
2. Contract Specialist's files relative to various payment issues and disputes
3. Customer satisfaction questionnaires
4. (Some) Customer records containing orders and confirmations

## Potential Witnesses

Linda Flatley
Contracting Officer and Chief, New Initiatives Section
MED/SURG Prime Vendor
Medical Surgical Products CBU
Directorate of Medical Materiel
Defense Supply Center Philadelphia
MSAA, Building 6-
700 Robbins Avenue
Philadelphia, PA

Ms. Flatley is familiar with the solicitation, contract requirements, and contract performance issues

Anthony Amendolia, New Initiatives Section
Case Manager
MED/SURG Prime Vendor
Medical Surgical Products CBU
Directorate of Medical Materiel
Defense Supply Center Philadelphia
MSAA, Building 6-
700 Robbins Avenue
Philadelphia, PA

Donna Galligan, New Initiatives Section
Team Leader, Invoice Facilitor
MED/SURG Prime Vendor
Medical Surgical Products CBU
Directorate of Medical Materiel
Defense Supply Center Philadelphia
MSAA, Building 6-
700 Robbins Avenue
Philadelphia, PA

Gregory Wentzel
Retired Section Chief
Medical and Surgical Products

I've been advised that he is still in this area, will provide address next week

Oscar Molinar – COR
Deputy Chief of Medical Material
William Beaumont Medical Facility
Ft. Bliss
El Paso, Texas
Familiar with transitioning the contract, performance and some payment issues.

Debra Thompson
Deputy Chief of Medical Material
Brooke Army Medical Center
Ft. Sam Houston
San Antonio, Texas
Familiar with transitioning the contract, performance and some payment issues.

Bruce Cristie
Deputy Chief of Medical Material
Reynolds Army Community Hospital
Ft. Sill
Oklahoma
Familiar with performance and some payment issues.

## People with relevant knowledge

In addition to above individuals.

Margaret Rees
Previous Chief, Medical/Surgical Products Group
Current Deputy Director
Directorate of Clothing and Textiles
Defense Supply Center Philadelphia
Building 6-
700 Robbins Avenue
Philadelphia, PA
Involved with performance issues during first year or two of contract. She's she doesn't remember anything.

Col Reilly
Chief of Logistics
Ft. Bliss
El Paso, Texas
Col. Reilly is familiar with UM's performance. Is very contractor friendly.

Maria Trevino
Buyer
Corpus Christi Naval Hospital
Corpus Christi, Texas
Ms. Trevino is familiar with UM's performance, however, Corpus Christi was a very small customer.

Bruce Carson
Implementation Manager Monitor
Directorate of Medical Materiel

Defense Supply Center Philadelphia
Building 6-
700 Robbins Avenue
Philadelphia, PA

Mr. Carson is familiar with UM's achievements in meeting the milestones of its implementation plan during the first year after award.

Nancy Martin
Buyer from time of solicitation until 1999
Directorate of Medical Materiel
Defense Supply Center Philadelphia
Building 6-
700 Robbins Avenue
Philadelphia, PA

Ms. Martin is familiar with UM's performance during first two years of contract.

## Draft Answer

REDACTED

REDACTED

REDACTED

U.S. Department of Justice
Civil Division, Commercial Branch
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875

*E. Kathleen Shahan*

Tel: (202) 307-0249, Fax: (202) 307-0494

November 8, 2002

By Telefax

Kathleen Hallam
Chief Trial Attorney
Defense Supply Center Philadelphia
DSCP-GA, Bldg 36-3
700 Robbins Avenue
Philadelphia, PA 19111-5092
(215) 737-5913

Re: In re United Medical Supply, Inc. Bankr. Adv. No. 01-4230

Dear Ms. Hallam:

I want to let you know the following deadlines so that we can make the necessary arrangements to be prepared for and comply with these requirements:

| | |
|---|---|
| 11-12-02 | Reply to Plaintiff's Objection to Defendant's Motion to Dismiss Adversary Proceedings |
| 11-25-02 | Responses to Plaintiff's discovery due |
| 12-02-02 | Exchange list of experts |
| 01-03-02 | Discovery complete |
| 01-21-02 | Exchange marked exhibits and witness list |
| 01-30-02 | Trial Brief and proposed findings of fact and conclusions of law |
| 02-03-02 | Docket call |
| 02-10-02 | Trial |

*************** -COMM. JOURNAL- ******************** DATE NOV-08-2002 ***** TIME 11:48 ********

MODE = MEMORY TRANSMISSION START=NOV-08 11:47 END=NOV-08 11:48

FILE NO.=029

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | a | 82157375913 | 002/002 | 00:00:29 |

-DOJ CORP FIN LIT -

*************************************** - ***** - 202 307 0494- *********

**U.S. Department of Justice**
Civil Division, Commercial Branch
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875

*E. Kathleen Shahan*

Tel: (202) 307-0249, Fax: (202) 307-0494

November 8, 2002

By Telefax

Kathleen Hallam
Chief Trial Attorney
Defense Supply Center Philadelphia
DSCP-GA, Bldg 36-3
700 Robbins Avenue
Philadelphia, PA 19111-5092
(215) 737-5913

Re: In re United Medical Supply, Inc. Bankr. Adv. No. 01-4230

Dear Ms. Hallam:

I want to let you know the following deadlines so that we can make the necessary arrangements to be prepared for and comply with these requirements:

| | |
|---|---|
| 11-12-02 | Reply to Plaintiff's Objection to Defendant's Motion to Dismiss Adversary Proceedings |
| 11-25-02 | Responses to Plaintiff's discovery due |
| 12-02-02 | Exchange list of experts |
| 01-03-02 | Discovery complete |
| 01-21-02 | Exchange marked exhibits and witness list |
| 01-30-02 | Trial Brief and proposed findings of fact and conclusions of law |
| 02-03-02 | Docket call |
| 02-10-02 | Trial |

Since discovery must be completed by January 3, 2002, we need to file whatever discovery we require well before December 3, 2002, so that we will have time to notice any depositions we will want to take before the trial. In addition, we need to determine if we need to take any depositions in lieu of testimony for witnesses that we are unable to subpoena due to distance.

I would also like to discuss the legal issues with you, particularly regarding the modification to the solicitation made by United Medical and apparently accepted by the contacting officer. Please give me a call at your earliest convenience to discuss the issues, the schedule and particularly our responses to the discovery request and our proposed discovery.

Thank you again for all of your assistance.

Sincerely yours,

E. Kathleen Shahan

E. Kathleen Shahan
Attorney
Commercial Litigation Branch

Kathleen Shanhan

202-307-0494

Two facilities have indicated that they have records which may be responsive to UM's discovery request

The POCs for arranging to review these records are

Melvin R Hicks, Medical Supply Officer
USA MEDDAC Ft. Huachuca
Raymond W. Bliss Army Health Center
45022 Winrow Ave
Ft. Huachuca AZ 85613-7040
Phone (520) 533-2070

and

Debra Thompson
BAMC - Ft. Sam Houston

Kathleen D Hallam

**From:** Chadwick, Kyle (CIV)
**Sent:** Wednesday, December 01, 2004 1:30 PM
**To:** Shahan, Kathie (CIV)
**Subject:** RE: blast from past

yes, pls. Thanks

-----Original Message-----
**From:** Shahan, Kathie (CIV)
**Sent:** Wednesday, December 01, 2004 1:30 PM
**To:** Chadwick, Kyle (CIV)
**Subject:** RE: blast from past

If it would be of any help - there is a large folder of exhibits that goes with the claim.

-----Original Message-----
**From:** Chadwick, Kyle (CIV)
**Sent:** Wednesday, December 01, 2004 12:09 PM
**To:** Shahan, Kathie (CIV)
**Subject:** RE: blast from past

Thanks -- Still no decision from Judge Allegra. We're in a long, slow process of working toward, maybe, jointly hiring Navigant Consulting as a "neutral expert" to do some initial data crunching at one or two MTFs and perhaps develop a sampling protocol that might form the basis for a settlement. This was Frank's idea. Frank seems to be having a hard time understanding Navigant's proposals, and Navigant's price estimate keeps increasing, so I've insisted upon a fairly hard estimate, so I can determine whether I have the funding. (David Cohen has approved this in principle as a modified form of ADR.)

The CDA claim, though, is for forensic accountants from RGL, out of Salt Lake City, that I've retained to begin looking at the "goodwill" claim, in particular, and also to look over Navigant's shoulder, if that effort proceeds, or to do the spade work if we need to proceed with all-out discovery and litigation.

-----Original Message-----
**From:** Shahan, Kathie (CIV)
**Sent:** Wednesday, December 01, 2004 12:01 PM
**To:** Chadwick, Kyle (CIV)
**Subject:** RE: blast from past

Kyle - I have been out of the office the last few days. I will send through the inter-office mail a copy of the CDA claim - It is in the books that I think you looked at through you first got the case. If you need anything else, please let me know.
Has something happened on the case?
Kathie

-----Original Message-----
**From:** Chadwick, Kyle (CIV)
**Sent:** Monday, November 29, 2004 5:06 PM
**To:** Shahan, Kathie (CIV)
**Subject:** FW: blast from past

Kathie, I searched for UMS's CDA claim in the ARU, but couldn't find it. Do you think we have a copy in-house anywhere? Thanks!

-----Original Message-----
**From:** Lo Re, Alan (CIV)
**Sent:** Monday, November 29, 2004 5:05 PM
**To:** Chadwick, Kyle (CIV)
**Subject:** RE: blast from past

I don't recall that, but I'll look and let you know if I come up with anything. Did you ask Kathy?

-----Original Message-----
**From:** Chadwick, Kyle (CIV)
**Sent:** Monday, November 29, 2004 5:02 PM
**To:** Lo Re, Alan (CIV)
**Subject:** blast from past

Do you recall whether you ever saw UMS's CDA claim -- and/or whether we have it? Thx

From: Mabry, Brooke (CIV)
Sent: Tuesday, February 15, 2005 11:33 AM
To: Brown, Peter (CIV)
Subject: FW: Paralegal/legal assistant task?
Kyle says OK. I told him about your trial and trial prep limitations.
Brooke

-----Original Message-----
From: Chadwick, Kyle (CIV)
Sent: Tuesday, February 15, 2005 11:17 AM
To: Mabry, Brooke (CIV)
Subject: RE: Paralegal/legal assistant task?

It could. Whatever it takes. I suppose it depends on what we can convince the MTFs to do, and what sort of copying services we could obtain locally.

-----Original Message-----
From: Mabry, Brooke (CIV)
Sent: Tuesday, February 15, 2005 11:16 AM
To: Chadwick, Kyle (CIV)
Subject: RE: Paralegal/legal assistant task?

Does "ownership" include traveling to the military bases and making arrangements to copy/get the docs?

-----Original Message-----
From: Chadwick, Kyle (CIV)
Sent: Tuesday, February 15, 2005 11:11 AM
To: Bleecker, Kathryn (CIV); Mabry, Brooke (CIV)
Subject: Paralegal/legal assistant task?

I'd be very grateful if someone could be assigned to "take ownership of" a large and complicated document production responsibility, which would probably last well into the spring.

In brief, we need to locate and produce to plaintiff credit card records, dating back to 1997 if possible, from approximately 13 military treatment facilities (hospitals, basically) in Texas and the Southwest. These MTFs are from all different branches of the military (including the Naval hospital at Corpus Christi and the Army hospital at Fort Sam Houston) and our client subagency, the Defense Supply Center Philadelphia (DSCP), really doesn't have points of contact for us at any of these places, so we'll need to find contacts ourselves and cajole them to cooperate. We believe the records are retained (if at all) at each hospital, and not at a central location. Apparently, a lot of the record-keepers are uniformed military people, who rotate in and out every thrree years, so familiarity with older records could also be a problem. If I ask DSCP to handle the production, it will never happen. We're on a relatively tight schedule, with all fact discovery ending July 26, '05. Obviously, I'll remain involved to explain what we need, write letters to the hospital staffs as necessary, or whatever.

The case is United Medical Supply Services, Inc. v. United States, 154-03-289 (Fed. Cl.). The credit card records are central because plaintiff is seeking $10 million under the theory that the MTFs used credit cards to buy medical supply items (sutures, swabs, etc.) that they should have purchased under a 4-year requirements contract with plaintiff.

From: Brown, Peter (CIV)
Sent: Wednesday, April 06, 2005 2:53 PM
To: Chadwick, Kyle (CIV)
Subject: united med

hey Kyle - -
my trial got postponed, so i can start the United Med documents search tomorrow. i'll start calling folks in ernest.
Peter

From: Chadwick, Kyle (CIV)
Sent: Wednesday, April 06, 2005 2:54 PM
To: Brown, Peter (CIV)
Subject: RE: united med

great

-----Original Message-----
From: Brown, Peter (CIV)
Sent: Wednesday, April 06, 2005 2:53 PM
To: Chadwick, Kyle (CIV)
Subject: united med

hey Kyle - -
my trial got postponed, so i can start the United Med documents search tomorrow. i'll start calling folks in ernest.
Peter

From: Brown, Peter (CIV)
Sent: Wednesday, April 13, 2005 10:40 AM
To: Chadwick, Kyle (CIV)
Subject: RE: united med

yep. or maybe, if it's not too much paper, we could photocopy, ship them, then scan them here. they're doing that in other cases, but
i thought you said we needed copies of the prime contract?

-----Original Message-----
From: Chadwick, Kyle (CIV)
Sent: Wednesday, April 13, 2005 10:35 AM
To: Brown, Peter (CIV)
Subject: RE: united med

Excellent. Just a thought -- you might want to consider whether you can get the docs scanned into PDF on-site, and either e-mailed back here or burned onto a CD. Everything from Philadelphia should have been produced already (that's where agency counsel is), but it's good to double-check.

-----Original Message-----
From: Brown, Peter (CIV)
Sent: Wednesday, April 13, 2005 10:30 AM
To: Chadwick, Kyle (CIV)
Subject: united med

hey - -

the people at ft. sam, san antonio definately have at least 2 boxes of documents that they've saved.

mr. Molinar at ft. bliss says they have destroyed everything.

mr. Amendolia at philly says they probably have the prime vendor contracts & mods. he's checking to be sure.

i'm still calling and waiting for return calls from the others. hopefully, i can go and get copies of the documents that are available before they disappear.

Peter

From: Chadwick, Kyle (CIV)
Sent: Wednesday, April 13, 2005 10:41 AM
To: Brown, Peter (CIV)
Subject: RE: united med
No, I believe we have the contract docs. The key missing piece is the credit card records.

-----Original Message-----
From: Brown, Peter (CIV)
Sent: Wednesday, April 13, 2005 10:40 AM
To: Chadwick, Kyle (CIV)
Subject: RE: united med

yep. or maybe, if it's not too much paper, we could photocopy, ship them, then scan them here. they're doing that in other cases, but
i thought you said we needed copies of the prime contract?
-----Original Message-----
From: Chadwick, Kyle (CIV)
Sent: Wednesday, April 13, 2005 10:35 AM
To: Brown, Peter (CIV)
Subject: RE: united med

Excellent. Just a thought -- you might want to consider whether you can get the docs scanned into PDF on-site, and either e-mailed back here or burned onto a CD. Everything from Philadelphia should have been produced already (that's where agency counsel is), but it's good to double-check.

-----Original Message-----
From: Brown, Peter (CIV)
Sent: Wednesday, April 13, 2005 10:30 AM
To: Chadwick, Kyle (CIV)
Subject: united med

hey --

the people at ft. sam, san antonio definately have at least 2 boxes of documents that they've saved.

mr. Molinar at ft. bliss says they have destroyed everything.

mr. Amendolia at philly says they probably have the prime vendor contracts & mods. he's checking to be sure.

i'm still calling and waiting for return calls from the others. hopefully, i can go and get copies of the documents that are available before they disappear.

Peter

From: Brown, Peter (CIV)
Sent: Wednesday, April 13, 2005 10:30 AM
To: Chadwick, Kyle (CIV)
Subject: united med

hey --

the people at ft. sam, san antonio definately have at least 2 boxes of documents that they've saved.

mr. Molinar at ft. bliss says they have destroyed everything.

mr. Amendolia at philly says they probably have the prime vendor contracts & mods. he's checking to be sure.

i'm still calling and waiting for return calls from the others. hopefully, i can go and get copies of the documents that are available before they disappear.

Peter

From: Chadwick, Kyle (CIV)
Sent: Wednesday, April 13, 2005 10:35 AM
To: Brown, Peter (CIV)
Subject: RE: united med

Excellent. Just a thought -- you might want to consider whether you can get the docs scanned into PDF on-site, and either e-mailed back here or burned onto a CD. Everything from Philadelphia should have been produced already (that's where agency counsel is), but it's good to double-check.

-----Original Message-----
From: Brown, Peter (CIV)
Sent: Wednesday, April 13, 2005 10:30 AM
To: Chadwick, Kyle (CIV)
Subject: united med

hey - -

the people at ft. sam, san antonio definately have at least 2 boxes of documents that they've saved.

mr. Molinar at ft. bliss says they have destroyed everything.

mr. Amendolia at philly says they probably have the prime vendor contracts & mods. he's checking to be sure.

i'm still calling and waiting for return calls from the others. hopefully, i can go and get copies of the documents that are available before they disappear.

Peter

From: Brown, Peter (CIV)
Sent: Thursday, April 14, 2005 1:06 PM
To: Chadwick, Kyle (CIV)
Subject: texas

hey Kyle - -
looks like ft sam (2 boxes) in san antonio on Monday, 4/18/05, then ft sill (3 boxes) near austin on thursday.

i'm checking scanning services in thjose towns now. Peter

From: Chadwick, Kyle (CIV)
Sent: Thursday, April 14, 2005 1:08 PM
To: Brown, Peter (CIV)
Subject: RE: texas
Nice work, thanks. Enjoy the music

---

From: Brown, Peter (CIV)
Sent: Thursday, April 14, 2005 1:06 PM
To: Chadwick, Kyle (CIV)
Subject: texas

hey Kyle - -
looks like ft sam (2 boxes) in san antonio on Monday, 4/18/05, then ft sill (3 boxes) near austin on thursday.

i'm checking scanning services in thjose towns now. Peter

From: Brown, Peter (CIV)
Sent: Friday, April 15, 2005 3:37 PM
To: Chadwick, Kyle (CIV); Mabry, Brooke (CIV); Bleecker, Kathryn (CIV)
Subject: United Med travel Mon - fri.

hey - -

Mon. - wed. i'll be @ Ft. Sam Houston, contact Capt Jacklitch, 210-916-2532.

wed. - Fri @ Ft. Hood, contact Ms. White 254-288-8795.

i'll check phone messages. Peter

cc: Kit

From: Brown, Peter (CIV)
Sent: Friday, April 15, 2005 4:20 PM
To: Chadwick, Kyle (CIV)
Subject: ft hood docs

Kyle - -
Ms. White @ ft hood just called. she found a diskette that has a record of all the purchases they made on credit card during the relevant years! it can be read, even though it's in an old format.

PB

From: Chadwick, Kyle (CIV)
Sent: Friday, April 15, 2005 5:19 PM
To: Brown, Peter (CIV)
Subject: RE: ft hood docs

Yikes! I don't know whether to exult or worry, but let's snag it, because it needs to be produced. (We don't necessarily have to be able to read it ourselves first!)

---

From: Brown, Peter (CIV)
Sent: Friday, April 15, 2005 4:20 PM
To: Chadwick, Kyle (CIV)
Subject: ft hood docs

Kyle - -

Ms. White @ ft hood just called. she found a diskette that has a record of all the purchases they made on credit card during the relevant years! it can be read, even though it's in an old format.

PB

# TRAVEL INFORMATION SHEET

Name: Peter C. Brown

Reviewer: Kit Bleecker

Case Name: United Medical v. United States

D.J. No.: 154-03-289

Dates of Travel: 4/18 - 4/22

Destination: San Antonio, TX; Austin, TX

Purpose of Travel: Collection of discovery documents.

Rental Car: $408.03 Car is the most economical means of travel.

Airfare: $378.30

150% or 300%€if needed:

Shahan email 5-31-05--CDs produced yesterday

From: Shahan, Kathie (CIV)
Sent: Wednesday, June 01, 2005 8:42 AM
To: Chadwick, Kyle (CIV)
Subject: RE: CDs produced yesterday

Kyle - sorry I took so long to get back with you - we are all swamped helping with Cobell discovery at the moment.
As to UM - Frank and I had an agreement - which we relayed to the bankruptcy court - to continue discovery - informally as there was no formal mechanism while the case was being transferred - during that time, Frank and a co-worker spent several days in Philly going through boxes of documents we produced. I spent a lot of time interviewing various DOD folks and trying to see what documents existed and where. During that interim period, he did not ask to depose anyone, and I don't believe there were any documents that he requested that I did not provide. I think there was some discussion that depositions might be more beneficial before we produced document's so he would know what was available and what he wanted to see. If you need more, I can check my chron file to see if I have any letters or e-mails or notes with more detail.
Kathie

-----Original Message-----
From: Chadwick, Kyle (CIV)
Sent: Friday, May 27, 2005 10:28 AM
To: Shahan, Kathie (CIV)
Subject: FW: CDs produced yesterday

On United Med -- Just FYI -- I was finally able to enlist a Peter Brown to dig out (what we thought were) credit card records from some MTFs. As you see below, Broyles is unhappy with the delay, and that we are "forc[ing] him to discover [govt.] data," whatever that means. I will need to respond by letter next week. Is he right that we should have produced MTF docs before the transfer to the CFC? By the time I got the case, United Med wasn't entitled to further discovery, pending resolution of the cross-motions, although Broyles never seemed to understand this. When discovery resumed, I began asking for help in locating responsive docs at the MTFs, but, I admit, it did take unreasonably long to do so.....

-----Original Message-----
From: flbroyles@gucl.com [mailto:flbroyles@gucl.com]
Sent: Thursday, May 26, 2005 11:03 AM
To: Chadwick, Kyle (CIV)
Subject: CDs produced yesterday

Kyle, Obviously I have not had time to digest all that is on the CD's you gave me yesterday, but some concerns are raised. One, many of the documents appear to be confidential personnel files, presumably of DoD employees. One document was simply a list of Names and Social Security numbers. I am not sure of the relevance of this, if any, but wonder if somebody's privacy rights have been violated. Obviously I am not going to file anything with this information, but want to

make sure we are not doing something that should not be done.

There are a number of files in formats I have not been able to open yet, but some of the Fort Hood files support our contention that the Government has been far less than forthcoming, particularly in light of the obviously false verification signed by James Jennings in response to interrogatories. For example, document DAMC 690 contains the following information: Total Med Surg items purchased for the six month period Oct1, 1999 thru March 31, 2000: $5.61 million. Total PV purchases during same period: $0.6 Million. Total credit card purchases during same period: $1.9 million. The form on which this information is provided is called the Regional Tri-Service Medical Logistics Data Collection. The form is obviously a summary of data.
As of yet I have not located the underlying data used to complete the form, and Fort Hood is the only facility for which we have such forms. (For some reason, the Government's CDs have a bunch of information for Fort Carson).

While I remain convinced that there is sufficient information available for a consensual settlement methodology, I also am convinced that the Government is going to force me to discover its data, data that should have been provided long before you were even involved in the case. I suspected at the time the interrogatories were answered that there was not any meaningful attempt to provided me an answer to the volume of diverted purchases. I now believe I have sufficient information to convince Judge Allegra of this.
Indeed, I sense you too are frustrated with the delay of the MTFs in providing the information. I recognize significant military conflicts may have something to do with pushing our problem to the bottom of the list, but it has been the Government, not UMS, that won't attempt to settle the case.

Accordingly, I would like to depose the Fort Hood MTF under a rule 30(b)(6) deposition. The areas of inquiry will be the information used to create the Regional Tri-Service Medical Logistics Data Collection forms, the reason such forms were created, the underlying data source, policies regarding the use of credit cards to purchase med surge items and policies to enforce contract obligations under UMS's prime vendor contract, complaints about any service provided by UMS, what information is available that evidence Fort Hood's orders of Med Surge items in violation of the UMS PV contract including DAPA usage patterns. I also want to question any person responsible for supplying answers to UMS's interrogatories, or information to create those answers. I also want to see the relevant documents. As a baseline, I am particulary interested in the Ethicon purchases by Fort Hood MTF during the PV period, the purchase methods used, the personnel who purchased the Ethicon products. I expect I will need at least two, and maybe three, days to complete the 30(b)(6) deposition. Please provide me dates and June when we can at least start the deposition process.

Please let me know of any questions you have, and what you want to do about the employee records. Thanks, Frank

P.Brown email re Prodn of CC records 6-28-05

From: Brown, Peter (CIV)
Sent: Tuesday, June 28, 2005 1:54 PM
To: Chadwick, Kyle (CIV)
Subject: RE: United Medical

Kyle - -
We have produced everything relating to UM, whether CC purchases or otherwise.
The best source of CC records is the canonfile diskettes that are being (slowly) converted to pdf.
The first 2 out of 27 are ready now, they tell me. I haven't seen pdfs from them yet. PB

-----Original Message-----
From: Chadwick, Kyle (CIV)
Sent: Tuesday, June 28, 2005 12:03 PM
To: Brown, Peter (CIV)
Subject: FW: United Medical

Peter -- Were we able to locate any credit card records of medical purchases during the period of the UMS contract?

-----Original Message-----
From: talon@sagefa.com [mailto:talon@sagefa.com]
Sent: Monday, June 27, 2005 6:36 PM
To: Chadwick, Kyle (CIV)
Cc: derk@sagefa.com
Subject: United Medical

Kyle,

I finally finished going through the discs you sent. Maybe I had it wrong, but I was under the impression that the records on the discs were the credit cards statements that related to purchases that were made outside the prime vendor contract. Instead what I found were records relating to purchases made under the contract. Did I have the wrong impression?

On another note, any word on the deadlines, and whether the expert reports will be exchanged or whether we?ll respond to their expert report?

---

Talon C. Stringham, CPA, ABV, CFE, ASA
Sage Forensic Accounting
136 E. South Temple, Suite 2210
Salt Lake City, Utah 84111
Tel: 801.531.0400
Fax: 801.328.0400

sagefa.com

P.Brown email re Prodn of CC records 6-28-05

DISCLAIMER:

The above information is confidential to the addressee and may be privileged. Unauthorized access and use is prohibited. Internet communications are not secure and therefore Sage does not accept legal responsibility for the contents of this message. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted in reliance on it, is prohibited and may be unlawful.

**From:** Chadwick, Kyle (CIV)
**Sent:** Monday, July 18, 2005 1:02 PM
**To:** Bleecker, Kathryn (CIV); Mabry, Brooke (CIV)
**Cc:** Brown, Peter (CIV)
**Subject:** United Medical Supply, 154-03-289 (Fed. Cl.)

Peter Brown has been providing able assistance with discovery on this case since about April. Fact discovery was originally scheduled to end July 26. Peter has asked me to advise you that, following an extension of the discovery schedule into December -- which we expect Judge Allegra to order within a week or so -- the workload for discovery will increase dramatically, as we will be expected to provide additional information and documents, and to round up witnesses, from 19 military treatment facilities across the Southwest U.S. Plaintiff had a requirements contract between 1997 and 2001 to provide medical/surgical items to these hospitals.

I have agreed to make a good faith effort to produce all information by Oct. 15, 2005, and plaintif's counsel and I have worked out an order of priority for obtaining info from the various facilities. I have requested assistance from DoD, but because the activity that awarded the contract, and where agency counsel is (DSCP in Phila.), is separate and distinct from the chain of command of the various medical facilities (from the various uniformed services) that ordered products under plaintiff's contract, agency counsel can offer only limited help. Please let me know if I can answer any questions about the workload.

**From:** Chadwick, Kyle (CIV)
**Sent:** Tuesday, August 16, 2005 12:28 PM
**To:** 'Kathleen.Hallam@dla.mil'
**Subject:** UMS

Our accounting experts have the following question -- Can Anthony A. or someone help us? Thanks again.

are there any documents on the government's or MTF's side that show what items were covered by DAPA's and available to the MTF's from United Medical? I guess I found the attorney's response to your interrogatory 4 that was included in your email to me along with the Ethicon subpoena a little cryptic, and have been unable to determine what items were in covered by DAPA's by United Medical from the documents we got in Dallas. Is there anything else that would help in this task?

Col. M. Johnson Ft. Sam Contact

From: Michaelg.Johnson@US.ARMY.MIL
Sent: Thursday, September 01, 2005 6:23 PM
To: Chadwick, Kyle (CIV)
Cc: Anthony.Whaley@us.army.mil; Thomas.S.Hines@us.army.mil; Gary.Egmon@us.army.mil; Earle.Smith@us.army.mil
Subject: ?? United Medical Supply

Attachments: tmp.htm

Mr. Chadwick,

I am linking with you based upon an email from Jim Riley regarding this subject. I have included key staff members from my current staff and LTC Earle Smith, currently the Cdr, U. S. Army Healthcare Acquisition Activity. We are all located on Ft. Sam Houston, TX in San Antonio. I can be reached next Tuesday at 210.221.6225.

COL Mike Johnson

**From:** Brown, Peter (CIV)
**Sent:** Thursday, September 22, 2005 9:04 AM
**To:** Chadwick, Kyle (CIV)
**Subject:** RE: UMS

Kyle - -
Where we stand is that I don't know of anywhere else that has any documents or files from the time period in question. I've made several call to hospitals such as Corpus and nobody knows of any. They've been destroyed. I had a long conversation with Mr. Christie @ ft Sill, who knows all the people in Supply at the various posts. He said he didn't know of anyone (other than the people we've already contacted) who was on duty back then.

Both Mr Broyles & Mr Stringham have diskette copies of all the disc. documents I collected.

PB

---

**From:** Chadwick, Kyle (CIV)
**Sent:** Wednesday, September 21, 2005 2:33 PM
**To:** Brown, Peter (CIV)
**Subject:** FW: UMS

*Peter, can you brief me on where we stand? I have made e-mail contact with some knowledgeable people from Medcom, but I've gotten no response yet to my request for electronic records.*

---

**From:** Chadwick, Kyle (CIV)
**Sent:** Wednesday, September 21, 2005 9:55 AM
**To:** 'Kathleen.Hallam@dla.mil'; Brown, Peter (CIV)
**Subject:** UMS

Please see the attached order. We are now under significant pressure to locate and produce the remaining MTF documents and answer the interrogatories. The outcome will not be good if we haven't made considerable progress by mid-Oct.

<< File: Order 9.20.05 setting 10.05 JSR.pdf >>

**From:** Brown, Peter (CIV)
**Sent:** Thursday, September 22, 2005 9:54 AM
**To:** Chadwick, Kyle (CIV)
**Subject:** RE: UMS

No, but Yes. Originally, we asked for UMS docs & credit cards purchases only. The unanimous response was that **no documents** from the time period were retained, except for UMS docs. Later, I asked people who were on duty at the time what kind of info & files they kept for Credit Card purchases during that time period. Only Ms White at Hood had anything, which she produced. Hence, the 36 diskette project.

---

**From:** Chadwick, Kyle (CIV)
**Sent:** Thursday, September 22, 2005 9:34 AM
**To:** Brown, Peter (CIV)
**Subject:** RE: UMS

*And we've asked for credit card records of purchases from folks other than UMS, as well as the UMS-related records?*

**UNITED MEDICAL**

| Activity | Location |
| --- | --- |
| Brooke Army Medical Center (BAMC) | Fort Sam Houston, TX |
| William Beaumont Army Medical Center (WBAMC) | Fort Bliss, TX |
| | |
| Bayne-Jones Army Community Hospital (BJACH) | Fort Polk, LA |
| Darnall Army Community Hospital (DACH) | Fort Hood, TX |
| Evans Army Community Hospital (EACH) | Fort Carson, CO |
| General Leonard Wood Army Community Hospital (GLWACH | Fort Leonard Wood, MO |
| Irwin Army Community Hospital (IACH) | Fort Riley, KS |
| Reynolds Army Community Hospital (RACH) | Fort Sill, OK |
| | |
| Munson Army Health Clinic (MAHC) | Fort Leavenworth, KS |
| Raymond W. Bliss Army Health Center (RWBAHC) | Fort Huachuca, AZ |

| Response |
|---|
| The DOJ made copies of all prime vendor receipts that BAMC had on hand for FY 00. Explanations of the reports were provided during their visit. BAMC personnel indicated that they had credit card documentation in storage that may include dates prior to the conversion from United Medical. All documents were stored at Bldg 4129 and available to the DOJ upon request. TAMMIS transaction information is available on CD beginning from October 2000 until DMLSS conversion 25 October 2001, but nothing prior. The TAMMIS transaction history does not provide cancellation information from prime vendor in order to support potential credit card purchases that may have been made during the period in question. |
| WBAMC has gone through their records looking for United Medical documents. A DOJ attorney came by the WBAMC and jointly looked for documents. Nothing was found. |
| |
| BJACH has no documents or transaction records available for the time period. |
| Peter Brown forth U.S. Department of Justice hall all their pertinent records. He has all credit card documents that were on a Cannon File Disk. He has had the files copied and will return the disk to DACH. Research has been completed on this end. |
| EACH has no documents or transaction records available for the time period. |
| GLWACH has no documents or transaction recordsavailable for the time period. |
| IACH has no documents or transaction records available for the time period. |
| The Department of Justice has copies of all RACH's credit card records. The DOJ has returned the originals to RACH. Research has been completed at RACH. |
| |
| MAHC has no documents or transaction records available for the time period. |
| RWBAHC has no documents or transaction records available for the time period. |

D. Thompson email 10-17-05 -- lost dox No.1

From: Debra.Thompson@CEN.AMEDD.ARMY.MIL
Sent: Monday, October 17, 2005 2:51 PM
To: Chadwick, Kyle (CIV)
Cc: Jennifer.cradier@amedd.army.mil
Subject: Sorry this comes so late!

Kyle I must apologize when we sent the NCOIC to pick up the boxes in order to prepare for shipment and they were unable to locate and no one knows what happened to them. It is suspected that someone destroyed the material about two years ago. Once again, I apologize.

-----Original Message-----
From: Kyle.Chadwick@usdoj.gov [mailto:Kyle.Chadwick@usdoj.gov]
Sent: Wednesday, October 12, 2005 11:49 AM
To: Thompson, Debra A BAMC-Ft Sam Houston
Subject: Sorry this comes so late!

Your message got "buried" in my voice mail box. My address is--
Kyle Chadwick
U.S. Department of Justice
1100 L St. N.W., room 7062
Washington, DC 20005

Thanks again.

D. Thompson email 10-17-05 -- lost dox No.2

From: Debra.Thompson@CEN.AMEDD.ARMY.MIL
Sent: Monday, October 17, 2005 6:34 PM
To: Chadwick, Kyle (CIV)
Subject: RE: Sorry this comes so late!

The boxes contained all the records of credit card purchases that were made during the United Medical contract period. Not sure it would have helped, but we were planning to provide.

-----Original Message-----
From: Kyle.Chadwick@usdoj.gov [mailto:Kyle.Chadwick@usdoj.gov]
Sent: Monday, October 17, 2005 3:02 PM
To: Thompson, Debra A BAMC-Ft Sam Houston
Subject: RE: Sorry this comes so late!

Thanks for the news. When it rains, it pours. But I'm not sure I understand what documents disappeared. Just so I know, what were you expecting them to be exactly?

D Thompson email re Doc destrucn10-27-05

From: Debra.Thompson@CEN.AMEDD.ARMY.MIL
Sent: Thursday, October 27, 2005 7:47 AM
To: Chadwick, Kyle (CIV)
Cc: Jennifer.cradier@amedd.army.mil; John.Collins@cen.amedd.army.mil

Attachments: tmp.htm

The files were for BAMC credit card holders that purchased medical supplies with Stock Fund dollars. The documents were clearly marked with hold for "United Medical Law Suit" and "Do Not Destroy". Due to lack of space in the Materiel Branch, the documents were palletized and stored in the Property Management Branch Warehouse, Property Book Officer, Herbert Jones. Destruction date or method of destruction can not be provided, but estimate within the last two years. The documents represent all purchases that were made for expendable supplies that may or may not have qualified as purchases for prime vendor. Please let me know if you require further information.

-----Original Message-----
From: Kyle.Chadwick@usdoj.gov [mailto:Kyle.Chadwick@usdoj.gov]
Sent: Tuesday, October 25, 2005 9:18 AM
To: Thompson, Debra A BAMC-Ft Sam Houston
Subject: RE: Sorry this comes so late!

Could you please provide me whatever documentation you have regarding
(i) exactly what the destroyed credit card records were (were they just for BAMC or other MTFs also?); (ii) the document destruction policy applicable to the warehouse; (iii) the (approximate) date and manner of the destruction; and (iv) the name, title, and contact info of the person who was the principal custodian of the documents at that time.
Thank you so much for your continued assistance!

John S. Mester
General Counsel
Defense Finance and Accounting Service
1851 South Bell Street
Room 434
Arlington, VA 22240-5291

Dear Mr. Mester:

United Medical Supply Co. v. United States, pending in the United States Court of Federal Claims, involves a significant claim under the Contract Disputes Act for breach of a requirements contract in effect between 1997 and 2001 to deliver supplies to several military treatment facilities ("MTFs") in the Southwestern United States, primarily in Texas. Although the contract was awarded by the Defense Supply Center Philadelphia, a subagency of the Defense Logistics Agency, the Defense Finance and Accounting Service has assisted with the case by obtaining potentially relevant Government credit card records. I would appreciate your assistance in ensuring that the Department of Justice receives continued and prompt cooperation.

United Medical alleges, among other things, that MTF personnel used Government-issued credit cards to purchase covered items outside the contract. Discovery revealed that virtually all of the MTFs had destroyed the records of credit card transactions for the relevant years. At a hearing in December 2005, the court raised the possibility of sanctions against the Government. The court stayed the case for settlement discussions, which were unsuccessful. A status conference to discuss resumed proceedings will take place on April 25, 2006.

DFAS Deputy Assistant General Counsel Mark Barta, in Columbus, Ohio ((614) 693-6842), among others, has assisted in obtaining substitute records from the bank or banks that issued the credit cards. On April 7, 2006, Greg Plasters of the Army Contracting Agency in Alexandria, Virginia ((703) 325-9518), transmitted by e-mail what appear to be credit card records for most, but not all, of the MTFs, for fiscal year 2001.

The efforts of Mr. Plasters and his staff in generating the necessary data queries are greatly appreciated. However, contrary to the trial attorney's request, Mr. Plasters redacted the account numbers. Moreover, the Government must able to explain fully to the court and to plaintiff, among other things, where the information came from; exactly what data queries were used; and why, at least so far, there is information for FY01 only, and none for the Department of the Navy. (The naval hospital in Corpus Christi, Texas, was a purchaser under the contract.) To date, this information has not been provided.

Please take the necessary steps to ensure that all available, relevant records are retrieved and provided in unredacted form to the Department of Justice as soon as is practicable, and that the attorney assigned to the case, Kyle Chadwick ((202) 305-7562), is fully informed regarding the search process. Thank you for your assistance with this case.

Sincerely,

Peter D. Keisler
Assistant Attorney General