IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-289C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED STATUS REPORT**

Pursuant to the order dated December 21, 2006, defendant, the United States, respectfully responds to the issues raised in the amended status report ("ASR") filed by plaintiff, United Medical Supply Company, on December 16, 2006.

1. Scanning and delivery of documents. Although United Medical belatedly notes, at the end of three paragraphs, that the Government has "agreed to make all DSCP [Defense Supply Center Philadelphia] documents available for inspection and copying," and concedes "this may be a satisfactory solution," ASR 1, given the history and posture of the case, we are constrained to point out that the entire "dispute" described in this section is illusory. Plaintiff seems to have forgotten that, in its June 14, 2005 "Second Motion To Compel Discovery," it described how, in January 2003, its counsel spent two days inspecting the "documents maintained by DSCP in Philadelphia." 6/15/05 Mot. 2; see also Shahan Aff. ¶ 10 (filed 10/13/06).

DSCP's own documents have never, to our knowledge, been the subject of discovery motions, status conferences, or hearings in this case. In particular, during the August 22, 2006 hearing concerning potential spoliation, the Court and the parties focused exclusively upon documents generated by the individual medical treatment facilities ("MTFs"). This Court's passing reference in its October 3, 2006 order to "the scanning and TIF conversion of the 229

boxes . . . recovered from the various MTFs and the DSCP" was harmlessly overinclusive, inasmuch as United Medical was well aware that we were producing the MTF documents that had been the subject of the affidavits we filed in July 2006.

2. Production of electronic documents. Consistent with United Medical's statements, we believe the parties have agreed to a procedure by which the Department of Defense will perform structured query language searches requested by plaintiff upon the credit card transaction records collected by the Defense Manpower Data Center. ASR 2. We know of no areas of dispute involving electronic materials.

3. Document Preservation Order paragraph 3(a). The principal attorney points of contact from the Air Force and the Army were advised of United Medical's concerns in this regard, and were asked to obtain additional information from those MTFs that may not have responded fully to the September 8, 2006 order. We expect to receive supplemental "checklists" from certain Army MTFs on or about January 8th, 2007. The assigned Air Force counsel believes the Air Force's checklists were adequate.

4. Paragraph 1(c)(i) of the August 24, 2006 order.* Please see our December 22, 2006 filing of responsive documents.

5. Pending interrogatory issues. We respectfully await the motion to compel that United Medical states it will file. ASR 2. We have advised plaintiff that, to the extent any further elaboration of our discovery responses concerning the volume and value of diverted purchases may be necessary, we will invoke RCFC 33(d), which is not an objection, and "is a sufficient answer," given that "the burden of deriving or ascertaining the answer" from the massive amount

* Two of plaintiff's six section headings are numbered "3."

of data that is now available "is substantially the same for the party serving the interrogatory as for the party served." "There is, [moreover], no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process," 10 Federal Practice and Procedure § 26.46 (law. ed. 2006), e.g., general information concerning the scope and potential limitations of the available data.

6. Accounts receivable claim. The Court addressed this claim in its order dated December 1, 2006. At plaintiff's request, the Defense Finance and Accounting Service is currently searching electronic payment records for the specific MTF orders in question. We expect the results to establish that United Medical was properly paid.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0476

Attorneys for Defendant

OF COUNSEL:
KATHLEEN HALLAM
Chief Trial Attorney
Defense Supply Center
Philadelphia

January 5, 2007