1 of 6

| |
|---|
| **Air Force Site: Altus AFB** |
| **Location: 301 N. 1st Street, Bldg. 51, Altus AFB, OK 73523** |
| **Name/Rank of Person filling out the form: Todd J. Taylor/TSgt** |
| **Date: 2 Oct 06** |
| |
| Paragraph 2 (in the Document Preservation Order) defines the scope of material that must be preserved. Paragraph 3(a) directs that, to the extent not previously done so, the government must describe the documents listed in paragraph 2 that were not previously identified in the affidavits. At this time, each of the facilities listed in Paragraph 8 must provide a description of the documents it currently possesses with respect to each of the items listed below. If, with respect to each category, the facility claims it does not have any responsive documents, it shall describe, in detail, (in the document below) the efforts made to locate such documents and whether it believes such documents once existed but were destroyed, and how and when they were destroyed. This document shall be provided on or before October, 2, 2006, to Mr. Joseph Meyer; joseph.meyer@ft-detrick.af.mil who shall promptly forward them to U.S.Governments counsel. |
| |
| 2. Scope. The documents subject to this order include, **but are not limited to,** the following: |
| I found receipts for the period of FY00 till May 2001. |
| I shipped via FedEx to Mr. Kyle Chadwick at DoJ on 28 September 2006. |
| |
| (a) Documents evidencing the the methods used to by the military bases specifically identified in paragraph 8 of this order to purchase any day to day medical supplies and equipment during the period January 1, 1995, through May 31, 2001, including supplies and equipment subject to Distribution and Pricing Agreements (DAPAs); |
| Note: All methods used to purchase Med Surg supplies during the time frame in question (e.g. ECAT, Credit Cards, BPA, DSCP Contracts, and/or any other methods that were utilized). |
| **Description of documents or reasons why none found** |
| The methods used to purchase the Med Surg supplies were |

| |
|---|
| Electronic Catalog (ECAT), CreditCard (GPC), and Defense Supply |
| Center Philadelphia. I found FY00 till May 2001 receipt documents |
| from all sources listed above. Document were sent via FedEx on 28 September. |
| |
| (b) Documents evidencing usage data for the same period and same products as |
| described in paragraph 2(a) above ("usage data"); |
| **(Note:** Usage data is required for everything that was purchased during the time frame in question (e.g. Prime Vendor, and any spreadsheets/data bases that were utilized). A good place to start; check to see if you have any old computer disks or any internal electronic files (e.g. check to see if you have a CD of the last 2 years of MEDLOG.) |
| **Description of documents or reasons why none found** |
| To the best of my knowledge we did not have CDs for Medlog or spreadsheets. |
| |
| |
| |
| |
| (c) Documents evidencing the communication of such usage data described in |
| paragraph 2(b) above to the Defense Supply Center, Philadelphia (and any |
| successor agency) or United Medical Supply Company, Inc.; |
| **Note:** Any documents, files & databases that were utilized/sent to DSCP/Prime Vendor or any internal electronic files. (e.g. good place to start; check to see if you have any old computer disks). |
| **Description of documents or reasons why none found** |
| To the best of my knowledge we did not have any information pertaining |
| to DSCP/Prime Vendor or any internal electronic files. |
| |
| |

2 of 6

3 of 6

| |
|---|
| |
| (d) Documents evidencing the dollar amount of purchases (*e.g.* , periodic financial |
| reports) of the types of items described in paragraph 2(a) above; |
| **Note:** Any documents, files & databases that were utilized to track 604/Med Surg spending. (e.g. good place to start; check to see if you have any old computer disks or any internal electronic files). |
| **Description of documents or reasons why none found** |
| To the best of my knowledge we did not use any source to track Med Surg spending. |
| |
| |
| |
| (e) Documents evidencing communications (internal or external) concerning usage |
| data for the same period, but specifically including any usage data submitted to |
| the Generation II prime vendor; |
| Note: Usage data is required for everything that was purchased during the time frame in question (e.g. Any invoices, spreadsheets/data bases that were utilized, to include e-mails). A good place to start; check to see if you have any old computer disks or any internal electronic files (e.g. check to see if you have a CD of the last 2 years of MEDLOG.) |
| **Description of documents or reasons why none found** |
| To the best of my knowledge we did not have a Generation II prime vendor contract. |
| I did not findd any information pertaining to a second prime vendor contract. |
| |
| |
| (f) Documents evidencing any communications regarding the claims made by United |
| Medical, whether made in this case, another case, or the Contract Disputes Act |
| claim submitted to the contracting officer; |
| (Note: Although it is not expected that you have any of this information, you must check and document whether you do have any of this information, or your efforts showing that you do not have any of this information.) |
| **Description of documents or reasons why none found** |
| I have researched all desk and file cabinets; no information was found on |
| communication regarding the claims made by United Medical. |

4 of 6

(g) Documents containing catalogue information for DAPA items;

**Note:** Check and see if you have any catalogs from vendors or any computer disks, spreadsheets/data bases or any internal electronic files that may have been utilized. (A good place to start; check to see if you have any UDR CD's from the time period in question.)

**Description of documents or reasons why none found**

I was unable to locate any disk, spreadsheets, internal files, or UDR CDs. Systems could not locate any information.

(h) Documents evidencing policies and procedures to prevent diversion of purchases of the Generation I Prime Vendor Program;

(**Note:** Check for any current or old Local, MAJCOM & Air Force guidance such as checklist, OI, and AFI's)

**Description of documents or reasons why none found**

I did not find any documentation or Air Force guidance to these policies and procedures.

(i) Documents evidencing any notices from DSCP concerning the failure of the Government's prime vendor electronic payment system during 1999;

(**Note:** Although it is not expected that you have any of this information, you must check and document whether you do have any of this information, or your efforts showing that you do not have any of this information.)

**Description of documents or reasons why none found**

I did not find documents concerning the prime vendor electronic payment system during 1999.

5 of 6

| |
|---|
| (j) Documents evidencing amounts owed under calls issued to United Medical during |
| the period June 1, 1997, through May 31, 2001; |
| **(Note: Check to see if you have any documents from the Prime Vendor, and any spreadsheets/data bases or any internal electronic files that were utilized to track open calls, to include e-mails).** |
| **Description of documents or reasons why none found** |
| I did not locate any documents pertaining to owed calls issued. |
| |
| |
| |
| |
| (k) Documents evidencing destruction of records pertaining to any of the above |
| described records; |
| (**Note**: Check for any current or old Local, MAJCOM & Air Force guidance such as checklist, OI, and AFI's. Check for any records that show destruction of any of the above records.) |
| **Description of documents or reasons why none found** |
| To the best of my knowledge this base never had a reason to document the destruction |
| of documents. I could not locate any Air Force guidance for destroying documents. |
| |
| |
| (l) Document retention and destruction policies, including policies pertaining to |
| litigation; for the time period 1997 to the present; and |
| **Note:** Check for any Local, MAJCOM & Air Force guidance such as checklist, OI, and AFI's and any e-mail's or internal electronic files ( You should have accomplished this already, but please document if you have located new information not previously noted.) |
| **Description of documents or reasons why none found** |
| Retention policy is in AFI 41-209, Chap. 4, para 4.12.11. I could not locate a policy |
| of destruction of document procedures. |
| |

6 of 6

(m) Documents evidencing communications to preserve potentially relevant evidence concerning any claims made by United Medical.

**Note:** Any e-mail or internal electronic files (You should have accomplished this already, but please document if you have located new information not previously noted. Although it is not expected that you have any communication regarding this prior to April or May 2006, you must still check and document whether you have any evidence prior to then.)

**Description of documents or reasons why none found**

I have research with systems all computers in logistics for internal electronic files and found no evidence of any files earlier than 10 May 2006. There are no records on our hard drives or left on the servers that can be found.

I certify that the statements on this form are true, complete and correct to the best of my knowledge. The attachments represent a complete accounting of available documents from this facility for the period/topics in question.

| | |
|---|---|
| Signature: Todd J. Taylor | Date: 2 Oct 06 |
| **Printed Name: Todd J. Taylor** | **Title: NCOIC, Medical Materiel** |