| | |
|---|---|
| **Army Site:** | Fort Sam Houston |
| **Location:** | Texas |
| **Name/Rank of Person filling out the form:** | Debra A. Thompson<br>GS-12 |
| **Date:** | 5-Oct-06 |
| Paragraph 2 (in the Document Preservation Order) defines the scope of material that must be preserved. Paragraph 3(a) directs that, to the extent not previously done so, the government must describe the documents listed in paragraph 2 that were not previously identified in the affidavits. At this time, each of the facilities listed in Paragraph 8 must provide a description of the documents it currently possesses with respect to each of the items listed below. If, with respect to each category, the facility claims it does not have any responsive documents, it shall describe, in detail, (in the document below) the efforts made to locate such documents and whether it believes such documents once existed but were destroyed, and how and when they were destroyed. This document shall be provided on or before October, 2, 2006, to Ms. Kay Perry, kay.m.perry@amedd.army.mil, who shall promptly forward them to U.S.Governments counsel. | All documents that were on hand at facility have been shipped to the DOJ |
| 2. Scope. The documents subject to this order include, **but are not limited to,** the following: | |
| (a) Documents evidencing the methods used to by the military bases specifically identified in paragraph 8 of this order to purchase any day to day medical supplies | As previously noted in the affidavit, notification was provided from DSCP after destruction date of the majority of prime vendor files. Any prime vendor files on hand at time of notification were provided to the DOJ. Activity maintained all credit card files pending disposition instructions. All files are currently on hand at the DOJ. |

| | |
|---|---|
| and equipment during the period January 1, 1995, through May 31, 2001, including supplies and equipment subject to Distribution and Pricing Agreements (DAPAs); | |
| (Note: All methods used to purchase Med Surg supplies during the time frame in question (e.g. ECAT, Credit Cards, BPA, DSCP Contracts, and/or any other methods that were utilized). **Description of documents or reasons why none found** | Activity utilized credit cards, prime vendor and ECAT in addition to local contracts and S9M for items that were not available on prime vendor, ECAT or credit card. |
| (b) Documents evidencing usage data for the same period and same products as described in paragraph 2(a) above ("usage data"); (Note: Usage data is required for everything that was purchased during the time frame in question (e.g. Prime Vendor, and any spreadsheets/data bases that were utilized). A good place to start; check to see if you have any old computer disks or any internal electronic files (e.g. check to see if you have a CD of the last 2 years of MEDLOG.) **Description of documents or reasons why none found** | Information was no longer available at time of notification.<br><br>No record of this data was located at the activity upon notification. |
| (c) Documents evidencing the communication of such usage data described in paragraph 2(b) above to the Defense Supply Center, Philadelphia (and any successor agency) or United Medical Supply Company, Inc.; | Information was no longer available at time of notification. |

| | |
|---|---|
| (**Note:** Any documents, files & databases that were utilized/sent to DSCP/Prime Vendor or any internal electronic files. (e.g. good place to start; check to see if you have any old computer disks).<br>**Description of documents or reasons why none found** | System conversion CD was provided to the DOJ regarding transactions processed through the account when system change was made at activity. |

| | |
|---|---|
| (d) Documents evidencing the dollar amount of purchases (*e.g.* , periodic financial reports) of the types of items described in paragraph 2(a) above;<br>**(Note:** Any documents, files & databases that were utilized to track 604/Med Surg spending. (e.g. good place to start; check to see if you have any old computer disks or any internal electronic files).<br>**Description of documents or reasons why none found** | Information was no longer available at time of notification. A CD copy of transactions was provided to the DOJ that was provided at time of conversion from our old to new supply system. |
| (e) Documents evidencing communications (internal or external) concerning usage data for the same period, but specifically including any usage data submitted to the Generation II prime vendor;<br>**(Note:** Usage data is required for everything that was purchased during the time frame in question (e.g. Any invoices, spreadsheets/data bases that were utilized, to include e-mails). A good place to start; check to see if you have any old computer disks or any internal electronic files (e.g. check to see if you have a CD of the last 2 years of MEDLOG.)<br>**Description of documents or reasons why none found** | Information was no longer available at time of notification. |
| (f) Documents evidencing any communications regarding the claims made by United Medical, whether made in this case, another case, or the Contract Disputes Act claim submitted to the contracting officer; | |

| | |
|---|---|
| (Note: Although it is not expected that you have any of this information, you must check and document whether you do have any of this information, or your efforts showing that you do not have any of this information.)<br>**Description of documents or reasons why none found** | Information was no longer available at time of notification. |

| | |
|---|---|
| (g) Documents containing catalogue information for DAPA items;<br>**(Note:** Check and see if you have any catalogs from vendors or any computer disks, spreadsheets/data bases or any internal electronic files that may have been utilized). A good place to start; check to see if you have any UDR CD's from the time period in question.)<br>**Description of documents or reasons why none found** | Information was no longer available at time of notification since new computer system contains the UDR. |
| (h) Documents evidencing policies and procedures to prevent diversion of purchases of the Generation I Prime Vendor Program;<br>(Note: Check for any current or old Local, MACOM & Army guidance)<br>**Description of documents or reasons why none found** | No record of any policies or procedures on hand at time of notification. It was understood that activity was not to bypass the prime vendor if on a DAPA. |
| (i) Documents evidencing any notices from DSCP concerning the failure of the Government's prime vendor electronic payment system during 1999;<br>**(Note:** Although it is not expected that you have any of this information, you must check and document whether you do have any of this information, or your efforts showing that you do not have any of this information.)<br>**Description of documents or reasons why none found** | No information on hand at activity at time of notification. |

| | |
|---|---|
| (j) Documents evidencing amounts owed under calls issued to United Medical during the period June 1, 1997, through May 31, 2001; | Every attempt was made to pay all outstanding payments owed to United Medical by this facility. Email copy was presented by both attorneys when conducting site visit and I confirmed that I had prepared in order to rectify the outstanding balance. |
| (Note: Check to see if you have any documents from the Prime Vendor, and any spreadsheets/data bases or any internal electronic files that were utilized to track open calls, to include e-mails). **Description of documents or reasons why none found** | Documents were destroyed in accordance with regulatory guidance and were no longer available at the time of notification. All on hand records were maintained and stored pending disposition to DOJ. |
| (k) Documents evidencing destruction of records pertaining to any of the above described records; (Note: Check for any current or old Local, MACOM & Army guidance. Check for any records that show destruction of any of the above records.) **Description of documents or reasons why none found** | No destructions required. Activity recycles after three years (1 year active, 2 years inactive). |
| (l) Document retention and destruction policies, including policies pertaining to litigation; for the time period 1997 to the present; and | |

| | |
|---|---|
| **Note:** Check for any current or old Local, MACOM & Army guidance and any e-mail's or internal electronic files ( You should have accomplished this already, but please document if you have located new information not previously noted.)<br>**Description of documents or reasons why none found** | No record of policies of procedures other than those indicated in affidavit. |
| (m) Documents evidencing communications to preserve potentially relevant evidence concerning any claims made by United Medical.<br>**(Note:** Any e-mail or internal electronic files (You should have accomplished this already, but please document if you have located new information not previously noted. Although it is not expected that you have any communication regarding this prior to April or May 2006, you must still check and document whether you have any evidence prior to then.)<br>**Description of documents or reasons why none found** | Information no longer available at activity at time of notification. |

[redacted]

Signature: ______________________ Date: 5 October 2006

**Printed Name:** **Title:** Sup General Supply Specialist