**Army Site: William Beaumont Army Medical Center**
**Location: El Paso, Texas**
**Name/Rank of Person filling out the form:**
**Date: 2 October 2006**

Paragraph 2 (in the Document Preservation Order) defines the scope of material that must be preserved. Paragraph 3(a) directs that, to the extent not previously done so, the government must describe the documents listed in paragraph 2 that were not previously identified in the affidavits. At this time, each of the facilities listed in Paragraph 8 must provide a description of the documents it currently possesses with respect to each of the items listed below. If, with respect to each category, the facility claims it does not have any responsive documents, it shall describe, in detail, (in the document below) the efforts made to locate such documents and whether it believes such documents once existed but were destroyed, and how and when they were destroyed. This document shall be provided on or before October, 2, 2006, to Ms. Kay Perry, kay.m.perry@amedd.army.mil, who shall promptly forward them to U.S.Governments counsel.

**WBAMC currently possess no documents responsive to the order other than thnose attached. The attached documents were found in a binder in Mr. Molinar's work area. Documents previously existed as indicated below, but no longer exist for the reasons stated below. Personal office spaces and office files have been checked for responsive records by Lynn Nelson and Oscar Molinar. Additionally, Mr. Molinar checked the entire warehouse, logistice office warehouses, desks, drawers, table tops and found no documents responsive to this request. The prior practice would be to place files/records deskside files. Kept records at desk area for no more than 90 days, after which most documents would be retired with credit card statements to the file room. Within file room as space was needed you box the oldest remaing files into a box marked and stored chronologically in a central file area until destruction date. Medical Supply Office maintained files during the period in question according to its understanding of the Army records retention policies set out in AR 25-400-2 (1993) for File Number 710 Series.**

2. Scope. The documents subject to this order include, **but are not limited to**, the following:

(a) Documents evidencing the methods used to by the military bases specifically identified in paragraph 8 of this order to purchase any day to day medical supplies and equipment during the period January 1, 1995, through May 31, 2001, including supplies and equipment subject to Distribution and Pricing Agreements (DAPAs);

(**Note**: All methods used to purchase Med Surg supplies during the time frame in question (e.g. ECAT, Credit Cards, BPA, DSCP Contracts, and/or any other methods that were utilized).

**Description of documents or reasons why none found**
**None. See above, plus checked with Chief of Logistics, Resource Management and Contracting Office. WAWF system didn't begin to be in use until 2004.**

**MAJ Lee, the Center Judge Advocate, checked with Contracting for copies of BPAs; As of this date he is still awaiting an answer from local GPRMC contracting officer. We didn't utilize ECAT until 2003. Credit cards would have been used to purchase items that could not be provided by the Prime Vendor.**

(b) Documents evidencing usage data for the same period and same products as described in paragraph 2(a) above ("usage data");

(**Note**: Usage data is required for everything that was purchased during the time frame in question (e.g. Prime Vendor, and any spreadsheets/data bases that were utilized). A good place to start; check to see if you have any old computer disks or any internal electronic files (e.g. check to see if you have a CD of the last 2 years of MEDLOG.)
**Description of documents or reasons why none found**

**I don't believe we ever used MEDLOG. Usage data, purchase level reports would have been maintained electronically on TAMMIS and hardcopies maintained in the system files described above. Back up tapes of TAMMIS were sent monthly to MEDCOM during the time in question. The tapes used for back up were returned and reused. No back up was maintained locally after converting to DMLSS**

(c) Documents evidencing the communication of such usage data described in paragraph 2(b) above to the Defense Supply Center, Philadelphia (and any successor agency) or United Medical Supply Company, Inc.;

(**Note:** Any documents, files & databases that were utilized/sent to DSCP/Prime Vendor or any internal electronic files. (e.g. good place to start; check to see if you have any old computer disks).
**Description of documents or reasons why none found**
**Any such records would have been maintained and ultimately destroyed according to MARKS as described above.**

(d) Documents evidencing the dollar amount of purchases (*e.g.* periodic financial reports) of the types of items described in paragraph 2(a) above;

(**Note**: Any documents, files & databases that were utilized to track 604/Med Surg spending. (e.g. good place to start; check to see if you have any old computer disks or any internal electronic files).

**Description of documents or reasons why none found**

**According to Ms. Tyra Dean, Budget Analyst (Services), based on her knowledge and her consultation with Celia Romike (Budget Analyst (Supplies) and Mr. Rovo Williams (Chief Budget Analyst), Resource Management would not keep any records of level of purchases beyond 3 years. She believes records may exist that would reflect total level of supply purchase, however those totals would reflect combined purchases for medical supplies, nonmedical supplies and some non-recurrent equipment purchases.**

(e) Documents evidencing communications (internal or external) concerning usage data for the same period, but specifically including any usage data submitted to the Generation II prime vendor;

(**Note**: Usage data is required for everything that was purchased during the time frame in question (e.g. Any invoices, spreadsheets/data bases that were utilized, to include e-mails). A good place to start; check to see if you have any old computer disks or any internal electronic files (e.g. check to see if you have a CD of the last 2 years of MEDLOG.)

**Description of documents or reasons why none found**

**No responsive documents exist. The records requested were maintained and destroyed as described above by the Medical Supply Office (MSO) and Resource Management.**

(f) Documents evidencing any communications regarding the claims made by United Medical, whether made in this case, another case, or the Contract Disputes Act claim submitted to the contracting officer;

(**Note**: Although it is not expected that you have any of this information, you must check and document whether you do have any of this information, or your efforts showing that you do not have any of this information.)

**Description of documents or reasons why none found**

**No responsive records exist. Any record that would have existed would have been destroyed as indicated above.**

(g) Documents containing catalogue information for DAPA items;

(**Note**: Check and see if you have any catalogs from vendors or any computer disks, spreadsheets/data bases or any internal electronic files that may have been utilized). A good place to start; check to see if you have any UDR CD's from the time period in question.)

**Description of documents or reasons why none found**

**This information was kept electronically on the TAMMIS; Switched to DMLSS in 2002. As indicated above, the old TAMMIS computer/server switched out after 31 May 2001 and hard copies of records were kept for only 2 years according to AR 25-400-2 (1993). Monthly back ups had been sent to GPRMC; Tapes to record the backups were reused**

(h) Documents evidencing policies and procedures to prevent diversion of purchases of the Generation I Prime Vendor Program;
(**Note**: Check for any current or old Local, MACOM & Army guidance)
**Description of documents or reasons why none found**
**Not aware of written SOPs or written policies during the time in question exist. Information/instructions was disseminated to us orally. Current policy was disseminated to us through power-point briefing slides from both MEDCOM and GPRMC and Operating Bulletins.**

(i) Documents evidencing any notices from DSCP concerning the failure of the Government's prime vendor electronic payment system during 1999;

(**Note**: Although it is not expected that you have any of this information, you must check and document whether you do have any of this information, or your efforts showing that you do not have any of this information.)
**Description of documents or reasons why none found**

**No responsive documents exist. WBAMC would not expect to have ever received any such documentation.**

(j) Documents evidencing amounts owed under calls issued to United Medical during the period June 1, 1997, through May 31, 2001;

(**Note**: Check to see if you have any documents from the Prime Vendor, and any spreadsheets/data bases or any internal electronic files that were utilized to track open calls, to include e-mails).

**Description of documents or reasons why none found**
**No responsive documents exist.**

(k) Documents evidencing destruction of records pertaining to any of the above described records;
(**Note**: Check for any current or old Local, MACOM & Army guidance. Check for any records that show destruction of any of the above records.)
**Description of documents or reasons why none found**
**Documents destroyed according to AR 25-400-2 (1993). Copies of the File Number descriptions and disposition instructions are attached.**

(l) Document retention and destruction policies, including policies pertaining to litigation; for the time period 1997 to the present; and

**Note:** Check for any current or old Local, MACOM & Army guidance and any e-mail's or internal electronic files ( You should have accomplished this already, but please document if you have located new information not previously noted.)
**Description of documents or reasons why none found**
**See note k, above. Current policy is AR 25-400-2 (15 November 2004), File No. 710-2b**

(m) Documents evidencing communications to preserve potentially relevant evidence concerning any claims made by United Medical.

(**Note:** Any e-mail or internal electronic files (You should have accomplished this already, but please document if you have located new information not previously noted. Although it is not expected that you have any communication regarding this prior to April or May 2006, you must still check and document whether you have any evidence prior to then.)
**Description of documents or reasons why none found**

**We have checked our emails. Prior to notice from MAJ Lee in September 2006, we received no communications instructing us to preserve any documentations pertaining United Medical or medical supply purchases during the period in question.**

I certify that the statements on this form are true, complete and correct to the best of my knowledge. The attachments represent a complete accounting of available documents from this facility for the period/topics in question.

**Signature:** [signature] DATE 2 OCT 06

**Printed Name: Oscar A. Molinar Title: Supervisory Supply Specialist**

**Signature:** Lynn C. Nelson DATE 2 October 2006

**Printed Name: Lynn C. Nelson Title: Administrative Assistant**