**Air Force Site: BROOKS CITY-BASE**
**Location: SAN ANTONIO, TEXAS**
**Name/Rank of Person filling out the form: MARC TAWIL/GS-12**

**Date: 2 OCT 06**

Paragraph 2 (in the Document Preservation Order) defines the scope of material that must be preserved. Paragraph 3(a) directs that, to the extent not previously done so, the government must describe the documents listed in paragraph 2 that were not previously identified in the affidavits. At this time, each of the facilities listed in Paragraph 8 must provide a description of the documents it currently possesses with respect to each of the items listed below. If, with respect to each category, the facility claims it does not have any responsive documents, it shall describe, in detail, (in the document below) the efforts made to locate such documents and whether it believes such documents once existed but were destroyed, and how and when they were destroyed. This document shall be provided on or before October, 2, 2006, to Mr. Joseph Meyer; joseph.meyer@ft-detrick.af.mil who shall promptly forward them to U.S.Governments counsel.

On 1 Aug 2006 I instructed my warehouse personnel to gather all Purchase Orders (PO) records for the period of 1997-2001. After an intense scrub of warehouse, they identified 2 pallets worth of records for time period in question. All records were shipped via Fed Ex, tracking number 853767231385, to destination on 4 Aug 06 and received. Following mandatory conference call on 22 Sep 06, in which I was on leave and MSgt Purks attended for me, I complied with mandated to brief all personnel concerning this case and the Documentation Preservation Order. Following my briefing on 25 Sep 06, I instructed my warehouse personnel to perform one last check of all shelves and boxes of P/Os and any other documentation from 1995-2001 to ensure we identified all records.

Based on the new requirement of all documentation, not just POs, my personnel found an additional two boxes of POs that were misidentified or placed in a box with the wrong year identified and multiple Document Registers, Medical Materiel Document Register, 3-yr Budget Requirement listings, Transaction Registers, Autodin Transaction Lists, Medical and Non-Medical In-Use Equipment, and Monthly Controlled Item Transaction Registers from 1997-2001. Nothing could be found for the years of 1995-1996. I contacted Base Records Management Section to see if any were staged with them and they stated "no". The new documentation which consists of roughly one-fourth of a pallet will be kept in the Medical Logistics warehouse identified correctly awaiting DOJ to sent someone to scan.

2. Scope. The documents subject to this order include, **but are not limited to,** the following:

(a) Documents evidencing the methods used to by the military bases specifically identified in paragraph 8 of this order to purchase any day to day medical supplies and equipment during the period January 1, 1995, through May 31, 2001,

(a). All POs sent to destination covering the period of 1997 -2001 include all data concerning the purchase of medical equipment and supplies from various sources of supply. The avenues of purchase include: ECAT, BPA, DBPA, LBPA, GPC, DSCP, PVP, and PVM. No records of POs could be located for the period of 1995-1996. I was not on station at that time so I have no historical information concerning the whereabouts. I contact our Record Management Office at Brooks and they have no record of the data being staged.

including supplies and equipment subject to Distribution and Pricing Agreements (DAPAs);
**Note:** All methods used to purchase Med Surg supplies during the time frame in question (e.g. ECAT, Credit Cards, BPA, DSCP Contracts, and/or any other methods that were utilized).
**Description of documents or reasons why none found**

(b) Documents evidencing usage data for the same period and same products as described in paragraph 2(a) above ("usage data");
(**Note:** Usage data is required for everything that was purchased during the time frame in question (e.g. Prime Vendor, and any spreadsheets/data bases that were utilized). A good place to start; check to see if you have any old computer disks or any internal electronic files (e.g. check to see if you have a CD of the last 2 years of MEDLOG.)
**Description of documents or reasons why none found**

(b). Brooks Medical Logistics transitioned to DMLSS Feb 2005. The only electronic storage from the conversion was data from MEDLOG back to 2002. There is no back-up files or disks prior to 2002. Included in the new shipment of documents identifying usage data is hard copies of Document Registers, Medical Materiel Document Registers, 3-yr Budget Requirement listings, Transaction Registers, Autodin Transaction Lists, Medical and Non-Medical In-Use Equipment, and Monthly Controlled Item Transaction Registers.

(c) Documents evidencing the communication of such usage data described in paragraph 2(b) above to the Defense Supply Center, Philadelphia (and any successor agency) or United Medical Supply Company, Inc.;
**Note:** Any documents, files & databases that were utilized/sent to DSCP/Prime Vendor or any internal electronic files. (e.g. good place to start; check to see if you have any old computer disks).
**Description of documents or reasons why none found**

(c). As stated above, no electronic files can be located prior to 2002. All back-up disks from MEDLOG prior to 2002, were not kept due to hard copy regulation requirements of preservation, 6 years and 3 months.

(d) Documents evidencing the dollar amount of purchases (*e.g.* , periodic financial reports) of the types of items described in paragraph 2(a) above;
**Note:** Any documents, files & databases that were utilized to track 604/Med Surg spending. (e.g. good place to start; check to see if you have any old computer disks or any internal electronic files).
**Description of documents or reasons why none found**

(d). Included in the second shipment of documentation is financial reports to include: MMMRs listings, BMSO/BAFO report and consolidated balance sheets from 1998-2001. Nothing could be found for 1995-1997 because I never had these in my possession so they were not preserved.

(e) Documents evidencing communications (internal or external) concerning usage data for the same period, but specifically including any usage data submitted to the Generation II prime vendor;
**Note:** Usage data is required for everything that was purchased during the time frame in question (e.g. Any invoices, spreadsheets/data bases that were utilized, to include e-mails). A good place to start; check to see if you have any old computer disks or any internal electronic files (e.g. check to see if you have a CD of the last 2 years of MEDLOG.)
**Description of documents or reasons why none found**

(e). Included in the data call is a disk downloaded from MEDLOG before the conversion to DMLSS in Feb 05. The data contains all MEDLOG data concerning all purchases from Aug 02-Feb 05. A copy of the disk will be sent to DOJ, attn. Carl Holton.

(f) Documents evidencing any communications regarding the claims made by United Medical, whether made in this case, another case, or the Contract Disputes Act claim submitted to the contracting officer;
(**Note:** Although it is not expected that you have any of this information, you must check and document whether you do have any of this information, or your efforts showing that you do not have any of this information.)
**Description of documents or reasons why none found**

(f). The only documentation I have concerning this case and only this case is kept electronically on my e-mail folder labeled "United Medical Lawsuit" I have printed and it will be scanned when documentation is scanned by DOJ.

(g) Documents containing catalogue information for DAPA items.

**Note**: Check and see if you have any catalogs from vendors or any computer disks, spreadsheets/data bases or any internal electronic files that may have been utilized. (A good place to start; check to see if you have any UDR CD's from the time period in question.)

**Description of documents or reasons why none found**

(g). Nothing of the sort available from that time period, not required to keep on file.

(h) Documents evidencing policies and procedures to prevent diversion of purchases of the Generation I Prime Vendor Program;

(**Note**: Check for any current or old Local, MAJCOM & Air Force guidance such as checklist, OI, and AFI's)

**Description of documents or reasons why none found**

(h). No old OI's or local guidance from that time period can be found. Not required to keep for any specific time period

(i) Documents evidencing any notices from DSCP concerning the failure of the Government's prime vendor electronic payment system during 1999;

(**Note**: Although it is not expected that you have any of this information, you must check and document whether you do have any of this information, or your efforts showing that you do not have any of this information.)

**Description of documents or reasons why none found**

(i). None exist one recall sues with the payment system for Brooks for PVM.

| | |
|---|---|
| (j) Documents evidencing amounts owed under calls issued to United Medical during the period June 1, 1997, through May 31, 2001;<br>**(Note:** Check to see if you have any documents from the Prime Vendor, and any spreadsheets/data bases or any internal electronic files that were utilized to track open calls, to include e-mails).<br>**Description of documents or reasons why none found** | (j). Nothing other than what was sent on 4 Aug 06 and what will be scanned in the near future by the DOJ. |
| (k) Documents evidencing destruction of records pertaining to any of the above described records;<br>**(Note:** Check for any current or old Local, MAJCOM & Air Force guidance such as checklist, OI, and AFI's. Check for any records that show destruction of any of the above records.)<br>**Description of documents or reasons why none found** | (k). No records have been destroyed to my knowledge. |
| (l) Document retention and destruction policies, including policies pertaining to<br><br>litigation; for the time period 1997 to the present; and<br>**Note:** Check for any Local, MAJCOM & Air Force guidance such as checklist, OI, and AFI's and any e-mail's or internal electronic files ( You should have accomplished this already, but please document if you have located new information not previously noted.)<br>**Description of documents or reasons why none found** | (l). All documents according to AFI 41-209 should be kept in Medical Logistics for 6 years and 3 months. After that time period, they stored by the Base Records Management Office. |
| (m) Documents evidencing communications to preserve potentially relevant evidence concerning any claims made by United Medical.<br>**Note:** Any e-mail or internal electronic files (You should have accomplished this already, but please document if you have located new information not previously noted. Although it is not expected that you have any communication regarding this prior to April or May 2006, you must still check and document whether you have any evidence prior to then.)<br>**Description of documents or reasons why none found** | (m). All documentation will be scanned with the same lot as above in question (f). |

I certify that the statements on this form are true, complete and correct to the best of my knowledge. The attachments represent a complete accounting of available documents from this facility for the period/topics in question.

Signature [signature]

Printed Name: MARC TAWIL

Date: 2 Oct 06

Title: Dir Medical Logistics