**Air Force Site: Holloman AFB**
**Location: New Mexico**
**Name/Rank of Person filling out the form: Maj Winston Massey**
**Date: 20 Sep 06**

Paragraph 2 (in the Document Preservation Order) defines the scope of material that must be preserved. Paragraph 3(a) directs that, to the extent not previously done so, the government must describe the documents listed in paragraph 2 that were not previously identified in the affidavits. At this time, each of the facilities listed in Paragraph 8 must provide a description of the documents it currently possesses with respect to each of the items listed below. If, with respect to each category, the facility claims it does not have any responsive documents, it shall describe, in detail, (in the document below) the efforts made to locate such documents and whether it believes such documents once existed but were destroyed, and how and when they were destroyed. This document shall be provided on or before October, 2, 2006, to Mr. Joseph Meyer; joseph.meyer@ft-detrick.af.mil who shall promptly forward them to U.S.Governments counsel.

2. Scope. The documents subject to this order include, **but are not limited to**, the following:

(a) Documents evidencing the methods used to by the military bases specifically identified in paragraph 8 of this order to purchase any day to day medical supplies and equipment during the period January 1, 1995, through May 31, 2001, including supplies and equipment subject to Distribution and Pricing Agreements (DAPAs);
**Note:** All methods used to purchase Med Surg supplies during the time frame in question (e.g. ECAT, Credit Cards, BPA, DSCP Contracts, and/or any other methods that were utilized).
**Description of documents or reasons why none found**
1. Documents evidencing purchase of day-day medical supplies prior to 1 Oct.99 were not found. Reference, Affidavit of Winston L. Massey, dated 23 Jun 2006, paragraph 8. These documents were believed to have been destroyed IAW AFMAN 37-139, Table 64-4, Rule 26 (dated 1 March 1996) which stated such records be destroyed 1 year after final payment.

2. Documents evidencing purchase of day-day medical supplies from 1 Oct 99 to May 31, 2001 were found and shipped to Kyle Chadwick, DOJ, 1100 L St, NW, Room 7062, Washington DC 20005.

(b) Documents evidencing usage data for the same period and same products as described in paragraph 2(a) above ("usage data");
(**Note**: Usage data is required for everything that was purchased during the time frame in question (e.g. Prime Vendor, and any spreadsheets/data bases that were utilized). A good place to start; check to see if you have any old computer disks or any internal electronic files (e.g. check to see if you have a CD of the last 2 years of MEDLOG.)

**Description of documents or reasons why none found**

1. Because the 49 Medical Group 'switched' to the Defense Medical Logistics Standard Support System in 2003, no usage data or database records have been maintained. All paper copies were maintained in the files identified in 2(a).
2. Once paper copies are maintained, electronic copies are not required to be kept. Reference AFMAN 37-139, T 64 - 04 R 26.00. Because no electronic copies exist, I believe such media was destroyed.

(c) Documents evidencing the communication of such usage data described in paragraph 2(b) above to the Defense Supply Center, Philadelphia (and any successor agency) or United Medical Supply Company, Inc.;
**Note**: Any documents, files & databases that were utilized/sent to DSCP/Prime Vendor or any internal electronic files. (e.g. good place to start; check to see if you have any old computer disks).

**Description of documents or reasons why none found**

1. Because the 49 Medical Group 'switched' to the Defense Medical Logistics Standard Support System in 2003, no usage data or database records have been maintained. All paper copies were maintained in the files identified in 2(a).
2. Once paper copies are maintained, electronic copies are not required to be kept. Reference AFMAN 37-139, T 64 - 04 R 26.00. Because no electronic copies exist, I believe such media was destroyed.

(d) Documents evidencing the dollar amount of purchases (*e.g.* , periodic financial reports) of the types of items described in paragraph 2(a) above;
**Note:** Any documents, files & databases that were utilized to track 604/Med Surg spending. (e.g. good place to start; check to see if you have any old computer disks or any internal electronic files).

**Description of documents or reasons why none found**

1. Because the 49 Medical Group 'switched' to the Defense Medical Logistics Standard Support System in 2003, no usage data or database records have been maintained. All paper copies were maintained in the files identified in 2(a).
2. Once paper copies are maintained, electronic copies are not required to be kept. Reference AFMAN 37-139, T 64 - 04 R 26.00. Because no electronic copies exist, I believe such media was destroyed.

(e) Documents evidencing communications (internal or external) concerning usage data for the same period, but specifically including any usage data submitted to the Generation II prime vendor;
**Note:** Usage data is required for everything that was purchased during the time frame in question (e.g. Any invoices, spreadsheets/data bases that were utilized, to include e-mails). A good place to start; check to see if you have any old computer disks or any internal electronic files (e.g. check to see if you have a CD of the last 2 years of MEDLOG.)

**Description of documents or reasons why none found**

1. Because the 49 Medical Group 'switched' to the Defense Medical Logistics Standard Support System in 2003, no usage data or database records have been maintained. All paper copies were maintained in the files identified in 2(a).
2. Once paper copies are maintained, electronic copies are not required to be kept. Reference AFMAN 37-139, T 64 - 04 R 26.00. Because no electronic copies exist, I believe such media was destroyed.

(f) Documents evidencing any communications regarding the claims made by United Medical, whether made in this case, another case, or the Contract Disputes Act claim submitted to the contracting officer;
(**Note:** Although it is not expected that you have any of this information, you must check and document whether you do have any of this information, or your efforts showing that you do not have any of this information.)

**Description of documents or reasons why none found**

The 49th Medical Group Logistics Server G drive as well as our general reference filing system, to include Memorandums for Record from past flight commanders, have been inspected and reviewed by me personally. I found no indication of notice regarding this lawsuit.

(g) Documents containing catalogue information for DAPA items;
**Note:** Check and see if you have any catalogs from vendors or any computer disks, spreadsheets/data bases or any internal electronic files that may have been utilized. (A good place to start; check to see if you have any UDR CD's from the time period in question.)
**Description of documents or reasons why none found**
1. Because the 49 Medical Group 'switched' to the Defense Medical Logistics Standard Support System in 2003, no usage data or database records have been maintained. All paper copies were maintained in the files identified in 2(a).
2. Once paper copies are maintained, electronic copies are not required to be kept. Reference AFMAN 37-139, T 64 - 04 R 26.00. Because no electronic copies exist, I believe such media was destroyed.

(h) Documents evidencing policies and procedures to prevent diversion of purchases of the Generation I Prime Vendor Program;
(Note: Check for any current or old Local, MAJCOM & Air Force guidance such as checklist, OI, and AFI's)
**Description of documents or reasons why none found**
There are no documents (to include Local Ois) evidencing policies/procedures to prevent diversion of purchase during Gen I Prime Vendor.

(i) Documents evidencing any notices from DSCP concerning the failure of the Government's prime vendor electronic payment system during 1999;
(Note: Although it is not expected that you have any of this information, you must check and document whether you do have any of this information, or your efforts showing that you do not have any of this information.)
**Description of documents or reasons why none found**
All Logistics server electronic files and general filing systems have been inspected. No documents pertaining to this item were found/located.

(j) Documents evidencing amounts owed under calls issued to United Medical during
the period June 1, 1997, through May 31, 2001;
(**Note**: Check to see if you have any documents from the Prime Vendor, and any spreadsheets/data bases or any internal electronic files that were utilized to track open calls, to include e-mails).
**Description of documents or reasons why none found**
All Logistics server electronic files and general filing systems have been inspected. No documents pertaining to this item were found/located.

(k) Documents evidencing destruction of records pertaining to any of the above described records;
(**Note**: Check for any current or old Local, MAJCOM & Air Force guidance such as checklist, OI, and AFI's. Check for any records that show destruction of any of the above records.)
**Description of documents or reasons why none found**
All Logistics server electronic files and general filing systems have been inspected. No documents pertaining to this item were found/located.

(l) Document retention and destruction policies, including policies pertaining to litigation; for the time period 1997 to the present; and
**Note**: Check for any Local, MAJCOM & Air Force guidance such as checklist, OI, and AFI's and any e-mail's or internal electronic files ( You should have accomplished this already, but please document if you have located new information not previously noted.)
**Description of documents or reasons why none found**
No new information located with respect to this item

(m) Documents evidencing communications to preserve potentially relevant evidence concerning any claims made by United Medical.

**Note:** Any e-mail or internal electronic files (**You should have accomplished this already, but please document if you have located new information not previously noted. Although it is not expected that you have any communication regarding this prior to April or May 2006, you must still check and document whether you have any evidence prior to then.**)

**Description of documents or reasons why none found**

The 49th Medical Group Logistics Server G drive as well as our general reference filing system, to include Memorandums for Record from past flight commanders, have been inspected and reviewed by me personally. I found no indication of notice regarding this lawsuit. The first notice I received and could find anyone in the Medical Group received was the initial notice 19 May 2006, by Capt James Lisher, 49 FW/JAG.

I certify that the statements on this form are true, complete and correct to the best of my knowledge. The attachments represent a complete accounting of available documents from this facility for the period/topics in question.

Signature: [signature] Date: 20 Sep 06

**Printed Name:** Winston L. Massey **Title:** Medical Logistics Flight Commander