**Army Site: Carl R. Darnall Army Medical Center**
**Location: Fort Hood, Texas**
**Name/Rank of Person filling out the form: Judy K. Tyler, GS-9, Records Management Officer**
**Date: 29 September 3006**

Paragraph 2 (in the Document Preservation Order) defines the scope of material that must be preserved. Paragraph 3(a) directs that, to the extent not previously done so, the government must describe the documents listed in paragraph 2 that were not previously identified in the affidavits. At this time, each of the facilities listed in Paragraph 8 must provide a description of the documents it currently possesses with respect to each of the items listed below. If, with respect to each category, the facility claims it does not have any responsive documents, it shall describe, in detail, (in the document below) the efforts made to locate such documents and whether it believes such documents once existed but were destroyed, and how and when they were destroyed. This document shall be provided on or before October, 2, 2006, to Ms. Kay Perry, kay.m.perry@amedd.army.mil, who shall promptly forward them to U.S.Governments counsel.

Carl R. Darnall Army Medical Center has previously reported all documei

2. Scope. The documents subject to this order include,**but are not limited to**, the following:

(a) Documents evidencing the methods used to by the military bases specifically identified in paragraph 8 of this order to purchase any day to day medical supplies and equipment during the period January 1, 1995, through May 31, 2001, including supplies and equipment subject to Distribution and Pricing Agreements (DAPAs);
(**Note**: All methods used to purchase Med Surg supplies during the time frame in question (e.g. ECAT, Credit Cards, BPA, DSCP Contracts, and/or any other methods that were utilized).

**Description of documents or reasons why none found**

Credit Card Orders, Receipts and Invoices,
Document Registers
All records are between 1997 and 2001

(b) Documents evidencing usage data for the same period and same products as described in paragraph 2(a) above ("usage data");
(**Note**: Usage data is required for everything that was purchased during the time frame in question (e.g. Prime Vendor, and any spreadsheets/data bases that were utilized). A good place to start; check to see if you have any old computer disks or any internal electronic files (e.g. check to see if you have a CD of the last 2 years of MEDLOG.)

| | |
|---|---|
| **Description of documents or reasons why none found** | Prime Vendor records |

(c) Documents evidencing the communication of such usage data described in paragraph 2(b) above to the Defense Supply Center, Philadelphia (and any successor agency) or United Medical Supply Company, Inc.;
(**Note:** Any documents, files & databases that were utilized/sent to DSCP/Prime Vendor or any internal electronic files. (e.g. good place to start; check to see if you have any old computer disks).

| | |
|---|---|
| **Description of documents or reasons why none found** | None were located. The previous employees were not here during the effected time period. No electronic records, such as e-mails, etc. were left by the previous employees, if in fact they ever existed. |

(d) Documents evidencing the dollar amount of purchases (*e.g.*, periodic financial reports) of the types of items described in paragraph 2(a) above;
(**Note**: Any documents, files & databases that were utilized to track 604/Med Surg spending. (e.g. good place to start; check to see if you have any old computer disks or any internal electronic files).

**Description of documents or reasons why none found**

Card Card Purchases

(e) Documents evidencing communications (internal or external) concerning usage data for the same period, but specifically including any usage data submitted to the Generation II prime vendor;
(**Note**: Usage data is required for everything that was purchased during the time frame in question (e.g. Any invoices, spreadsheets/data bases that were utilized, to include e-mails). A good place to start; check to see if you have any old computer disks or any internal electronic files (e.g. check to see if you have a CD of the last 2 years of MEDLOG.)

**Description of documents or reasons why none found**

The only known communication was a phone call from Mr. Brown, Department of Justice to Mrs. Debra White back in October 2005.

(f) Documents evidencing any communications regarding the claims made by United Medical, whether made in this case, another case, or the Contract Disputes Act claim submitted to the contracting officer;
(**Note**: Although it is not expected that you have any of this information, you must check and document whether you do have any of this information, or your efforts showing that you do not have any of this information.)

**Description of documents or reasons why none found**

All records were checked - none found.

(g) Documents containing catalogue information for DAPA items;
(**Note**: Check and see if you have any catalogs from vendors or any computer disks, spreadsheets/data bases or any internal electronic files that may have been utilized). A good place to start; check to see if you have any UDR CD's from the time period in question.)

**Description of documents or reasons why none found** Records were searched - no records found

(h) Documents evidencing policies and procedures to prevent diversion of purchases of the Generation I Prime Vendor Program;
(**Note**: Check for any current or old Local, MACOM & Army guidance)

**Description of documents or reasons why none found** Per Mrs. White, she did not know of any written guidance.

(i) Documents evidencing any notices from DSCP concerning the failure of the Government's prime vendor electronic payment system during 1999;
(**Note**: Although it is not expected that you have any of this information, you must check and document whether you do have any of this information, or your efforts showing that you do not have any of this information.)

**Description of documents or reasons why none found** No records were located.

(j) Documents evidencing amounts owed under calls issued to United Medical during
the period June 1, 1997, through May 31, 2001;
(**Note**: Check to see if you have any documents from the Prime Vendor, and any spreadsheets/data bases or any internal electronic files that were utilized to track open calls, to include e-mails).
**Description of documents or reasons why none found**

No records were located indicating any outstanding debts owed.

(k) Documents evidencing destruction of records pertaining to any of the above described records;
(**Note**: Check for any current or old Local, MACOM & Army guidance. Check for any records that show destruction of any of the above records.)
**Description of documents or reasons why none found**

To the best of my knowledge, no records were destroyed.

(l) Document retention and destruction policies, including policies pertaining to litigation; for the time period 1997 to the present; and
**Note:** Check for any current or old Local, MACOM & Army guidance and any e-mail's or internal electronic files ( You should have accomplished this already, but please document if you have located new information not previously noted.)
**Description of documents or reasons why none found**

AR 25-400-2 is the regulation governing the Army retention schedule

File Number 40-61f Title: Medical Equipment Management
Disposition: COFF: At the end of the year. DEST: a. Documents pertaining to precious metals recovery should be destroyed after 5 years after COFF unless needed for audit purposes. B. Other documents destroy 3 years after COFF.

(m) Documents evidencing communications to preserve potentially relevant evidence concerning any claims made by United Medical.

**(Note:** Any e-mail or internal electronic files (You should have accomplished this already, but please document if you have located new information not previously noted. Although it is not expected that you have any communication regarding this prior to April or May 2006, you must still check and document whether you have any evidence prior to then.)

**Description of documents or reasons why none found** None were located.

(j) Documents evidencing amounts owed under calls issued to United Medical during
the period June 1, 1997, through May 31, 2001;
(**Note**: Check to see if you have any documents from the Prime Vendor, and any spreadsheets/data bases or any internal electronic files that were utilized to track open calls, to include e-mails).

**Description of documents or reasons why none found**

No records were located indicating any outstanding debts owed.

(k) Documents evidencing destruction of records pertaining to any of the above described records;
(**Note**: Check for any current or old Local, MACOM & Army guidance. Check for any records that show destruction of any of the above records.)

**Description of documents or reasons why none found**

To the best of my knowledge, no records were destroyed.

(l) Document retention and destruction policies, including policies pertaining to litigation; for the time period 1997 to the present; and
**Note:** Check for any current or old Local, MACOM & Army guidance and any e-mail's or internal electronic files ( You should have accomplished this already, but please document if you have located new information not previously noted.)

**Description of documents or reasons why none found**

AR 25-400-2 is the regulation governing the Army retention schedule

File Number 40-61f Title: Medical Equipment Manage
Description: Documents relating to acquisition and property manag
Disposition: COFF: At the end of the year.
DEST: a. Documents pertaining to precious metals recovery shoul

(m) Documents evidencing communications to preserve potentially relevant evidence concerning any claims made by United Medical.

**(Note:** Any e-mail or internal electronic files (You should have accomplished this already, but please document if you have located new information not previously noted. Although it is not expected that you have any communication regarding this prior to April or May 2006, you must still check and document whether you have any evidence prior to then.)

**Description of documents or reasons why none found** None were located.

I certify that the statements on this form are true, complete and correct to the best of my knowledge. The attachments represent a complete accounting of available documents from this facility for the period/topics in question.

Signature: Judy K. Tyler, CRM

**Judy K. Tyler, CRM**

Date: 29 September 2006

**Title: Records Management Officer**