# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff<br><br>v.<br><br>THE UNITED STATES, Defendant | CASE NO: 03-CV-289<br><br>Judge Allegra |

## JOINT STATUS REPORT OF MARCH 15, 2007

**TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:**

Pursuant to the Court's Order of February 23, 2007, the parties submit the following Joint Status Report addressing what they believe are the remaining outstanding discovery issues that can be addressed at this time. By their signatures below, counsel certify that they have conferenced in good faith to resolve outstanding discovery issues.

### I. Document Preservation Order

Plaintiff contends that several of the Lone Star Medical Treatment Facilities did not fully comply with the Court's document preservation order. (See Joint Status Report of February 20, 2007.) In that status report Plaintiff identified MTFs that it believed had not fully complied with the Document Preservation Order and expressed its opinion that pursuit of further written supplementation would not be worth the effort and that depositions would be a more meaningful method of obtaining the information. Plaintiff's counsel has not changed his opinion.

The position of Defendant's counsel is that he considers the matter closed based on Plaintiff's statement described above.

## II. Outstanding Interrogatory Responses

The parties have reached an amicable resolution of our disagreement concerning responses to Plaintiff's interrogatories concerning diverted purchases. Plaintiff agrees to treat the interrogatories at issue as contention interrogatories not requiring a verification. Defendant will stipulate (by responses to requests for admission) that the estimates it previously provided addressed only purchases that were assigned Standard Industrial Code ("SIC") 5047, and that it is possible that diverted purchases could have been made under other SICs.

## III. Document Production

### A. OIG data

On February 28, 2007, Plaintiff completed its SIC analysis of the Government's one-year sample of OIG data and submitted its request to the Government for production of OIG data for various SICs. Plaintiff's request included a request that the Government produce the data in Microsoft Excel format and for the time period beginning one-year prior to start of the Contract date thru end of the Contract. Plaintiff contended that the pre-contract period was relevant with respect to usage data and negligent estimation.

The Government responded that: (i) the OIG data did not exist for the time period earlier than January 1997 (5-months prior to the Contract Start date), (ii) OIG data does not exist for the Contract period July through December 1998, (iii) Plaintiff did not have any pending breach of contract claim for negligent estimation, (iv) Plaintiff did not have outstanding discovery request for pre-contract credit card data, and (v) January 1997 is "well before Plaintiff was awarded or began performing the Contract." (The contract was awarded on January 31, 1997, although the "effective date" of the award was June 1, 1997.)

Plaintiff pending formal discovery requests do not include a request for pre-credit card data unless the Government relied on this type of information in formulating its Solicitation estimates.

Plaintiff contends that its Complaint does include a claim for breach of contract based on the Government's negligent estimations and estimation procedures. Although it did not title its claim in its Complaint a claim for "Negligent Estimation," it did call it "Breach of Duty of Care in Preparing Bid Documents," and based that claim on the Government's failure to use proper procedures in making its estimates. In the preliminary joint status report, the parties agreed that this Court had jurisdiction over Plaintiff's Complaint, and did not note any exception. In the CDA claim, Plaintiff did advise the contract officer that one of the bases for its claims was the estimates were "negligently developed and published."

The Government expects to provide Plaintiff with the OIG data for fiscal years 1997 (available data begins in January 1997) through 2001, in Microsoft Access format, on a rolling basis, beginning no later than March 26, 2007 and concluding no later than April 9, 2007. The Government further desires to use "dummy" names for credit card holders with respect to the January through May 2001 and provide actual names only if Plaintiff elects to depose the "dummy" names. Plaintiff is agreeable to Defendant's proposal.

B. **Documents under the custody of DSCP.**

There are both general and specific documents under the custody of DSCP. Plaintiff will complete its designation of both by March 22, 2007 and be prepared to travel to Philadelphia during April 2007 to inspect and copy the designated documents. Defendant is amenable to this schedule.

**C. Documents under the custody of other agencies (i.e., not DSCP, OIG or an MTF).**

Plaintiff previously identified bed occupancy statistics and Budgets and communications re: budgets as referenced by Defendant in Bates 10694. Plaintiff is prepared to travel to the location of these documents (presumably Philadelphia or Washington, D.C.) during April 2007 to inspect and possibly copy them. Defendant states that, after a reasonable search, it has located no existing responsive documents.

**D. Inspection of originals previously produced on C.D.**

These are stored by Defendant's counsel at his offices in Washington, D.C. Plaintiff is prepared to inspect originals during April 2007 after Plaintiff has had a reasonable time to analyze any additional OIG data. Defendant is amenable to this schedule.

**III. Depositions**

**A. Spoliation**

Plaintiff proposes at least two depositions will be needed in connection with Plaintiff's claims for sanctions arising out of Defendant's failure to preserve and timely produce relevant evidence: Anthony Amendolia and Peter Brown. Plaintiff's counsel understands that Mr. Brown has engaged independent counsel and expects that Mr. Brown may assert his 5th Amendment privileges to some or all questions propounded. (Defendant's counsel has not suggested this possibility.) Plaintiff also believes that the deposition of agency counsel, Kathleen. Hallam, will be needed since the documents produced indicate that DOJ counsel substantially relied on Ms. Hallam to investigate Plaintiff's claims and provide notices to preserve potentially relevant evidence. Defendant objects to a deposition of DSCP counsel. The

parties have agreed, however, to table the issue of Ms. Hallam's deposition until the completion of Mr. Amendolia's deposition since Mr. Amendolia's testimony may be adequate on these issues. Mr. Amendolia's deposition will include questions on the merits of the case.

The depositions described above would be completed as soon as possible in Dallas, Texas, or such other location as mutually agreeable to the parties.

Plaintiff anticipates that some of the topics for the 30(b)(6) deposition would include questions relevant to spoliation.

B. **Merits**

Plaintiff's counsel has provided Defendant's counsel with proposed topics for an RCFC 30(b)(6) deposition. The proposed topics are broad and Government counsel is reviewing the topics to determine to which the Government will provide testimony without objection. If the 30(b)(6) deposition, which may occur in multiple locations, and both in person and telephonically, addresses all issues, Plaintiff may not need further depositions. Plaintiff has identified the following persons, however, who may need to be deposed in addition to a 30(b)(6) representative or representatives: Ms. Linda Flatley, Mr. Steve Hasting, Mr. Greg Wentzel, Ms. Donna Galligan, Ms. Debbie Thompson, Ms. Nora Steigerwalt, and credit card users to be identified from the OIG data. Defendant generally acknowledges the potential relevance of these individuals' testimony. Defendant notes that it submitted a proposed discovery schedule in the parties' February 20, 2007 status report.

## IV. Interrogatories and Other Written Discovery

Defendant proposes limiting Plaintiff's additional interrogatories to ten. Plaintiff has no objection to this limitation subject to a right to seek leave of court to serve additional interrogatories.

There would be no limitation on service of other written discovery except as generally provided by the Court's Rules.

## V. Court's Guidance Concerning Spoliation Standard and Evidentiary Hearing

Defendant seeks to segregate the spoliation issue from previous discovery issues. Plaintiff does not believe that is appropriate. Plaintiff's contention is that Defendant did not discharge its discovery obligations and that was a substantial contributing factor to spoliation. Moreover, the significant time delay in identification of persons with knowledge of relevant facts, in Plaintiff's opinion, *ipso facto,* damaged Plaintiff since memories have faded and persons have become difficult, if not practically impossible to locate. That said, Plaintiff is not opposed to Defendant's proposal, in general. Plaintiff, however, does believe that appropriate briefing will be best accomplished following completion of the depositions described above.

## VI. Plaintiff's service of remaining fact discovery and notices of oral deposition of merits fact witnesses.

The two conditions precedent to Plaintiff's being able to serve remaining fact discovery and notices of deposition are its analysis of the remaining OIG data and completion of the 30(b)(6) deposition. Plaintiff will be in a position to serve such remaining fact discovery and

notices of fact deposition two weeks following completion of the above two items. Plaintiff believes that until the scope and timing of the 30(b)(6) is established, establishing concrete deadlines for completion of discovery, including expert discovery, is not practical. Defendant disagrees and respectfully refers the Court to the proposed schedule it previously submitted.

## VIII. Further Deposition of Mr. Bandy

Defendant seeks to prevent further deposition of Mr. Bandy or his sworn statements. Plaintiff accepts this limitation subject to its right to seek leave of court to obtain the same.

## IX. Other

The above proposals are not intended to limit any party's obligations to supplement or amend their discovery responses per the Court's Rules.

The parties do not contemplate service of RCFC 26 disclosures unless specifically ordered by the Court.

**Signed March 15, 2007.**

Respectfully submitted,

Frank L. Broyles
State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0476
Fax: (202) 305-7644

Attorneys for Defendant