IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-289C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM CONCERNING DESTRUCTION OF EVIDENCE**

Pursuant to the Court's order dated March 28, 2007, as well as the Court's instructions during the March 22, 2007 status conference, defendant, the United States, respectfully draws the Court's attention to the following authorities, which were not cited in our previous briefs concerning plaintiff's motion for spoliation sanctions.

1. 29 Am. Jur. 2d Evidence § 244 (1994) ("[An adverse] presumption or inference arises . . . only where the act [of destruction] was intentional, and indicates fraud and a desire to suppress the truth . . . .").

2. 31A C.J.S. Evidence § 163 (1996) ("[Even a] spoliator of evidence cannot be deprived of his legal rights by the exclusion of other and totally independent evidence offered by him.").

3. Brewer v. Quaker St. Oil Ref. Corp., 72 F.3d 326, 334 (3d Cir. 1995) (relying upon the authorities cited above).

4. King v. Illinois Cent. R.R., 337 F.3d 550, 556 (5th Cir. 2003) ("[Plaintiff] must show that [defendant] acted in 'bad faith' to establish that it was entitled to an adverse inference.")

(quoting Vick v. Texas Emp't Comm., 514 F.2d 734, 737 (5th Cir.1975)); accord Condrey v. Sun Trust Bank of Ga., 431 F.3d 191, 203 (5th Cir. 2005).

5. Stevenson v. Union Pac. R.R., 354 F.3d 739, 748-49 (8th Cir. 2004) (holding district court abused its discretion, under either Federal or Arkansas law, by giving adverse inference jury instruction without finding "bad faith").

6. West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) (noting that remedy for destruction of evidence should be tailored "to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore 'the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party.'") (quoting Kronisch v. United States, 150 F.3d 112, 126 (2d Cir.1998)).

DISCUSSION

The Court of Appeals for the Second Circuit applies the minority rule, by not requiring a showing of bad faith upon the part of the party that lost or destroyed evidence, to support an adverse inference regarding that evidence. The majority rule in Federal courts, as American Jurisprudence and Corpus Juris Secondum reflect, is the "bad faith" test applied by the Federal Circuit in Eaton Corp. v. Appliance Valves Corp., 790 F.2d 874, 878 (Fed. Cir. 1986) (quoting S.C. Johnson & Son, Inc. v. Louisville & Nashville R.R., 695 F.2d 253, 258 (7th Cir. 1982)). Accordingly, even assuming Eaton lacks full precedential force because it was a patent case, this Court – which has already properly recognized that plaintiff has no hope of establishing that the Government disposed of certain potentially relevant records in bad faith – should deny plaintiff's sanctions motion and refuse to draw evidentiary inferences adverse to the Government at trial.

Alternatively, assuming the Court adopts the minority, "sliding scale of culpability" approach of the Second Circuit, we previously demonstrated that, even under that approach, adverse inferences could arise solely with respect to evidence that was destroyed after approximately September 2001, when the Government became aware of the claim. That subset of missing documents is arguably distinctly dwarfed, at this point, by the mountain of similar, relevant documents, including credit card transaction records, that were preserved and have been produced. Moreover, an evidentiary inference can under no circumstances be more adverse than the record will support – i.e., the "worst case" that plaintiff can establish from the existing evidence. Even under Second Circuit law, "[s]ome extrinsic evidence of the content of the [missing] evidence is necessary for the trier of fact to be able to determine in what respect and to what extent it would have been detrimental." Hudson Trans. Lines, Inc. v. Zozichowski, 142 F.R.D. 68, 77 (S.D.N.Y. 1991). Similarly, to promote the goal of restoring the status quo ante, see Goodyear, 162 F.3d at 779, an adverse inference adopted pursuant to the Second Circuit's sliding scale approach should not be unduly punitive, and should not impede the pursuit of truth at trial. E.g., Klezmer ex rel. Desyatnik v. Buynak, 227 F.R.D. 43, 51-52 (E.D.N.Y. 2005).

CONCLUSION

For the reasons given (i) in our August 9, 2006 opposition to plaintiff's motion for discovery sanctions; (ii) in the joint status report filed on February 20, 2007; and (iii) above, the Court should deny the motion. Alternatively, if the Court follows the minority approach with regard to culpability, it should declare its intent to adopt at trial the "least adverse" evidentiary inferences against the Government that are consistent with the degree of our negligence.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

OF COUNSEL:
MICHAEL McGLINCHEY
Trial Attorney
Defense Supply Center
Philadelphia

April 13, 2007

CERTIFICATE OF FILING

I certify that on April 13, 2007, the attached was filed electronically. I understand that service is complete upon filing and parties and others may access this filing through the Court's electronic system.

s/Kyle Chadwick