**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., *Plaintiff* | CASE NO: 03-CV-289 |
| v. | Judge Allegra |
| THE UNITED STATES, *Defendant* | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE: SPOLIATION AND DISCOVERY SANCTIONS**

**TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:**

Plaintiff files this its Supplemental Brief re: Spoliation and Discovery Sanctions as follows:

The Government claims its conduct resulting in destruction of potentially relevant evidence, repeated misrepresentations about the status of documents and extent to which it made inquiry concerning the existence of documents, and general discovery failures as simply "regrettable." It then encourages the Court to impose on Plaintiff the burden of proof that the Government should be subject to sanction. The argument urged by the Government is that this case should be treated simply as another spoliation case.

Plaintiff urges the Court not to treat this as just another "regrettable" spoliation case. The destruction of many of the potentially relevant documents occurred during a time when there were outstanding discovery requests and while the Government insisted it had made reasonable inquiry, but refused at the same time to identify what

inquiry it had made. The standard for sanctions in this case fits squarely within the type of circumstances described in *Residential Funding Corp. v. Degeorge Fin. Corp.*, 306 F.3d 99 (2nd Cir. 2002).

In *Residential Funding,* the Second Circuit distinguished between the typical spoliation case and spoliation coupled with discovery abuse. In cases concerning spoliation coupled with discovery abuse, the Court determined that the integrity of the judicial process grants the sanctioning court much more latitude than if the case is a typical spoliation case. Accordingly, it held that sanctions for failure to produce requested e-mails would be justified by conduct that is intentional, grossly negligent or even simply negligent, including "purposeful Sluggishness." In so holding, it stated the degree of culpability impacts the extent to which the claimant must prove the relevance of the destroyed data and the gravity of the remedy appropriate for the spoliation.

During *Residential Funding* trial the District Court refused to impose discovery sanctions consisting of an adverse inference instruction for Residential Funding's failure to produce certain e-mails in time for trial. The District Court had refused the requested sanction based on its finding that the delay in producing e-mails was not caused by any action taken in bad-faith or with gross negligence on the part of Residential Funding and the requesting party (Degeorge) had not shown that the missing e-mails would be favorable to its case.

The Second Circuit reversed and remanded, holding that the District Court applied the incorrect standard. In so holding, it stated that even ordinary negligence would support a discovery sanction and that a finding that a party acted with gross

negligence or in bad faith with respect to discovery obligations is ordinarily sufficient to support a finding that the missing or destroyed evidence would have been harmful to that party, even if the destruction or unavailability of the evidence was not caused by the acts constituting bad faith or gross negligence. 306 F.3d at 101.

The focus of the Second Circuit was whether Residential Funding simply acted with a culpable state of mind.

The "culpable state of mind" issue has been an issue during the last few years in connection with the revision of the Federal Rules of Procedure to deal with the massive amount of electronic created and stored evidence. Significant effort was made to determine when sanctions should not be imposed. This effort resulted in the "safe-harbor of Rule 37(f) and provides a wealth of guidelines pertaining to what should or should not be considered reasonable preservation efforts. While the new 37(f) rule is not *per se* applicable, the standard on which it was based is relevant.

Rule 37(f), in its present form reads as follows,

> Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good faith operation of an electronic information system. Emphasis added.

The "Good Faith" culpability standard was adopted by the Civil Rules Advisory Committee in April 2005. Thomas Y. Allman, *Defining Culpability: the Search for a Limited Safe Harbor n Electronic Discovery,* 2006 FED. CTS. LAW REV. 7 (2006). The minutes of one of the meetings indicate that "good faith" is a subjective standard that lies somewhere between negligence and recklessness. [*Id.*,fn 77-80]. The inquiry should focus on the

reasonableness and consistency of the process followed. In summary, "good faith" assumes the party has a reasonable litigation hold, and did not deliberately use the systems routine document destruction process. If a party is aware of a document destruction process, and does nothing to stop the process from destruction of potentially relevant evidence, the good faith standard has been violated. *Id.*

Plaintiff requests in connection with a determination of the standard the Court is going to apply in connection with its determination of what, if any, sanction it is going to impose against the Government that the Court apply as part of the determination the standards suggested above.

**Signed April 13, 2006.**

Respectfully submitted,

s/ Frank L. Broyles
Frank L. Broyles
Texas State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF SERVICE

A copy of the foregoing brief, including referenced Appendices, as filed will be served on Kyle Chadwick via the Clerk's electronic service.

s/ Frank L. Broyles