IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 03-289C (Judge Allegra) |

DECLARATION OF PETER BROWN

1. I, Peter Brown, am a paralegal with the United States Department of Justice.

2. In mid-March, 2005, I met with attorney Kyle Chadwick, who told me of the need for a paralegal to contact all Department of Defense medical treatment facilities ("MTFs") named by plaintiff in this lawsuit to ascertain whether they currently possessed any documents in paper or electronic form relevant to this matter. I agreed to accept that assignment. I immediately began the work described in the Declaration of Peter Brown filed on October 24, 2005, as an attachment to Defendant's Status Report Regarding Discovery.

3. In June, 2005, I met with Mr. Chadwick to report the progress on this assignment. At that time, Mr. Chadwick asked whether I had contacted all of the MTFs. I replied "Yes," and I told him of my planned trip to Oklahoma to retrieve documents. However, in retrospect, I had not contacted all MTFs named by plaintiff in this lawsuit. I misunderstood Mr. Chadwick's

question in the following manner. I thought he was asking whether I had contacted all of the MTFs that we believed possessed documents responsive to our requests, rather than every MTF named by plaintiff. At that time, I believed that only eight or fewer MTFs possessed any responsive documents, based upon information provided by Defense Logistics Agency ("DLA") headquarters personnel and confirmed by my inquiries.

4. I was not aware that the representations I made were going to be conveyed to the Court.

5. Again in late September, 2005, I met with Mr. Chadwick to report the progress of the assignment. At that time, Mr. Chadwick asked whether I had contacted all of the MTFs. I replied "Yes," and I told him of my ongoing task of duplicating the images we had obtained. However, in retrospect, I had not contacted all MTFs named by plaintiff in this lawsuit. I misunderstood Mr. Chadwick's question in the following manner. I thought he was asking whether I had contacted every MTF that we believed possessed documents responsive to our requests, rather than every MTF named by plaintiff. At that time, I believed that only eight or fewer MTFs possessed any responsive documents, based upon information provided by DLA headquarters personnel and confirmed by my inquiries.

6. I was not aware that the representations I made were going to be conveyed to the Court.

7. In October, 2005, Mr. Chadwick informed me that relevant documents had been located at MTFs that I had not contacted. He and I discussed the process whereby I had determined which MTFs to contact. He requested that I recall that process and draft my prior declaration, which was filed on October 24, 2005, as an attachment to Defendant's Status Report Regarding Discovery.

8. Upon penalty of perjury under 28 U.S.C. § 1746, I declare that the foregoing is true and correct to the best of my knowledge and belief.

[signature]

Peter Brown

Dated: 8-17-06