**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC.,<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES, Defendant | 03-289 C<br>Judge Allegra |

**PLAINTIFF'S MOTION FOR SIXTY-DAY EXTENSION OF DEADLINES ESTABLISHED IN ORDERS OF MARCH 28, 2007 AND JUNE 27, 2007**

**TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:**

The parties are at a standstill with respect to outstanding discovery. Plaintiff has made several requests on Defendant for both discovery and estimates of when Defendant will be in a position to provide Plaintiff with such discovery. Defendant claims that currently it is unable to provide discovery or any time estimates due to scheduling conflicts. Plaintiff believed that the parties would be able to file a joint motion for extension, but the Government is not willing to commit to a deadline, at least at present. Accordingly, Plaintiff requests that the Court extend the following deadlines by sixty-days:

1. The July 27, 2007 deadline for close of all fact discovery;
2. The August 31, 2007 deadline for exchange of initial expert reports;
3. The September 14, 2007 deadline for exchange of any rebuttal expert reports;
4. The October 31, 2007 deadline for close of expert discovery;

5. The November 14, 2007 deadline for the filing of a joint status report indicating how this case should proceed;

6. The August 7, 2007 deadline for plaintiff to submit a declaration and records in support of its attorneys' fees and costs as referenced on page 26 of the June 27, 2007 order;

7. The August 31, 2007 deadline for defendant to files its response, if any, as to the reasonableness or accuracy only of plaintiff's claimed fees and costs.

The last month of effort by Plaintiff to obtain at least an estimate from Defendant as to how much time would be needed for discovery has been totally unproductive. The parties' communications on the issue are summarized as follows:

1. On June 24, 2007 Plaintiff's counsel notified Defendant's counsel that his July was wide open and broadly identified the remaining depositions Plaintiff was requesting.

2. On June 25, 2007, Defendant's counsel requested more specificity and advised Plaintiff's counsel that he had several conflicts during July.

3. On July 1, 2007, Plaintiff's counsel advised Defendant's counsel of the particular two people at Sheppard AFB he would like to depose.

4. On July 2, 2007 Plaintiff's counsel advised Defendant's counsel of the identities of two other persons he would like to depose in addition to Mr. Amendolia, Ms. Flatley and the outstanding 30(b)(6) request.

5. On July 5, 2007, Defendant's counsel advised Plaintiff's counsel that it would be impossible to meet the current discovery deadlines, that an extension must be requested.

6. On July 10, 2007 Defendant's counsel advised Plaintiff's counsel that DSCP counsel and Anthony Amendolia were on leave and that it would not be possible during the week of July 10, 2007 for Defendant's counsel to get a handle on how much more time would be needed to comply with Plaintiff's discovery requests, but that an extension would be needed beyond Labor Day at a minimum. Defendant's counsel indicated he wanted to be as accurate as possible and that it would be at least one-week until he would be in a position to make an estimate.

7. On July 10, 2007, Plaintiff reminded Defendant of an outstanding interrogatory that the Government had not fully answered because it claimed it needed more time to do so.

8. On July 12, 2007, Plaintiff's counsel asked if a 60-day extension was adequate.

9. On July 17, 2007 the Government advised Plaintiff it was not in a position to make an estimate but might be in a position that week to make an estimate.

10. On July 23, 2007, Plaintiff's counsel asked Defendant's counsel for a status update. Defendant's counsel replied, As I've said repeatedly, I'll tell you as soon as I have the information I need." Defendant has not been able to produce any of the remaining deponents or provide the promised supplement to a previous interrogatory response.

The July 23, 2007 response from the Government indicated that agreements on a motion to enlarge were unlikely because the Government does not know how much time it needs. Since the discovery deadline was imminent, Plaintiff felt compelled to file this motion for extension instead of waiting any longer for the Government to participate in a joint motion.

Plaintiff is aware of the Court's directive to file a motion to compel if it cannot obtain needed discovery. Plaintiff is not convinced that it cannot obtain needed discovery by agreement. Plaintiff's counsel believes that Government counsel, including DSCP counsel McGlinchey, are making efforts to respond but that factors outside their control are impairing that effort. Nevertheless, based on the Court's directive, Plaintiff intends to file a motion to compel by July 27, 2007 if agreements have not been reached.

For the reasons shown above, Plaintiff requests that the Court enter an order granting the requested extensions and granting Plaintiff such further relief to which it justly may be entitled.

Signed: JULY 24, 2007.

Respectfully submitted,

s/ Frank L. Broyles

Frank L. Broyles
Texas State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

ATTORNEY FOR PLAINTIFF UNITED MEDICAL SUPPLY COMPANY, INC.

CERTIFICATE OF SERVICE

A copy of the foregoing as filed has been served on Kyle Chadwick on July 24, 2007 *via* the Clerk's electronic service.

s/ Frank L. Broyles