# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff | CASE NO: 03-CV-289 |
| v. | Judge Allegra |
| THE UNITED STATES, *Defendant* | |

## PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY

TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:

For the last month, as summarized in Plaintiff's Motion for Extension of Deadlines filed earlier this week, Plaintiff has repeatedly attempted to obtain dates from the Government to take the oral depositions of individual Department of Defense Personnel[1] and a Rule 30(b)(6) deposition on the topics listed on Exhibit A. The scope of the discovery requested is substantially less than Plaintiff previously requested. Plaintiff also served interrogatories (see, Exhibits B and C) for which answers have not been provided and are past due.

Most troubling to Plaintiff's counsel is the Government's continuing position that it cannot provide estimated dates for <u>any</u> of the outstanding discovery. It claims it cannot provide: (i) deposition dates for any of the named deponents, (ii) any 30(b)(6) representative, or (iii) estimates for answering Plaintiff's interrogatories attached as

---

[1] Plaintiff requested deposition dates for the following: Anthony Amendolia (DSCP), Linda Flately (DSCP), Donna Galligan (DSCP); MSgt Steele (Sheppard AFB); Michael Allen (Sheppard AFB); Troy Molner (location unknown) and Mike David (location unknown).

Exhibits B and C. Plaintiff's counsel kept his July calendar clear in order to complete the outstanding depositions. That was to no avail since not a single deposition was offered. Plaintiff's counsel was never advised that not a single deposition could be completed in July, nor has he been advised of what August or September may hold other than Government counsel will be in trial for a portion of August. Plaintiff has simply been advised by Government counsel email, "As I've said repeatedly, I'll tell you as soon as I have the information I need." In other words, "don't call us, we'll call you." [See, Exhibit D].

By order entered July 10, 2007 the Court notified the parties that they could file a motion to compel or for protective order as appropriate. Accordingly, Plaintiff requests that the Court enter an order directing the Government to:

1. File a detailed description with the Court of the efforts made to comply with Plaintiff's discovery requests and the Department of Defense responses to such efforts and its justification for the failure to provide both the discovery and estimates of when it will provide such discovery.
2. By August 10, 2007, provide dates for deposition of the following persons during the period September 10, 2007 through September 24, 2007;
3. Produce such persons for deposition at the identified dates;
4. Fully answer, not just respond to, the interrogatories shown on Exhibits B and C by August 31, 2007;
5. Grant Plaintiff such further relief to which it justly may be entitled, taking into account the explanation pursuant to Request numbered 1 above.

**Signed July 27, 2007.**

Respectfully submitted,

/s/ Frank L. Broyles
Frank L. Broyles
State Bar No. 03230500
Goins, Underkofler, Crawford
& Langdon, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF SERVICE

On July 27, 2007 the foregoing motion was served on the persons shown below by the method shown below in accordance with rule 5.1.

/s/ Frank L. Broyles

**PERSONS SERVED:**

Kyle Chadwick
Department of Justice
Method Served:ECF service by the Court Clerk

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC.,<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES, *Defendant* | CASE NO: 03-CV-289<br><br>Judge Allegra |

**EXHIBIT A TO:**

**PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY**

1. **Evidence Preservation and Discovery Issues**
   a. Whether DSCP did nor did not discharge its evidence preservation and discovery obligations in this lawsuit, particularly including the policies at DSCP pertaining to these issues.
   b. The identities of the persons responsible for implementing evidence preservation and discovery compliance policies at DSCP with respect to Plaintiff's complaint and discovery requests and the particular responsibilities each person had.
2. **Diversion**
   a. Defendant's interpretation of the types of medical equipment and supplies described by the phrase, "normal day-to-day requirements for brand name specific and generic medical supplies"
   b. The types of medical equipment and supplies not within that description.
   c. The 12-month reporting period referenced in the original Solicitation and various amendments including, for each MTF,
      i. the identity of the individual or individuals who created the reports,
      ii. the identity of the individual or individuals who received the reports,
      iii. what information was included in the reports, and
      iv. the documents evidencing the creation and maintenance of the reports.
   d. The basis for the statement by DSCP made on page 12 of Solicitation Amendment 008 that the facilities spent an estimated $57,665,500 per year, including,
      i. the identity of the individual or individuals responsible for collecting that information for DSCP,
      ii. the process by which the information was collected,
      iii. what areas and functions of each MTF participated in the collection of information used to provide the estimate,
      iv. the identity of the individual or individuals at each MTF who provided that information, and
      v. the process by which that information was obtained at the MTF level.
   e. The bases for, and accuracy of, the statement(s) in the GEN II Addendum to Standard Form 1449 that
      i. 45% of the med/surg items used in the National Capital Region are purchased using the DSCP Prime Vendor Program
      ii. PV Sales in the National Capital Region are currently estimated at $1.4 million per month.

iii. Currently med/surg PV sales worldwide average $8.4 million per month
iv. The MTFs estimate the balance of med/surg items are purchased directly from manufacturers and dealers using government wide commercial purchase cards and /or local purchase methods,
v. Any estimates made by any Lone Star MTF that formed the basis for the estimate described in the previous paragraph and how the MTF made such estimates,
vi. It can be assumed that DSCP med surg PV sales is relatively consistent across the regions.
vii. The quantity of beds from the Lone Star Region included in the 6,478 total bed estimate.
**viii.** The basis for Defendant's contention, if any, that United Medical should have inventoried those med/surg items purchased by use of credit cards, including the basis that United Medical had been provided usage data for such items.

3. **Failure of Defendant's Payment System**
   a. Who had the authority to decide whether United Medical would or would not be notified of the failure and how was the decision made, including the pros and cons of each course of action.
   b. Any contention by Defendant that United Medical was notified of the system failure and when and how Defendant contends that United Medical was notified.
   c. How and when the problem with the payment system was totally corrected.
   d. DSCP's assessment of the impacts of the system failure.
   e. Claims made by PVs resulting from the failure
4. **Unpaid Account's Receivable**
   a. The investigation made by Donna Galligan with respect to the account receivable issue
   b. Interpretation of the spreadsheet data provided by DFAS.
   c. Interpretation of Donna Galligan's spreadsheet

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff

v.

THE UNITED STATES, *Defendant*

CASE NO: 03-CV-289

Judge Allegra

**EXHIBIT B TO:**

**PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY**

5. For each credit card holder identified in the Initial OIG Data who did not report, directly or indirectly, to the head of logistics at the particular MTF, state if that person can be produced for deposition by the Government . . . .

RESPONSE: We need additional time to respond. As an initial matter, it has come to our attention that some of the card holders identified in the spreadsheets were not working at any MTF during the contract term. Their transactions appear in the search results because they worked in the same city, and in the same service, as one of the MTFs. (OIG could not query the data by individual MTF.) We will identify those card holders (who are not relevant to this case) in our supplemental response to this interrogatory, which we will provide as promptly as we can.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

OF COUNSEL:
MICHAEL McGLINCHEY
Trial Attorney
Defense Supply Center
Philadelphia

May 7, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff<br><br>v.<br><br>THE UNITED STATES, *Defendant* | CASE NO: 03-CV-289<br><br>Judge Allegra |

**EXHIBIT C TO:**

**PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., *Plaintiff* | CASE NO: 03-CV-289 |
| v. | Judge Allegra |
| THE UNITED STATES, *Defendant* | |

## PLAINTIFF'S JUNE 21, 2007 DISCOVERY REQUESTS SERVED ON DEFENDANT

**TO DEFENDANT THE UNITED STATES:**

United Medical Supply Company, Inc. serves the following two interrogatories on The United States permitted by the Court's order of March 28, 2007. In connection with these interrogatories, the term "the Contract" refers to the requirements contract at issue in this case. "The Solicitation" refers to the solicitation that resulted in the award of the Contract. The term "Solicitation Estimates" or "Estimates" refers to the estimates provided in the Solicitation, as amended from time to time. The term "Contract Delivery Period" refers to the period June 1, 1997 through April 30, 2001. The term MTFs refers to the Lone Star Region medical treatment facilities that participated in the Generation I Prime Vendor Program in which Owens & Minor was the original prime vendor and Plaintiff was the subsequent Prime Vendor. The identity of the MTFs is shown on pages 3 through 10 of Attachment III of the Award and Amendment 6 to the Award.

**INTERROGATORIES**

Interrogatories are to be answered in accordance with RCFC Rule 33 and the answers are to be signed by the person providing each such answer.

**Interrogatory No. 6:** This interrogatory refers to page 5 of 47 in Amendment 0012 to the Solicitation. For the "reporting period" referenced on page 5, describe the report referenced by title of the report, the beginning and ending dates of the period, the person or persons at each Lone Star MTF making the report,

the person or persons to whom the reports were made, and the original location of the reports in as much detail as reasonably possible.

**RESPONSE:**

**Interrogatory No. 7**

For the 12-month reporting period identified in Interrogatory 6, state the total purchases (in $) each Lone Star MTF made from Owens & Minor under the Generation I Prime Vendor program. In the event that the Government contends that it cannot identify the 12-month reporting period referenced, provide the information in this interrogatory for the 12-month period ending 10/31/1995.

RESPONSE:

**Signed June 21, 2007.**

Respectfully submitted,

s/Frank L. Broyles
Frank L. Broyles
TX State Bar No. 03230500
Goins, Underkofler, Crawford
& Langdon, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF SERVICE

On June 21, 2007 the foregoing interrogatories were served on the persons shown below by the method shown below.

s/Frank L. Broyles

**PERSONS SERVED:**

Kyle Chadwick
Department of Justice
Method Served: email with copy via first class mail

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC.,<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES, *Defendant* | CASE NO: 03-CV-289<br><br>Judge Allegra |

**EXHIBIT D TO:**

**PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY**

**Frank L. Broyles**

**From:** Chadwick, Kyle (CIV) [Kyle.Chadwick@usdoj.gov]

**Sent:** Monday, July 23, 2007 5:06 PM

**To:** Frank L. Broyles

**Subject:** RE: United Medical v U.S. extension of discovery

As I've said repeatedly, I'll tell you as soon as I have the information I need.

**From:** Frank L. Broyles [mailto:flbroyles@gucl.com]
**Sent:** Monday, July 23, 2007 7:31 AM
**To:** Chadwick, Kyle (CIV)
**Subject:** United Medical v U.S. extension of discovery

Kyle, what is the status? I think something should be filed today. Frank