**Chadwick, Kyle (CIV)**

**From:** Frank L. Broyles [flbroyles@gucl.com]
**Sent:** Monday, June 25, 2007 1:21 PM
**To:** Chadwick, Kyle (CIV)
**Subject:** RE: depositions

Sounds like you must be going crazy with your travel and trial schedule.

-----Original Message-----
**From:** Chadwick, Kyle (CIV) [mailto:Kyle.Chadwick@usdoj.gov]
**Sent:** Monday, June 25, 2007 11:38 AM
**To:** Frank L. Broyles
**Subject:** RE: depositions

As you know, you identified these people as deponents because they were the people we used as declarants about document preservation. Thus, they are each the most knowledgeable about that topic at their respective locations, and I presume you already plan to ask them about that, in part. I am prepared to adopt their testimony on that subject as the testimony of the Government. As for the rest of your proposed 30(b)(6) topics, I do not believe we are thinking of designating these people, at this time.

Unfortunately, I have multiple conflicts during July, including fact discovery closing in another case (centered in Denver) on the 16th, and a trial (in a case that definitely will not settle) on July 23-25, just before discovery is scheduled to close in this case. So please send me a specific list now of exactly whom you wish to depose, so DoD and I can get immediately to work on scheduling -- I don't know what "two days in Philadelphia" means, for example. I can try to enlist colleagues in my office to defend some of the depositions, but that isn't always feasible.

---

**From:** Frank L. Broyles [mailto:flbroyles@gucl.com]
**Sent:** Sunday, June 24, 2007 5:26 PM
**To:** Chadwick, Kyle (CIV)
**Subject:** depositions
**Importance:** High

Kyle, With respect to the three this week, since I have not heard from you regarding any 30(b)(6) topics, I have not prepared for any and will proceed with these as individual depositions. What do I need to do to get into the bases and who are the contacts?

With respect to any remaining depositions, I anticipate two days in Philadelphia, one at Fort Detrick, one more at Fort Sill, one at Fort Hood, one more at BAMC, and any additional locations the Government includes as part of its response to my 30(b)(6) request.

I did finish my jury trial in June so July is pretty wide open for me. I have one matter set for trial on the 24th, but that case should settle.

Frank

**Chadwick, Kyle (CIV)**

**From:** Chadwick, Kyle (CIV)
**Sent:** Monday, July 02, 2007 10:02 AM
**To:** 'McGlinchey, Michael (DSCP)'
**Subject:** FW: depositions

---

**From:** Frank L. Broyles [mailto:flbroyles@gucl.com]
**Sent:** Sunday, July 01, 2007 11:14 PM
**To:** Chadwick, Kyle (CIV)
**Subject:** depositions

Well, our dreadful weather continues. I could not get to the office today. Have some concern about tomorrow. I do not think that I should plan on more than Amendolia and Flatley in one day. How about July 9, 10, or 12. I am going to skip the Ft. Deidrick depo. Don't think I need that. Do want a depo at Sheppard AFB. Hope to get you exact names for remaining depositions tomorrow, plus cut back on a bunch of the 30 (b)(6) since Judge Allegra's sanctions eliminate a substantial portion of what I thought I wanted to accomplish.

**Chadwick, Kyle (CIV)**

**From:** Frank L. Broyles [flbroyles@gucl.com]
**Sent:** Monday, July 02, 2007 4:12 PM
**To:** Chadwick, Kyle (CIV)
**Subject:** RE: depositions

Please.

-----Original Message-----
**From:** Chadwick, Kyle (CIV) [mailto:Kyle.Chadwick@usdoj.gov]
**Sent:** Monday, July 02, 2007 2:04 PM
**To:** Frank L. Broyles
**Subject:** RE: depositions

Those gentlemen will certainly not be at DSCP -- they are identified in our 11/02 response as being from the services (Army and Air Force). Do you still want me to see whether we can locate them?

---

**From:** Frank L. Broyles [mailto:flbroyles@gucl.com]
**Sent:** Monday, July 02, 2007 2:59 PM
**To:** Chadwick, Kyle (CIV)
**Subject:** depositions

Kyle, two persons I would like to depose are Troy Molnar and Mike David. These are the persons the Government identified in response to interrogatory 3 initially served. Are they in Philadelphia?
Thanks, Frank Broyles

**Chadwick, Kyle (CIV)**

**From:** Frank L. Broyles [flbroyles@gucl.com]
**Sent:** Thursday, July 05, 2007 3:34 PM
**To:** Chadwick, Kyle (CIV)
**Subject:** RE: revised 30 b 6 topics

Lets ask the court for a telephone conference to discuss. I was hoping to take a couple of weeks off in August. could you do a telephone conference next week.

-----Original Message-----
**From:** Chadwick, Kyle (CIV) [mailto:Kyle.Chadwick@usdoj.gov]
**Sent:** Thursday, July 05, 2007 12:50 PM
**To:** Frank L. Broyles
**Subject:** RE: revised 30 b 6 topics

Frank, I can expand later, but I wanted to alert you that it's become clear to me that, for various reasons, DoD is going to find it impossible to respond to all of your pending discovery requests and/or make available all of the deponents you've requested, prior to the scheduled close of discovery on 7/27. (Just one example: Anthony Amendolia is on leave until 7/17, and we won't even be able to learn his later availability until he returns.) It is a brute fact that we'll (one of us) need to ask the court for yet another extension. And I will be in trial, in addtion to the week of July 23, from Aug. 6 to 14. I don't plan on taking any vacation, however.

**Chadwick, Kyle (CIV)**

**From:** Frank L. Broyles [flbroyles@gucl.com]
**Sent:** Thursday, July 05, 2007 3:37 PM
**To:** Sak_lm@ao.uscourts.gov
**Cc:** Chadwick, Kyle (CIV)
**Subject:** 03-289 United Medical v. U.S.

Sak, Kyle Chadwick and I have run into some discovery scheduling problems. Could we get a short (15 minute) conference with Judge Allegra next week? Thanks, Frank Broyles

**Chadwick, Kyle (CIV)**

**From:** Frank L. Broyles [flbroyles@gucl.com]
**Sent:** Tuesday, July 10, 2007 12:42 PM
**To:** Chadwick, Kyle (CIV)
**Subject:** RE: Thanks for the call

When talking with whomever, don't forget the Gov't indicated it needed additional time to answer one of my prior interrogs, so we will need to know how much time for that one too.
Thanks, Frank

-----Original Message-----
From: Chadwick, Kyle (CIV) [mailto:Kyle.Chadwick@usdoj.gov]
Sent: Tuesday, July 10, 2007 11:35 AM
To: Frank L. Broyles
Subject: Thanks for the call

Sorry I missed you. It looks like Judge Allegra misunderstood your message. I agree, we should file an unopposed or joint extension motion fairly soon.

One of the many issues, though, is that Mike McGlinchey is currently on leave, I think until next Tues. or Weds., as is Amendolia, so it's really not possible, this week, for me to get a handle on how much more time we'll need for everything. I have similar issues at DoD OIG (for
which McGlinchey isn't my primary contact).

As much as I wish it were otherwise, realistically, since I'm in trial Aug. 6-14, and I know from experience how difficult it is every year for agencies to finish tasks in August, I think we're looking at an extension past Labor Day, at a minimum. But I want to be as accurate as possible. I don't think I'll be in a position to project realistic dates until the middle of next week, at the earliest.

**Chadwick, Kyle (CIV)**

---

**From:** Frank L. Broyles [flbroyles@gucl.com]
**Sent:** Wednesday, July 11, 2007 9:27 AM
**To:** Chadwick, Kyle (CIV)
**Subject:** FW: United Medical v. U.S. 03-289

---

**From:** Sak_Im@ao.uscourts.gov [mailto:Sak_Im@ao.uscourts.gov]
**Sent:** Wednesday, July 11, 2007 8:21 AM
**To:** Frank L. Broyles
**Subject:** Re: United Medical v. U.S. 03-289

Okay, I will be on a look out for this motion.

Sak Im
Judicial Assistant
Chambers of Judge Francis M. Allegra
U.S. Court of Federal Claims
Phone: 202-357-6493
Fax: 202-357-6498

**"Frank L. Broyles" <flbroyles@gucl.com>**
07/10/2007 06:23 PM

To <Sak_Im@ao.uscourts.gov>
cc "Kyle Chadwick \(E-mail\)" <kyle.chadwick@usdoj.gov>
Subject United Medical v. U.S. 03-289

Sak, Kyle and I received the Court's order today regarding discovery. We really don't have a dispute, just a problem. Kyle is up to his eyeballs in other matters and DSCP personnel are generally unavailable for sometime. Bottom line is we need a fact discovery extension. Kyle and I anticipate filing a joint motion for extension. Thanks, Frank Broyles

**Chadwick, Kyle (CIV)**

**From:** Frank L. Broyles [flbroyles@gucl.com]
**Sent:** Thursday, July 12, 2007 9:20 AM
**To:** Chadwick, Kyle (CIV)
**Subject:** RE: remaining discovery

Is a 60-day extension adequate?

-----Original Message-----
From: Chadwick, Kyle (CIV) [mailto:Kyle.Chadwick@usdoj.gov]
Sent: Wednesday, July 11, 2007 8:29 AM
To: Frank L. Broyles
Subject: Re: remaining discovery

[Redacted Rule 408]

**Chadwick, Kyle (CIV)**

**From:** Frank L. Broyles [flbroyles@gucl.com]
**Sent:** Thursday, July 19, 2007 7:30 AM
**To:** Chadwick, Kyle (CIV)
**Subject:** discovery progress

Any updates. Am getting antsy. Frank

**Chadwick, Kyle (CIV)**

**From:** Frank L. Broyles [flbroyles@gucl.com]
**Sent:** Thursday, July 19, 2007 5:54 PM
**To:** Chadwick, Kyle (CIV)
**Subject:** discovery status

Kyle, if you don't have any update, I guess i will file the motion tomorrow for extension of the discovery deadlines by sixty days.

**Frank L. Broyles**

**From:** Chadwick, Kyle (CIV) [Kyle.Chadwick@usdoj.gov]
**Sent:** Monday, July 23, 2007 5:06 PM
**To:** Frank L. Broyles
**Subject:** RE: United Medical v U.S. extension of discovery

As I've said repeatedly, I'll tell you as soon as I have the information I need.

**From:** Frank L. Broyles [mailto:flbroyles@gucl.com]
**Sent:** Monday, July 23, 2007 7:31 AM
**To:** Chadwick, Kyle (CIV)
**Subject:** United Medical v U.S. extension of discovery

Kyle, what is the status? I think something should be filed today. Frank

## Chadwick, Kyle (CIV)

**From:** Frank L. Broyles [flbroyles@gucl.com]
**Sent:** Tuesday, July 24, 2007 1:13 AM
**To:** Chadwick, Kyle (CIV)
**Subject:** RE: United Medical v U.S. extension of discovery

Tomorrow being July 24, 2007.

---

**From:** Frank L. Broyles
**Sent:** Tuesday, July 24, 2007 12:12 AM
**To:** 'Chadwick, Kyle (CIV)'
**Subject:** RE: United Medical v U.S. extension of discovery

OK. I will file my motions tomorrow.

---

**From:** Chadwick, Kyle (CIV) [mailto:Kyle.Chadwick@usdoj.gov]
**Sent:** Monday, July 23, 2007 5:06 PM
**To:** Frank L. Broyles
**Subject:** RE: United Medical v U.S. extension of discovery

As I've said repeatedly, I'll tell you as soon as I have the information I need.

---

**From:** Frank L. Broyles [mailto:flbroyles@gucl.com]
**Sent:** Monday, July 23, 2007 7:31 AM
**To:** Chadwick, Kyle (CIV)
**Subject:** United Medical v U.S. extension of discovery

Kyle, what is the status? I think something should be filed today. Frank

**U.S. Department of Justice**

Civil Division

PDK:JED:KChadwick
DJ No. 154-03-289

Telephone: (202) 616-0476
Facsimile: (202) 305-7644

*Washington, D.C. 20530*

August 7, 2007

Frank L. Broyles
Goins, Underkofler, Crawford & Langdon
Renaissance Tower
1201 Elm St., Suite 4800
Dallas, TX 75260

Re: United Medical Supply Co., Inc. v. United States,
Fed. Cl. No. 03-289C

Dear Mr. Broyles:

I write concerning the remainder of discovery in this case, and also in the hope of persuading you to withdraw your July 27, 2007 motion to "compel," which need not have been filed. You and I have been in agreement for more than a month that discovery needed to be extended for some length of time in order for the Government to respond to your pending interrogatories and requests for RCFC 30(b)(6) testimony, and we have not raised any major objections to your requests. I note that you did not tell the Court this in your recent filings, but instead asserted without basis that the parties are "at a standstill." You also omitted to note that I traveled virtually the entire week of June 25-29 (finally reaching home, due to the weather, at 4:30 a.m. on Saturday, June 30, by the way) for what turned out to be our partially unsuccessful effort to hold depositions in three cities on consecutive days. And you knew, but did not advise the Court, that I was in trial July 23-25 and had a trial scheduled for August 6-14 (which, as it happens, was unexpectedly postponed last Thursday, until October). Due to these omissions and others, the Court has been given a gravely inaccurate picture of recent events in this case, which I will need to correct at some length if our motion practice concerning discovery continues.

But let us turn to scheduling. Because, until last week's postponement, I thought I would be devoting most of August to the seven-day trial and then catching up with my other work (and you said you hoped to take some vacation), the Government's inquiries to witnesses have focused upon their availability after Labor Day. If you now wish to try to take some depositions in August, we can look into it, but I would not be optimistic. To begin with Philadelphia (DSCP): Linda Flatley will be out of the office September 1-6, but is generally available Mondays through Thursdays for the rest of September. Donna Galligan is available Tuesdays through Thursdays beginning September 11. Michael David is generally available except for September 4 and 7. Anthony Amendolia should be generally available after Labor Day Weekend, although I do not have final confirmation from him. These four people can probably speak to your RCFC 30(b)(6)

topics related to DSCP during their depositions. We might or might not need to enlist one more DSCP witness for one topic, but that should not present any scheduling problem.

After that, it gets more complicated. At Sheppard Air Force Base, Master Sergeant Steele is on "terminal leave," meaning he has ceased working and will retire from the Air Force on August 31. An Air Force lawyer is trying to contact M.Sgt. Steele during his leave, to try to determine whether it would be preferable to recall him for a deposition in August or to depose him under subpoena as a civilian in September. I do not have an answer yet, but we will of course do what we can to facilitate his deposition.

Michael Allen is no longer at Sheppard, and the Air Force so far has not found him through personnel records. We will continue looking. We located Troy Molnar just last week. He is a lieutenant colonel at Fort Detrick. He will be on travel and on leave for much of September, but he is available beginning on September 24, and thereafter.

I can assure you that, in addition to myself and Michael McGlinchey at DSCP, multiple lawyers and others within the Department of Defense ("DoD") have been working diligently on these matters.

Developing a complete and reliable response to your most recent interrogatory number 5 has been extraordinarily time consuming. In May 2007, after our initial effort to respond, we asked the DoD Office of the Inspector General ("OIG") to search its entire database of credit card records, for all of the names of credit card holders from the "OIG data" that we previously produced to you. There were hundreds of credit card holders identified in the spreadsheets we produced, but OIG has found several thousand people within DoD who share those same names. To determine which individual with each name (e.g., William Smith) was assigned to an ordering facility under this contract, OIG asked each of the military services for assistance. In late June, OIG provided the services the Social Security numbers of the individuals who shared each name in the original "OIG data," to allow the services to search their personnel records for those people. I am informed that the Army has finished its portion of the "data mining" effort, and the Air Force and Navy expect to finish this week. The final step will be for OIG to run another global search to find the current locations of the people whom the services identify. OIG expects that search to take two to three weeks to complete, from the time it receives the service data. OIG alone has already devoted more than 300 hours to answering interrogatory 5, before beginning the final phase of the work this month, and numerous people from the three service branches have spent an unknown number of additional hours assisting OIG.

Your outstanding interrogatory number 6, which you served in June, immediately before our discovery trip, raises, in essence, a question you have posed several times in different ways, viz., who provided DSCP with the medical/surgical purchasing figures that were used to develop the volume estimates in the solicitation in 1995. As in the past, we currently cannot identify who, if anyone, from the field was involved in those presumably quite brief communications more than a decade ago. We are prepared to certify and serve a response to that effect.

At the same time, Mr. Amendolia has been researching 12-year-old purchasing documents to respond to your interrogatory number 7, concerning ordering facilities' purchases under the predecessor contract. We probably could have invoked RCFC 33(d) and invited you to review those records yourself, but we expect to have an answer by early September.

I advised you more than 30 days ago that "DoD [was] going to find it impossible to respond to all of your pending discovery requests and/or make available all of the deponents you've requested, prior to the scheduled close of discovery," and that one or both parties would "need to ask the court for yet another extension." You contacted Judge Allegra's secretary, stating that there was no dispute between us, but suggesting a telephonic status conference, which the Court declined to convene. Although I told you in early July that I could not realistically determine how much more time we would need until after July 17 at the earliest (and I did not want to request an unrealistically optimistic extension), you almost immediately began asking me to agree to dates. By July 19, you began to say you were "antsy" and planned to "file something," which you finally did on July 24 and 27, the week you knew I was in trial. At no time did I suggest I would oppose an extension, or that discovery responses will not be forthcoming. Yet, you have once again asked Judge Allegra to impose additional, burdensome requirements upon the Government, including, this time, limiting all remaining depositions to a 14-day window in September and "justif[ying]" to the Court exactly why your discovery requests are so burdensome. I believe we could make a powerful presentation to the Court along those lines, but realistically, time spent responding to your motion will be time diverted from responding to your discovery requests.

Especially given that you and I have known each other for several years now, I would suggest it would be far more productive for us to involve the Court only when we have disputes, which we really have not had in recent weeks, and to give one another the benefit of the doubt that we are working in good faith toward completing discovery. To those ends, I request that you promptly withdraw your pending motion to compel, so that we can begin scheduling in earnest. I will provide updates regarding the above matters if and when they become available.

Very truly yours,

KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch

**Chadwick, Kyle (CIV)**

**From:** Chadwick, Kyle (CIV)
**Sent:** Wednesday, August 08, 2007 6:00 PM
**To:** 'Frank L. Broyles'
**Subject:** RE: United Medical Supply v. U.S. (Fed. Cl.) correspondence

OK, we'll seek attorney fees.

-----Original Message-----
From: Frank L. Broyles [mailto:flbroyles@gucl.com]
Sent: Wednesday, August 08, 2007 5:59 PM
To: Chadwick, Kyle (CIV)
Subject: RE: United Medical Supply v. U.S. (Fed. Cl.) correspondence

Kyle, I am not willing to withdraw my motion to compel, but am willing, as I always have been, to enter into an agreed order on the motion that would give the Government the flexibility it needs. I might add, that because the Government was not willing to give me any estimate of when anybody could be produced, I cancelled my August vacation. If you want to provide what you believe you be essentially a scheduling order with respect to my motion I will be glad to consider it. I am particularly interested in what response the Government proposes on the alleged reporting period that formed the basis for the estimates. Frank

-----Original Message-----
From: Chadwick, Kyle (CIV) [mailto:Kyle.Chadwick@usdoj.gov]
Sent: Tuesday, August 07, 2007 11:17 AM
To: Frank L. Broyles
Cc: McGlinchey, Michael (DSCP)
Subject: FW: United Medical Supply v. U.S. (Fed. Cl.) correspondence

Frank, a clarification of today's letter: Mike David may end up being a 30(b)(6) witness, but he is located at Ft. Sam, not at DSCP.

-----Original Message-----
From: Chadwick, Kyle (CIV)
Sent: Tuesday, August 07, 2007 11:00 AM
To: 'Frank L. Broyles'
Cc: 'McGlinchey, Michael (DSCP)'
Subject: United Medical Supply v. U.S. (Fed. Cl.) correspondence

Kyle Chadwick
Department of Justice
Civil Division
Commercial Litigation Branch
(202) 616-0476