IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-289C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY, AND SURREPLY

Pursuant to the Court's Rules ("RCFC"), defendant, the United States, respectfully requests the Court's permission to file this brief surreply to the reply filed on August 26, 2007, by plaintiff, United Medical Supply Company, in support of its July 27, 2007 motion to "compel discovery." United Medical filed only a two-page motion to "compel" in July, but has filed a seven-page reply to our six-page response. We respectfully wish to address, as briefly as possible, several brand new issues raised in plaintiff's reply. United Medical has not responded to the central points established in our brief.

Plaintiff newly asserts in its reply that its "counsel had to cancel his August vacation to 'be available' for depositions, which the Government indicated might be a possibility." Pl. Reply 1. However, (i) plaintiff's counsel never mentioned changing his vacation plans until after he had done so, on August 8, which was after plaintiff's motion to "compel" was filed and we had written to ask plaintiff to withdraw it; (ii) given undersigned counsel's anticipated trial schedule; the leave status of relevant Government personnel; and what we understood to be plaintiff's counsel's vacation plans – all of which we discussed with plaintiff in early July – we know of no communications (certainly, United Medical cites none) in which we indicated that depositions in August 2007 were "a possibility"; (iii) the words, "be available," although in quotation marks, do

not appear to be quoted from any communications between the parties; and (iv) this issue has nothing to do with the merits of plaintiff's motion but is apparently raised out of pique and a desire to cast defendant in a negative light.

United Medical's assertion that "[t]he only written discovery provided during July and August were some Government business records with a caveat by Government counsel that the records were not reliable," id. at 1-2, is incorrect, as the correspondence attached to this brief demonstrates.

Plaintiff's discussion of "OIG data," id. at 5-6, consists of new allegations and arguments (new to this motion – this history has been rehashed several times in United Medical's prior filings) and should be stricken. In any event, United Medical's argumentative timeline-chart, id. at 3-5, confirms our statement that plaintiff never conferred with us concerning a possible motion to compel analysis of the "OIG data" before filing its motion, as required by RCFC 37(a)(2)(B).

We told United Medical on July 5, 2007, and repeatedly thereafter, that we needed additional time to answer its outstanding interrogatories. Cf. id. at 6-7.

Plaintiff's reference to pending RCFC 30(b)(6) depositions, id. at 8, is also brand new to this motion and should be stricken. In any event, United Medical's argumentative timeline-chart, id. at 3-5, confirms that plaintiff never warned us about a possible motion regarding that issue.

CONCLUSION

Accordingly, we respectfully request the Court to accept this surreply for filing and deny plaintiff's motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
by Todd M. Hughes
JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

OF COUNSEL:
MICHAEL McGLINCHEY
Trial Attorney
Defense Supply Center
Philadelphia

August 30, 2007

CERTIFICATE OF FILING

I certify that on August 30, 2007, the attached was filed electronically. I understand that service is complete upon filing and parties and others may access this filing through the Court's electronic system.

s/Kyle Chadwick

**Chadwick, Kyle (CIV)**

| | |
|---|---|
| **From:** | Frank L. Broyles [flbroyles@gucl.com] |
| **Sent:** | Wednesday, July 11, 2007 7:27 AM |
| **To:** | Chadwick, Kyle (CIV) |
| **Subject:** | remaining discovery |
| **Attachments:** | 153583.xls$ |

Kyle, based on the Court's recent opinion and order, the parties might be able to reach some agreements on facts and law that could eliminate Plaintiff's need for some of the remaining discovery. I should be in a position by next week to supplement Plaintiff's damages interrogatory response. Here is where I am right now. With respect to negligent estimate damages, we are going to use the formula in the SPL case. The Government, Plaintiff and Board all agreed on the formula, just not the numbers. Attached is a spreadsheet with the numbers applied to the forumla by the contractor, the Government and the Board. I am going to use that spreadsheet, but the units will be dollars, not wheels. In SPL the contractor recovered both its lost profits for diversion and obtained an equitable adjustment for a negligent estimate. We have some work to do to fill in the numbers from Plaintiff's perspective, but will have at least initial numbers next week.

As to lost profits for diversion, the foundation for our response will be the Government's contention response re: maximum diversions. A review of 20,000 records evidences that SIC 5047 represented just over 29 percent of the Government's med surg credit card purchases during the contract period. That is an important number from Plaintiff's perspective and a number the Government may no longer have an ability to contest. Again, we will have revised lost profits damage numbers next week. To the extent that the Government either does not contest,or cannot contest, elements of those estimates, some of Plaintiff's discovery needs may be eliminated.

As a side note, and evidence of actual diversion, since Ms. Thompson's deposition I looked at the fill rate summaries for Fort Hood. Amazingly, Fort Hood apparently did take the position that EDO was not an option. There are virtually no EDO orders by Fort Hood during the contract period.

I will try to get this to you asap so you can decide what agreements we might make to simplify the remaining discovery. Frank

**Chadwick, Kyle (CIV)**

| | |
|---|---|
| **From:** | McGlinchey, Michael (DSCP) [Michael.McGlinchey@dla.mil] |
| **Sent:** | Thursday, July 19, 2007 3:25 PM |
| **To:** | Frank L. Broyles |
| **Cc:** | Chadwick, Kyle (CIV) |
| **Subject:** | RE: revised 30 b 6 topics |

Frank,
I'm hoping that the links below will take you to the Annual Reports for 1998, 1999 and 2000. Based on a letter you wrote before your trip here in April, I believe you requested the reports for '94-'00. I'll need to print off copies of the '94-'97 in hard copy.

Before I do all that, though, can you confirm that it would be easier to go that route than to just copy the individual pages your are missing, i.e., are you actually missing every other page or are you missing just certain pages? Also, please confirm for me that the links below work.
Thanks.

https://www.dscp.dla.mil/AnnualReport/annrep98/
https://www.dscp.dla.mil/AnnualReport/annrep99/
https://www.dscp.dla.mil/AnnualReport/annrep00/

--Mike

-----Original Message-----
From: Frank L. Broyles [mailto:flbroyles@gucl.com]
Sent: Thursday, July 19, 2007 12:17 PM
To: McGlinchey, Michael (DSCP)
Cc: Kyle Chadwick (E-mail)
Subject: RE: revised 30 b 6 topics

Mike, on the DSCP annual reports, a number of pages are missing. Looks like it was 2 sided copying, and only the front page was copied. Frank

-----Original Message-----
From: McGlinchey, Michael (DSCP) [mailto:Michael.McGlinchey@dla.mil]
Sent: Wednesday, July 18, 2007 12:32 PM
To: Frank L. Broyles
Cc: Chadwick, Kyle (CIV)
Subject: FW: revised 30 b 6 topics

Frank,
I need some help with the attached 30(b)(6) topics. Section 2(e) refers to statements in the GEN II addendum to Standard Form 1449, which is the solicitation. I can't identify those statements anywhere in the GEN II solicitation. In fact, since GEN II came about during the Computer Age, we have the solicitation on electron, and were able to verify my

naked eye -- no reference to Nat'l Capital region or other keywords was found in an electronic search of the document. Just to be safe, I checked the GEN I solicitation as well. I couldn't find the statements referenced at Section 2(e) of the attached document there either.

Please provide some more explanation as to where these statements are so that we can find a witness who can talk about them. I apologize in advance if the answer to my question is obvious, although I doubt it because I've had half of DSCP trying to figure this out to no avail.

Thanks in advance.

--Mike

-----Original Message-----
From: Chadwick, Kyle (CIV) [mailto:Kyle.Chadwick@usdoj.gov]
Sent: Tuesday, July 03, 2007 3:26 PM
To: McGlinchey, Michael (DSCP)
Subject: FW: revised 30 b 6 topics

---

From: Frank L. Broyles [mailto:flbroyles@gucl.com]
Sent: Monday, July 02, 2007 7:01 PM
To: Chadwick, Kyle (CIV)
Subject: revised 30 b 6 topics

Kyle, If you can identify persons to testify on the attached, I believe that would conclude the depositions we need at DSCP. Ms. Flatley and Mr. Amendolia should take no more than 3 hrs each. Ms. Galligan may take 60 to 90 minutes, and anybody else should be in the 30 minute range. That would leave four depositions outside of Philadelphia to schedule, as previously identified. Frank

**Chadwick, Kyle (CIV)**

**From:** McGlinchey, Michael (DSCP) [Michael.McGlinchey@dla.mil]
**Sent:** Thursday, July 19, 2007 3:46 PM
**To:** Frank L. Broyles
**Cc:** Chadwick, Kyle (CIV)
**Subject:** RE: revised 30 b 6 topics

Just got off the phone with the custodian of the old hard copies. I should have copies of '94-'97 by the middle of next week. I'm going to Fed Ex them, rather than scan and email as these things are usually about 50 pages each.

-----Original Message-----
From: Frank L. Broyles [mailto:flbroyles@gucl.com]
Sent: Thursday, July 19, 2007 3:40 PM
To: McGlinchey, Michael (DSCP)
Subject: RE: revised 30 b 6 topics

Mike, The links work, although not an easy task to pull up the annual reports. There is an overall pattern to the missing pages, but it is not always every other page and not always odd or even pages. My impression is that the easiest thing would be to have somebody copy them completely, scan and email them to me. Frank

-----Original Message-----
From: McGlinchey, Michael (DSCP) [mailto:Michael.McGlinchey@dla.mil]
Sent: Thursday, July 19, 2007 2:25 PM
To: Frank L. Broyles
Cc: Chadwick, Kyle (CIV)
Subject: RE: revised 30 b 6 topics

Frank,
I'm hoping that the links below will take you to the Annual Reports for 1998, 1999 and 2000. Based on a letter you wrote before your trip here in April, I believe you requested the reports for '94-'00. I'll need to print off copies of the '94-'97 in hard copy.

Before I do all that, though, can you confirm that it would be easier to go that route than to just copy the individual pages your are missing, i.e., are you actually missing every other page or are you missing just certain pages? Also, please confirm for me that the links below work.
Thanks.

https://www.dscp.dla.mil/AnnualReport/annrep98/
https://www.dscp.dla.mil/AnnualReport/annrep99/
https://www.dscp.dla.mil/AnnualReport/annrep00/

--Mike

**Chadwick, Kyle (CIV)**

**From:** McGlinchey, Michael (DSCP) [Michael.McGlinchey@dla.mil]
**Sent:** Tuesday, July 24, 2007 9:25 AM
**To:** Frank L. Broyles
**Cc:** Chadwick, Kyle (CIV)
**Subject:** Annual Reports

Frank,
I just dropped your annual reports for '94-'97 in the Fed Ex. You should have them tomorrow.

--Mike

Michael L. McGlinchey
DSCP
Office of Counsel
Ph: (215)737-7079
Fax: (215)737-5913

**U.S. Department of Justice**

Civil Division

PDK:DMC:KChadwick
DJ No. 154-03-289

Telephone: (202) 616-0476
Facsimile: (202) 305-7644

*Washington, D.C. 20530*

July 31, 2007

BY OVERNIGHT DELIVERY

Frank L. Broyles
Goins, Underkofler, Crawford & Langdon
Renaissance Tower
1201 Elm St., Suite 4800
Dallas, TX 75260

Re: United Medical Supply Co., Inc. v. United States,
Fed. Cl. No. 03-289C

Dear Mr. Broyles:

The enclosed documents were recently found by Army MEDCOM as part of the continuing search for any TAMMIS-related records. We are producing them because they are arguably partially responsive to plaintiff's June 22, 2005 document request number 5. The documents reflect an inquiry initiated by Lt. Col. William Fry (now retired) in 2001 regarding credit card ("DHP card") purchases by non-logistics personnel at certain MTFs during the preceding calendar year. I am told that a MEDCOM contractor pulled data for Lt. Col. Fry from the Army financial system (STANFINS). We caution you, however, that the numbers were considered "soft" and should not be taken at face value. Accordingly, MEDCOM has not used STANFINS queries for this purpose for any subsequent reviews since 2001. Also, the dollar figure for Fort Sill on page MEDCOM00009, which was intended to represent a quarterly number, appears to reflect a year instead (i.e., is four times too high).

I will have information within day or two that should allow us to schedule the remaining discovery in this case.

Very truly yours,

/S/

KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch

**Chadwick, Kyle (CIV)**

**From:** Chadwick, Kyle (CIV)
**Sent:** Thursday, August 23, 2007 9:57 AM
**To:** 'flbroyles@gucl.com'
**Subject:** Re: depo scheduling

Results so far:
Yes to Lt Col Molnar at Ft. Detrick 9/25.
Yes to Flatley at DSCP 9/20 and/or 21, but she'll leave at 2:00 each day.
Amendolia is unexpectedly (to us at least) out now through Labor Day. Scheduling him must await his return but should not be a problem based on his prior answers.
We still have no report of AF contact with Steele.
Our efforts continue apace.

----- Original Message -----
From: Frank L. Broyles <flbroyles@gucl.com>
To: Chadwick, Kyle (CIV)
Sent: Wed Aug 22 15:43:25 2007
Subject: RE: depo scheduling

Sorry, Lt. Col. Molnar.

> -----Original Message-----
> From: Chadwick, Kyle (CIV) [mailto:Kyle.Chadwick@usdoj.gov]
> Sent: Wednesday, August 22, 2007 2:01 PM
> To: Frank L. Broyles
> Subject: RE: depo scheduling
>
> By "Mr. Molinar," do you mean Oscar Molinar, or Lt. Col. Molnar?

---

> From: Frank L. Broyles [mailto:flbroyles@gucl.com]
> Sent: Wednesday, August 22, 2007 1:38 PM
> To: Chadwick, Kyle (CIV)
> Subject: depo scheduling

Kyle, as I read your letter of August 7, 2007, Ms. Galligan, Mr. Amendolia and Ms. Flatley would all be available Sept. 19 and 20, Mr. David is available Sept 17(at BAMC), and Mr. Molinar is available September 25, 2007. Would these days work? They work for me right now but I have several cases needing settings for hearings. I also understand that Michael Allen has not been located, same with Mr. Steele. Please advise, Frank Broyles.