IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-289C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR FURTHER ENLARGEMENT
OF DISCOVERY DEADLINES, FOR LIMITED PURPOSES

Pursuant to Rules 6 and 6.1 of the Court's Rules ("RCFC"), defendant, the United States, respectfully requests the Court to further enlarge all remaining discovery deadlines in this case by approximately 30 days, for the limited purposes of (i) completing the process of addressing the subject matter of plaintiff's interrogatory number 5, served in April 2007 (attached); and (ii) resolving any concerns plaintiff may have regarding the scope or adequacy of testimony previously provided by Government witnesses pursuant to RCFC 30(b)(6).

We recognize that the Court stated in its order dated September 27, 2007, following the death of Department of Defense, Office of the Inspector General ("OIG"), employee Pamela S. Varner, that we "should not expect any significant enlargements of [the current discovery] deadlines." However, despite diligent efforts by Ms. Varner's successor and representatives of the military services, the OIG has been unable to complete the extensive data analysis necessary to respond to United Medical's request, in interrogatory 5, that we identify individuals who (i) made credit card purchases that are recorded in the "OIG data" that was previously supplied to plaintiff; (ii) "did not report, directly or indirectly, to the head of logistics" at a medical treatment facility ("MTF"); and (iii) "can be produced for deposition by the Government." The OIG has

completed its preliminary analysis of Air Force personnel records, to identify employees of the Air Force MTFs who were outside the logistics reporting chain during 1997-2001, but the OIG does not expect to be able to complete similar analyses of Army (by far the largest data set) and Navy personnel records until approximately November 15, 2007. Once OIG identifies these individuals, we will need to take additional steps to determine whether and, if so, when some of the people so identified can be promptly deposed.

In addition, although we believe we have provided appropriate testimony in response to the RCFC 30(b)(6) topics identified by plaintiff during the discovery period, counsel for United Medical has tentatively indicated that plaintiff may disagree. Counsel for the parties will continue to review the relevant correspondence and deposition transcripts in the coming days, in an effort to resolve any disputes. Without prejudice to defendant's position, we propose to preserve plaintiff's ability to obtain additional or supplemental RCFC 30(b)(6) testimony, within the enlarged discovery deadline, without further leave of the Court.

Counsel for United Medical has advised the undersigned that, although plaintiff supports a further enlargement of fact discovery, it opposes limiting the enlargement to the specific purposes described above, because plaintiff wishes to have the right to serve new written discovery requests or deposition notices upon defendant. We oppose those ideas, and contend that plaintiff – which served interrogatories, most recently, on June 21 and September 26, 2007, each time at essentially the last minute, approximately 30 days before the then-scheduled close of fact discovery – should be required to make a specific showing of need to the Court, before generating new discovery requests at this late date.

Accordingly, we respectfully request the Court to enlarge the remaining discovery deadlines in this case as follows, for the limited purposes of addressing the subject matter of plaintiff's interrogatory 5, and potential concerns regarding RCFC 30(b)(6) testimony. (Dates are in 2007 unless noted.)

| Event | Current date | Requested date |
|---|---|---|
| Close of fact discovery | October 26 | November 28 |
| Plaintiff's fee request | November 9 | December 7 |
| Expert reports and response to fee request | December 3 | January 4, 2008 |
| Rebuttal expert reports | December 17 | January 18, 2008 |
| Close of expert discovery | February 1, 2008 | February 29, 2008 |
| Joint status report | February 15, 2008 | March 14, 2008 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

OF COUNSEL:
MICHAEL McGLINCHEY
Trial Attorney
Defense Supply Center
Philadelphia

October 29, 2007

CERTIFICATE OF FILING

I certify that on October 29, 2007, this document was filed electronically. I understand that service is complete upon filing and that parties may access this filing through the Court's electronic system.

s/Kyle Chadwick

5. For each credit card holder identified in the Initial OIG Data who did not report, directly or indirectly, to the head of logistics at the particular MTF, state if that person can be produced for deposition by the Government . . . .

RESPONSE: We need additional time to respond. As an initial matter, it has come to our attention that some of the card holders identified in the spreadsheets were not working at any MTF during the contract term. Their transactions appear in the search results because they worked in the same city, and in the same service, as one of the MTFs. (OIG could not query the data by individual MTF.) We will identify those card holders (who are not relevant to this case) in our supplemental response to this interrogatory, which we will provide as promptly as we can.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

OF COUNSEL:
MICHAEL McGLINCHEY
Trial Attorney
Defense Supply Center
Philadelphia

May 7, 2006