**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff | CASE NO: 03-CV-289 |
| v. | Judge Allegra |
| THE UNITED STATES, Defendant | |

**PLAINTIFF'S EMERGENCY MOTION TO MODIFY SCHEDULING ORDER FILED OCTOBER 30, 2007**
**(UNOPPOSED)**

TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:

Plaintiff United Medical Supply Company, Inc. files this its emergency request to modify the scheduling order filed by the Court on October 30, 2007 ("October Order") and in support would show the Court as follows:

1. In its October Order the Court ordered all fact discovery to close on or before November 28, 2007 and reset other deadlines accordingly.

2. Plaintiff is fully aware that the Court further stated that no further extensions of these deadlines would be granted, however, events totally outside of Plaintiff's control have developed.

3. On December 6, 2007, Government counsel delivered an email to Plaintiff's counsel stating in part, "…Army lawyers have discovered…TAMMIS data for BAMC, Wm. Beaumont, Ft. Hood, Ft. Sill, and Ft. Huachuca…. I will forward [5] CDs to you immediately…."

4. This was the first time that Plaintiff had been made aware that any TAMMIS data remained.

5. Government counsel further indicated that the data being forward had been sorted by Army lawyers.

6. A copy of the email is attached.

7. The TAMMIS data is data that the Government previously represented, under oath, had been destroyed.

8. The Government did not provide any explanation why this data was being provided after discovery cutoff, or when it was first discovered. The fact that it was disclosed after it had been sorted by Army lawyers indicates that the Government had obtained the data sometime prior to notifying Plaintiff's counsel that it existed, but how much prior is not known to Plaintiff's counsel.

9. The TAMMIS data is not the only basis for this request by Plaintiff.

10. There has been much discussion, both at hearings and in various filings, about the OIG data. The Court, *via* order of June 13, 2006, previously ordered the OIG data to be produced to Plaintiff by July 5, 2006.

11. Defendant was unable to produce the OIG data by July 5, 2006, but eventually produced what Plaintiff believed to be a complete set of relevant OIG data.

12. On May 7, 2006, Plaintiff's counsel was advised that the OIG data was inaccurate because it contained the names of credit card holders who were

not at the MTFs. The Government further advised that these names would be provided to Plaintiff as "promptly as we [the Government] can."

13. When time dragged on and Plaintiff's counsel could not get the Government to commit to a deadline for providing the information, Plaintiff filed yet another motion to compel, which the Court denied as moot.

14. The Government still has not provided the corrected OIG data, though it admits that Plaintiff needs some time after the data has been provided to depose persons with knowledge of relevant OIG facts.

15. The OIG data and the TAMMIS data are relevant and material to this case.

16. For the reasons shown above good cause exists for the requested extension and Plaintiff requests that the Court extend all remaining deadlines by not less than 60-days.

17. Government counsel has advised Plaintiff that this motion is not opposed.

Signed December 10, 2007.

Respectfully submitted,

s/Frank L. Broyles
Frank L. Broyles
State Bar No. 03230500
Goins, Underkofler, Crawford
& Langdon, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

CERTIFICATE OF SERVICE

On December 10, 2007 the foregoing motion for modification was served on the persons shown below by the method shown below.

s/ Frank L. Broyles

**PERSONS SERVED:**

Kyle Chadwick
Department of Justice
Method Served: email and ECF

**Frank L. Broyles**

**From:** Chadwick, Kyle (CIV) [Kyle.Chadwick@usdoj.gov]
**Sent:** Thursday, December 06, 2007 3:42 PM
**To:** Frank L. Broyles
**Cc:** McGlinchey, Michael (DSCP)
**Subject:** United Medical Supply v. U.S. (Fed. Cl.)

**Importance:** High

Frank -- Army lawyers have discovered that the Army Medical Command, Logistics Division, possesses CDs containing TAMMIS data for BAMC, Wm.
Beaumont, Ft. Hood, Ft. Sill, and Ft. Huachuca. I have copies of the CDs (a set of five). I will forward CDs to you immediately by overnight delivery, together with an explanation of the column headings. Please note that counsel for the Army has pre-sorted the spreadsheets on these CDs, to highlight purchases made during the term of plaintiff's PV contract. The question of what is an "original" of a spreadsheet can be a tricky one. If you would like to see the "unsorted" spreadsheets as they were before Army counsel worked with them, we can find them for you, but it's the same data.

Kyle Chadwick
Department of Justice
Civil Division
Commercial Litigation Branch
(202) 616-0476

Mail
1100 L St. N.W.
Attn: Classification, 8th Floor
Washington, D.C. 20530

Hand delivery
Room 7062 and ZIP 20005