**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

UNITED MEDICAL SUPPLY COMPANY, INC.,
Plaintiff

v.

THE UNITED STATES, Defendant

CONSOLIDATED CASE NOS:
**MAIN CASE: 03-CV-289-c**
CONSOLIDATED CASE: 07-CV-187-c

Judge Allegra

**JOINT MOTION TO ABATE CASE PENDING SETTLEMENT PAYMENT**

TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:

Plaintiff and Defendant file this Joint Motion to Abate Case for sixty (60) days pending settlement payment by the Defendant and in support would show the Court as follows:

1. Defendant previously filed a motion to abate this case while the parties engaged in settlement discussions.
2. The court denied the Defendant's initial motion to abate. The Court indicated however, that it would consider a motion to abate to effect payment if the parties had actually reached a settlement agreement and that any required approvals had been obtained.
3. The parties have reached a settlement agreement.
4. The settlement agreement was subject to approval by the Associate Attorney General, and that approval has been obtained.

5. The settlement agreement was also subject to any required approval by the United States Bankruptcy Courts having jurisdiction over Plaintiff's bankruptcy and the bankruptcy of Advanced Medical Supply, LLC, a company that was both a creditor of, and an obligor to Plaintiff.

6. From the bankruptcy courts' standpoint the breach of contract claims against Defendant were divided into two classes: an alleged breach for failure to pay outstanding accounts termed the "Accounts Receivable Claim," and an alleged breach based upon all other acts and omissions, termed the "DoD Claim."

7. In order to settle the Accounts Receivable Claim, Plaintiff required authorization from the court in the Advanced Medical bankruptcy case. That authorization has been obtained. [copy of order attached.].

8. In order to settle the DoD Claim Plaintiff required an order from the court in its bankruptcy case either granting authorization or confirming that its authorization was not needed. Plaintiff is operating under a confirmed and substantially consummated chapter 11 plan of reorganization subject to very limited retained jurisdiction by the bankruptcy court. The bankruptcy court in Plaintiff's case has determined that, under the circumstances, Plaintiff does not require any court authorization to settle the DoD Claim. [copy of order attached].

For the reasons shown above, the parties respectfully request that the Court grant this motion and abate the case for sixty days. Upon payment of the settlement, the parties will file a joint stipulation for dismissal for the Court's consideration.

Signed August 19, 2008.

Respectfully submitted,

s/Frank L. Broyles
FRANK L. BROYLES
TX State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454

Attorneys for Plaintiff

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Scott MacGriff
SCOTT MacGRIFF
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-3689
Fax: (202) 305-7644

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

No service needed.

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 29, 2008** **United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re ADVANCED MEDICAL SUPPLY, LLC** | CASE NO.04-30683- SGJ-7<br>Chapter 7 |

**ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO SETTLE THE "ACCOUNT RECEIVABLE" CLAIM INCLUDING SETTLEMENT PAYMENT PROCEDURES**

Based on evidence presented in support of the Motion, including the testimony of the Trustee, the Court finds:

(1) All objections to the proposed settlement of the account receivable claim, filed or not filed, have been resolved and, if not withdrawn, should be overruled;

(2) approval of the motion is in the best interest of the creditors of Advanced Medical; and

(3) the Trustee's Motion for Authority to Settle the "Account Receivable" Claim should be granted subject to the payment procedures set forth below.

Accordingly,

**IT IS ORDERED THAT:**

(4) The Trustee's Motion for Authority to Settle the "Account Receivable" Claim is Granted only to the extent provided herein, and the Trustee is authorized to settle the accounts receivable claim that Advanced Medical is entitled to receive under the Second Amended Plan of Reorganization of United Medical in exchange for payment of $100,000, subject to the following terms of this order;

(5) If and when United Medical's breach of contract claim against United States based on the account receivable claim is settled and the $100,000 of "account receivable" settlement proceeds received, such $100,000 shall promptly be paid by special counsel to the Chapter 7 Trustee.

(6) This order does not affect and shall not be construed to affect the DoD Claim or any disbursement of funds received under the "DoD Claim" as that term is defined in the United Medical confirmed Chapter 11 Plan of reorganization.

(7) This order does not affect the allowance or disallowance of any claims in this bankruptcy proceeding, determine any rights of the various parties to proceeds of the account receivable claim or the DoD claim, or determine any distribution rights of the parties..

(8) As appropriate this Court may enter subsequent orders with respect to claims asserted in this case and distributions of funds held by the Trustee.

(9) All other relief not specifically granted herein is denied without prejudice.

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 21, 2008** **United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| In re: UNITED MEDICAL SUPPLY COMPANY, INC., Reorganized Debtor | CASE NO: 01–41911 – rfn –11<br><br>Chapter 11 |

**UNOPPOSED ORDER DENYING WITHOUT PREJUDICE MOTION OF UNSECURED CREDITORS' COMMITTEE TO REOPEN CASE**

On August 20, 2008 the Court considered the pending motions filed by the Official Committee of Unsecured Creditors (the "Committee"), the Response to such motions filed by Goins, Underkofler, Crawford & Langdon, LLP as special counsel, the affidavit in support of the motions and response, including the supplemental affidavit filed by Frank L. Broyles on behalf of Goins, Underkofler, the arguments made during a previous hearing in the case, and the acknowledgment by counsel for the Committee; counsel for Frank Brown (president of United Medical Supply Company, Inc.) and counsel for Mt. David Development Corp., (a claimant against United Medical) that entry of this order was not opposed.

Based on the Court's considerations stated above the Court concludes as follows:

(1) The confirmed Plan of Reorganization of the Reorganized Debtor (the "Plan") provides that this Court has jurisdiction to hear objections to the Debtor's proposed settlement of the DoD claim as defined in the Plan in the event that CIT or the Committee objects to settlement;

(2) The Plan has been substantially consummated;

(3) CIT and the Committee do not object to the proposed settlement and have agreed to the settlement pursuant to an agreement signed by the Debtor, CIT, the Committee and other parties in interest.

Consequently consent of this Court to the settlement of the DoD Claim or payment procedures is not required.

Accordingly, the Motion of the Unsecured Creditors' Committee to reopen this case is **DENIED** without prejudice to refiling and all other relief requested by any party is **DENIED** as moot.

ORDER SUBMITTED BY:

/s/ Frank L Broyles___________
Special Counsel for United Medical Supply Company, Inc.
Signing on behalf of GOINS, UNDERKOFLER, CRAWFORD & LANGDON, LLP

ENTRY OF THIS ORDER IS NOT OPPOSED:

/s/Larry Levick___________
Attorney for Frank Brown

/s/ Tim Vineyard___________
Attorney for Mt. David
Development Corp.

/s/ Larry Gottlieb___________
Attorney for the Official
Unsecured Creditors Committee

### End of Order ###